**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No: 6:20-cv-00069 |
| v. | ) ) | |
| HUNTING TITAN, INC., | ) ) | **COMPLAINT** |
| Defendant. | ) ) | **AND DEMAND FOR JURY TRIAL** |
| _____ | ) | |

Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") file this Complaint for patent infringement against Defendant Hunting Titan, Inc. ("Defendant"), and, in support thereof, allege as follows:

**THE PARTIES**

1.     Plaintiff DynaEnergetics Europe GmbH ("DynaEnergetics Europe") is a corporation organized under the laws of Germany, with its headquarters at Kaiserstrasse 3, 53840 Troisdorf, Germany.

2.     Plaintiff DynaEnergetics US, Inc. ("DynaEnergetics US") is a corporation organized under the laws of the State of Colorado, with its headquarters at 2050 W. Sam Houston Pkwy S., Suite 1750, Houston, TX 77042-3659.

3.     Upon information and belief, Defendant Hunting Titan, Inc. is a Texas corporation with a registered address of 11785 Highway 152, Pampa, Texas 79065.  Defendant Hunting Titan Inc. may be served with process by serving its registered agent at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3136, or as otherwise authorized under applicable law.

1

4.       Upon information and belief, Defendant has regular and established places of business throughout Texas and in this District, including at 224 Zander Lane, Pleasanton, Texas 78066 and at 11806 W CR 122, Odessa, Texas 79765.

## JURISDICTION AND VENUE

5.       This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

6.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*

7.       This court has personal jurisdiction over Defendant, and venue is proper in this District, because Defendant has regular and established places of business located within this District and because Defendant actively and regularly conducts business within the State of Texas and within this District.  Further, upon information and belief, infringement is occurring within the State of Texas and this District through Defendant's manufacture and distribution of the "H-1$^{TM}$ Perforating Gun System" at its Texas manufacturing and distribution facilities, and within the State of Texas and this District through Defendant's sales of or offers to sell the H-1$^{TM}$ Perforating Gun System.

8.       Venue as to Defendant is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

9.       DynaEnergetics is a leader in the field of well completion, perforating, well abandonment, and seismic technologies.  DynaEnergetics has a long history of technological

innovation, including innovation in the manufacture of detonators, detonating cords, and perforating hardware.

10.     In connection with its research and development efforts, DynaEnergetics has developed groundbreaking inventions for a wireless detonator assembly, a perforating gun assembly, and methods of assembling the perforating gun assembly.   These inventions are currently protected by multiple United States patents, including U.S. Patent No. 10,429,161 (the "'161 Patent"), and U.S. Patent No. 10,472,938 (the "'938 Patent").

11.     The '161 Patent, entitled "PERFORATION GUN COMPONENTS AND SYSTEMS," was duly and legally issued on October 1, 2019 to DynaEnergetics GmbH & Co. KG (now DynaEnergetics Europe GmbH).   A true and accurate copy of the '161 Patent is attached hereto and incorporated herein by reference as **Exhibit A**.

12.     The '938 Patent, entitled "PERFORATION GUN COMPONENTS AND SYSTEM," was duly and legally issued on November 12, 2019 to JDP Engineering and Machine Inc. and DynaEnergetics GmbH & Co. KG (now DynaEnergetics Europe GmbH), which has assigned any and all of its rights and interest to DynaEnergetics Europe GmbH.   A true and accurate copy of the '938 Patent is attached hereto and incorporated herein by reference as **Exhibit B**.

13.     DynaEnergetics makes, distributes, offers to sell, and sells perforating gun systems that practice the '161 Patent and the '938 Patent.   DynaEnergetics Europe exclusively licenses DynaEnergetics US to make, distribute, offer to sell, and sell perforating gun systems that practice the '161 Patent and the '938 Patent in the United States.   DynaEnergetics has marked the covered products in accordance with 35 U.S.C. § 287.

14.     Defendant is a competitor of DynaEnergetics, including in the field of perforating systems.  Defendant has, upon information and belief, either alone or in concert, manufactured, distributed, sold, or offered to sell the Hunting Titan H-1$^{TM}$ Perforating Gun System in the United States, including within the State of Texas and within this District.

15.     Upon information and belief, the H-1$^{TM}$ Perforating Gun System infringes one or more claims of the '161 Patent, including at least Claim 20, as set forth in the claim chart attached hereto and incorporated herein by reference as **Exhibit C**.[1]

16.     Upon information and belief, the H-1$^{TM}$ Perforating Gun System infringes one or more claims of the '938 Patent, including at least Claim 1, as set forth in the claim chart attached hereto and incorporated herein by reference as **Exhibit D.**

17.     Upon information and belief, Defendant has known of the '161 Patent, the '938 Patent, and its own infringing activities since at least as early as the filing of this complaint.

18.     Because Defendant is using infringing technology to compete directly with DynaEnergetics, it is causing irreparable harm to DynaEnergetics, thereby forcing DynaEnergetics to bring this lawsuit to protect its intellectual property.

