**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and | § | |
| | § | |
| DYNAENERGETICS US, INC., | § | |
| Plaintiffs, | § | |
| | § | Civil Action No: 6:20-cv-00069 |
| v. | § | |
| | § | |
| HUNTING TITAN, INC., | § | |
| Defendant. | § | |
| | § | |
| | § | |
| _____ | § | |
| DYNAENERGETICS GMBH & CO. KG, and | § | |
| DYNAENERGETICS US, INC., | § | |
| Plaintiffs, | § | United States District Court for the |
| | § | Southern District of Texas, |
| v. | § | Houston Division |
| | § | Civil Action No: 4:17-cv-03784 |
| HUNTING TITAN, LTD., HUNTING | § | |
| TITAN, INC., and HUNTING ENERGY | § | |
| SERVICES, INC, | § | |
| Defendants | § | |
| | § | |

**<u>DEFENDANT'S OPPOSED
MOTION TO TRANSFER VENUE</u>**

## <u>TABLE OF CONTENTS</u>

I.    Summary of the Argument ...................................................................................... 1

II.    Nature and Stage of the Proceeding ...................................................................... 1

III.    Issues ..................................................................................................................... 2

    1.    Whether the Waco Case should be transferred to the Southern District of Texas, Houston Division.  The standard of review for this issue is abuse of discretion. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 n.3 (5th Cir. 1997) ............................................ 2

    2.    Whether the Waco Case should be consolidated with the Houston Case.  The standard of review for this issue is abuse of discretion.  *Green v. Polunsky*, 229 F.3d 486, 488 (5th Cir. 2000). ....................................................................................................... 2

IV.    Factual Background ............................................................................................... 2

V.    Legal Standards ..................................................................................................... 5

    A.    First Filed Rule ............................................................................................. 5

    B.    Transfer and Consolidation Rules ................................................................ 6

VI.    This case should be transferred to the Southern District of Texas, Houston Division. ....... 8

    A.    These cases should be consolidated because the core issues of fact and law substantially overlap ..................................................................................................... 8

    B.    Venue is proper in the Southern District of Texas. ....................................... 9

    C.    Private interest factors favor the Southern District. ...................................... 10

    1.    Houston provides easier access to sources of proof than Waco. .................... 10

    2.    Key witnesses are more likely within the subpoena power of the Southern District. ..... 10

3.      Witness cost of attendance is lower in the Houston Division. ...................................... 11

4.      All other practical problems favor transfer to the Southern District. ............................ 11

D.      The public interest factors also favor transfer to the Houston Division. ........................ 12

1.      Court congestion is neutral here. ................................................................................... 12

2.      The Houston Division has more of a direct interest in litigating this case than the Waco

Division does. .................................................................................................................. 12

3.      The remaining public interest factors favor transfer. ..................................................... 13

VII.   Conclusion ............................................................................................................................ 13

# **TABLE OF AUTHORITIES**

## CASES

*Aventis Pharmaceuticals Inc. v. Teva Phar. USA*,

   CIVIL ACTION No. 2:06-CV-469 (E.D. Tex. Sep. 27, 2007)................................ 5, 8

*Cadle Co. v. Whataburger of Alice, Inc.*,

   174 F.3d 599 (5th Cir. 1999)................................................................ 6

*Cummins-Allison Corp. v. Glory Ltd.*,

   Civil Action No. 2-03-CV-358 (TJW) (E.D. Tex. May 26, 2004)........................ 5, 6

