**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH and | ) | |
| DYNAENERGETICS US, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No: 4:20-cv-02123 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| HUNTING TITAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING, AND IN THE
ALTERNATIVE, DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT WITH RESPECT TO ITS CLAIMS OF WILLFUL AND
INDIRECT INFRINGEMENT</u>**

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ................................................................................................. 1

II.    NATURE AND STAGE OF THE PROCEEDING......................................................... 2

III.   BACKGROUND .................................................................................................. 2

       A.    The Original Complaint ............................................................................ 2

       B.    The First Amended Complaint................................................................... 3

       C.    The April 2020 Second Amended Complaint............................................. 3

       D.    The August 2021 "Second" Amended Complaint ...................................... 3

IV.    STATEMENT OF THE ISSUES............................................................................... 4

V.     SUMMARY OF THE ARGUMENT .......................................................................... 4

VI.    LEGAL STANDARD............................................................................................. 5

VII.   ARGUMENT ...................................................................................................... 6

       A.    Plaintiffs Did Not Have Standing to Bring this Lawsuit in January 2020................... 7

       B.    The Court Can Dismiss This Case For Lack of Standing Under Rule 12(b)(6)........... 9

       C.    Plaintiffs Fail to Plausibly Plead Indirect and Willful Infringement ......................... 10

             1.    The Third Amended Complaint is Flawed for Failing to Adequately Plead Pre-Suit Knowledge of the Asserted Patents............................................................. 10

             2.    Plaintiffs Fail to Allege Any Facts to Plead Willful Infringement ........................ 12

VIII.  CONCLUSION.................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
625 F.3d 1359 (Fed. Cir. 2010)........................................................5

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
No. CV 16-453-RGA, 2017 WL 3668597 (D. Del. Aug. 24, 2017)..........................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................5, 6

*Brandywine Commc'ns Techs., LLC, v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012)........................................................10

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018)................................6

*Enzo APA & Son, Inc. v. Geapag A.G.*,
134 F.3d 1090 (Fed. Cir. 1998)........................................................7

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*,
93 F.3d 774 (Fed. Cir. 1996)........................................................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)........................................................10, 11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016)........................................................11, 12, 13, 14

*Inhale, Inc. v. Gravitron, LLC*,
No. 1:18-cv-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ........................6

*Joao Control & Monitoring Sys., LLC v. Protect America, Inc*.,
No. 1:14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015)........................6

*Kaufman v. Microsoft Corp.*,
No. 16 Civ. 2880 (AKH), 2020 WL 364136 (S.D.N.Y. Jan. 22, 2020) ................................11

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
572 U.S. 118 (2014)........................................................9

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)..................................................................6

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019)..................................................................9

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
    814 F.3d 1343 (Fed. Cir. 2016)..................................................................8

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
    No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ............11, 13, 14

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
    No. 6:20-cv-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ..........13

*Opticurrent, LLC v. Power Integrations, Inc.*,
    No. 2:16-CV-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016)..................11

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. Jul. 26, 2019)......10, 13

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11–1681 DOC (ANx), 2012 WL 1835680 (C.D. Cal. May 16,
    2012) ........................................................................................................11

*Rembrandt Social Media, LP v. Facebook, Inc.*,
    950 F. Supp. 3d 876 (E.D. Va. 2013) ..................................................11

*Sicom Sys. v. Agilent Techs.*,
    427 F.3d 971 (Fed. Cir. 2005)..................................................................5

*Solannex, Inc. v. MiaSole*,
    No. C 11–00171 PSG, 2011 WL 4021558 (N.D. Cal. Sept. 9, 2011) ..................11

*St. Clair Intellectual Property Consultants, Inc. v. Canon Inc.*,
    412 F. App'x 270 (5th Cir. 2011) ..................................................7

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985)..................................................................12

*Uniloc 2017 LLC v. Google LLC*,
    508 F. Supp. 3d 556 (N.D. Cal. 2020) ..............................................5, 8

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
    No. 17-1658-CFC, 2020 WL 7771219 (D. Del. Dec. 30, 2020) ..................8, 9

*United Access Techs., LLC v. Verizon Internet Servs., Inc.*,
    No. 05-866-LPS, 2021 WL 1200650 (D. Del. Mar. 26, 2021)..................8, 9

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016) ..................................................................................12

*WCM Indus., Inc. v. IPS Corp.*,
  721 F. App'x 959 (Fed. Cir. 2018) ...............................................................................12

