**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-02123 |
| HUNTING TITAN, INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

### HUNTING TITAN'S MOTION FOR ISSUANCE OF LETTER OF REQUEST

99770901v.1

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................1

II.    NATURE AND STAGE OF THE PROCEEDINGS ........................................1

III.   STATEMENT OF THE ISSUES........................................................................2

IV.   SUMMARY OF THE ARGUMENT .................................................................3

V.    PROCEDURAL AND FACTUAL BACKGROUND........................................4

VI.   ARGUMENT AND AUTHORITIES................................................................4

 A.   The Court has the authority to issue Letters of Request to JDP and Mr. Parks in
       Canada. ................................................................................................................4

 B.   The evidence JDP and Mr. Parks possess is critical to Hunting Titan's defense. ...........5

 C.   The issuance of a Letter of Request is both proper and warranted in this case. .............7

   1)   The evidence requested is critical and compelling to this dispute............................8

   2)   Hunting Titan's requests are specific and discrete to dispositive issues.....................9

   3)   The origination of the information being sought is unknown....................................9

   4)   There is no other way for Hunting Titan to obtain the information it seeks...............9

   5)   Production of this evidence is sufficiently important to warrant a request for
        international assistance. ...................................................................................10

 D.   Hunting Titan's discovery requests are relevant and not unduly burdensome to
       JDP or Mr. Parks................................................................................................11

VII.  CONCLUSION................................................................................................12

99770901v.1

## TABLE OF EXHIBITS

| Exhibit No. | Exhibit |
|---|---|
| Exhibit A | Proposed Letter of Request |
| Exhibit B | Defendant's Motion to Stay Pending Entry of Final Judgment in *DynaEnergetics Europe GMBH and DynaEnergetics US, Inc. v. SWM Int'l, LLC*, Cause Number 3:21-cv-00192-M (NDTX) |
| Exhibit C | *Luminati Networks Ltd. v. Teso LT, UAB,* No. 2:19-cv-395-JRG, 2020 WL 6815153 (E.D. Tex. Oct. 28, 2020) |
| Exhibit D | *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-cv-2329-L, 2015 WL 5502625 (N.D. Tex. Sept. 18, 2015) |
| Exhibit E | *Canada Evidence Act*, s. 46(1), R.S.C. 1985, c.C-5 |
| Exhibit F | *Alberta Evidence Act, s. 56(1)*, R.S.A. 2000 c.A-18 |
| Exhibit G | *Richardson v. Shell Canada Ltd.*, 2012 ABQB 170 |
| Exhibit H | *J.R. Simplot Co. v. McCain Foods USA, Inc.,* No. 1:16cv-449-DCN, 2020 WL 878288 (D. Idaho Feb. 20, 2020) |
| Exhibit I | *Astrazeneca v. Ranbaxy Pharms., Inc.*, No. 05-5553 (JAP), 2008 WL 314627 (D.N.J. Jan. 29, 2008) |

99770901v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Astrazeneca v. Ranbaxy Pharms., Inc.*,
 No. 05-5553 (JAP), 2008 WL 314627 (D.N.J. Jan. 29, 2008) ..............................8, 9

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004)..................................................................................................5

*J.R. Simplot Co. v. McCain Foods USA, Inc.*,
 No. 1:16cv-449-DCN, 2020 WL 878288 (D. Idaho Feb. 20, 2020)....................8, 9

*Lozano v. Bosdet*,
 693 F.3d 485 (5th Cir. 2012) ...................................................................................4

*Luminati Networks Ltd. V. Teso LT, UAB*,
 No. 2:19-cv-395-JRG, 2020 WL 6815153 (E.D. Tex. Oct. 28, 2020) ...........8, 9, 10

*Seoul Semiconductor Co. v. Nichia Corp.*,
 590 F. Supp. 2d 832 (E.D. Tex. 2008)..............................................................3, 7, 8

