# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-02123 |
| HUNTING TITAN, INC., | § § § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

TO:   The Court of Queen's Bench of Alberta

The United States District Court for the Southern District of Texas, Houston Division, United States of America presents its compliments to the Court of Queen's Bench of Alberta, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before the United States District Court for the Southern District of Texas in the above-captioned matter. Discovery closes in this matter on January 21, 2022, and a trial is scheduled in May 2022.

The Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Court of Queen's Bench of Alberta compel (1) the production of documents from JDP Engineering & Machine Inc. ("JDP"); (2) the deposition of JDP for the purposes of producing and authenticating the documents provided; (3) the production of documents from David C. Parks; and (4) the deposition of Mr. Parks for the purposes of (a) producing and authenticating the documents provided, and (b) providing testimony regarding the inventions claimed in U.S. Patent No. 10,429,161 and U.S. Patent No. 10,472,938 (collectively, the "Asserted Patents") that are in dispute in this matter, and the negotiation and execution of the four (4) agreements related to the inventions and the Asserted Patents. Based on the issues pleaded,

1

this Court finds that the documentary evidence and oral testimony being requested will be used for the purposes of the upcoming trial, and are relevant to enable the Court to try this case.

The Court further asks that the Court of Queen's Bench of Alberta appoint counsel to Defendant Hunting Titan as a Commissioner for the purpose of taking the depositions of a representative of JDP and of Mr. Parks, request that JDP and Mr. Parks produce the requested documents to Hunting Titan, and that a corporate representative for JDP and Mr. Parks appear at the offices of Burnet, Duckworth & Palmer LLP on such date as may be mutually agreeable to the witnesses and Hunting Titan, and to the Court of Queen's Bench of Alberta, to be examined and cross-examined under oath by the attorneys for the parties.

DynaEnergetics Europe GMBH and DynaEnergetics US, Inc. ("DynaEnergetics") are the Plaintiffs in the civil proceeding against Defendant Hunting Titan, Inc. ("Hunting Titan") that is currently pending before this tribunal, which has proper jurisdiction over the parties and claims. Hunting Titan is the party asking for evidence from JDP and Mr. Parks. DynaEnergetics has been given notice and has had an opportunity to make any objections before the Court prior to this Court's issuance of this Request for International Judicial Assistance. The Court respectfully requests that the response to this Request be provided as soon as is practicable in order to ensure that evidence may be obtained before the deadline for factual discovery, which is currently set for January 21, 2022.

1. Name and Address of Witnesses:

    a. JDP Engineering & Machine Inc.
       19 Bearspaw Summit Mews
       Calgary, Alberta, Canada  T3R1H2

    b. David C. Parks
       19 Bearspaw Summit Mews
       Calgary, Alberta, Canada  T3R1H2

2. Evidence to be Obtained:

   a. The following documents (collectively, "<u>Documents</u>") relating to the inventions and Asserted Patents, which are in the possession, custody, or control of JDP and/or Mr. Parks:

      i. The engineering agreement executed between JDP and DynaEnergetics on or about April 19, 2012 (the "<u>Engineering Agreement</u>");

      ii. Correspondence among JDP, Mr. Parks, and/or DynaEnergetics relating to the Engineering Agreement;

      iii. Invention records, including inventor notebooks, design drawings, specifications, prototypes, and/or testing materials related to the inventions that are the subject of the Asserted Patents;

      iv. The assignment executed between JDP and Mr. Parks on or about October 21, 2016 (the "<u>October 2016 Assignment</u>");

      v. Correspondence among JDP, Mr. Parks, and/or DynaEnergetics relating to the October 2016 Assignment;

      vi. The assignment executed among JDP, Mr. Parks, and DynaEnergetics on or about April 23, 2020 (the "<u>April 2020 Assignment</u>");

      vii. Correspondence among JDP, Mr. Parks, and/or DynaEnergetics relating to the April 2020 Assignment;

      viii. The assignment executed between JDP and SWM International LLC in August 2021 (the "<u>August 2021 Assignment</u>");

      ix. Correspondence among JDP, Mr. Parks, and SWM International and/or DynaEnergetics relating to the August 2021 Assignment.

The Documents are believed to be in JDP and/or Mr. Parks's possession, custody, or control based upon the relationship of JDP and Mr. Parks to the inventions and the Asserted Patents, which was disclosed in DynaEnergetics' pleadings, discovery responses, and the patent applications and publications.

