# EXHIBIT C

2020 WL 6815153
Only the Westlaw citation is currently available.
United States District Court,
E.D. Texas, Marshall Division.

LUMINATI NETWORKS LTD., Plaintiff,
v.
TESO LT, UAB, Metacluster LT,
UAB, Oxysales, UAB, Defendants.

CIVIL ACTION NO. 2:19-CV-00395-JRG
|
Signed 10/28/2020

**Attorneys and Law Firms**

[Amadou Kilkenny Diaw](#), [Ronald Wielkopolski](#), RuyakCherian LLP, Washington, DC, [Elizabeth L. DeRieux](#), [Sidney Calvin Capshaw, III](#), Capshaw DeRieux LLP, Gladewater, TX, [Gregory Blake Thompson](#), [James Mark Mann](#), Mann Tindel & Thompson, Henderson, TX, [Robert M. Harkins, Jr.](#), [Korula T. Cherian](#), RuyakCherian LLP, Berkeley, CA, for Plaintiff.

[Steven Chase Callahan](#), [Craig N. Tolliver](#), [George T. Scott](#), [Mitchell Reed Sibley](#), Charhon, Callahan, Robson & Garza PLLC, Dallas, TX, [Michael Charles Smith](#), Siebman Burg Phillips & Smith, LLP, Marshall, TX, Justinas Jarusevicius, Motieka & Audzevicius, for Defendants.

## **ORDER**

[RODNEY GILSTRAP](#), UNITED STATES DISTRICT JUDGE

 **\*1** Before the Court is Defendants Teso LT, UAB, Oxysales, UAB, and Metacluster LT, UAB's (collectively, "Defendants") Motion for Issuance of Letter Request for Colin Shribman's Deposition (the "Motion"). (Dkt. No. 121). Defendants move, pursuant to the Hague Evidence Convention, for the issuance of the Letter of Request attached as Exhibit A to the Motion (Dkt. No. 121-1), addressed to the Central Authority of the State of Israel, for the purpose of obtaining the deposition of Colin Shribman, the former Chief Technology Officer of Plaintiff Luminati Networks Ltd. ("Plaintiff" or "Luminati").

Plaintiff objected to the Motion, citing the five-factor test set out by the Supreme Court in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 544 n.28 (1987). (Dkt. No. 132). Those factors are: "(1) the importance to the ... litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Societe Nationale*, 482 U.S. at 544 n.28.

Plaintiff argues that the first factor, the importance to the litigation, weighs against granting Defendants' Motion essentially because Mr. Shribman was the Chief Technology Officer in name only, was not employed by Plaintiff during relevant time periods, and therefore lacks relevant knowledge. (Dkt. No. 132 at 5-7). However, the Court finds that such information is likely to arise during Mr. Shribman's deposition, and the Court is therefore unconvinced that this factor weighs against granting the Motion. Plaintiff next argues that the second factor, the specificity of the request, weighs against granting the Motion because the Letter of Request is too broad in asking to depose Mr. Shribman on Plaintiff's products and their commercial success, the patents asserted in the case, reduction to practice, Plaintiff's awareness of Defendants and their alleged infringement, and Plaintiff's actions towards its competitors. (*Id.* at 7-8, citing Dkt. No. 121-1 at 9). However, such inquiries are directly relevant to patent infringement and antitrust claims, both of which are asserted in this case, and the Court likewise finds Plaintiff's objection unavailing as to factor two.

Plaintiff further argues that factor three, whether the information originated in the United States, also weighs against granting the Motion. (*Id.* at 8-9). However, Defendants represent that Mr. Shribman would be expected to testify on topics including Plaintiff's U.S. patents, its U.S. patent infringement suits, its business dealings in the U.S., and its monitoring of Defendants' U.S. business. (Dkt. No. 135 at 4-5). Accordingly, the Court does not find that factor three weighs against granting the Motion. Next, Plaintiff argues that factor 4, the availability of alternative means of securing the information, weighs against granting the Motion because any information to be gleaned from Mr. Shribman

would be redundant at best. (Dkt. No. 132 at 9). However, it is clear that Mr. Shribman is likely to have relevant information regarding Plaintiff's activities due to his former position at Luminati, and given that Mr. Shribman resides in Israel and is no longer employed by Luminati, the Court finds that the relief requested by Defendants is an appropriate means to acquire this information.

**\*2** Plaintiff also contends that the fifth factor, the respective interests of the U.S. and Israel, weighs against granting the Motion because of the potential impact on the Court's schedule. (*Id.* at 9-10). The deadline for fact discovery in this case is December 14, 2020. (Dkt. No. 65). Plaintiff argues that Defendants were untimely in submitting their Motion and that granting the Motion would delay the progression of the case. (Dkt. No. 132 at 10-11). Although the Court is cognizant of maintaining a steady case progression, at this stage the Court is not convinced of the inevitability of Mr. Shribman's deposition causing a significant delay in the case, which is set for trial on May 3, 2021. (Dkt. No. 65).

Having considered the Motion, the Court is of the opinion that it should be and hereby is **GRANTED**. The Court hereby **APPROVES** the proposed Letter of Request attached to the Motion as Exhibit A. Accordingly, the Court will execute the submitted Letter of Request with an original signature, to which the Clerk of Court shall affix an original seal.

**So ORDERED and SIGNED this 28th day of October, 2020.**

**All Citations**

Slip Copy, 2020 WL 6815153

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.