## COUNT I – INFRINGEMENT OF THE '161 PATENT

19.     DynaEnergetics repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

20.     DynaEnergetics is the owner of the '161 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '161 Patent against infringers, and to collect damages for all relevant times.

---

[1] The claim charts attached as Exhibits C and D are preliminary and based on publicly available information. DynaEnergetics reserves all rights to amend, supplement, or modify these charts under the Local Rules of this Court and the Federal Rules of Civil Procedure, particularly in view of information DynaEnergetics obtains through fact and expert discovery.

21.     Defendant has, either alone or in concert, directly infringed and continues to infringe the '161 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling and/or offering for sale the H-1™ Perforating Gun System within the United States, in violation of 35 U.S.C. § 271(a).

22.     Upon information and belief, Defendant has made and is continuing to make unlawful gains and profits from its infringement of the '161 Patent.

23.     At least as early as the filing of this complaint, Defendant has been on notice of, and has had knowledge of, the '161 Patent and of DynaEnergetics' allegations of infringement. Defendant's infringement of the '161 Patent has been willful and deliberate at least since this date.

24.     DynaEnergetics has been damaged and irreparably harmed by Defendant's infringement of the '161 Patent for which DynaEnergetics is entitled to relief under 35 U.S.C. § 284.  DynaEnergetics will continue to suffer damages and irreparable harm unless Defendant is enjoined preliminarily and permanently by this Court from continuing its infringement.

## COUNT II – INFRINGEMENT OF THE '938 PATENT

25.      DynaEnergetics repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

26.     DynaEnergetics is the owner of the '938 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '938 Patent against infringers, and to collect damages for all relevant times.

27.     Defendant has, either alone or in concert, directly infringed and continues to infringe the '938 Patent, either literally or through the doctrine of equivalents, by making, using,

importing, supplying, distributing, selling and/or offering for sale the H-1$^{TM}$ Perforating Gun System within the United States, in violation of 35 U.S.C. § 271(a).

28.     Upon information and belief, Defendant has made and is continuing to make unlawful gains and profits from its infringement of the '938 Patent.

29.     At least as early as the filing of this complaint, Defendant has been on notice of, and has had knowledge of, the '938 Patent and of DynaEnergetics' allegations of infringement. Defendant's infringement of the '938 Patent has been willful and deliberate at least since this date.

30.     DynaEnergetics has been damaged and irreparably harmed by Defendant's infringement of the '938 Patent for which DynaEnergetics is entitled to relief under 35 U.S.C. § 284.  DynaEnergetics will continue to suffer damages and irreparable harm unless Defendant is enjoined preliminarily and permanently by this Court from continuing its infringement.

## ATTORNEYS' FEES

31.     Pursuant to 35 U.S.C. § 285, DynaEnergetics is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

32.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DynaEnergetics respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DynaEnergetics respectfully asks that the Court issue citation for Defendant to appear and answer and seeks the following additional relief:

A.     that Defendant be declared to have directly infringed one or more of the claims of the '161 Patent under 35 U.S.C. § 271(a);

B.     that Defendant be declared to have directly infringed one or more of the claims of the '938 Patent under 35 U.S.C. § 271(a);

C.     that the Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringements of the claims of the '161 Patent by Defendant, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

D.     that the Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringements of the claims of the '938 Patent by Defendant, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

E.     that the Court order an accounting for all monies received by or on behalf of Defendant and all damages sustained by DynaEnergetics as a result of Defendant's aforementioned infringements, that such monies and damages be awarded to DynaEnergetics, and that interest and costs be assessed against Defendant pursuant to 35 U.S.C. § 284;

F.     that the Court declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '161 Patent, pursuant to 35 U.S.C. § 284;

G.     that the Court declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '938 Patent, pursuant to 35 U.S.C. § 284;

H.     that the Court declare this an exceptional case and order that Defendant pay to DynaEnergetics its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

I.     that the Court award such further and other relief to DynaEnergetics as the Court deems just, together with its costs and disbursements in this action.

Dated: January 30, 2020

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
Roger Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT P.C.
102 N. College Avenue, Suite 900
Tyler, TX 83402
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Barry J. Herman (*pro hac vice* to be filed)
Maryland Federal Bar No. 26061
Julie C. Giardina (*pro hac vice* to be filed)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

Preston H. Heard (*pro hac vice* to be filed)
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

Ana J. Friedman (*pro hac vice* to be filed)
North Carolina Bar No. 53117
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 747-6622
Email: Ana.Friedman@wbd-us.com

Lisa J. Moyles (*pro hac vice* to be filed)
Connecticut State Bar No. 425652

Jason M. Rockman (*pro hac vice* to be filed)
New York Bar No. 4450953
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

***Attorneys for Plaintiffs DynaEnergetics Europe
GmbH and DynaEnergetics US, Inc.***