*Genentech, Inc. v. Eli Lilly & Co.*,

   998 F.2d 931 (Fed. Cir. 1993)................................................................ 7

*Green v. Polunsky*,

   229 F.3d 486 (5th Cir. 2000)................................................................ 2

*Hamilton v. Enersafe, Inc.*,

   CV. No. 5:15-CV-965-DAE (W.D. Tex. June 17, 2016)................................ 6, 9

*In re Apple, Inc.*,

   581 F. App'x 886 (Fed. Cir. 2014)........................................................ 8

*In re Genentech, Inc.*,

   566 F.3d 1338 (Fed. Cir. 2009)........................................................ 7, 11

*In re Link A Media Devices Corp.*,

   662 F.3d 1221 (Fed. Cir. 2011)........................................................ 8

*In re Morgan Stanley*,

   417 F. App'x 947 (Fed. Cir. 2011)........................................................ 8

*In re Radmax*,

720 F.3d 285 (5th Cir. 2013) ............................................................................. 12

*In re Toa Technologies, Inc.*,

543 F. App'x 1006 (Fed. Cir. 2013) ..................................................................... 8

*In re Toyota Motor Corp.*,

747 F.3d 1338 (Fed. Cir. 2014) ........................................................................... 8

*In re TS Tech USA Corp.*,

551 F.3d 1315 (Fed. Cir. 2008) ...................................................................... 7, 13

*In re Verizon Business Network Services, Inc.*,

635 F. 3d 559 (Fed. Cir. 2011) ............................................................................ 8

*In re Volkswagen of Am., Inc.*,

545 F.3d 304 (5th Cir. 2008) ........................................................... 7, 10, 12, 13

*Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp.*,

665 F.3d 671 (5th Cir. 2011) ............................................................................... 6

*Mann Mfg., Inc. v. Hortex, Inc.*,

439 F.2d 403 (5th Cir. 1971) ........................................................................... 5, 6

*McCloud v. McClinton Energy Grp., L.L.C.*,

No. 5:14-CV-620-XR, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014) ................ 10

*Micron v. Mosaid*,

518 F.3d 897 (Fed. Cir. 2008) ............................................................................. 7

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,

425 F.Supp.2d 325 (E.D.N.Y.2006) ................................................................... 11

*Pacesetter Systems, Inc. v. Medtronic, Inc.,*

   678 F.2d 93 (9th Cir. 1982)........................................................................... 5

*Save Power Ltd. v. Syntek Fin. Corp.*,

   121 F.3d 947 (5th Cir. 1997).................................................................. 2, 5, 6

*Superior Savings Association v. Bank of Dallas*,

   705 F. Supp. 326 (N.D. Tex. 1989) .............................................................. 6

*Texas Instruments v. Micron Semiconductor,*

   815 F.Supp. 994 (E.D. Tex. 1993) ............................................................... 5

*Turner v. Cincinnati Ins. Co.*,

   CAUSE No. 6:19-CV-642-ADA-JCM (W.D. Tex. Jan. 14, 2020) ........................................... 8

*West Gulf Maritime Association v. ILA Deep Sea Local 24*,

   751 F.2d 721 (5th Cir. 1985)........................................................................ 6

## STATUTES

28 U.S.C. § 1400(b) ..................................................................................... 9

28 U.S.C. § 1404......................................................................................... 6

## RULES

Fed. R. Civ. Proc. 42(a) .............................................................................. 6

## I.       Summary of the Argument

Plaintiffs have filed serial patent infringement complaints against the same parties using closely-related patents against the same accused product in multiple courts.  These cases should be heard by one court to efficiently manage and consistently resolve the myriad of identical and overlapping issues. The appropriate venue is Plaintiffs' first chosen venue, the Southern District of Texas, Houston Division.

Following the "First Filed" rule, Defendant Hunting Titan, Inc. ("Hunting Titan") moves under 28 U.S.C. § 1404 and Fed. R. Civ. Proc. 42(a) for an order transferring Plaintiffs' Western District of Texas patent infringement lawsuit, WDTX Civil Action No. 6:20-cv-00069-ADA (the "Waco Case"), to the Southern District for potential consolidation with Civil Action No: 4:17-cv-03784.  Hunting Titan is filing a request for the same relief in the Houston Case, under Civil Action No: 4:17-cv-03784.

## II.      Nature and Stage of the Proceeding

Plaintiffs have alleged infringement of three closely related patents by the same Hunting Titan product in serial lawsuits. Plaintiffs originally filed its first case alleging infringement of the '422 Patent (the "Houston Case Patent") by Hunting Titan's "H-1$^{TM}$ Perforating Gun System" (the "H-1 System") in the Southern District of Texas ("the first Houston case").  Ex. 1, First Houston Case Complaint, Dkt. 1. Plaintiffs did not oppose staying the first Houston Case pending *Inter Partes* Review of the '422 Patent.  Ex. 2, First Houston Case Complaint, Dkt. 32.  Plaintiffs later filed a second case in the Houston Division alleging infringement of the same patent by Hunting Titan's "H-2 Perforating System$^{TM}$" (the "H-2 System").  SDTX Civil Action No. 4:19-cv-01611 ("the second Houston case"), Ex. 3, Second Houston Case, Dkt. 1.  Plaintiffs did not oppose consolidation of the second lawsuit into the first one. Ex. 4, Second Houston Case, Dkt. 34.  The order granting consolidation of the Second Houston Case into the First Houston Case was entered