*WiAV Sols. LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010) ................................................................................5, 9

*Worth v. Seldin*,
  422 U.S. 490 (1975) ........................................................................................................8

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
  --- F. Supp. 3d ----, No. 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar.
  24, 2021) ................................................................................................................10, 13

*ZitoVault, LLC v. IBM Corp.*,
  No. 3:16-cv-0962-M, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018) ....................11

**Statutes**

35 U.S.C. § 281 ......................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ...........................................................................................1, 4, 9, 14

Fed. R. Civ. P.  12(b)(6) ................................................................................................ *passim*

## I.    INTRODUCTION

This patent case involves perforating guns used in the oil and gas industry. The two asserted patents share a common inventor, David Parks, who worked for a third-party contractor, JDP Engineering and Machine. On the day that Plaintiffs filed this lawsuit, January 30, 2020, Plaintiffs did not own exclusionary interests in the patents because JDP Engineering had not yet assigned its interests to Plaintiffs. Instead, JDP Engineering assigned its interests in a purported nunc pro tunc assignment on April 23, 2020, three months after Plaintiffs filed suit. This after-the-fact assignment does not convey standing to Plaintiffs, and under Fed. R. Civ. P. 12(b)(1), this Court must dismiss this case for lack of subject matter jurisdiction.

If the Court does not dismiss this case for lack of standing, at a minimum it should dismiss Plaintiffs' claims of willfulness and indirect infringement. Plaintiffs' original complaint alleged direct infringement based on the sale of Defendant's H-1 perforating gun. Plaintiffs now seek to add indirect infringement claims against Defendant in the Third Amended Complaint (Dkt. 63),[1] but the allegations are not sufficiently supported and are not distinguished from the direct infringement claims. Plaintiffs offer no factual support for its allegations that Defendant is liable for induced and contributory infringement of the two Asserted Patents because they have not pled any facts supporting pre-suit knowledge of the patents. Plaintiffs' claims for willful infringement are likewise unsupported—Plaintiffs do not allege pre-suit knowledge and do not sufficiently support a willfulness claim based on post-complaint conduct.

---

[1] Plaintiffs styled the most-recent complaint as the "Second Amended Complaint," but they already filed a previous Second Amended Complaint on April 28, 2020. *See* Dkt. 32. This new complaint is actually their Third Amended Complaint.

## II.      NATURE AND STAGE OF THE PROCEEDING

This patent infringement lawsuit was originally filed on January 30, 2020 in the Western District of Texas. Defendant filed a motion to transfer to this district, which Judge Albright granted on June 16, 2020. Dkt. 40. The Court consolidated this case with a previous patent infringement case involving the same parties, but other patents, and stayed both cases pending USPTO review of the patents. Dkt. 49.

On July 15, 2021, the Court vacated its consolidation and stay order in this lawsuit and set an accelerated case schedule for trial. Dkt. 50. Thus, on July 22, 2021, the Court issued its Docket Control Order setting dispositive motion deadlines for February 2022 and the pre-trial conference for May 2022. Dkt. 55. The parties have already completed several of the deadlines, including the exchange of claim terms and constructions for the *Markman* hearing and the filing of *Markman* tutorials with the Court. *See* Dkt. 61, 65-66.

## III.     BACKGROUND

### A.      The Original Complaint

Plaintiffs filed their Original Complaint on January 30, 2020 alleging infringement of two patents, U.S. Patent Nos. 10,429,161 ("the '161 Patent") and 10,472,938 ("the '938 Patent") ("the Asserted Patents"). Dkt. 1. The only allegation supporting knowledge of the patents was the complaint itself: "Upon information and belief, Defendant has known of the '161 Patent, the '938 Patent, and its own infringing activities since at least as early as the filing of this complaint." *Id.* ¶ 17. Plaintiffs alleged only direct infringement for Hunting's H-1 perforating gun. *Id.* ¶ 21; *see also id.* ¶ 27. Similarly, the only allegation supporting willful infringement (and the requisite knowledge of the patents) was the complaint itself: "At least as early as the filing of this complaint, Defendant has been on notice of, and has knowledge of, the '161 Patent

and of DynaEnergetics' allegations of infringement. Defendant's infringement of the '161 Patent has been willful and deliberate at least since this date." *Id.* ¶ 23; *see also id.* ¶ 29.