*Societe Nationale Industrielle Aerospatiale et al. v. United States District Court
 for the Southern District Iowa*,
 482 U.S. 522 (1987)........................................................................................3, 7, 8

*Triumph Aerostructures, LLC v. Comau, Inc.*,
 No. 3:14-cv-2329-L, 2015 WL 5502625 (N.D. Tex. Sept. 18, 2015) .......................2, 7, 10, 11

**Statutes**

28 U.S.C. 1781(b)(2) ......................................................................................................2, 5

**Other Authorities**

Canada Evidence Act, s. 46(1), R.S.C. 1985, c.C-5 .........................................................5

Alberta Evidence Act, s. 56(1), R.S.A. 2000 c.A-18 .......................................................5

*Richardson v. Shell Canada Ltd.*, 2012 ABQB 170 ........................................................5

99770901v.1

## I.        INTRODUCTION

Defendant Hunting Titan, Inc. ("Hunting Titan") is a prolific inventor of a number of innovative perforating guns and related technology that it sells to the upstream oil and gas industry. Hunting Titan was engaged in the perforating gun business long before Plaintiffs.  Plaintiffs, DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") are competitors of Hunting Titan that have filed 16 different patent infringement lawsuits in the last two years, including for alleged infringement of U.S. Patent No. 10,429,161 and U.S. Patent No. 10,472,938 (collectively, the "Asserted Patents"). These patents were developed and conceived in collaboration with Canadian company JDP Engineering & Machine Inc. ("JDP") and its employee, David C. Parks.  Because of JDP's and Mr. Parks's significant role in creating and developing the inventions, these non-parties possess key documents and information relating to the parties' dispute on key issues of patent ownership, the prior art, and the claimed inventions.  Similarly, because of his status as the lead inventor, Mr. Parks has personal knowledge that is highly relevant to this lawsuit.

Hunting Titan respectfully asks the Court to issue a Letter of Request to enable discovery of relevant evidence in support of its claims and defenses from JDP and Mr. Parks in Canada.  A copy of the proposed Letter of Request is attached as **Exhibit A**.

## II.       NATURE AND STAGE OF THE PROCEEDINGS

This patent infringement lawsuit was originally filed on January 30, 2020 in the Western District of Texas. Defendant filed a motion to transfer to this district, which was granted on June 16, 2020. Dkt. 40. The Court consolidated this case with a previous case involving the same parties, but other patents, and stayed both cases pending USPTO review of the patents. Dkt. 49. On July 15, 2021, the Court vacated its consolidation and stay order in this lawsuit and set an accelerated case schedule for trial. Dkt. 50. Thus, on July 22, 2021, the Court issued its Docket Control Order

99770901v.1

setting dispositive motion deadlines for February 2022 and the pre-trial conference for May 2022. Dkt. 55. The parties have already completed several of the deadlines, including the exchange of claim terms and constructions for the *Markman* hearing and the filing of *Markman* tutorials with the Court. *See* Dkt. 61, 65-66. *Markman* briefing is complete and a *Markman* hearing is set for October 28, 2021.

On September 8, 2021, Defendant moved to dismiss this entire lawsuit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs did not have standing, e.g. exclusionary rights against Defendant, on the day they filed suit, since JDP held an equal interest in the two Asserted Patents and was a necessary party to this case. Dkt. 68. Defendant also moved to dismiss the indirect and willful infringement claims for failure to state a claim under Rule 12(b)(6) because Plaintiffs failed to adequately plead pre-suit knowledge of the Asserted Patents. *Id*. Defendant then filed an answer and counterclaims of non-infringement, invalidity, and inequitable conduct. Dkt. 69. And on September 24, 2021, Plaintiffs moved to dismiss the inequitable conduct counterclaim and affirmative defense. Dkt. 71.

## III.    STATEMENT OF THE ISSUES

Whether Hunting Titan meets the requirements for issuance of a Letter of Request to Canadian non-party owners and/or inventors of the Asserted Patents, JDP and David C. Parks: Hunting Titan seeks to obtain authenticated, documentary evidence from JDP regarding contractual agreements, related correspondence, and invention records; and testimonial evidence from Mr. Parks regarding his personal knowledge of the inventions and their ownership.