More specifically, JDP's employee-inventor, Mr. Parks, contributed towards and/or participated in the conception and reduction to practice of the inventions and is listed as the first-named inventor on the Asserted Patents. Mr. Parks performed these actions while in the employ of JDP, and JDP later obtained an ownership interest in the inventions. JDP is listed as an owner/assignee of the Asserted Patents on the publicly filed documents. The development and ownership of the inventions are within Mr. Parks's personal knowledge, and the documentary evidence directly relating to development and ownership is in the possession, custody, and control of either Mr. Parks or JDP, his employer and an owner of the inventions at the relevant time.

The August 2021 assignment of the inventions and/or Asserted Patents to SWM International LLC underscores the critical nature of JDP's and Mr. Parks's evidence, since it calls into question the ownership interest of DynaEnergetics. The information obtained in relation to these two issues will have a significant impact on Hunting's position, including its defenses, in this dispute.

    b. Oral Testimony

        i. A proper officer of JDP, having custody of the Documents mentioned in paragraph 2(a), shall be asked to attend before a Commissioner and submit to be examined for the purposes of producing and authenticating the Documents. The sole purpose of the testimony to be elicited from JDP is to authenticate the records received. The deposition is to be made before a

    court reporter and duly transcribed and videotaped on electronic media for use at trial, and any document marked as an exhibit must be made part of such record, pursuant to the Federal Rules of Civil Procedure of the United States of America.

  ii. Mr. Parks shall be asked to appear in order to (a) authenticate the Documents provided, and (b) provide testimony regarding (i) his contribution and/or participation in the conception and reduction to practice of the inventions; (ii) the relationship of JDP and DynaEnergetics to the inventions and the Asserted Patents; and (iii) the negotiation and execution of the four (4) agreements related to the inventions and Asserted Patents, to wit: the Engineering Agreement, the October 2016 Assignment, the April 2020 Assignment, and the August 2021 Assignment.  The deposition is to be made before a court reporter and duly transcribed and videotaped on electronic media for use at trial, and any document marked as an exhibit must be made part of such record, pursuant to the Federal Rules of Civil Procedure of the United States of America.

3. Facts:

 a. Litigation is currently pending between DynaEnergetics and Hunting Titan in an action filed in the United States District Court for the Southern District of Texas, Houston Division, in the United States of America.  In that proceeding, DynaEnergetics alleges infringement of the Asserted Patents protecting the inventions, and seeks injunctive relief, monetary damages, and attorneys' fees.  In the same proceeding, Hunting Titan asks for declaratory and injunctive relief

relating to the validity of the Asserted Patents on the inventions, as well as attorneys' fees.

b. DynaEnergetics claims that Hunting Titan, its market competitor, is using infringing technology to directly compete with DynaEnergetics, which allegedly makes, distributes, offers to sell, and sells the products that incorporate the inventions.

c. Hunting Titan denies DynaEnergetics' allegations, and has counterclaimed seeking declaratory relief that Hunting Titan does not and has not infringed any patents of DynaEnergetics, and that the Asserted Patents protecting the inventions are invalid and unenforceable.

d. This Request for International Judicial Assistance has arisen from Hunting Titan's need to elicit testimony and obtain documents from JDP and Mr. Parks regarding the inventions and Asserted Patents. JDP and/or Mr. Parks possess unique, relevant documentary evidence relating to the inventions and Asserted Patents as a result of their respective ownership interests and the contribution and participation of Mr. Parks, JDP's employee, in the inventions' development. Similarly, Mr. Parks has personal knowledge of the conception and reduction to practice of the inventions that Hunting Titan must elicit in order to fully respond to DynaEnergetics' claims. Mr. Parks also has personal knowledge of the negotiation and execution of the four (4) ownership agreements that could determine who owns or has exclusive rights to the inventions and the Asserted Patents, and thus whether DynaEnergetics has standing to proceed with this lawsuit. Under the Federal Rules of Civil Procedure of the United States of America, Hunting Titan does not have the ability to compel

    JDP or Mr. Parks to attend and give evidence at the U.S. trial because neither JDP nor Mr. Parks are subject to jurisdiction in Texas. The Documents and testimony are being obtained for use as evidence at trial. The testimony and evidence are relevant and necessary to the litigation in the Federal Court.

 4. Reciprocity:

This Court shall be ready and willing to provide similar assistance to judicial authorities of the Alberta Court of Queen's Bench on a similar case when requested.