July 2, 2019. Ex. 5, Order Granting Consolidation, Dkt. 37. The consolidated "Houston Case" includes Plaintiff's assertions of the '422 Patent against the H-1 System and H-2 System.

On January 31, 2020, Plaintiffs filed the Waco Case complaint alleging that the H-1 System infringes two closely-related patents: United States Patent Nos. 10,429,161 ("the '161 Patent") and 10,472,938 ("the '938 Patent") (collectively, the "Waco Case Patents"). Ex. 6, Waco Case, Dkt. 6. Later, Plaintiffs filed an amended complaint in the Waco Case adding certificates of correction from the United States Patent and Trademark Office to the asserted patents. Ex. 7, Waco Case Dkt. 7.

### III. Issues

1.       Whether the Waco Case should be transferred to the Southern District of Texas, Houston Division.  The standard of review for this issue is abuse of discretion. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 n.3 (5th Cir. 1997).

2.       Whether the Waco Case should be consolidated with the Houston Case.  The standard of review for this issue is abuse of discretion.  *Green v. Polunsky*, 229 F.3d 486, 488 (5th Cir. 2000).

### IV.    Factual Background

The parties in the Waco Case are all present in the Houston case.  Ex. 1, Houston Case, Dkt. 1, ¶¶ 1-4; Ex. 7, Waco Case, Dkt. 20, ¶¶ 1-4.

The alleged infringing products in this Houston Case are the same products alleged to infringe in the Waco Case, namely, the H-1 System. Ex. 1, Houston Case, Dkt. 1, ¶¶ 14, 19; Ex. 7, Waco Case, Dkt. 20, ¶¶ 14-16, 21, and 27.

The Houston Case Patent is titled "Perforating Gun and Detonator Assembly."  Ex. 1, Houston Case, Dkt. 1, ¶ 12; Ex. 8, '422 Patent. The Waco Case Patents are both titled "Perforation

2

Gun Components and System." Ex. 7, Waco Case, Dkt. 20, ¶¶ 11, 12; Ex. 9, '161 Patent; Ex. 10, '938 Patent.

The Houston Case Patent and the Waco Case Patents have three common inventors: Frank Haron Preiss, Thilo Scharf, and Liam McNelis.  Ex. 8, '422 Patent; Ex. 9, '161 Patent; Ex. 10, '938 Patent.

The '422, '161, and '938 Patents describe and claim very similar, if not identical systems. The similarity can be seen comparing selected elements from claim 1 of the '938 Patent and equivalent elements from claim 1 of the '422 Patent:

| '938 Claim 1 elements | '422 Claim 1 equivalent elements |
|---|---|
| A *detonator* … including | A wireless *detonator* assembly … comprising |
| a wireless *signal-in connector*, a wireless *through wire connector*, and a wireless *ground contact connector* | the electrical contact component comprises an electrically contactable *line-in portion*, an electrically contactable *line-out portion* and an electrically *contactable ground portion* |
| an *insulator electrically isolating* the wireless *signal-in connector* from the wireless *through wire connector* | an *insulator* positioned between the *line-in portion* and the *line-out portion*, wherein the insulator *electrically isolates* the line-in portion from the line-out portion |

3

This similarity can also be seen in comparing Figure 6 from the '422 Patent with Figure 18 from the '161 and '938 Patents illustrating the identical "detonator positioning assembly" claimed in the '422 Patent and "connector" "wherein the detonator is positioned within the top connector" claimed in the '161 and '938 Patents:



FIG. 6                    FIG. 18

Plaintiffs' home forum is not the Waco Division; their US headquarters are in Houston. Ex. 1, Houston Case, Dkt. 1, ¶ 2; Ex. 7, Waco Case, Dkt. 20, ¶ 2. Defendant's headquarters are in Houston. Ex. 1, Houston Case, Dkt. 1, ¶ 3. Most of the likely witnesses of the parties are located in the Houston Division or in Europe. Ex. 11, Houston Case, Plaintiffs' Initial Disclosures, Ex. 12, Houston Case, Defendants' Initial Disclosures.