**B.      The First Amended Complaint**

On March 23, 2020, Plaintiffs filed their First Amended Complaint. Dkt. 20. Other than replacing "this complaint" with "DynaEnergetics's January 30, 2020 Complaint (Dkt. 1)," Plaintiffs' allegations on willful infringement did not change. *Compare* Dkt. 1 ¶¶ 17, 21, 23, 27, 29, & Prayers F & G *with* Dkt. 20 ¶¶ 17, 21, 23, 27, 29, & Prayers F & G. There was no mention of indirect infringement allegations in either pleading.

**C.      The April 2020 Second Amended Complaint**

On April 28, 2020, Plaintiffs filed their first "Second Amended Complaint." Dkt. 32. This complaint added allegations regarding Plaintiffs' ownership of the Asserted Patents from inventor David Parks, who allegedly assigned his interest in the patents to a third-party company JDP Engineering and Machine. *Id.* ¶ 13. All other substantial allegations remained the same.

**D.      The August 2021 "Second" Amended Complaint**

On August 27, 2021, Plaintiffs filed their second "Second Amended Complaint," now their Third Amended Complaint. Dkt. 63. Plaintiffs continue to allege knowledge of the patents based on the filing of this lawsuit. *See, e.g.*, Dkt. 63 ¶ 18. For the first time, Plaintiffs added indirect infringement claims. Plaintiffs now allege induced and contributory infringement from the sale and marketing of the H-1 gun because "Defendant actively encourages its customers by and through its sales and marketing efforts and staff, to directly infringe the '161 Patent by using the H-1™ Perforating Gun System within the United States." *See, e.g.,* Dkt. 63 ¶ 23. But the allegations are conclusory and do not support the elements of indirect infringement.

Further, Plaintiffs only rely on post-complaint conduct to support its request for enhanced damages and willful infringement:

> At least as early as January 30, 2020, Defendant has been on notice of, and has had knowledge of, the '161 Patent and of DynaEnergetics' allegations of infringement. Defendant's infringement of the '161 Patent has been willful and deliberate at least since this date.

*See* Dkt. 63 ¶ 27; *see also id.* ¶ 36 ('938 Patent). These allegations do not meet the high bar to plead egregious conduct to support a willful infringement claim.

## IV.   STATEMENT OF THE ISSUES

1.   Did Plaintiffs own all exclusionary rights in the two asserted patents as of the original date they filed this lawsuit in January 2020 to have standing to bring a claim of patent infringement under Rule 12(b)(1)?

2.   Can indirect and willful infringement claims be premised solely on post-complaint knowledge to pass muster under Rule 12(b)(6)?

3.   Have Plaintiffs sufficiently alleged egregious conduct to show entitlement to willful infringement and enhanced damages under Rule 12(b)(6)?

## V.   SUMMARY OF THE ARGUMENT

This case should be dismissed for lack of subject matter jurisdiction. When Plaintiffs originally filed this lawsuit in January 2020, they were not the sole owners of the two asserted patents. Instead, JDP Engineering held an interest from its employee-inventor David Parks, and that interest was not transferred to Plaintiffs until after this lawsuit was filed. Under Federal Circuit precedent, Plaintiffs did not have standing and the lawsuit must be dismissed.

Alternatively, Plaintiffs' failure to plead pre-suit knowledge is fatal to any claim of pre-suit indirect and willful infringement. Further, Plaintiffs rely solely on post-complaint conduct to support its willfulness claim and they have not alleged any egregious conduct outside the normal course of a patent infringement lawsuit to support enhanced damages. Thus, the indirect and willful infringement claims should be dismissed.

4

## VI.    LEGAL STANDARD

"The party bringing the action bears the burden of establishing that it has standing."

*Sicom Sys. v. Agilent Techs.*, 427 F.3d 971, 976 (Fed. Cir. 2005). "A court may exercise

jurisdiction only if a plaintiff has standing to sue on the date it files suit." *Abraxis Bioscience,*

*Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (citing *Keene Corp v. United States*,

508 U.S. 200, 207 (1993) (noting a "longstanding principle that the 'jurisdiction of the Court

depends upon the state of things at the time of the action brought.'"). "Based upon this Supreme

Court jurisprudence, we have held that in a patent infringement action, 'the plaintiff must

demonstrate that it held enforceable title to the patent at the inception of the lawsuit' to assert

standing." *Abraxis*, 625 F.3d at 1364 (citing patent statute). Thus, "if the original plaintiff lacked

Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be

cured" after the initial complaint. *Id*. "[T]he touchstone of constitutional standing in a patent

infringement suit is whether a party can establish that it has an exclusionary right in a patent that,

if violated by another, would cause the party holding the exclusionary right to suffer legal

injury." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). "Thus, if the

accused infringer has or may obtain a license from a third party, the plaintiff lacks exclusionary

rights against that infringer, and therefore lacks standing." *Uniloc 2017 LLC v. Google LLC*, 508

F. Supp. 3d 556, 564 (N.D. Cal. 2020) (citing *WiAV*, 631 F.3d at 1266-67).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). This "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Specific to patent

infringement, a complaint must "place the alleged infringer on notice of what activity . . . is

being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations omitted). Formulaic recitations of direct and indirect infringement are insufficient to pass muster under Rule 12 and a plaintiff must reasonably spell out its infringement allegations in the complaint. *See* Ex. A, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing direct and indirect infringement claims for conclusory allegations); Ex. B, *Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) ("[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims."); Ex. C, *Inhale, Inc. v. Gravitron, LLC*, No. 1:18-cv-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (dismissing allegations of willful infringement for failure to plead pre-suit knowledge).

## VII.    ARGUMENT

This lawsuit should be dismissed for lack of subject matter jurisdiction. Put simply, Plaintiffs did not hold the constitutionally-required exclusionary rights to the Asserted Patents when they filed suit, a fatal jurisdictional defect. Alternatively, recent Federal Circuit case law has suggested that at least some of the standing analysis may no longer be jurisdictional, but it is still appropriate for dismissal under Rule 12(b)(6). If the Court does not dismiss the complaint for lack of constitutional standing, it can still be dismissed for lack of statutory standing.

Additionally, Plaintiffs' claims of indirect and willful infringement should be dismissed because they do not satisfy the *Twombly/Iqbal* pleading standard. The Third Amended Complaint fails to allege that Defendants had pre-suit knowledge of the Asserted Patents, dooming any pre-suit claims. Further, the willful infringement claim is deficient because Plaintiffs fail to plausibly allege egregious post-suit conduct.

## A.      Plaintiffs Did Not Have Standing to Bring this Lawsuit in January 2020

Plaintiffs did not have an exclusionary interest in the two Asserted Patents when they

filed suit in January 2020 because a third party company, JDP Engineering, held an equal

ownership interest in the patents from its employee-inventor, David Parks. Indeed, JDP

Engineering is listed as an assignee on the face of the '938 patent. *See* Dkt. 63 Ex. B. This is

because, according to the USPTO assignment database records for related patents, Mr. Parks

purported to assign his ownership interest as an inventor in the two Asserted Patents to JDP

Engineering on October 21, 2016. *See* Ex. Q at Frame 0451-0452 (assigning interest in the

15/617,344 and 16,359,540 applications that led to the issuance of the two Asserted Patents).[2]

But JDP Engineering has never appeared as a plaintiff in this case and did not purportedly assign

its interest in the two Asserted Patents to named Plaintiff DynaEnergetics Europe GmbH until

April 23, 2020—three months after Plaintiffs filed this lawsuit. *See* Ex. R at Frame 0913-0914.

This is fatal to subject matter jurisdiction.

The after-the-fact assignment nunc pro tunc is ineffective to confer subject matter

jurisdiction as of the filing of this lawsuit. "[N]unc pro tunc assignments are not sufficient to

confer retroactive standing." *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed.

Cir. 1998); *see also Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir.

1996) (reversing denial of motion to dismiss for lack of standing and finding that an assignment

executed after the complaint "is not sufficient to confer standing . . . retroactively"). This alone is

outcome determinative—JDP Engineering held an ownership interest in both Asserted Patents on

January 30, 2020, was listed on the face of the '938 patent as an assignee/co-owner, and did not

---

[2] As a public document filed with the United States Patent Office, the Court can take judicial
notice of the existence of these assignment records. *See, e.g.*, *St. Clair Intellectual Property
Consultants, Inc. v. Canon Inc.*, 412 F. App'x 270, 275 n.1 (5th Cir. 2011) (taking judicial notice
of public USPTO documents).

participate as a plaintiff in this litigation. Dismissal is appropriate on these facts, under both constitutional standing grounds and prudential standing.