The United States Code authorizes the issuance of letters of request to foreign tribunals. 28 U.S.C. 1781(b)(2).   Issuance of a letter of request is discretionary.   Ex. D, *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-cv-2329-L, 2015 WL 5502625, at *2 (N.D. Tex. Sept. 18, 2015).  To weigh the effects of issuance of the request upon international comity, courts

2

use a five-factor test, which accounts for the importance of the evidence requested to the dispute, the specificity of the requests being made, the country of origin of the information, the availability of alternative methods of obtaining the information, and the extent that noncompliance would affect U.S. interests and compliance would affect the foreign jurisdiction. *Seoul Semiconductor Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 834 (E.D. Tex. 2008); *see also Societe Nationale Industrielle Aerospatiale et al. v. United States District Court for the Southern District Iowa*, 482 U.S. 522, 546 n. 28 (1987)).

## IV.      SUMMARY OF THE ARGUMENT

Hunting Titan respectfully requests that the Court issue a Letter of Request addressed to two (2) Canadian third parties, JDP Engineering & Machine Inc. and David Parks, who are or were joint owners and the lead inventor of the Asserted Patents. Despite their relationship to the Asserted Patents, neither JDP nor Mr. Parks are parties to this dispute. As residents of Canada, they are not subject to this Court's jurisdiction. Because Canada is not a party to the Hague Convention on the Taking of Evidence, the Letter of Request process is the sole means of pursuing the discovery at issue.

The evidence requested is critical evidence pertaining to the conception, reduction to practice, and prior art of the Asserted Patents, as well as whether DynaEnergetics has the exclusive right to prosecute this lawsuit. In both this lawsuit and other related patent infringement lawsuits, DynaEnergetics's standing to bring these lawsuits has been challenged, including a direct attack on an April 2020 nunc pro tunc assignment that DynaEnergetics procured from Mr. Parks allegedly under duress and fraud. Hunting Titan's requests are narrowly drafted to seek only relevant and material information that will impact dispositive issues in this matter, and there are no alternative means of securing the information requested other than seeking it from its source. Obtaining the information is in the interests of this Court because it will lead to the fair adjudication of the parties'

3

claims based upon a complete record of all relevant facts.  Hunting Titan intends to obtain documentary and testimonial evidence for use in the trial of this dispute through the Letter of Request.

## V.        PROCEDURAL AND FACTUAL BACKGROUND

At the time it filed its Original Complaint in January 2020, DynaEnergetics did not own an exclusionary interest in the Asserted Patents; rather, according to United States Patent and Trademark Office assignment database records, JDP held an equal ownership interest in the Asserted Patents.  Only three months later did JDP allegedly assigned its interests in the Asserted Patents in a belated and futile attempt to allegedly give DynaEnergetics exclusive interest.[1]  JDP's employee, Mr. Parks, is the lead inventor of the Asserted Patents, and either or both he and JDP are or were partial owners.[2]  Neither JDP nor Mr. Parks are parties to this dispute.

## VI.        ARGUMENT AND AUTHORITIES

Hunting Titan asks the Court to issue Letters of Request to enable its discovery of documents, information, and deposition testimony from JDP and Mr. Parks in Canada.

### A.        The Court has the authority to issue Letters of Request to JDP and Mr. Parks in Canada.

A letter of request is a formal, written request by a domestic court to a foreign court requesting that the foreign court take some action in accordance with its laws.  *See, e.g.*, *Lozano*

---

[1] Hunting has asserted this argument in its Motion to Dismiss, filed on September 10, 2021, which it incorporates herein in its entirety by reference.  Dkt. 68.