The Houston Case and the Waco Case are patent infringement cases with the same parties, the same accused products, and closely-related patents that claim essentially the same alleged invention having three inventors in common.  These cases share common witnesses, common facts, and common issues of law.

4

V.          **Legal Standards**

A.     **First Filed Rule**

In the 5th Circuit, the First Filed rule "provides that 'the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.'" Ex. 13, *Aventis Pharmaceuticals Inc. v. Teva Phar. USA*, CIVIL ACTION No. 2:06-CV-469, at *2 (E.D. Tex. Sep. 27, 2007)(citing *Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir. 1997)). The First Filed rule "gives the *first-filed* court the responsibility to determine which case should proceed." Ex. 14, *Cummins-Allison Corp. v. Glory Ltd.*, Civil Action No. 2-03-CV-358 (TJW), at *4-5 (E.D. Tex. May 26, 2004)(citing *Texas Instruments v. Micron Semiconductor,* 815 F.Supp. 994, 999 (E.D. Tex. 1993)(citing *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 96 (9th Cir. 1982))).

This is a rule of comity that "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Ex. 14, *Id.* at *3-4 (E.D. Tex. May 26, 2004). The question is whether there is a likelihood that the second-filed action might substantially overlap with the first action. *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir. 1971).

In determining whether to apply the rule a court should consider two questions: "1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions and 2) which of the two courts should take the case?" *Id.* "In order to satisfy the first inquiry, the two actions must involve closely related questions, common subject matter, or core issues that substantially overlap. <u>The cases need not be identical to be duplicative.</u>" Ex. 14, *Cummins-Allison Corp. v. Glory Ltd.*, Civil Action No. 2-03-CV-358 (TJW), at *4 (E.D. Tex. May 26, 2004)(citing *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993); *Superior Savings Association v. Bank of Dallas*, 705

F. Supp. 326, 328-329 (N.D. Tex. 1989); *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)). "The rule with regard to the second inquiry is that in the absence of compelling circumstances the court first seized of jurisdiction over a dispute should be permitted to decide whether it will adjudicate that controversy fully." Ex. 14, *Cummins-Allison Corp. v. Glory Ltd.*, Civil Action No. 2-03-CV-358 (TJW), at *4 (E.D. Tex. May 26, 2004)(citing *West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985); Mann Manufacturing,439 F.2d at 407).

  **B. Transfer and Consolidation Rules**

  Fed. R. Civ. Proc. 42(a) allows for consolidation of cases having "a common question of law or fact." Consolidation is appropriate where "the parties and issues overlap to such a degree that consolidation will eliminate unnecessary repetition involving complicated questions of fact and eliminate the risks of duplication and of 'piecemeal resolution of issues that call for a uniform result.'" Ex. 15, *Hamilton v. Enersafe, Inc.*, CV. No. 5:15-CV-965-DAE, at *6 (W.D. Tex. June 17, 2016)(quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).

> Rule 42(a) "rests on principles of comity and sound judicial administration." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Id. (quoting West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985)). This "rule does not require the cases to be identical," but there should be "substantial overlap" between the issues presented by the cases. Int'l Fidelity Ins. Co. v. Sweet Little Mex. Corp., 665 F.3d 671, 678 (5th Cir. 2011) (quoting Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997)).

Ex. 15, *Hamilton v. Enersafe, Inc.*, CV. No. 5:15-CV-965-DAE, at *4-5 (W.D. Tex. June 17, 2016).

  28 U.S.C. § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." In patent cases, the Federal Circuit applies Fifth Circuit

law for the transfer analysis. *See In re Genentech, Inc.*, 566 F.3d 1338, 1341 (Fed. Cir. 2009) (applying Fifth Circuit law and ordering transfer).

When considering transfer, the Court should consider the possibility of consolidation with related litigation. *Micron v. Mosaid*, 518 F.3d 897, 904 (Fed. Cir. 2008)(citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)).