"Standing has 'both constitutional and prudential components.'" Ex. N, *United Access Techs., LLC v. Verizon Internet Servs., Inc.*, No. 05-866-LPS, 2021 WL 1200650, at *5 (D. Del. Mar. 26, 2021). "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *Id.* (citing *WiAV*, 631 F.3d at 1265). "Prudential standing requires, among other things, that 'a litigant assert his or her own legal rights and not rely on the rights or interests of third parties.'" *Id.* (citing *Hill ex rel. Hill v. Pa. Dep't of Corr.*, 521 F. App'x 39, 40 (3d Cir. 2013) & (*Worth v. Seldin*, 422 U.S. 490, 499 (1975)).

Here, Defendant could have obtained a license from JDP Engineering the same day after Plaintiffs filed this lawsuit because the assignment nunc pro tunc was not executed until three months later. Accordingly, Plaintiffs did not have exclusionary rights against Defendant to convey Article III standing to this lawsuit when it was filed—it must be dismissed. *See Luminara Worldwide, LLC v. Liown Elecs. Co*., 814 F.3d 1343, 1348 (Fed. Cir. 2016) ("If [the patentee] could . . . license any entity . . .[the licensee] would not have had exclusionary rights to the asserted patents."); *Uniloc 2017*, 508 F. Supp. 3d at 568 ("While Uniloc 2017 is correct that the mere existence of other licenses is not dispositive, Fortress's ability to license Google specifically defeats standing."); Ex. N, *United Access Techs.*, 2021 WL 1200650, at *7-9 (finding that "[w]ithout a right to exclude, Plaintiff lacked standing to sue"); Ex. O, *Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. 17-1658-CFC, 2020 WL 7771219, at *6-8 (D. Del. Dec. 30, 2020) (dismissing the case for lack of subject matter jurisdiction under Article III where a third

party could license the patents at issue); Ex. P, *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. CV 16-453-RGA, 2017 WL 3668597, at *3 (D. Del. Aug. 24, 2017) (third party's ability to license accused infringers deprived plaintiff of standing).

### B.     The Court Can Dismiss This Case For Lack of Standing Under Rule 12(b)(6)

In 2019, the Federal Circuit suggested that under *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014), certain standing requirements were no longer jurisdictional, but instead were statutory standing requirements of the patent statute, i.e. whether a party can sue under a statute such as 35 U.S.C. § 281, which are better analyzed under Rule 12(b)(6). *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019). Following the Federal Circuit's opinion, some courts continue to hold that exclusionary rights are a jurisdictional issue under Rule 12(b)(1), as discussed further above. *See* Ex. O, *Uniloc USA*, 2020 WL 7771219, at *6 n.3 ("I read the quoted passage from *Lone Star* as non-binding dicta.") & ("To the extent that the Unilocs are correct in their reading of the *Lone Star* decision it would not change my analysis since I would still be bound to follow *Rite-Hite*, *Textile Productions*, and *WiAV*.").

Nonetheless, other courts have conducted a similar standing analysis under Rule 12(b)(6) and dismissed the claims for lack of statutory standing under 35 U.S.C. et. seq. If the Court declines to dismiss this case for lack of subject matter jurisdiction, it should still dismiss this case using the same rationale under Rule 12(b)(6) for lack of statutory standing. *See* Ex. N, *United Access*, 2021 WL 1200650, at *7 n.9 ("Even if the analysis in this case were reframed as statutory rather than constitutional, the Court would reach the same outcome, for essentially the same reasons. In other words, the Court would likewise conclude that Inline lacked a cause of action against the Verizon entities when the suit was filed.).

C.      **Plaintiffs Fail to Plausibly Plead Indirect and Willful Infringement**

The indirect and willful infringement claims fail because the Third Amended Complaint does not plausibly allege that (1) Defendants had pre-suit knowledge of the Asserted Patents and (2) egregious conduct to support willful infringement. Indirect infringement under Section 271(b)-(c) requires actual knowledge of or willful blindness to the infringed patent's existence. *See Global-Tech Appliances, Inc. v. SEB S.A*., 563 U.S. 754, 765-66 (2011) ("To satisfy the knowledge element [of induced infringement], there must be actual knowledge of the patent's existence . . . ."). Likewise, to support a claim for willful infringement, Plaintiffs "must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer . . . knew of the patent-in-suit." Ex. D, *Parity Networks, LLC v. Cisco Sys., Inc*., No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. Jul. 26, 2019) (internal quotations omitted).