[2] Hunting recently learned about an assignment of the Asserted Patents to SWM International LLC, another third party, in August 2021, and litigation in a different court regarding the current ownership of the inventions and Asserted Patents.  This further calls into question DynaEnergetics's claims, and renders the evidence being sought by Hunting Titan even more essential to obtain.  *See, e.g.*, Defendant's Motion to Stay Pending Entry of Final Judgment in *DynaEnergetics Europe GMBH and DynaEnergetics US, Inc. v. SWM Int'l, LLC*, Cause Number 3:21-cv-00192-M currently pending in the Northern District of Texas, attached as **Exhibit B**.

*v. Bosdet*, 693 F.3d 485, 487 n.4 (5th Cir. 2012) (noting that a letter rogatory is a letter of request between the courts).  The taking of evidence from witnesses or entities for use in U.S. proceedings is one example.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004).  The Court has the authority to issue letters of request under the United States Code, which permits "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner."  28 U.S.C. 1781(b)(2).  Rules 28, 30, and 45 govern the collection of testimony and documents from the non-party foreign entity.  Fed. R. Civ. P. 28, 30, 45.

Canada is amenable to letters of request issued by United States courts.[3]  Under section 46(1) of the *Canada Evidence Act*, R.S.C. 1985, c.C-5 (Ex. E), and section 56(1) of the *Alberta Evidence Act*, R.S.A. 2000 c.A-18 (Ex. F), an Alberta court has the discretion to order the production of documents and the taking of a deposition when such evidence is properly sought by U.S. litigants.  As long as the litigant demonstrates the relevance of the desired documents and testimony to material issues in its dispute, the information sought is discoverable under Canadian law.  *See* Ex. G, *Richardson v. Shell Canada Ltd.*, 2012 ABQB 170.

**B.**   **The evidence JDP and Mr. Parks possess is critical to Hunting Titan's defense.**

As a purported owner and lead inventor of the Asserted Patents, JDP and Mr. Parks possess essential information relating to the development and ownership of the inventions.  Moreover, JDP, through Mr. Parks, is the signatory to several agreements that DynaEnergetics has claimed granted to it the exclusive right to file this lawsuit.  All of this information is only obtainable from

---

[3] Canada is not a signatory to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").

JDP and Mr. Parks[4] and without it Hunting Titan will be missing key factual information that is material and relevant to this dispute.

More particularly, Hunting Titan seeks to obtain from JDP and/or Mr. Parks the following, authenticated documentary evidence:

    i. The engineering agreement executed between JDP and DynaEnergetics on or about April 19, 2012 (the "Engineering Agreement");

    ii. Correspondence among JDP, Mr. Parks, and/or DynaEnergetics relating to the Engineering Agreement;

    iii. Invention records, including inventor notebooks, design drawings, specifications, prototypes, and/or testing materials related to the inventions that are the subject of the Asserted Patents;

    iv. The assignment executed between JDP and Mr. Parks on or about October 21, 2016 (the "October 2016 Assignment");

    v. Correspondence among JDP, Mr. Parks, and/or DynaEnergetics relating to the October 2016 Assignment;

    vi. The assignment executed among JDP, Mr. Parks, and DynaEnergetics on or about April 23, 2020 (the "April 2020 Assignment");

    vii. Correspondence among JDP, Mr. Parks, and/or DynaEnergetics relating to the April 2020 Assignment;

    viii. The assignment executed between JDP and SWM International LLC in August 2021 (the "August 2021 Assignment");

    ix. Correspondence among JDP, Mr. Parks, and SWM International and/or DynaEnergetics relating to the August 2021 Assignment.

Hunting Titan also wishes to obtain the oral testimony of Mr. Parks to authenticate collected Documents and regarding his personal knowledge of the inventions, including: (i) his contribution and/or participation in the conception and reduction to practice of the inventions; (ii)

---

[4] Due to the importance of the information being sought and the procedures required to obtain discovery from Canada, Hunting Titan has no choice but to initiate efforts to seek the evidence from JDP and Mr. Parks in order to comply with the accelerated case schedule currently in place in this dispute.