The party requesting transfer must first show that the claims could have been brought in the proposed transferee district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). The moving party must also show good cause by demonstrating that the proposed venue is more convenient than the plaintiff's chosen venue. *See Id.* at 313.

The Court evaluates convenience by looking at private and public interest factors. Private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 315 (citations omitted). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (citations omitted). These factors are neither exhaustive nor exclusive, and none is of dispositive weight. *See Id.* But the Fifth Circuit "clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citing *Volkswagen*, 545 F.3d at 314 n.10).

Further, where the parties are identical in two cases involving related patents and the exact same product, this factor should weigh heavily in favor of transfer. *See,* Ex. 16, *Turner v. Cincinnati Ins. Co.*, CAUSE No. 6:19-CV-642-ADA-JCM, at *9 (W.D. Tex. Jan. 14, 2020).

The Federal Circuit has issued numerous writs of mandamus ordering a transfer of venue, often applying Fifth Circuit law. *See*, *e.g.*, *In re Apple, Inc.*, 581 F. App'x 886 (Fed. Cir. 2014); *In re Toyota Motor Corp.*, 747 F.3d 1338 (Fed. Cir. 2014); *In re Toa Technologies, Inc.*, 543 F. App'x 1006 (Fed. Cir. 2013); *In re Morgan Stanley*, 417 F. App'x 947 (Fed. Cir. 2011); *In re Verizon Business Network Services, Inc.*, 635 F. 3d 559 (Fed. Cir. 2011); *In re Link A Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011).

## VI.     This case should be transferred to the Southern District of Texas, Houston Division.

### A.     These cases should be consolidated because the core issues of fact and law substantially overlap

The question here is very similar to what Judge Ward faced in *Aventis Pharmaceuticals*. There, like here, the plaintiff was unsatisfied with the results in a first District Court; so it filed another suit asserting new patents against the same accused products and defendants in a new District Court.  Ex. 13, *Aventis Pharmaceuticals Inc. v. Teva Phar. USA*, CIVIL ACTION No. 2:06-CV-469, at *1-3 (E.D. Tex. Sep. 27, 2007).  Judge Ward found that "substantial inefficiencies would result by keeping this case in Texas," and "the issues in the present case will substantially overlap with those in the New Jersey cases, this court concludes that the case should be transferred to New Jersey for such consolidation, or coordination, as that court determines is appropriate." *Id*. at *4.

As described above, these cases involve the same parties, the same accused products, the same technology, three identical alleged inventors, and very closely related patents with overlapping claim terms.  All issues regarding the accused product are identical.  The patents are

closely related with overlapping claim terms, meaning claim construction would substantially overlap. All but two of the inventors are the same in the asserted patents. Any technical discovery related to the patents would also substantially overlap with the same witnesses and closely related technical issues.

The core issues of what the accused product is, how it functions, how it is used, how it is sold, how much of it has been sold, what damages might be appropriate, and related legal questions are identical. The core issues related to inequitable conduct before the United States Patent and Trademark Office involve overlapping witnesses and questions of law. The core issues of what the patents claim and how those claims should be interpreted substantially overlap. The core issue of whether the patents are valid will involve substantially overlapping prior art, witnesses, and questions of law. The same discovery of the same documents and the same witnesses is necessary for each of these cases. It would be wasteful of the courts' and the parties' resources to have parallel proceedings in these cases. Parallel proceedings would also risk inconsistent treatment and outcomes in these highly related cases. Ex. 15, *Hamilton*, CV. No. 5:15-CV-965-DAE, at *4-5 (W.D. Tex. June 17, 2016)(citing *Cadle Co. v. Whataburger*, 174 F.3d at 603).

Because the core issues of fact and law substantially overlap, these cases should be consolidated, or at least coordinated in a single court.

### B.     Venue is proper in the Southern District of Texas.

Venue is proper in the Southern District because it is where Defendant has allegedly "committed acts of infringement and has a regular and established place of business." *See* 28 U.S.C. § 1400(b). Plaintiffs allege that Defendant has infringed the patent-in-suit by: (1) conducting business within the Southern District, (2) manufactured in the Southern District, and by selling or offering to sell the Accused Product in the Southern District. Dkt. 1, first Houston case Complaint, Para. 9.