1.      **The Third Amended Complaint is Flawed for Failing to Adequately Plead Pre-Suit Knowledge of the Asserted Patents**

District courts are split on whether post-complaint allegations of knowledge can support indirect and willful infringement claims. While there is no Federal Circuit opinion addressing the issues, the better weight of authority supports dismissal. As Judge Connolly of the Delaware District Court recently noted, many courts have held that indirect and willful infringement claims cannot survive based only on knowledge of the patents learned from the filing of the complaint. *See* Ex. E, *ZapFraud, Inc. v. Barracuda Networks, Inc.,* --- F. Supp. 3d ----, No. 19-1687-CFC-CJB, 2021 WL 1134687, at *2-3, n.1 (D. Del. Mar. 24, 2021) ("I have held in prior opinions that the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages.") (collecting cases); *see also Brandywine Commc'ns Techs., LLC, v. T-Mobile USA, Inc.,* 904 F. Supp. 2d 1260, 1267 (M.D. Fla. 2012) ("The weight of authority addressing the knowledge required for indirect infringement,

10

especially following the Supreme Court's decision in *Global–Tech*, requires a plaintiff to allege

that defendant had pre-suit knowledge of the patents-in-suit."); Ex. F, *Kaufman v. Microsoft

Corp.*, No. 16 Civ. 2880 (AKH), 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020) (granting

summary judgment of no willfulness based on only post-complaint knowledge); Ex. G,

*Solannex, Inc. v. MiaSole*, No. C 11–00171 PSG, 2011 WL 4021558, at *3 (N.D. Cal. Sept. 9,

2011) ("What Solannex fails to allege in the second amended complaint, however, is that

MiaSole had any pre-suit knowledge of the '810 Patent or that its conduct rises to the level of

'objective recklessness' required to support an allegation of willful infringement."); *cf

Rembrandt Social Media, LP v. Facebook, Inc.*, 950 F. Supp. 3d 876, 884 (E.D. Va. 2013)

(dismissing willfulness but allowing indirect infringement based on post-suit knowledge); Ex. H,

*Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *2

(E.D. Tex. Oct. 19, 2016) (same); Ex. I, *ZitoVault, LLC v. IBM Corp.*, No. 3:16-cv-0962-M,

2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) (dismissing pre-suit willfulness but allowing

post-suit willfulness based on the filing of the complaint).

     Many courts have held that judicial economy is preserved by requiring some sort of pre-

suit notification to sustain these claims. *See, e.g.*, Ex. J, *Proxyconn Inc. v. Microsoft Corp.*, No.

SACV 11–1681 DOC (ANx), 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[R]equiring

a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers

judicial economy and preserves parties' resources by encouraging resolution prior to filing a

lawsuit."). This is especially true for willful infringement, which is typically characterized as

"willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—

characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016);

*see also* Ex. K, *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL

11

4620713, at *5 (S.D. Tex. July 31, 2018) (finding knowledge of the patents based on the filing of the complaint insufficient to support willful infringement because "this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint").

Here, the only allegation supporting knowledge of the patents is the filing of this lawsuit itself, *see, e.g.*, (Dkt. 63, ¶ 18), but the Third Amended Complaint does not specifically allege any other basis for Defendant's supposed awareness of the patents at any other time or why Defendant should have been aware of infringement. As like many other plaintiffs, without sufficient pleading of pre-suit knowledge of the Asserted Patents, the best Plaintiffs can muster here is to assert that Defendant gained knowledge of the Asserted Patents from this lawsuit. As many other courts have held, this is insufficient to support indirect and willful infringement allegations. Thus, because the Third Amended Complaint does not include any allegation of pre-suit knowledge, Plaintiffs' claims of indirect and willful infringement should be dismissed.

### 2.    Plaintiffs Fail to Allege Any Facts to Plead Willful Infringement

Courts are also split on what allegations can support a post-complaint willful infringement claim, but the better weight of authority supports a requirement to plead egregious conduct. First and foremost, "[t]o willfully infringe a patent, the patent must exist and one must have knowledge of it." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S. Ct. 1923, 1933, 195 L. Ed. 2d 278 (2016). "Whether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances." *WCM Indus., Inc. v. IPS Corp*., 721 F. App'x 959, 970 (Fed. Cir. 2018) (quoting

*Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508, 510-511 (Fed. Cir. 1990)).