99770901v.1

the relationship of JDP and DynaEnergetics to the inventions and the Asserted Patents; and (iii) the negotiation and execution of the four (4) agreements related to the inventions and Asserted Patents, to wit: (a) the Engineering Agreement, (b) the October 2016 Assignment, (c) the April 2020 Assignment, and (d) the August 2021 Assignment.  Mr. Parks's intimate knowledge arising from his participation in the development of the inventions is both unique and critical to understanding the nature of the inventions, their ownership.

## C.    The issuance of a Letter of Request is both proper and warranted in this case.

Because the evidence being sought by Hunting Titan is vital to an adjudication of this dispute on the merits, is narrowly tailored to impose as little burden as possible upon the responding parties, and is unavailable by any other means, and because the failure to obtain this information would stymie this Court's ability to impart a fair resolution to the parties, the Court is authorized to issue Hunting Titan's Letter of Request to obtain documents and testimony from JDP and Mr. Parks.

Courts consider international comity when determining whether to issue letters of request, and seek to minimize costs and inconvenience to the parties.  *Seoul Semiconductor Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 834 (E.D. Tex. 2008).[5]  More specifically, courts consider (1) the importance to the litigation of the evidence requested; (2) the degree of specificity of the request; (3) whether the information originated in the U.S.; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would

---

[5] In *Seoul Semiconductor Co. v. Nichia Corp.*, the Eastern District of Texas analyzed letters of request that would be delivered via the Hague Convention; however, the comity issues it considered are similarly applicable to letters of request sought to be delivered to countries that are not signatories to the Hague Convention.  *See Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 544 n.28 (stating that the five-factor test is "relevant to any comity analysis"); *see also* Ex. D, *Triumph Aerostructures*, 2015 WL 5502625, at *3 (considering the comity analysis in *Societe Nationale Industrielle Aerospatiale* in the context of letters of request to Canada).

7

undermine important interests of the U.S., or compliance would undermine foreign interests.  *Id.* (*citing Societe Nationale Industrielle Aerospatiale et al. v. United States District Court for the Southern District Iowa*, 482 U.S. 522, 546 n. 28 (1987)).   A majority of these factors weighs in favor of issuance of Hunting Titan's Letters of Request:

1)      *The evidence requested is critical and compelling to this dispute.*

The patent applications and publications relating to the Asserted Patents list JDP as an owner/assignee of the inventions, and also list Mr. Parks as a first-named inventor.  As a result, both JDP and Mr. Parks necessarily possess documentary and testimonial evidence regarding the Asserted Patents.  JDP possesses documents and communications reflecting the development of the inventions and the transfer and assignment of ownership.  Mr. Parks possesses unique personal knowledge of the conception of the inventions and his rights in relation to their commercial development, as well as information on the prior art.

This information is both "critical" and "compelling," rendering it essential to the fair disposition of the claims at issue.  *See* Ex. C, *Luminati Networks Ltd. V. Teso LT, UAB,* No. 2:19-cv-395-JRG, 2020 WL 6815153, at *1 (E.D. Tex. Oct. 28, 2020) (finding that letter of request for testimony on "Plaintiff's products and their commercial success, the patents asserted in the case, reduction to practice, Plaintiff's awareness of Defendants and their alleged infringement" were "directly relevant" to the claims for patent infringement); *see also* Ex. H, *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16cv-449-DCN, 2020 WL 878288, at *13-14 (D. Idaho Feb. 20, 2020) (issuing letter of request because the "five French individuals and entities are the inventors of the '540 patent and likely the best source of knowledge—and/or the only sources of knowledge—on certain issues"); Ex. I, *Astrazeneca v. Ranbaxy Pharms., Inc.*, No. 05-5553 (JAP), 2008 WL 314627, at *3-4 (D.N.J. Jan. 29, 2008) (issuing letter of request for 7 categories of documents directed at non-party inventors, including documents on testing, patent prosecution, the

8

prior art, conception, and inventorship).  Two of Hunting Titan's principal defenses to the claims in this case are that (1) DynaEnergetics was not the sole and exclusive owner of the inventions at the time it filed suit and (2) that the inventions do not meet the criteria for valid patents, rendering DynaEnergetics' claims unpatentable.  The evidence from JDP and Mr. Parks are the missing pieces that Hunting Titan must investigate in response to DynaEnergetics's claims.