As both parties have alleged, venue is therefore proper in the Houston Division of the Southern District of Texas, and the Court may go on to consider the convenience of this proposed venue in accordance with the Fifth Circuit's private and public interest factors.

**C.**   **Private interest factors favor the Southern District.**

1.   <u>Houston provides easier access to sources of proof than Waco.</u>

The Accused Product is already the subject of discovery and contentions in the Houston Case, in which the parties are the same. The sources of proof already must be brought to Houston. There is no fact in this case that cannot be more easily addressed in the first Houston Case against the same Accused Product in Houston.

Still further, the Defendant's personnel who may speak to, or provide documents related to, the issues relevant in this lawsuit are located in Houston or travel to the Defendant's headquarters in Houston on a regular basis.   Ex. 12, Defendant's Disclosures.   Similarly, Defendant's customers and other third parties from whom Plaintiffs will request information regard alleged infringement and damages are more likely to be based in the Houston Division than the Waco Division. Ex. 11, Plaintiffs' Disclosures.

2.   <u>Key witnesses are more likely within the subpoena power of the Southern District.</u>

The second factor favors transfer because the Houston Division would have absolute subpoena power over more witnesses. Courts may subpoena in-state witnesses to attend trial if the person is (1) a party or party's officer or (2) would not incur substantial expense under Rule 45(c)(B). Ex. 17, *McCloud v. McClinton Energy Grp., L.L.C.*, No. 5:14-CV-620-XR, 2014 WL 6388417, at *4 (W.D. Tex. Nov. 14, 2014) (citing *Volkswagen*, 545 F.3d at 316).  Here, such in-state witnesses would likely incur less expense travelling to Houston compared with those travelling to Waco because they are likely to either reside in or regularly travel to Houston.

10

Defendant is not presently aware of third party witnesses that reside within the Waco Division. On balance, the existence of more potential witnesses under the Houston Division rather than the Waco Division's absolute subpoena power favors the case's transfer to Houston.

### 3.   Witness cost of attendance is lower in the Houston Division.

The Federal Circuit has recognized that cost and convenience to witnesses "is probably the single most important factor in transfer analysis." *Genentech*, 566 F.3d at 1343 (citing *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 329 (E.D.N.Y.2006)). Here, this factor weighs heavily in Houston's favor in large part because there are few or no witnesses located within the Waco Division and because attendance in Houston cost less time and money for travelling witnesses than attendance in Waco. Since the facts, legal issues, and damages issues will be the same or substantially overlap in the first-filed Houston Case, the witnesses will not have to schedule or travel for two depositions/trials, prepare for two different trials. As stated above, for any potential witnesses based in Houston, the cost and convenience advantage of a Houston venue is evident.

### 4.   All other practical problems favor transfer to the Southern District.

As previously mentioned, this litigation has only recently begun. Since no discovery or substantive rulings have yet been issued by the present Court, neither the courts nor the parties risk any significant duplicative or wasted efforts should this set of litigation be transferred at this very early stage. With no scheduling orders in place, there would be no significant additional delays or postponed deadlines that could prejudice the parties here.[1] On balance, this factor, like the three others before it, favors transfer of this case to the Southern District.

---

[1] The Fifth Circuit has held that any delay resulting from the transfer should not be considered absent "rare" circumstances such as already-protracted litigation delays. *See In re Radmax*, 720

**D.      The public interest factors also favor transfer to the Houston Division.**

The public interest factors also favor transfer to the Houston Division. Considerations of local interest strongly favor transfer because, unlike the Waco Division, the Houston Division has strong connections to this case.  The remaining public factors are neutral; on balance, therefore, the public interest considerations weigh in favor of transfer.

1.      Court congestion is neutral here.

Defendant is not aware of any material administrative difficulties that would be apparent in comparing the Western District to the Southern District.  With no significant difference between the two districts, this factor is neutral as to transfer.