Plaintiffs' Third Amended Complaint does not contain any factual support for a claim of egregious willful infringement. "To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." Ex. D, *Parity Networks*, 2019 WL 3940952, at *3 (internal quotations omitted). And "a plaintiff should plead willfulness with sufficient articulation of the relevant facts." *Id*.; *see also* Ex. L, *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-cv-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) ("Here, MPS has not sufficiently alleged that Meraki knew or should have known it's conduct amounted to infringement."); Ex. E, *ZapFraud, Inc.*, --- F. Supp. 3d ----, 2021 WL 1134687, at *4 ("The purpose of enhanced damages is to punish and deter bad actors from egregious conduct, not to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents."). Plaintiffs do not articulate facts showing any entitlement to a finding of willful infringement and the claim should be dismissed.

Courts have explained that under *Halo*, "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S. Ct. at 1933; Ex. K, *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *4 (S.D. Tex. July 31, 2018). Judge Ellison's decision in *M & C Innovations* is most instructive. After finding no allegation of pre-suit knowledge of the patents, Judge Ellison reasoned that:

"Assuming for the sake of argument that the complaint put [Defendant] on notice of the existing patents, and [Defendant] continued its manufacturing its infringing products, this would simply be the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness." Ex. K, *M & C Innovations*, 2018 WL 4620713, at *5 (citing *Halo*, 136 S. Ct. at 1935 (2016)). "Moreover, this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint." *Id.* Thus, willful infringement claims should be dismissed where "[Plaintiff] has offered no allegations suggesting that [Defendant] deliberately re-dedicated itself to infringing after being served with the complaint." *Id.*

Accordingly, just as in *M & C Innovations*, Plaintiffs' claim for post-suit willfulness should also be dismissed. Because there is no allegation of pre-suit knowledge of the patents, the pre-suit willfulness claim fails outright. Further, nothing in Plaintiffs' Third Amended Complaint indicates that Defendant has acted in an egregious manner to justify enhanced damages after being served with the complaint. Thus, the willful infringement claims fail under 12(b)(6).

## VIII.   CONCLUSION

This Court lacks subject matter jurisdiction in this case because Plaintiffs did not hold exclusionary rights to the two Asserted Patents on the day they filed this lawsuit, which is fatal to this case under Fed. R. Civ. P. 12(b)(1). Alternatively, Plaintiffs' allegations of indirect and willful infringement are insufficient under Fed. R. Civ. P. 12(b)(6) because they fail to allege any pre-suit knowledge of the patents in suit and do not allege egregious conduct to warrant enhanced damages. Defendant therefore respectfully requests that the Court grant this motion and dismiss these claims from Plaintiffs' Third Amended Complaint.

Respectfully submitted,

Dated: September 10, 2021

_/s/ Charles S. Baker_____
Charles S. Baker
Attorney-in-Charge
Texas State Bar No. 01566200
Southern District No. 024496
cbaker@lockelord.com
Steven S. Boyd
Texas State Bar No. 24001775
Southern District No. 22772
sboyd@lockelord.com
Daniel G. Nguyen
Texas State Bar No. 24025560
Southern District No. 840977
dnguyen@lockelord.com
Ryan E. Dornberger
Texas State Bar No. 24121388
Southern District No. 3311762
ryan.dornberger@lockelord.com
LOCKE LORD LLP
600 Travis St., Suite 2800
Houston, Texas 77002
(713) 226-1200 Telephone
(214) 223-3717 Facsimile

Jason A. Saunders
Texas Bar No.: 24042406
Federal ID No.: 557143
jsaunders@arnold-iplaw.com
ARNOLD & SAUNDERS, LLP
1334 Brittmoore Rd., Suite B
Houston, Texas 77043
Telephone: (713) 972-1150
Facsimile: (832) 213-1039
Gordon T. Arnold
Texas Bar No.: 01342410
Federal ID No.: 2483
garnold@arnold-iplaw.com
Christopher P. McKeon
Texas Bar No.: 24068904
Federal ID No.: 1162839
cmckeon@arnold-iplaw.com

**ATTORNEYS FOR DEFENDANT,
HUNTING TITAN, INC.**

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing via e-mail to all counsel of record.

/s/ <i>Charles S. Baker</i>
Charles S. Baker