> 2)      *Hunting Titan's requests are specific and discrete to dispositive issues.*

The evidence Hunting Titan has requested in its Letter of Request is narrowly focused upon only those documents Hunting Titan knows are in the possession of JDP and/or Mr. Parks, and only that knowledge Mr. Parks must possess as a result of his relationship to the inventions and patents.[6]  None of the evidence Hunting Titan seeks to discover is attenuated, marginally relevant, or otherwise immaterial to the heart of this dispute; the documents and testimony are both directly on point for potentially dispositive issues, and are "specifically targeted" to obtain only what is relevant and material.  *See* Ex. C, *Luminati,* 2020 WL 6815153, at *1; Ex. H, *J.R. Simplot*, 2020 WL 878288, at *13-14; Ex. I, *Astrazeneca*, 2008 WL 314627, at *3-4.  Hunting Titan meets the standard required by judicial precedent.

> 3)      *The origination of the information being sought is unknown.*

Hunting Titan does not have knowledge regarding the origination of the information it seeks; however, upon information and belief, the majority of the evidence originated outside the United States in Canada.

> 4)      *There is no other way for Hunting Titan to obtain the information it seeks.*

The information that JDP and Mr. Parks possess is not obtainable in any other way.  While DynaEnergetics has promised that it will produce some of the requested documents, because of

---

[6] *See supra*, § B.

99770901v.1

the accelerated pace of the case schedule instituted by the Court, Hunting Titan cannot afford to delay its discovery efforts in the hopes that DynaEnergetics will decide to supplement its production with the requested documents at some point in the future.  In any event, the invention records of JDP and Mr. Parks, and records relating to JDP's and Mr. Parks's contractual arrangements with SWM International LLC—another third party to this dispute—would be obtainable only from JDP and Mr. Parks, the creators of the information.  *See* Ex. D, *Triumph Aerostructures*, 2015 WL 5502625, at *15.  Most importantly, there is no substitute for the lead inventor's personal knowledge of the inventions he created, and the reasons behind the execution of the ownership/assignment/license agreements, and thus Mr. Parks's testimony cannot be elicited from any other source.

    5)    *Production of this evidence is sufficiently important to warrant a request for international assistance.*

Because of the specific tailoring of Hunting Titan's requests, the confidentiality measures in place in this case, and the evidentiary protections attendant under the Federal Rules that prevent use or disclosure of irrelevant or unduly prejudicial information, the U.S.'s interests in production of this evidence outweighs any interest Canada would have in withholding it.  *See, e.g.*, Ex. C, *Luminati,* 2020 WL 6815153, at *2.  The U.S. has a substantial interest in protecting and defending the rights of its citizens and fairly adjudicating matters before its courts.  Hunting Titan's need for the documents and testimony, as demonstrated throughout this Motion, is sufficiently substantial to demonstrate the judicial interest in obtaining the evidence sought to determine a just outcome for the parties here.

Moreover, Hunting Titan's Canadian counsel has reviewed Hunting's proposed Letter of Request and believes it conforms to the evidentiary standards of the Canadian tribunal to which it will be submitted.  Hunting Titan has carefully crafted its request in light of Canadian discovery

99770901v.1

principles to preemptively mollify any concerns that the requested discovery would offend the Canadian legal regime.  Whether the foreign tribunal will seek to modify the requested discovery further is a matter for the Canadian tribunal to determine, and should not hinder this Court's consideration of Hunting Titan's request.  *See* Ex. D, *Triumph Aerostructures*, 2015 WL 5502625, at *15.