2.      The Houston Division has more of a direct interest in litigating this case than the Waco Division does.

Courts considering motions to transfer should consider "the local interest in having localized interests decided at home."  *Volkswagen*, 545 F.3d at 317.  Local interests strongly favor transfer in this case. As discussed previously, there are overlapping fact questions and issues of law warranting consolidation in the Houston Case. Having two courts on the same issues is not only wasteful of resources, it makes it hard on the public in interpreting the fair scope of the patents if the two courts come to differing conclusions when interpreting claim terms that overlap. The Houston Case has begun; that is where the overlapping and common issues should be addressed. Due to an *agreed* stay entered pending the conclusion of an *Inter Partes* Review the Houston Case is not so far along that the issued surrounding the Waco Case Patents cannot be easily litigated in the Houston Case.

---

F.3d 285, 289 (5th Cir. 2013)("We clarify today that garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer.").

Also, even if Defendant's products are available within the Waco Division, this does not mean that Waco's citizens actually have a direct or indirect interest in adjudicating this case.  *See Volkswagen*, 545 F.3d at 318 (mere availability of products "could apply virtually to any judicial district or division . . . it leaves no room for consideration of those actually affected—directly and indirectly—by the controversies and events giving rise to a case"); *TS Tech*, 551 F.3d at 1321 (faulty product availability argument should be rejected in patent cases as well).  Instead, the residents of Houston have more connections with the companies, technologies, and products at issue in this litigation than do the residents of Waco.  Overall, this factor weighs strongly in favor of transfer.

        3.     <u>The remaining public interest factors favor transfer.</u>

The Southern District, Houston Division, as the earlier case, is familiar with the case. There are no conflicts of law that would favor one district as compared to the other.  Furthermore, federal patent law governs Plaintiffs' claims in this case.  The Southern District, Houston Division is just as qualified to apply these laws as the Western District, Waco Division.  However, there is a significant risk of duplicative work inconsistent outcomes on the overlapping issues in the family of patents, and it is best positioned to avoid a conflict in the issues overlapping the family of patents. As a result, these two remaining factors in the overall public interest favor transferring the case to Houston.

**VII.**   **Conclusion**

The Waco Case should be consolidated into the Houston case because the issues of fact and law substantially overlap and the Houston case is the first filed case. Further, Houston is the appropriate venue for resolving disputes between these parties about these accused products, as Plaintiffs' agreed in filing multiple cases there.  It is also appropriate to have all of these cases heard by the same judge to allow for efficient use of the Court's and the Parties' resources and

13

avoidance of inconsistent results and duplicative effort.   Issues regarding enforceability, interpretation, validity, and damages, overlap between the Houston Case Patent and the virtually identical Waco Case Patents. The locations of the Parties and their possible witnesses, the stronger connections between the Houston judicial division and the facts of this case, all on balance favor transfer.

For all the foregoing reasons, Defendant respectfully requests that the Court transfer Civil Action No: 6:20-cv-00069 from the United States District Court for the Western District, Waco Division, to the United States District Court for the Southern District of Texas, Houston Division for potential consolidation with Civil Action No: 4:17-cv-03784.

Dated: <u>April 7, 2020</u>                                 Respectfully submitted,

                                                                     /s/ Jason A. Saunders
                                                                     Jason A. Saunders
                                                                     Texas Bar No.: 24042406
                                                                     Federal ID No.: 557143
                                                                     jsaunders@arnold-iplaw.com
                                                                     Attorney-in-Charge
                                                                     Arnold & Saunders, LLP
                                                                     4900 Woodway, Suite 900
                                                                     Houston, Texas 77056
                                                                     Telephone: (713) 972-1150

                                                                     Christopher P. McKeon
                                                                     Texas Bar No.: 24068904
                                                                     Federal ID No.: 1162839
                                                                     cmckeon@arnold-iplaw.com

                                                                     **ATTORNEYS FOR DEFENDANT,
                                                                     HUNTING TITAN, INC.**

14

## **CERTIFICATE OF CONFERENCE**

I hereby certify that, beginning on April 2, 2020, I was in conference with Plaintiffs' counsel regarding the relief sought by this motion and on April 3, 2020 Plaintiffs' counsel indicated that Plaintiffs are OPPOSED to the relief sought.

/s/ Jason A. Saunders
Jason A. Saunders

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 7, 2020, a true and correct copy of Defendants' Motion to Transfer Venue was served on all counsel of record *via CM/ECF*.

/s/ Jason A. Saunders
Jason A. Saunders