**D.     Hunting Titan's discovery requests are relevant and not unduly burdensome to JDP or Mr. Parks.**

Hunting Titan must fully investigate the ownership and validity of the inventions and Asserted Patents to assess whether DynaEnergetics's claims are appropriate, and whether a defense against those claims will fully and finally resolve any disputes arising from the inventions and Asserted Patents and their purported relationship to Hunting Titan's technology.  JDP, an owner-assignee of the Asserted Patents, and Mr. Parks, the first-named inventor of the inventions, were key players during the time frames that are most critical to Hunting Titan's defenses.  Discovery of their information and personal knowledge is therefore critical to the merits of this litigation.

Further, Hunting Titan's requested relief is not unduly burdensome because the documents and testimony it seeks are narrowly tailored to the four (4) pertinent contractual documents and the development of the inventions themselves, which are directly tied to dispositive issues. Hunting Titan will exercise all possible means to facilitate the efficient collection and submission of the relevant materials, including the deposition testimony of JDP and of Mr. Parks, to ensure that the burden to Canadian nationals will be minimized.

Hunting Titan therefore requests that this Court execute the Letter of Request attached hereto as **Exhibit A** and then have the court clerk authenticate the Court's signature by affixing its seal thereto.  Once finalized and returned to Hunting Titan, Hunting Titan will transmit the Letters

of Request to Hunting Titan's Canadian counsel to assist in directing them to the appropriate authorities.

## VII.        CONCLUSION

WHEREFORE, Hunting Titan respectfully requests that the Court approve, date, and sign the attached Letter of Request, have the Court's clerk authenticate the Court's signature with its seal, and then return the letter to Hunting Titan for proper delivery to its Canadian counsel.  Good cause exists because Hunting Titan is unable to obtain the documents, testimony, and information it is seeking without the Letter of Request, and the evidence sought is vital to a just determination of the claims of the parties.

Dated: October 25, 2021                              Respectfully submitted,

*/s/ Charles S. Baker*
Charles S. Baker
Attorney-in-Charge
Texas State Bar No. 01566200
Southern District No. 024496
cbaker@lockelord.com
Steven S. Boyd
Texas State Bar No. 24001775
Southern District No. 22772
sboyd@lockelord.com
Daniel G. Nguyen
Texas State Bar No. 24025560
Southern District No. 840977
dnguyen@lockelord.com
Ryan E. Dornberger
Texas State Bar No. 24121388
Southern District No. 3311762
ryan.dornberger@lockelord.com
LOCKE LORD LLP
600 Travis St., Suite 2800
Houston, Texas 77002
(713) 226-1200 Telephone
(214) 223-3717 Facsimile

12

Jason A. Saunders
Texas Bar No.: 24042406
Federal ID No.: 557143
jsaunders@arnold-iplaw.com
Arnold & Saunders, LLP
1334 Brittmoore Rd., Suite B
Houston, Texas 77043
Telephone: (713) 972-1150
Facsimile: (832) 213-1039
Gordon T. Arnold
Texas Bar No.: 01342410
Federal ID No.: 2483
garnold@arnold-iplaw.com
Christopher P. McKeon
Texas Bar No.: 24068904
Federal ID No.: 1162839
cmckeon@arnold-iplaw.com

**ATTORNEYS FOR DEFENDANT HUNTING TITAN, INC.**

## CERTIFICATE OF CONFERENCE

On October 21, 2021, counsel for movant, Hunting Titan conferred by email with counsel for Plaintiffs regarding this motion and the requested relief. Mr. Heard, counsel for Plaintiffs, indicated on October 22, 2021 that Plaintiffs are opposed to the motion.

/s/ *Charles S. Baker*
Charles S. Baker

## CERTIFICATE OF SERVICE

I hereby certify that, on this 25th day of October, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing via e-mail to all counsel of record.

/s/ *Charles S. Baker*
Charles S. Baker

99770901v.1