# **EXHIBIT E**



CANADA

CONSOLIDATION

CODIFICATION

# Canada Evidence Act

# Loi sur la preuve au Canada

R.S.C., 1985, c. C-5

L.R.C. (1985), ch. C-5

Current to September 22, 2021

À jour au 22 septembre 2021

Last amended on July 12, 2019

Dernière modification le 12 juillet 2019

Published by the Minister of Justice at the following address:
http://laws-lois.justice.gc.ca

Publié par le ministre de la Justice à l'adresse suivante :
http://lois-laws.justice.gc.ca

## OFFICIAL STATUS
## OF CONSOLIDATIONS

Subsections 31(1) and (2) of the *Legislation Revision and Consolidation Act*, in force on June 1, 2009, provide as follows:

**Published consolidation is evidence**
**31 (1)** Every copy of a consolidated statute or consolidated regulation published by the Minister under this Act in either print or electronic form is evidence of that statute or regulation and of its contents and every copy purporting to be published by the Minister is deemed to be so published, unless the contrary is shown.

**Inconsistencies in Acts**
**(2)** In the event of an inconsistency between a consolidated statute published by the Minister under this Act and the original statute or a subsequent amendment as certified by the Clerk of the Parliaments under the *Publication of Statutes Act*, the original statute or amendment prevails to the extent of the inconsistency.

## CARACTÈRE OFFICIEL
## DES CODIFICATIONS

Les paragraphes 31(1) et (2) de la *Loi sur la révision et la codification des textes législatifs*, en vigueur le 1er juin 2009, prévoient ce qui suit :

**Codifications comme élément de preuve**
**31 (1)** Tout exemplaire d'une loi codifiée ou d'un règlement codifié, publié par le ministre en vertu de la présente loi sur support papier ou sur support électronique, fait foi de cette loi ou de ce règlement et de son contenu. Tout exemplaire donné comme publié par le ministre est réputé avoir été ainsi publié, sauf preuve contraire.

**Incompatibilité — lois**
**(2)** Les dispositions de la loi d'origine avec ses modifications subséquentes par le greffier des Parlements en vertu de la *Loi sur la publication des lois* l'emportent sur les dispositions incompatibles de la loi codifiée publiée par le ministre en vertu de la présente loi.

## LAYOUT

The notes that appeared in the left or right margins are now in boldface text directly above the provisions to which they relate. They form no part of the enactment, but are inserted for convenience of reference only.

## MISE EN PAGE

Les notes apparaissant auparavant dans les marges de droite ou de gauche se retrouvent maintenant en caractères gras juste au-dessus de la disposition à laquelle elles se rattachent. Elles ne font pas partie du texte, n'y figurant qu'à titre de repère ou d'information.

## NOTE

This consolidation is current to September 22, 2021. The last amendments came into force on July 12, 2019. Any amendments that were not in force as of September 22, 2021 are set out at the end of this document under the heading "Amendments Not in Force".

## NOTE

Cette codification est à jour au 22 septembre 2021. Les dernières modifications sont entrées en vigueur le 12 juillet 2019. Toutes modifications qui n'étaient pas en vigueur au 22 septembre 2021 sont énoncées à la fin de ce document sous le titre « Modifications non en vigueur ».

**TABLE OF PROVISIONS**

**An Act respecting witnesses and evidence**

### Short Title

1   Short title

### Part I

Application

2   Application

Witnesses

3   Interest or crime

4   Accused and spouse

5   Incriminating questions

6   Evidence of person with physical disability

6.1   Identification of accused

7   Expert witnesses

8   Handwriting comparison

9   Adverse witnesses

10   Cross-examination as to previous statements

11   Cross-examination as to previous oral statements

12   Examination as to previous convictions

Oaths and Solemn Affirmations

13   Who may administer oaths

14   Solemn affirmation by witness instead of oath

15   Solemn affirmation by deponent

16   Witness whose capacity is in question

16.1   Person under fourteen years of age

Judicial Notice

17   Imperial Acts, etc.

18   Acts of Canada

Documentary Evidence

19   Copies by Queen's Printer

20   Imperial proclamations, etc.

21   Proclamations, etc., of Governor General

**TABLE ANALYTIQUE**

**Loi concernant les témoins et la preuve**

### Titre abrégé

1   Titre abrégé

### Partie I

Application

2   Application

Témoins

3   Intérêt ou crime

4   Accusé et conjoint

5   Questions incriminantes

6   Témoignage de personnes ayant une déficience physique

6.1   Identification de l'accusé

7   Témoins experts

8   Comparaison d'écriture

9   Témoins opposés

10   Contre-interrogatoire au sujet de déclarations antérieures

11   Contre-interrogatoire au sujet de déclarations antérieures orales

12   Interrogatoire sur condamnations antérieures

Serments et affirmations solennelles

13   Qui peut recevoir le serment

14   Affirmation solennelle au lieu du serment

15   Affirmation solennelle par le déposant

16   Témoin dont la capacité mentale est mise en question

16.1   Témoin âgé de moins de quatorze ans

Admission d'office

17   Lois impériales, etc.

18   Lois fédérales

Preuve documentaire

19   Exemplaires de l'imprimeur de la Reine

20   Proclamations impériales, etc.

21   Proclamations, etc. du gouverneur général

*Canada Evidence*
**TABLE OF PROVISIONS**

*Preuve au Canada*
**TABLE ANALYTIQUE**

| | | | | |
|---|---|---|---|---|
| 22 | Proclamations, etc., of lieutenant governor | | 22 | Proclamations, etc. des lieutenants-gouverneurs |
| 23 | Evidence of judicial proceedings, etc. | | 23 | Preuve des procédures judiciaires, etc. |
| 24 | Certified copies | | 24 | Documents officiels |
| 25 | Books and documents | | 25 | Livres et documents |
| 26 | Books kept in offices under Government of Canada | | 26 | Livres tenus dans les bureaux du gouvernement du Canada |
| 27 | Notarial acts in Quebec | | 27 | Actes notariés dans la province de Québec |
| 28 | Notice of production of book or document | | 28 | Avis de production d'un livre ou d'une pièce |
| 29 | Copies of entries | | 29 | Copies des inscriptions |
| 30 | Business records to be admitted in evidence | | 30 | Les pièces commerciales peuvent être admises en preuve |
| 31 | Definitions | | 31 | Définitions |
| 31.1 | Authentication of electronic documents | | 31.1 | Authentification de documents électroniques |
| 31.2 | Application of best evidence rule — electronic documents | | 31.2 | Règle de la meilleure preuve — documents électroniques |
| 31.3 | Presumption of integrity | | 31.3 | Présomption de fiabilité |
| 31.4 | Presumptions regarding secure electronic signatures | | 31.4 | Signatures électroniques sécurisées — présomptions |
| 31.5 | Standards may be considered | | 31.5 | Normes à considérer |
| 31.6 | Proof by affidavit | | 31.6 | Preuve par affidavit |
| 31.7 | Application | | 31.7 | Application |
| 31.8 | Definitions | | 31.8 | Définitions |
| 32 | Order signed by Secretary of State | | 32 | Décret signé par le secrétaire d'État |
| 33 | Proof of handwriting of person certifying | | 33 | Preuve de l'écriture de celui qui certifie |
| 34 | Attesting witness | | 34 | Témoin instrumentaire |
| 35 | Impounding of forged instrument | | 35 | Dépôt des documents fabriqués |
| 36 | Construction | | 36 | Interprétation |

Interpretation

Définition

| | | | | |
|---|---|---|---|---|
| 36.1 | Definition of official | | 36.1 | Définition de fonctionnaire |

Specified Public Interest

Renseignements d'intérêt public

| | | | | |
|---|---|---|---|---|
| 37 | Objection to disclosure of information | | 37 | Opposition à divulgation |
| 37.1 | Appeal to court of appeal | | 37.1 | Appels devant les tribunaux d'appel |
| 37.2 | Limitation periods for appeals to Supreme Court of Canada | | 37.2 | Délai de demande d'autorisation d'en appeler à la Cour suprême du Canada |
| 37.3 | Protection of right to a fair trial | | 37.3 | Protection du droit à un procès équitable |

International Relations and National Defence and National Security

Relations internationales et défense et sécurité nationales

| | | | | |
|---|---|---|---|---|
| 38 | Definitions | | 38 | Définitions |
| 38.01 | Notice to Attorney General of Canada | | 38.01 | Avis au procureur général du Canada |
| 38.02 | Disclosure prohibited | | 38.02 | Interdiction de divulgation |

**38.03** Authorization by Attorney General of Canada

**38.031** Disclosure agreement

**38.04** Application to Federal Court — Attorney General of Canada

**38.05** Report relating to proceedings

**38.06** Disclosure order

**38.07** Notice of order

**38.08** Automatic review

**38.09** Appeal to Federal Court of Appeal

**38.1** Limitation periods for appeals to Supreme Court of Canada

**38.11** Special rules — hearing in private

**38.12** Protective order

**38.13** Certificate of Attorney General of Canada

**38.131** Application for review of certificate

**38.14** Protection of right to a fair trial

**38.15** Fiat

**38.16** Regulations

**38.17** Annual report

## Confidences of the Queen's Privy Council for Canada

**39** Objection relating to a confidence of the Queen's Privy Council

## Journalistic Sources

**39.1** Definitions

## Provincial Laws of Evidence

**40** How applicable

## Statutory Declarations

**41** Solemn declaration

## Insurance Proofs

**42** Affidavits, etc.

# Part II

## Application

**43** Foreign courts

## Interpretation

**44** Definitions

**45** Construction

**38.03** Autorisation de divulgation par le procureur général du Canada

**38.031** Accord de divulgation

**38.04** Demande à la Cour fédérale : procureur général du Canada

**38.05** Rapport sur l'instance

**38.06** Ordonnance de divulgation

**38.07** Avis de la décision

**38.08** Examen automatique

**38.09** Appel à la Cour d'appel fédérale

**38.1** Délai de demande d'autorisation d'en appeler à la Cour suprême du Canada

**38.11** Règles spéciales : audience à huis clos

**38.12** Ordonnance de confidentialité

**38.13** Certificat du procureur général du Canada

**38.131** Demande de révision du certificat

**38.14** Protection du droit à un procès équitable

**38.15** Fiat du procureur général du Canada

**38.16** Règlements

**38.17** Rapport annuel

## Renseignements confidentiels du Conseil privé de la Reine pour le Canada

**39** Opposition relative à un renseignement confidentiel du Conseil privé de la Reine pour le Canada

## Sources journalistiques

**39.1** Définitions

## Lois provinciales concernant la preuve

**40** Mode d'application

## Déclarations solennelles

**41** Déclaration solennelle

## Preuves des assurances

**42** Affidavits, etc.

# Partie II

## Application

**43** Tribunaux étrangers

## Définitions et interprétation

**44** Définitions

**45** Interprétation

## Procedure

| | |
|---|---|
| **46** | Order for examination of witness in Canada |
| **47** | Enforcement of the order |
| **48** | Expenses and conduct money |
| **49** | Administering oath |
| **50** | Right of refusal to answer or produce document |
| **51** | Rules of court |

## Part III

### Application

| | |
|---|---|
| **52** | Application of this Part |

### Oaths and Solemn Affirmations

| | |
|---|---|
| **53** | Oaths taken abroad |

### Documentary Evidence

| | |
|---|---|
| **54** | Documents to be admitted in evidence |

**SCHEDULE**

## Designated Entities

## Procédure

| | |
|---|---|
| **46** | Ordre d'interroger un témoin au Canada |
| **47** | Exécution de l'ordonnance |
| **48** | Frais des témoins |
| **49** | Prêter serment |
| **50** | Le témoin a droit de refuser de répondre ou de produire une pièce |
| **51** | Règles de pratique |

## Partie III

### Application

| | |
|---|---|
| **52** | Application |

### Serments et affirmations solennelles

| | |
|---|---|
| **53** | Serments déférés à l'étranger |

### Preuve documentaire

| | |
|---|---|
| **54** | Les documents doivent être admis en preuve |

**ANNEXE**

## Entités désignées



**R.S.C., 1985, c. C-5**

**An Act respecting witnesses and evidence**

# Short Title

**Short title**

**1**  This Act may be cited as the *Canada Evidence Act*.

R.S., c. E-10, s. 1.

# Part I

## Application

**Application**

**2**  This Part applies to all criminal proceedings and to all civil proceedings and other matters whatever respecting which Parliament has jurisdiction.

R.S., c. E-10, s. 2.

## Witnesses

**Interest or crime**

**3**  A person is not incompetent to give evidence by reason of interest or crime.

R.S., c. E-10, s. 3.

**Accused and spouse**

**4 (1)**  Every person charged with an offence, and, except as otherwise provided in this section, the wife or husband, as the case may be, of the person so charged, is a competent witness for the defence, whether the person so charged is charged solely or jointly with any other person.

**Spouse of accused**

**(2)**  No person is incompetent, or uncompellable, to testify for the prosecution by reason only that they are married to the accused.

**L.R.C., 1985, ch. C-5**

**Loi concernant les témoins et la preuve**

# Titre abrégé

**Titre abrégé**

**1**  *Loi sur la preuve au Canada*.

S.R., ch. E-10, art. 1.

# Partie I

## Application

**Application**

**2**  La présente partie s'applique à toutes les procédures pénales et civiles ainsi qu'à toutes les autres matières de compétence fédérale.

S.R., ch. E-10, art. 2.

## Témoins

**Intérêt ou crime**

**3**  Nul n'est inhabile à témoigner pour cause d'intérêt ou de crime.

S.R., ch. E-10, art. 3.

**Accusé et conjoint**

**4 (1)**  Toute personne accusée d'infraction, ainsi que, sauf disposition contraire du présent article, le conjoint de la personne accusée, est habile à témoigner pour la défense, que la personne ainsi accusée le soit seule ou conjointement avec une autre personne.

**Conjoint de l'accusé**

**(2)**  Une personne n'est pas inhabile à témoigner ni non contraignable pour le poursuivant pour la seule raison qu'elle est mariée à l'accusé.

**Communications during marriage**

**(3)** No husband is compellable to disclose any communication made to him by his wife during their marriage, and no wife is compellable to disclose any communication made to her by her husband during their marriage.

**(4) and (5)** [Repealed, 2015, c. 13, s. 52]

**Failure to testify**

**(6)** The failure of the person charged, or of the wife or husband of that person, to testify shall not be made the subject of comment by the judge or by counsel for the prosecution.

R.S., 1985, c. C-5, s. 4; R.S., 1985, c. 19 (3rd Suppl.), s. 17; 2002, c. 1, s. 166; 2014, c. 25, s. 34, c. 31, s. 27; 2015, c. 13, s. 52.

**Incriminating questions**

**5 (1)** No witness shall be excused from answering any question on the ground that the answer to the question may tend to criminate him, or may tend to establish his liability to a civil proceeding at the instance of the Crown or of any person.

**Answer not admissible against witness**

**(2)** Where with respect to any question a witness objects to answer on the ground that his answer may tend to criminate him, or may tend to establish his liability to a civil proceeding at the instance of the Crown or of any person, and if but for this Act, or the Act of any provincial legislature, the witness would therefore have been excused from answering the question, then although the witness is by reason of this Act or the provincial Act compelled to answer, the answer so given shall not be used or admissible in evidence against him in any criminal trial or other criminal proceeding against him thereafter taking place, other than a prosecution for perjury in the giving of that evidence or for the giving of contradictory evidence.

R.S., 1985, c. C-5, s. 5; 1997, c. 18, s. 116.

**Evidence of person with physical disability**

**6 (1)** If a witness has difficulty communicating by reason of a physical disability, the court may order that the witness be permitted to give evidence by any means that enables the evidence to be intelligible.

**Evidence of person with mental disability**

**(2)** If a witness with a mental disability is determined under section 16 to have the capacity to give evidence and has difficulty communicating by reason of a disability, the court may order that the witness be permitted to give evidence by any means that enables the evidence to be intelligible.

**Communications faites durant le mariage**

**(3)** Nul ne peut être contraint de divulguer une communication que son conjoint lui a faite durant leur mariage.

**(4) et (5)** [Abrogés, 2015, ch. 13, art. 52]

**Défaut de témoigner**

**(6)** Le défaut de la personne accusée, ou de son conjoint, de témoigner ne peut faire le sujet de commentaires par le juge ou par l'avocat du poursuivant.

L.R. (1985), ch. C-5, art. 4; L.R. (1985), ch. 19 (3$^e$ suppl.), art. 17; 2002, ch. 1, art. 166; 2014, ch. 25, art. 34, ch. 31, art. 27; 2015, ch. 13, art. 52.

**Questions incriminantes**

**5 (1)** Nul témoin n'est exempté de répondre à une question pour le motif que la réponse à cette question pourrait tendre à l'incriminer, ou pourrait tendre à établir sa responsabilité dans une procédure civile à l'instance de la Couronne ou de qui que ce soit.

**Réponse non admissible contre le témoin**

**(2)** Lorsque, relativement à une question, un témoin s'oppose à répondre pour le motif que sa réponse pourrait tendre à l'incriminer ou tendre à établir sa responsabilité dans une procédure civile à l'instance de la Couronne ou de qui que ce soit, et si, sans la présente loi ou toute loi provinciale, ce témoin eût été dispensé de répondre à cette question, alors, bien que ce témoin soit en vertu de la présente loi ou d'une loi provinciale forcé de répondre, sa réponse ne peut être invoquée et n'est pas admissible en preuve contre lui dans une instruction ou procédure pénale exercée contre lui par la suite, sauf dans le cas de poursuite pour parjure en rendant ce témoignage ou pour témoignage contradictoire.

L.R. (1985), ch. C-5, art. 5; 1997, ch. 18, art. 116.

**Témoignage de personnes ayant une déficience physique**

**6 (1)** Le tribunal peut ordonner la mise à la disposition du témoin qui éprouve de la difficulté à communiquer en raison d'une déficience physique, des moyens de communication par lesquels il peut se faire comprendre.

**Capacité mentale du témoin**

**(2)** Le tribunal peut rendre la même ordonnance à l'égard du témoin qui, aux termes de l'article 16, a la capacité mentale pour témoigner mais qui éprouve de la difficulté à communiquer.

*Canada Evidence*
Part I
Witnesses
**Sections** 6-9

*Preuve au Canada*
Partie I
Témoins
**Articles** 6-9

## Inquiry

**(3)** The court may conduct an inquiry to determine if the means by which a witness may be permitted to give evidence under subsection (1) or (2) is necessary and reliable.

R.S., 1985, c. C-5, s. 6; 1998, c. 9, s. 1.

## Identification of accused

**6.1** For greater certainty, a witness may give evidence as to the identity of an accused whom the witness is able to identify visually or in any other sensory manner.

1998, c. 9, s. 1.

## Expert witnesses

**7** Where, in any trial or other proceeding, criminal or civil, it is intended by the prosecution or the defence, or by any party, to examine as witnesses professional or other experts entitled according to the law or practice to give opinion evidence, not more than five of such witnesses may be called on either side without the leave of the court or judge or person presiding.

R.S., c. E-10, s. 7.

## Handwriting comparison

**8** Comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine shall be permitted to be made by witnesses, and such writings, and the evidence of witnesses respecting those writings, may be submitted to the court and jury as proof of the genuineness or otherwise of the writing in dispute.

R.S., c. E-10, s. 8.

## Adverse witnesses

**9 (1)** A party producing a witness shall not be allowed to impeach his credit by general evidence of bad character, but if the witness, in the opinion of the court, proves adverse, the party may contradict him by other evidence, or, by leave of the court, may prove that the witness made at other times a statement inconsistent with his present testimony, but before the last mentioned proof can be given the circumstances of the supposed statement, sufficient to designate the particular occasion, shall be mentioned to the witness, and he shall be asked whether or not he did make the statement.

## Previous statements by witness not proved adverse

**(2)** Where the party producing a witness alleges that the witness made at other times a statement in writing, reduced to writing, or recorded on audio tape or video tape or otherwise, inconsistent with the witness' present

## Enquête

**(3)** Le tribunal peut procéder à une enquête pour déterminer si les moyens mis à la disposition du témoin visé par le présent article sont nécessaires et fiables.

L.R. (1985), ch. C-5, art. 6; 1998, ch. 9, art. 1.

## Identification de l'accusé

**6.1** Il est entendu qu'un témoin peut témoigner quant à l'identité d'un accusé en se fondant sur sa perception sensorielle — visuelle ou autre.

1998, ch. 9, art. 1.

## Témoins experts

**7** Lorsque, dans un procès ou autre procédure pénale ou civile, le poursuivant ou la défense, ou toute autre partie, se propose d'interroger comme témoins des experts professionnels ou autres autorisés par la loi ou la pratique à rendre des témoignages d'opinion, il ne peut être appelé plus de cinq de ces témoins de chaque côté sans la permission du tribunal, du juge ou de la personne qui préside.

S.R., ch. E-10, art. 7.

## Comparaison d'écriture

**8** Il est permis de faire comparer par témoins une écriture contestée avec toute écriture dont l'authenticité a été établie à la satisfaction du tribunal. Ces écritures, ainsi que les dépositions des témoins à cet égard, peuvent être soumises au tribunal et au jury comme preuve de l'authenticité ou non-authenticité de l'écriture contestée.

S.R., ch. E-10, art. 8.

## Témoins opposés

**9 (1)** La partie qui produit un témoin n'a pas la faculté d'attaquer sa crédibilité par une preuve générale de mauvaise moralité. Toutefois, si le témoin est, de l'avis du tribunal, opposé à la partie en cause, cette dernière partie peut le réfuter par d'autres témoignages, ou, avec la permission du tribunal, peut prouver que le témoin a en d'autres occasions fait une déclaration incompatible avec sa présente déposition. Avant de pouvoir établir cette dernière preuve, les circonstances dans lesquelles a été faite la prétendue déclaration doivent être exposées au témoin de manière à désigner suffisamment l'occasion en particulier, et il faut lui demander s'il a fait ou non cette déclaration.

## Déclarations faites antérieurement par un témoin qui n'a pas été jugé opposé

**(2)** Lorsque la partie qui produit un témoin invoque qu'il a fait à d'autres moments une déclaration par écrit, qui a été prise par écrit ou qui a été enregistrée sur bande audio ou vidéo ou autrement, et qui est incompatible avec

*Canada Evidence*
Part I
Witnesses
**Sections** 9-12

*Preuve au Canada*
Partie I
Témoins
**Articles** 9-12

testimony, the court may, without proof that the witness is adverse, grant leave to that party to cross-examine the witness as to the statement and the court may consider the cross-examination in determining whether in the opinion of the court the witness is adverse.

R.S., 1985, c. C-5, s. 9; 1994, c. 44, s. 85.

#### Cross-examination as to previous statements

**10 (1)** On any trial a witness may be cross-examined as to previous statements that the witness made in writing, or that have been reduced to writing, or recorded on audio tape or video tape or otherwise, relative to the subject-matter of the case, without the writing being shown to the witness or the witness being given the opportunity to listen to the audio tape or view the video tape or otherwise take cognizance of the statements, but, if it is intended to contradict the witness, the witness' attention must, before the contradictory proof can be given, be called to those parts of the statement that are to be used for the purpose of so contradicting the witness, and the judge, at any time during the trial, may require the production of the writing or tape or other medium for inspection, and thereupon make such use of it for the purposes of the trial as the judge thinks fit.

#### Deposition of witness in criminal investigation

**(2)** A deposition of a witness, purporting to have been taken before a justice on the investigation of a criminal charge and to be signed by the witness and the justice, returned to and produced from the custody of the proper officer shall be presumed, in the absence of evidence to the contrary, to have been signed by the witness.

R.S., 1985, c. C-5, s. 10; 1994, c. 44, s. 86.

#### Cross-examination as to previous oral statements

**11** Where a witness, on cross-examination as to a former statement made by him relative to the subject-matter of the case and inconsistent with his present testimony, does not distinctly admit that he did make the statement, proof may be given that he did in fact make it, but before that proof can be given the circumstances of the supposed statement, sufficient to designate the particular occasion, shall be mentioned to the witness, and he shall be asked whether or not he did make the statement.

R.S., c. E-10, s. 11.

#### Examination as to previous convictions

**12 (1)** A witness may be questioned as to whether the witness has been convicted of any offence, excluding any

sa présente déposition, le tribunal peut, sans que la preuve soit établie que le témoin est opposé à la partie en cause, accorder à cette partie la permission de le contre-interroger quant à la déclaration et le tribunal peut tenir compte de ce contre-interrogatoire pour décider si, à son avis, il est opposé à la partie en cause.

L.R. (1985), ch. C-5, art. 9; 1994, ch. 44, art. 85.

#### Contre-interrogatoire au sujet de déclarations antérieures

**10 (1)** Lors de tout procès, un témoin peut être contre-interrogé au sujet des déclarations antérieures qu'il a faites par écrit, qui ont été prises par écrit ou qui ont été enregistrées sur bande audio ou vidéo, ou autrement, relativement au sujet de la cause, sans qu'il lui soit permis d'en prendre connaissance. Cependant, si l'on entend mettre le témoin en contradiction avec lui-même au moyen de cette pièce, l'on doit, avant de pouvoir établir cette preuve contradictoire, appeler son attention sur les parties de celle-ci qui doivent servir à le mettre ainsi en contradiction. Le juge peut toujours, au cours du procès, exiger la production de la pièce dans le but de l'examiner et en faire, dans la poursuite de la cause, l'usage qu'il croit convenable.

#### Déposition du témoin lors de l'enquête

**(2)** La déposition du témoin, donnée comme ayant été prise devant un juge de paix lors de l'enquête sur une accusation criminelle et signée par le témoin et par le juge de paix, confiée à la garde du fonctionnaire compétent et par lui produite, est présumée, jusqu'à preuve contraire, avoir été signée par le témoin.

L.R. (1985), ch. C-5, art. 10; 1994, ch. 44, art. 86.

#### Contre-interrogatoire au sujet de déclarations antérieures orales

**11** Si un témoin, contre-interrogé au sujet d'une déclaration antérieure faite par lui relativement au sujet de la cause et incompatible avec sa présente déposition, n'admet pas clairement qu'il a fait cette déclaration, il est permis de prouver qu'il l'a réellement faite. Avant de pouvoir établir cette preuve, les circonstances dans lesquelles a été faite la prétendue déclaration doivent être exposées au témoin de manière à désigner suffisamment l'occasion en particulier, et il faut lui demander s'il a fait ou non cette déclaration.

S.R., ch. E-10, art. 11.

#### Interrogatoire sur condamnations antérieures

**12 (1)** Un témoin peut être interrogé sur la question de savoir s'il a déjà été déclaré coupable d'une infraction autre qu'une infraction qualifiée de contravention en vertu de la *Loi sur les contraventions*, mais incluant une

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 12 of 65

*Canada Evidence*
Part I
Witnesses
**Sections** 12-15

*Preuve au Canada*
Partie I
Témoins
**Articles** 12-15

offence designated as a contravention under the *Contraventions Act*, but including such an offence where the conviction was entered after a trial on an indictment.

### Proof of previous convictions

**(1.1)** If the witness either denies the fact or refuses to answer, the opposite party may prove the conviction.

### How conviction proved

**(2)** A conviction may be proved by producing

(a) a certificate containing the substance and effect only, omitting the formal part, of the indictment and conviction, if it is for an indictable offence, or a copy of the summary conviction, if it is for an offence punishable on summary conviction, purporting to be signed by the clerk of the court or other officer having the custody of the records of the court in which the conviction, if on indictment, was had, or to which the conviction, if summary, was returned; and

(b) proof of identity.

R.S., 1985, c. C-5, s. 12; 1992, c. 47, s. 66.

## Oaths and Solemn Affirmations

### Who may administer oaths

**13** Every court and judge, and every person having, by law or consent of parties, authority to hear and receive evidence, has power to administer an oath to every witness who is legally called to give evidence before that court, judge or person.

R.S., c. E-10, s. 13.

### Solemn affirmation by witness instead of oath

**14 (1)** A person may, instead of taking an oath, make the following solemn affirmation:

I solemnly affirm that the evidence to be given by me shall be the truth, the whole truth and nothing but the truth.

### Effect

**(2)** Where a person makes a solemn affirmation in accordance with subsection (1), his evidence shall be taken and have the same effect as if taken under oath.

R.S., 1985, c. C-5, s. 14; 1994, c. 44, s. 87.

### Solemn affirmation by deponent

**15 (1)** Where a person who is required or who desires to make an affidavit or deposition in a proceeding or on an occasion on which or concerning a matter respecting

telle infraction si elle aboutit à une déclaration de culpabilité par mise en accusation.

### Preuve de condamnations antérieures

**(1.1)** Si le témoin nie le fait ou refuse de répondre, la partie adverse peut prouver cette déclaration de culpabilité.

### Comment s'établit la déclaration de culpabilité

**(2)** La déclaration de culpabilité peut être prouvée par la production des éléments suivants :

**a)** un certificat contenant le fond et l'effet seulement, et omettant la partie formelle, de l'acte d'accusation et de la déclaration de culpabilité, en cas de mise en accusation, ou une copie de la déclaration de culpabilité, si l'infraction est punissable par procédure sommaire, donnés comme étant signés par le greffier du tribunal ou un autre fonctionnaire préposé à la garde des archives du tribunal devant lequel la déclaration de culpabilité a été obtenue, en cas de mise en accusation, ou auquel la déclaration de culpabilité a été renvoyée, en cas de procédure sommaire;

**b)** une preuve d'identité.

L.R. (1985), ch. C-5, art. 12; 1992, ch. 47, art. 66.

## Serments et affirmations solennelles

### Qui peut recevoir le serment

**13** Tout tribunal et tout juge, ainsi que toute personne autorisée par la loi ou par le consentement des parties à entendre et à recevoir des témoignages, peuvent faire prêter serment à tout témoin légalement appelé à déposer devant ce tribunal, ce juge ou cette personne.

S.R., ch. E-10, art. 13.

### Affirmation solennelle au lieu du serment

**14 (1)** Tout témoin peut, au lieu de prêter serment, choisir de faire l'affirmation solennelle qui suit :

J'affirme solennellement que le témoignage que je vais rendre sera la vérité, toute la vérité et rien que la vérité.

### Effet

**(2)** Lorsque cette personne a fait cette affirmation solennelle, sa déposition est reçue et a le même effet que si elle avait prêté serment.

L.R. (1985), ch. C-5, art. 14; 1994, ch. 44, art. 87.

### Affirmation solennelle par le déposant

**15 (1)** Si la personne tenue ou désireuse de faire un affidavit ou une déposition, dans une procédure, ou en une circonstance dans laquelle, ou au sujet d'une affaire à

which an oath is required or is lawful, whether on the taking of office or otherwise, does not wish to take an oath, the court or judge, or other officer or person qualified to take affidavits or depositions, shall permit the person to make a solemn affirmation in the words following, namely, "I, .............., do solemnly affirm, etc.", and that solemn affirmation has the same force and effect as if that person had taken an oath.

### Effect

**(2)** Any witness whose evidence is admitted or who makes a solemn affirmation under this section or section 14 is liable to indictment and punishment for perjury in all respects as if he had been sworn.

R.S., 1985, c. C-5, s. 15; 1994, c. 44, s. 88.

### Witness whose capacity is in question

**16 (1)** If a proposed witness is a person of fourteen years of age or older whose mental capacity is challenged, the court shall, before permitting the person to give evidence, conduct an inquiry to determine

**(a)** whether the person understands the nature of an oath or a solemn affirmation; and

**(b)** whether the person is able to communicate the evidence.

### Testimony under oath or solemn affirmation

**(2)** A person referred to in subsection (1) who understands the nature of an oath or a solemn affirmation and is able to communicate the evidence shall testify under oath or solemn affirmation.

### Testimony on promise to tell truth

**(3)** A person referred to in subsection (1) who does not understand the nature of an oath or a solemn affirmation but is able to communicate the evidence may, notwithstanding any provision of any Act requiring an oath or a solemn affirmation, testify on promising to tell the truth.

### No questions regarding understanding of promise

**(3.1)** A person referred to in subsection (3) shall not be asked any questions regarding their understanding of the nature of the promise to tell the truth for the purpose of determining whether their evidence shall be received by the court.

propos de laquelle, un serment est exigé ou permis, soit en entrant en fonctions soit autrement, préfère ne pas prêter serment, le tribunal ou le juge, ou tout autre fonctionnaire ou personne autorisé à recevoir des affidavits ou des dépositions, permet à cette personne, au lieu d'être assermentée, de faire une affirmation solennelle dans les termes suivants : « J'affirme solennellement, etc. ». Cette affirmation solennelle a la même valeur et le même effet que si cette personne avait prêté serment suivant la formule ordinaire.

### Effet

**(2)** Tout témoin dont le témoignage est admis ou qui fait une affirmation solennelle en vertu du présent article ou de l'article 14 est passible de mise en accusation et de punition pour parjure, à tous égards, comme s'il avait été assermenté.

L.R. (1985), ch. C-5, art. 15; 1994, ch. 44, art. 88.

### Témoin dont la capacité mentale est mise en question

**16 (1)** Avant de permettre le témoignage d'une personne âgée d'au moins quatorze ans dont la capacité mentale est mise en question, le tribunal procède à une enquête visant à décider si :

**a)** d'une part, celle-ci comprend la nature du serment ou de l'affirmation solennelle;

**b)** d'autre part, celle-ci est capable de communiquer les faits dans son témoignage.

### Témoignage sous serment

**(2)** La personne visée au paragraphe (1) qui comprend la nature du serment ou de l'affirmation solennelle et qui est capable de communiquer les faits dans son témoignage témoigne sous serment ou sous affirmation solennelle.

### Témoignage sur promesse de dire la vérité

**(3)** La personne visée au paragraphe (1) qui, sans comprendre la nature du serment ou de l'affirmation solennelle, est capable de communiquer les faits dans son témoignage peut, malgré qu'une disposition d'une loi exige le serment ou l'affirmation, témoigner en promettant de dire la vérité.

### Compréhension de la promesse

**(3.1)** Aucune question sur la compréhension qu'elle a de la nature de la promesse ne peut être posée au témoin visé au paragraphe (3) en vue de vérifier si son témoignage peut être reçu par le tribunal.

### Inability to testify

**(4)** A person referred to in subsection (1) who neither understands the nature of an oath or a solemn affirmation nor is able to communicate the evidence shall not testify.

### Burden as to capacity of witness

**(5)** A party who challenges the mental capacity of a proposed witness of fourteen years of age or more has the burden of satisfying the court that there is an issue as to the capacity of the proposed witness to testify under an oath or a solemn affirmation.

R.S., 1985, c. C-5, s. 16; R.S., 1985, c. 19 (3rd Supp.), s. 18; 1994, c. 44, s. 89; 2005, c. 32, s. 26; 2015, c. 13, s. 53.

### Person under fourteen years of age

**16.1 (1)** A person under fourteen years of age is presumed to have the capacity to testify.

### No oath or solemn affirmation

**(2)** A proposed witness under fourteen years of age shall not take an oath or make a solemn affirmation despite a provision of any Act that requires an oath or a solemn affirmation.

### Evidence shall be received

**(3)** The evidence of a proposed witness under fourteen years of age shall be received if they are able to understand and respond to questions.

### Burden as to capacity of witness

**(4)** A party who challenges the capacity of a proposed witness under fourteen years of age has the burden of satisfying the court that there is an issue as to the capacity of the proposed witness to understand and respond to questions.

### Court inquiry

**(5)** If the court is satisfied that there is an issue as to the capacity of a proposed witness under fourteen years of age to understand and respond to questions, it shall, before permitting them to give evidence, conduct an inquiry to determine whether they are able to understand and respond to questions.

### Promise to tell truth

**(6)** The court shall, before permitting a proposed witness under fourteen years of age to give evidence, require them to promise to tell the truth.

### Inaptitude à témoigner

**(4)** La personne visée au paragraphe (1) qui ne comprend pas la nature du serment ou de l'affirmation solennelle et qui n'est pas capable de communiquer les faits dans son témoignage ne peut témoigner.

### Charge de la preuve

**(5)** La partie qui met en question la capacité mentale d'un éventuel témoin âgé d'au moins quatorze ans doit convaincre le tribunal qu'il existe des motifs de douter de la capacité de ce témoin de comprendre la nature du serment ou de l'affirmation solennelle.

L.R. (1985), ch. C-5, art. 16; L.R. (1985), ch. 19 (3 ᵉ suppl.), art. 18; 1994, ch. 44, art. 89; 2005, ch. 32, art. 26; 2015, ch. 13, art. 53.

### Témoin âgé de moins de quatorze ans

**16.1 (1)** Toute personne âgée de moins de quatorze ans est présumée habile à témoigner.

### Témoin non assermenté

**(2)** Malgré toute disposition d'une loi exigeant le serment ou l'affirmation solennelle, une telle personne ne peut être assermentée ni faire d'affirmation solennelle.

### Témoignage admis en preuve

**(3)** Son témoignage ne peut toutefois être reçu que si elle a la capacité de comprendre les questions et d'y répondre.

### Charge de la preuve

**(4)** La partie qui met cette capacité en question doit convaincre le tribunal qu'il existe des motifs d'en douter.

### Enquête du tribunal

**(5)** Le tribunal qui estime que de tels motifs existent procède, avant de permettre le témoignage, à une enquête pour vérifier si le témoin a la capacité de comprendre les questions et d'y répondre.

### Promesse du témoin

**(6)** Avant de recevoir le témoignage, le tribunal fait promettre au témoin de dire la vérité.

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 15 of 65

*Canada Evidence*
Part I
Oaths and Solemn Affirmations
**Sections 16.1-20**

*Preuve au Canada*
Partie I
Serments et affirmations solennelles
**Articles 16.1-20**

**Understanding of promise**

**(7)** No proposed witness under fourteen years of age shall be asked any questions regarding their understanding of the nature of the promise to tell the truth for the purpose of determining whether their evidence shall be received by the court.

**Effect**

**(8)** For greater certainty, if the evidence of a witness under fourteen years of age is received by the court, it shall have the same effect as if it were taken under oath.

2005, c. 32, s. 27.

## Judicial Notice

**Imperial Acts, etc.**

**17** Judicial notice shall be taken of all Acts of the Imperial Parliament, of all ordinances made by the Governor in Council, or the lieutenant governor in council of any province or colony that, or some portion of which, now forms or hereafter may form part of Canada, and of all the Acts of the legislature of any such province or colony, whether enacted before or after the passing of the *Constitution Act, 1867*.

R.S., c. E-10, s. 17.

**Acts of Canada**

**18** Judicial notice shall be taken of all Acts of Parliament, public or private, without being specially pleaded.

R.S., c. E-10, s. 18.

## Documentary Evidence

**Copies by Queen's Printer**

**19** Every copy of any Act of Parliament, public or private, published by the Queen's Printer, is evidence of that Act and of its contents, and every copy purporting to be published by the Queen's Printer shall be deemed to be so published, unless the contrary is shown.

R.S., 1985, c. C-5, s. 19; 2000, c. 5, s. 52.

**Imperial proclamations, etc.**

**20** Imperial proclamations, orders in council, treaties, orders, warrants, licences, certificates, rules, regulations or other Imperial official records, Acts or documents may be proved

    **(a)** in the same manner as they may from time to time be provable in any court in England;

    **(b)** by the production of a copy of the *Canada Gazette*, or a volume of the Acts of Parliament

**Question sur la nature de la promesse**

**(7)** Aucune question sur la compréhension de la nature de la promesse ne peut être posée au témoin en vue de vérifier si son témoignage peut être reçu par le tribunal.

**Effet**

**(8)** Il est entendu que le témoignage reçu a le même effet que si le témoin avait prêté serment.

2005, ch. 32, art. 27.

## Admission d'office

**Lois impériales, etc.**

**17** Sont admises d'office les lois du Parlement impérial, les ordonnances rendues par le gouverneur en conseil ou par le lieutenant-gouverneur en conseil de toute province ou colonie qui fait, ou dont une partie fait, ou pourra faire, partie du Canada, et les lois de la législature d'une telle province ou colonie, qu'elles aient été édictées avant ou après la sanction de la *Loi constitutionnelle de 1867*.

S.R., ch. E-10, art. 17.

**Lois fédérales**

**18** Sont admises d'office les lois fédérales, d'intérêt public ou privé, sans que ces lois soient spécialement plaidées.

S.R., ch. E-10, art. 18.

## Preuve documentaire

**Exemplaires de l'imprimeur de la Reine**

**19** Tout exemplaire d'une loi fédérale, qu'elle soit publique ou privée, publiée par l'imprimeur de la Reine, fait preuve de cette loi et de son contenu. Tout exemplaire donné comme publié par l'imprimeur de la Reine est réputé avoir été ainsi publié, sauf preuve contraire.

L.R. (1985), ch. C-5, art. 19; 2000, ch. 5, art. 52.

**Proclamations impériales, etc.**

**20** Les proclamations, décrets, traités, ordonnances, arrêtés, mandats, licences, certificats, règles, règlements ou autres pièces officielles, lois ou documents impériaux peuvent être prouvés :

    **a)** soit de la même manière qu'ils peuvent l'être devant les tribunaux en Angleterre;

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 16 of 65

Canada Evidence
Part I
Documentary Evidence
**Sections 20-22**

Preuve au Canada
Partie I
Preuve documentaire
**Articles 20-22**

purporting to contain a copy of the same or a notice thereof; or

**(c)** by the production of a copy of them purporting to be published by the Queen's Printer.

R.S., 1985, c. C-5, s. 20; 2000, c. 5, s. 53.

### Proclamations, etc., of Governor General

**21** Evidence of any proclamation, order, regulation or appointment, made or issued by the Governor General or by the Governor in Council, or by or under the authority of any minister or head of any department of the Government of Canada and evidence of a treaty to which Canada is a party, may be given in all or any of the following ways:

**(a)** by the production of a copy of the *Canada Gazette*, or a volume of the Acts of Parliament purporting to contain a copy of the treaty, proclamation, order, regulation or appointment, or a notice thereof;

**(b)** by the production of a copy of the proclamation, order, regulation or appointment, purporting to be published by the Queen's Printer;

**(c)** by the production of a copy of the treaty purporting to be published by the Queen's Printer;

**(d)** by the production, in the case of any proclamation, order, regulation or appointment made or issued by the Governor General or by the Governor in Council, of a copy or extract purporting to be certified to be true by the clerk or assistant or acting clerk of the Queen's Privy Council for Canada; and

**(e)** by the production, in the case of any order, regulation or appointment made or issued by or under the authority of any minister or head of a department of the Government of Canada, of a copy or extract purporting to be certified to be true by the minister, by his deputy or acting deputy, or by the secretary or acting secretary of the department over which he presides.

R.S., 1985, c. C-5, s. 21; 2000, c. 5, s. 54.

### Proclamations, etc., of lieutenant governor

**22 (1)** Evidence of any proclamation, order, regulation or appointment made or issued by a lieutenant governor or lieutenant governor in council of any province, or by or under the authority of any member of the executive council, being the head of any department of the government of the province, may be given in all or any of the following ways:

**b)** soit par la production d'un exemplaire de la *Gazette du Canada* ou d'un volume des lois fédérales, donné comme en contenant une copie ou un avis;

**c)** soit par la production d'un exemplaire de ces documents donné comme publié par l'imprimeur de la Reine.

L.R. (1985), ch. C-5, art. 20; 2000, ch. 5, art. 53.

### Proclamations, etc. du gouverneur général

**21** La preuve de toute proclamation, de tout décret ou règlement pris, ou de toute nomination faite par le gouverneur général ou par le gouverneur en conseil, ou par un ministre ou chef de tout ministère du gouvernement du Canada, ou sous leur autorité, et de la preuve d'un traité auquel le Canada est partie, peut être faite par les moyens ou l'un des moyens suivants :

**a)** la production d'un exemplaire de la *Gazette du Canada*, ou d'un volume des lois fédérales, présenté comme contenant une copie ou un avis du traité, de la proclamation, du décret, du règlement ou de la nomination;

**b)** la production d'un exemplaire de la proclamation, du décret, du règlement ou de l'acte de nomination, donné comme publié par l'imprimeur de la Reine;

**c)** la production d'un exemplaire du traité, donné comme publié par l'imprimeur de la Reine;

**d)** s'il s'agit d'une proclamation, d'un décret ou règlement pris par le gouverneur général ou le gouverneur en conseil, ou d'une nomination faite par lui, la production d'une expédition ou d'un extrait présenté comme certifié conforme par le greffier, le greffier adjoint ou le greffier suppléant du Conseil privé de la Reine pour le Canada;

**e)** s'il s'agit d'un décret ou d'un règlement pris, ou d'une nomination faite par l'autorité ou sous l'autorité d'un tel ministre ou chef de ministère, la production d'une expédition ou d'un extrait donné comme certifié conforme par le ministre, ou son sous-ministre ou sous-ministre suppléant, ou par le secrétaire ou le secrétaire suppléant du ministère qu'il préside.

L.R. (1985), ch. C-5, art. 21; 2000, ch. 5, art. 54.

### Proclamations, etc. des lieutenants-gouverneurs

**22 (1)** La preuve de toute proclamation, de tout décret ou règlement pris, ou de toute nomination faite par le lieutenant-gouverneur ou le lieutenant-gouverneur en conseil d'une province, ou par un des membres du conseil exécutif qui est aussi chef d'un ministère du gouvernement de la province, ou sous l'autorité de ce

**(a)** by the production of a copy of the official gazette for the province purporting to contain a copy of the proclamation, order, regulation or appointment, or a notice thereof;

**(b)** by the production of a copy of the proclamation, order, regulation or appointment purporting to be published by the government or Queen's Printer for the province; and

**(c)** by the production of a copy or extract of the proclamation, order, regulation or appointment purporting to be certified to be true by the clerk or assistant or acting clerk of the executive council, by the head of any department of the government of a province, or by his deputy or acting deputy, as the case may be.

**Territories**

**(2)** Evidence of any proclamation, order, regulation or appointment made by the Lieutenant Governor or Lieutenant Governor in Council of the Northwest Territories, as constituted prior to September 1, 1905, or by the Legislature of Yukon, of the Northwest Territories or for Nunavut, may be given by the production of a copy of the *Canada Gazette* purporting to contain a copy of the proclamation, order, regulation or appointment, or a notice of it.

R.S., 1985, c. C-5, s. 22; 1993, c. 28, s. 78; 2000, c. 5, s. 55; 2002, c. 7, s. 96; 2014, c. 2, s. 5.

**Evidence of judicial proceedings, etc.**

**23 (1)** Evidence of any proceeding or record whatever of, in or before any court in Great Britain, the Supreme Court, the Federal Court of Appeal, the Federal Court or the Tax Court of Canada, any court in a province, any court in a British colony or possession or any court of record of the United States, of a state of the United States or of any other foreign country, or before any justice of the peace or coroner in a province, may be given in any action or proceeding by an exemplification or certified copy of the proceeding or record, purporting to be under the seal of the court or under the hand or seal of the justice, coroner or court stenographer, as the case may be, without any proof of the authenticity of the seal or of the signature of the justice, coroner or court stenographer or other proof whatever.

membre, peut se faire par les moyens ou l'un des moyens suivants :

**a)** la production d'un exemplaire de la gazette officielle de la province, donné comme contenant une copie ou un avis de la proclamation, du décret, du règlement ou de la nomination;

**b)** la production d'un exemplaire de la proclamation, du décret, du règlement ou de l'acte de nomination, donné comme publié par l'imprimeur de la Reine ou du gouvernement pour cette province;

**c)** la production d'une expédition ou d'un extrait de la proclamation, du décret, du règlement ou de l'acte de nomination, donné comme certifié conforme par le greffier, le greffier-adjoint ou le greffier suppléant du conseil exécutif, ou par le chef d'un ministère du gouvernement d'une province, ou son sous-ministre ou sous-ministre suppléant.

**Territoires**

**(2)** La preuve de toute proclamation, de tout décret ou règlement pris, ou de toute nomination faite par le lieutenant-gouverneur ou par le lieutenant-gouverneur en conseil des Territoires du Nord-Ouest, tels qu'ils étaient constitués antérieurement au 1er septembre 1905, ou par la Législature du Yukon, la Législature des Territoires du Nord-Ouest ou la Législature du Nunavut, peut aussi être faite par la production d'un exemplaire de la *Gazette du Canada* donné comme contenant une copie ou un avis de cette proclamation, de ce décret, de ce règlement ou de cette nomination.

L.R. (1985), ch. C-5, art. 22; 1993, ch. 28, art. 78; 2000, ch. 5, art. 55; 2002, ch. 7, art. 96; 2014, ch. 2, art. 5.

**Preuve des procédures judiciaires, etc.**

**23 (1)** La preuve d'une procédure ou pièce d'un tribunal de la Grande-Bretagne, ou de la Cour suprême, ou de la Cour d'appel fédérale, ou de la Cour fédérale, ou de la Cour canadienne de l'impôt, ou d'un tribunal d'une province, ou de tout tribunal d'une colonie ou possession britannique, ou d'un tribunal d'archives des États-Unis, ou de tout État des États-Unis, ou d'un autre pays étranger, ou d'un juge de paix ou d'un coroner dans une province, peut se faire, dans toute action ou procédure, au moyen d'une ampliation ou copie certifiée de la procédure ou pièce, donnée comme portant le sceau du tribunal, ou la signature ou le sceau du juge de paix, du coroner ou du sténographe judiciaire, selon le cas, sans aucune preuve de l'authenticité de ce sceau ou de la signature du juge de paix, du coroner ou du sténographe judiciaire, ni autre preuve.

Case 4:20-cv-02123  Document 81-5  Filed on 10/25/21 in TXSD  Page 18 of 65

*Canada Evidence*
Part I
Documentary Evidence
**Sections 23-25**

*Preuve au Canada*
Partie I
Preuve documentaire
**Articles 23-25**

**Certificate where court has no seal**

**(2)** Where any court, justice or coroner or court stenographer referred to in subsection (1) has no seal, or so certifies, the evidence may be given by a copy purporting to be certified under the signature of a judge or presiding provincial court judge or of the justice or coroner or court stenographer, without any proof of the authenticity of the signature or other proof whatever.

R.S., 1985, c. C-5, s. 23; R.S., 1985, c. 27 (1st Suppl.), s. 203; 1993, c. 34, s. 15; 1997, c. 18, s. 117; 2002, c. 8, s. 118.

**Certified copies**

**24** In every case in which the original record could be admitted in evidence,

    **(a)** a copy of any official or public document of Canada or of any province, purporting to be certified under the hand of the proper officer or person in whose custody the official or public document is placed, or

    **(b)** a copy of a document, by-law, rule, regulation or proceeding, or a copy of any entry in any register or other book of any municipal or other corporation, created by charter or Act of Parliament or the legislature of any province, purporting to be certified under the seal of the corporation, and the hand of the presiding officer, clerk or secretary thereof,

is admissible in evidence without proof of the seal of the corporation, or of the signature or official character of the person or persons appearing to have signed it, and without further proof thereof.

R.S., c. E-10, s. 24.

**Books and documents**

**25** Where a book or other document is of so public a nature as to be admissible in evidence on its mere production from the proper custody, and no other Act exists that renders its contents provable by means of a copy, a copy thereof or extract therefrom is admissible in evidence in any court of justice or before a person having, by law or by consent of parties, authority to hear, receive and examine evidence, if it is proved that it is a copy or extract purporting to be certified to be true by the officer to whose custody the original has been entrusted.

R.S., c. E-10, s. 25.

**Certificat si le tribunal n'a pas de sceau**

**(2)** Si un de ces tribunaux, ce juge de paix, ce coroner ou ce sténographe judiciaire n'a pas de sceau, ou certifie qu'il n'en a pas, la preuve peut se faire au moyen d'une copie donnée comme certifiée sous la signature d'un juge ou du juge de la cour provinciale présidant ce tribunal, ou de ce juge de paix, de ce coroner ou de ce sténographe judiciaire, sans aucune preuve de l'authenticité de cette signature, ni autre preuve.

L.R. (1985), ch. C-5, art. 23; L.R. (1985), ch. 27 (1er suppl.), art. 203; 1993, ch. 34, art. 15; 1997, ch. 18, art. 117; 2002, ch. 8, art. 118.

**Documents officiels**

**24** Sont admissibles en preuve, dans tous les cas où la pièce originale pourrait l'être sans qu'il soit nécessaire de prouver le sceau de la personne morale, non plus que la signature et le caractère officiel de la ou des personnes qui paraissent l'avoir signée, et sans autre preuve de ces actes :

    **a)** la copie de tout document officiel ou public du Canada ou d'une province, donnée comme attestée sous la signature du fonctionnaire compétent ou de la personne qui a la garde de ce document officiel ou public;

    **b)** la copie d'un document, règlement administratif, règle, règlement ou procédure, ou la copie d'une écriture dans un registre ou dans un autre livre d'une municipalité ou autre personne morale, créée par une charte ou par une loi fédérale ou provinciale, donnée comme attestée sous le sceau de cette municipalité ou autre personne morale et revêtue de la signature du fonctionnaire présidant, du greffier ou du secrétaire de celle-ci.

S.R., ch. E-10, art. 24.

**Livres et documents**

**25** Quand un registre ou livre ou un autre document est d'une nature assez publique pour être admissible en preuve sur simple production par le fonctionnaire qui en a la garde, et s'il n'existe pas d'autre loi permettant d'en prouver le contenu au moyen de copie, une copie ou un extrait de ce livre ou document est admissible en preuve devant tout tribunal judiciaire, ou devant toute personne qui a, en vertu de la loi ou avec le consentement des parties, le pouvoir d'entendre, de recueillir ou d'examiner la preuve, s'il est prouvé que c'est une copie ou un extrait donné comme étant certifié conforme par le fonctionnaire à la garde de qui l'original a été confié.

S.R., ch. E-10, art. 25.

### Books kept in offices under Government of Canada

**26 (1)** A copy of any entry in any book kept in any office or department of the Government of Canada, or in any commission, board or other branch in the federal public administration, shall be admitted as evidence of that entry, and of the matters, transactions and accounts therein recorded, if it is proved by the oath or affidavit of an officer of the office or department, commission, board or other branch in the federal public administration that the book was, at the time of the making of the entry, one of the ordinary books kept in the office, department, commission, board or other branch in the federal public administration, that the entry was made in the usual and ordinary course of business of the office, department, commission, board or other branch in the federal public administration and that the copy is a true copy thereof.

### Proof of non-issue of licence or document

**(2)** Where by any Act of Parliament or regulation made under an Act of Parliament provision is made for the issue by a department, commission, board or other branch in the federal public administration of a licence requisite to the doing or having of any act or thing or for the issue of any other document, an affidavit of an officer of the department, commission, board or other branch in the federal public administration, sworn before any commissioner or other person authorized to take affidavits, setting out that he or she has charge of the appropriate records and that after careful examination and search of those records he or she has been unable to find in any given case that any such licence or other document has been issued, shall be admitted in evidence as proof, in the absence of evidence to the contrary, that in that case no licence or other document has been issued.

### Proof of mailing departmental matter

**(3)** Where by any Act of Parliament or regulation made under an Act of Parliament provision is made for sending by mail any request for information, notice or demand by a department or other branch in the federal public administration, an affidavit of an officer of the department or other branch in the federal public administration, sworn before any commissioner or other person authorized to take affidavits, setting out that he or she has charge of the appropriate records, that he or she has a knowledge of the facts in the particular case, that the request, notice or demand was sent by registered letter on a named date to the person or firm to whom it was addressed (indicating that address) and that he or she identifies as exhibits attached to the affidavit the post office certificate of registration of the letter and a true copy of

### Livres tenus dans les bureaux du gouvernement du Canada

**26 (1)** La copie de toute écriture passée dans un livre tenu par un organisme ou ministère du gouvernement du Canada, ou par une commission, un conseil ou un autre secteur de l'administration publique fédérale est admise comme preuve de cette écriture, et des affaires, opérations et comptes qui s'y trouvent consignés, s'il est prouvé par le serment ou l'affidavit d'un fonctionnaire de cet organisme, ministère, commission, conseil ou autre secteur de l'administration publique fédérale, que ce livre était à l'époque où l'écriture a été passée un des livres ordinaires tenus par cet organisme, ministère, commission, conseil ou autre secteur de l'administration publique fédérale, que l'écriture a été passée dans le cours usuel et ordinaire des affaires de cet organisme, ministère, commission, conseil ou autre secteur de l'administration publique fédérale, et que cette copie en est une copie conforme.

### Preuve d'absence d'un permis

**(2)** Lorsqu'une loi fédérale ou un règlement pris sous son régime prévoit l'émission, par un ministère, une commission, un conseil ou un autre secteur de l'administration publique fédérale, d'un permis requis pour l'exécution d'un acte ou la possession d'une chose ou prévoit l'émission de tout autre document, un affidavit d'un fonctionnaire du ministère, de la commission, du conseil ou autre secteur de l'administration publique fédérale, reçu par un commissaire ou une autre personne autorisée à recevoir les affidavits, portant qu'il a la garde des archives ou dossiers appropriés et qu'après avoir minutieusement examiné et fouillé ces archives ou dossiers il a été incapable de constater, dans un cas particulier, l'émission d'un pareil permis ou autre document, établit, en l'absence de preuve contraire, qu'en ce cas aucun permis ou autre document n'a été émis.

### Preuve de l'envoi par la poste de tout document ministériel

**(3)** Lorsqu'une loi fédérale ou un règlement pris sous son régime prévoit l'envoi par la poste d'une demande de renseignements, d'un avis ou d'une réquisition formulée par un ministère ou autre secteur de l'administration publique fédérale, un affidavit d'un fonctionnaire du ministère ou de cet autre secteur de l'administration publique fédérale, reçu par un commissaire ou une autre personne autorisée à recevoir les affidavits, énonçant qu'il a la charge des archives appropriées, qu'il est au courant des faits relatifs au cas particulier, que cette demande, cet avis ou cette réquisition a été expédié par courrier recommandé, à une date déterminée, à la personne ou firme à laquelle elle était adressée (indiquant l'adresse) et qu'il identifie, comme pièces jointes à cet affidavit, le certificat postal de recommandation de la lettre et une copie

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 20 of 65

*Canada Evidence*
Part I
Documentary Evidence
**Sections 26-29**

*Preuve au Canada*
Partie I
Preuve documentaire
**Articles 26-29**

the request, notice or demand, shall, on production and proof of the post office receipt for the delivery of the registered letter to the addressee, be admitted in evidence as proof, in the absence of evidence to the contrary, of the sending and of the request, notice or demand.

authentique de la demande, de l'avis ou de la réquisition en question, fait foi, sur la production et la preuve du récépissé postal décerné pour la livraison de la lettre recommandée au destinataire, jusqu'à preuve contraire, de l'envoi et de la demande, de l'avis ou de la réquisition en question.

### Proof of official character

**(4)** Where proof is offered by affidavit pursuant to this section, it is not necessary to prove the official character of the person making the affidavit if that information is set out in the body of the affidavit.

R.S., 1985, c. C-5, s. 26; 2003, c. 22, s. 104(E).

### Preuve de la qualité officielle

**(4)** Si la preuve est produite sous forme d'affidavit en conformité avec le présent article, il n'est pas nécessaire de prouver la qualité officielle de la personne souscrivant l'affidavit, si ce renseignement est énoncé dans le corps de l'affidavit.

L.R. (1985), ch. C-5, art. 26; 2003, ch. 22, art. 104(A).

### Notarial acts in Quebec

**27** Any document purporting to be a copy of a notarial act or instrument made, filed or registered in the Province of Quebec, and to be certified by a notary or prothonotary to be a true copy of the original in his possession as such notary or prothonotary, shall be admitted in evidence in the place and stead of the original and has the same force and effect as the original would have if produced and proved, but it may be proved in rebuttal that there is no original, that the copy is not a true copy of the original in some material particular or that the original is not an instrument of such nature as may, by the law of the Province of Quebec, be taken before a notary or be filed, enrolled or registered by a notary in that Province.

R.S., c. E-10, s. 27.

### Actes notariés dans la province de Québec

**27** Tout document donné comme étant une copie d'un acte ou d'une pièce notarié, fait, déposé ou enregistré dans la province de Québec, et comme étant certifié, par un notaire ou un protonotaire, copie conforme de l'original en sa possession à titre de notaire ou protonotaire, est admissible en preuve aux lieu et place de l'original et a la même valeur et le même effet que si l'original avait été produit et prouvé. Cependant, il peut être établi en contre-preuve qu'il n'en existe pas d'original, ou que cette copie n'est pas une copie conforme de l'original sous un rapport essentiel, ou que l'original n'est pas un document susceptible, en vertu du droit de la province de Québec, d'être reçu par un notaire, ou d'être déposé ou enregistré par un notaire dans cette province.

S.R., ch. E-10, art. 27.

### Notice of production of book or document

**28 (1)** No copy of any book or other document shall be admitted in evidence, under the authority of section 23, 24, 25, 26 or 27, on any trial, unless the party intending to produce the copy has before the trial given to the party against whom it is intended to be produced reasonable notice of that intention.

### Avis de production d'un livre ou d'une pièce

**28 (1)** Aucune copie d'un livre ou d'un autre document n'est admissible en preuve, sous l'autorité de l'article 23, 24, 25, 26 ou 27, dans un procès, à moins que la partie qui a l'intention de la produire n'ait donné, avant le procès, à la partie contre laquelle elle veut la produire, avis raisonnable de son intention.

### Not less than 7 days

**(2)** The reasonableness of the notice referred to in subsection (1) shall be determined by the court, judge or other person presiding, but the notice shall not in any case be less than seven days.

R.S., c. E-10, s. 28.

### Au moins 7 jours

**(2)** Le tribunal, le juge ou l'autre personne qui préside décide ce qui constitue un avis raisonnable, mais l'avis ne peut dans aucun cas être de moins de sept jours.

S.R., ch. E-10, art. 28.

### Copies of entries

**29 (1)** Subject to this section, a copy of any entry in any book or record kept in any financial institution shall in all legal proceedings be admitted in evidence as proof, in the absence of evidence to the contrary, of the entry and of the matters, transactions and accounts therein recorded.

### Copies des inscriptions

**29 (1)** Sous réserve des autres dispositions du présent article, une copie de toute inscription dans un livre ou registre tenu dans une institution financière fait foi dans toutes procédures judiciaires, jusqu'à preuve contraire, de cette inscription, ainsi que des affaires, opérations et comptes y inscrits.

### Admission in evidence

**(2)** A copy of an entry in the book or record described in subsection (1) shall not be admitted in evidence under this section unless it is first proved that the book or record was, at the time of the making of the entry, one of the ordinary books or records of the financial institution, that the entry was made in the usual and ordinary course of business, that the book or record is in the custody or control of the financial institution and that the copy is a true copy of it, and such proof may be given by any person employed by the financial institution who has knowledge of the book or record or the manager or accountant of the financial institution, and may be given orally or by affidavit sworn before any commissioner or other person authorized to take affidavits.

### Cheques, proof of "no account"

**(3)** Where a cheque has been drawn on any financial institution or branch thereof by any person, an affidavit of the manager or accountant of the financial institution or branch, sworn before any commissioner or other person authorized to take affidavits, setting out that he is the manager or accountant, that he has made a careful examination and search of the books and records for the purpose of ascertaining whether or not that person has an account with the financial institution or branch and that he has been unable to find such an account, shall be admitted in evidence as proof, in the absence of evidence to the contrary, that that person has no account in the financial institution or branch.

### Proof of official character

**(4)** Where evidence is offered by affidavit pursuant to this section, it is not necessary to prove the signature or official character of the person making the affidavit if the official character of that person is set out in the body of the affidavit.

### Compulsion of production or appearance

**(5)** A financial institution or officer of a financial institution is not in any legal proceedings to which the financial institution is not a party compellable to produce any book or record, the contents of which can be proved under this section, or to appear as a witness to prove the matters, transactions and accounts therein recorded unless by order of the court made for special cause.

### Order to inspect and copy

**(6)** On the application of any party to a legal proceeding, the court may order that that party be at liberty to inspect and take copies of any entries in the books or records of a financial institution for the purposes of the legal proceeding, and the person whose account is to be

### Admissibilité en preuve

**(2)** Une copie d'une inscription dans ce livre ou registre n'est pas admise en preuve sous le régime du présent article à moins qu'il n'ait préalablement été établi que le livre ou registre était, lors de l'inscription, l'un des livres ou registres ordinaires de l'institution financière, que l'inscription a été effectuée dans le cours ordinaire des affaires, que le livre ou registre est sous la garde ou la surveillance de l'institution financière, et que cette copie en est une copie conforme. Cette preuve peut être fournie par le gérant ou par le comptable de l'institution financière ou par tout employé de l'institution qui connaît le contenu du livre ou du registre et peut être donnée de vive voix ou par affidavit devant un commissaire ou une autre personne autorisée à recevoir les affidavits.

### Preuve de l'absence de compte quant aux chèques

**(3)** Lorsqu'une personne a tiré un chèque sur une institution financière ou une succursale d'une institution financière, un affidavit du gérant ou comptable de cette institution financière ou succursale, reçu par un commissaire ou une autre personne autorisée à recevoir les affidavits, énonçant qu'il en est le gérant ou le comptable, qu'il a consulté et examiné attentivement les livres et registres en vue de constater si cette personne avait ou non un compte à l'institution financière ou à la succursale et qu'il a été incapable de découvrir un pareil compte, établit, en l'absence de preuve contraire, que cette personne n'avait aucun compte à cette institution financière ou succursale.

### Preuve de la qualité officielle

**(4)** Lorsque la preuve est produite sous forme d'affidavit en conformité avec le présent article, il n'est pas nécessaire de prouver la signature ou la qualité officielle de la personne souscrivant l'affidavit, si la qualité officielle de cette personne est énoncée dans le corps de l'affidavit.

### Production ou comparution obligatoires

**(5)** Dans les procédures judiciaires auxquelles l'institution financière n'est pas partie, l'institution financière ou un officier de l'institution financière ne peut être contraint à produire un livre ou registre dont le contenu peut être prouvé sous le régime du présent article, ni à comparaître comme témoin afin de prouver les affaires, opérations et comptes y inscrits, sauf par ordonnance du tribunal rendue pour un motif spécial.

### Ordonnance : examen et copie

**(6)** À la demande d'une partie à une procédure judiciaire, le tribunal peut ordonner que cette partie soit libre d'examiner les inscriptions dans les livres ou registres d'une institution financière pour les fins de cette procédure, et d'en prendre copie. La personne dont le compte

inspected shall be notified of the application at least two clear days before the hearing thereof, and if it is shown to the satisfaction of the court that he cannot be notified personally, the notice may be given by addressing it to the financial institution.

### Warrants to search

**(7)** Nothing in this section shall be construed as prohibiting any search of the premises of a financial institution under the authority of a warrant to search issued under any other Act of Parliament, but unless the warrant is expressly endorsed by the person under whose hand it is issued as not being limited by this section, the authority conferred by any such warrant to search the premises of a financial institution and to seize and take away anything in it shall, with respect to the books or records of the institution, be construed as limited to the searching of those premises for the purpose of inspecting and taking copies of entries in those books or records, and section 490 of the *Criminal Code* does not apply in respect of the copies of those books or records obtained under a warrant referred to in this section.

### Computation of time

**(8)** Holidays shall be excluded from the computation of time under this section.

### Definitions

**(9)** In this section,

*court* means the court, judge, arbitrator or person before whom a legal proceeding is held or taken; (*tribunal*)

*financial institution* means the Bank of Canada, the Business Development Bank of Canada and any institution that accepts in Canada deposits of money from its members or the public, and includes a branch, agency or office of any of those Banks or institutions; (*institution financière*)

*legal proceeding* means any civil or criminal proceeding or inquiry in which evidence is or may be given, and includes an arbitration. (*procédure judiciaire*)

R.S., 1985, c. C-5, s. 29; 1994, c. 44, s. 90; 1995, c. 28, s. 47; 1999, c. 28, s. 149.

### Business records to be admitted in evidence

**30  (1)** Where oral evidence in respect of a matter would be admissible in a legal proceeding, a record made in the usual and ordinary course of business that contains

doit être examiné doit recevoir avis de la demande deux jours francs au moins avant l'audition de la demande et, s'il est démontré au tribunal que l'avis ne peut être donné à la personne elle-même, cet avis peut être donné à l'adresse de l'institution financière.

### Mandat de perquisition

**(7)** Le présent article n'a pas pour effet d'interdire la perquisition dans les locaux d'une institution financière sur l'autorisation d'un mandat de perquisition émis en vertu d'une autre loi fédérale, mais, à moins qu'il ne soit mentionné expressément sur le mandat, par la personne sous la signature de laquelle il a été émis, que ce mandat n'est pas limité par le présent article, l'autorisation, conférée par un tel mandat, de perquisitionner dans les locaux d'une institution financière, de saisir et d'emporter tout ce qui peut s'y trouver, est, en ce qui concerne les livres ou registres de cette institution, interprétée comme limitée à la perquisition dans ces locaux aux fins d'examiner les inscriptions dans ces livres ou registres et d'en prendre copie; les copies effectuées en exécution de ce mandat ne tombent pas sous le régime de l'article 490 du *Code criminel*.

### Calcul des délais

**(8)** Dans le calcul des délais prévus au présent article, les jours fériés ne sont pas comptés.

### Définitions

**(9)** Les définitions qui suivent s'appliquent au présent article.

*institution financière* La Banque du Canada, la Banque de développement du Canada et toute institution qui accepte au Canada des dépôts d'argent de ses membres ou du public. Sont inclus dans la présente définition une succursale, une agence ou un bureau d'une telle banque ou institution. (*financial institution*)

*procédure judiciaire* Toute procédure ou enquête, en matière civile ou pénale, dans laquelle une preuve est ou peut être donnée, y compris l'arbitrage. (*legal proceeding*)

*tribunal* Le tribunal, le juge, l'arbitre ou la personne devant qui une procédure judiciaire est exercée ou intentée. (*court*)

L.R. (1985), ch. C-5, art. 29; 1994, ch. 44, art. 90; 1995, ch. 28, art. 47; 1999, ch. 28, art. 149.

### Les pièces commerciales peuvent être admises en preuve

**30  (1)** Lorsqu'une preuve orale concernant une chose serait admissible dans une procédure judiciaire, une pièce établie dans le cours ordinaire des affaires et qui

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 23 of 65

*Canada Evidence*
Part I
Documentary Evidence
**Section** 30

*Preuve au Canada*
Partie I
Preuve documentaire
**Article** 30

information in respect of that matter is admissible in evidence under this section in the legal proceeding on production of the record.

**Inference where information not in business record**

**(2)** Where a record made in the usual and ordinary course of business does not contain information in respect of a matter the occurrence or existence of which might reasonably be expected to be recorded in that record, the court may on production of the record admit the record for the purpose of establishing that fact and may draw the inference that the matter did not occur or exist.

**Copy of records**

**(3)** Where it is not possible or reasonably practicable to produce any record described in subsection (1) or (2), a copy of the record accompanied by two documents, one that is made by a person who states why it is not possible or reasonably practicable to produce the record and one that sets out the source from which the copy was made, that attests to the copy's authenticity and that is made by the person who made the copy, is admissible in evidence under this section in the same manner as if it were the original of the record if each document is

**(a)** an affidavit of each of those persons sworn before a commissioner or other person authorized to take affidavits; or

**(b)** a certificate or other statement pertaining to the record in which the person attests that the certificate or statement is made in conformity with the laws of a foreign state, whether or not the certificate or statement is in the form of an affidavit attested to before an official of the foreign state.

**Where record kept in form requiring explanation**

**(4)** Where production of any record or of a copy of any record described in subsection (1) or (2) would not convey to the court the information contained in the record by reason of its having been kept in a form that requires explanation, a transcript of the explanation of the record or copy prepared by a person qualified to make the explanation is admissible in evidence under this section in the same manner as if it were the original of the record if it is accompanied by a document that sets out the person's qualifications to make the explanation, attests to the accuracy of the explanation, and is

**(a)** an affidavit of that person sworn before a commissioner or other person authorized to take affidavits; or

contient des renseignements sur cette chose est, en vertu du présent article, admissible en preuve dans la procédure judiciaire sur production de la pièce.

**Présomption à tirer du défaut de renseignements**

**(2)** Lorsqu'une pièce établie dans le cours ordinaire des affaires ne contient pas de renseignements sur une chose dont on peut raisonnablement s'attendre à trouver la survenance ou l'existence consignées dans cette pièce, le tribunal peut, sur production de la pièce, admettre celle-ci aux fins d'établir ce défaut de renseignements et peut en conclure qu'une telle chose ne s'est pas produite ou n'a pas existé.

**Copie des pièces**

**(3)** Lorsqu'il n'est pas possible ou raisonnablement commode de produire une pièce décrite au paragraphe (1) ou (2), une copie de la pièce accompagnée d'un premier document indiquant les raisons pour lesquelles il n'est pas possible ou raisonnablement commode de produire la pièce et d'un deuxième document préparé par la personne qui a établi la copie indiquant d'où elle provient et attestant son authenticité, est admissible en preuve, en vertu du présent article, de la même manière que s'il s'agissait de l'original de cette pièce pourvu que les documents satisfassent aux conditions suivantes : que leur auteur les ait préparés soit sous forme d'affidavit reçu par une personne autorisée, soit sous forme de certificat ou de déclaration comportant une attestation selon laquelle ce certificat ou cette déclaration a été établi en conformité avec les lois d'un État étranger, que le certificat ou l'attestation prenne ou non la forme d'un affidavit reçu par un fonctionnaire de l'État étranger.

**Cas où la pièce est établie sous une forme nécessitant des explications**

**(4)** Lorsque la production d'une pièce ou d'une copie d'une pièce décrite au paragraphe (1) ou (2) ne révélerait pas au tribunal les renseignements contenus dans la pièce, du fait qu'ils ont été consignés sous une forme qui nécessite des explications, une transcription des explications de la pièce ou copie, préparée par une personne qualifiée pour donner les explications, accompagnée d'un document de cette personne indiquant ses qualités pour les donner et attestant l'exactitude des explications est admissible en preuve, en vertu du présent article, de la même manière que s'il s'agissait de l'original de cette pièce. Le document prend la forme soit d'un affidavit reçu par une personne autorisée, soit d'un certificat ou d'une déclaration comportant une attestation selon laquelle ce certificat ou cette déclaration a été établi en conformité avec les lois d'un État étranger, que le

**(b)** a certificate or other statement pertaining to the record in which the person attests that the certificate or statement is made in conformity with the laws of a foreign state, whether or not the certificate or statement is in the form of an affidavit attested to before an official of the foreign state.

certificat ou l'attestation prenne ou non la forme d'un affidavit reçu par un fonctionnaire de l'État étranger.

**Court may order other part of record to be produced**

**(5)** Where part only of a record is produced under this section by any party, the court may examine any other part of the record and direct that, together with the part of the record previously so produced, the whole or any part of the other part thereof be produced by that party as the record produced by him.

**Le tribunal peut ordonner qu'un autre fragment de la pièce soit produit**

**(5)** Lorsque seul un fragment d'une pièce est produit en vertu du présent article par une partie, le tribunal peut examiner tout autre fragment de la pièce et ordonner que, avec le fragment de la pièce ainsi produit précédemment, l'ensemble ou tout fragment de cet autre fragment de la pièce soit produit par cette partie en tant que pièce produite par elle.

**Court may examine record and hear evidence**

**(6)** For the purpose of determining whether any provision of this section applies, or for the purpose of determining the probative value, if any, to be given to information contained in any record admitted in evidence under this section, the court may, on production of any record, examine the record, admit any evidence in respect thereof given orally or by affidavit including evidence as to the circumstances in which the information contained in the record was written, recorded, stored or reproduced, and draw any reasonable inference from the form or content of the record.

**Le tribunal peut examiner la pièce et entendre des témoins**

**(6)** Aux fins de déterminer si l'une des dispositions du présent article s'applique, ou aux fins de déterminer la valeur probante, le cas échéant, qui doit être accordée aux renseignements contenus dans une pièce admise en preuve en vertu du présent article, le tribunal peut, sur production d'une pièce, examiner celle-ci, admettre toute preuve à son sujet fournie de vive voix ou par affidavit, y compris la preuve des circonstances dans lesquelles les renseignements contenus dans la pièce ont été écrits, consignés, conservés ou reproduits et tirer toute conclusion raisonnable de la forme ou du contenu de la pièce.

**Notice of intention to produce record or affidavit**

**(7)** Unless the court orders otherwise, no record or affidavit shall be admitted in evidence under this section unless the party producing the record or affidavit has, at least seven days before its production, given notice of his intention to produce it to each other party to the legal proceeding and has, within five days after receiving any notice in that behalf given by any such party, produced it for inspection by that party.

**Avis de l'intention de produire une pièce ou un affidavit**

**(7)** Sauf si le tribunal en décide autrement, aucune pièce ou aucun affidavit n'est admissible en preuve en vertu du présent article, à moins que la partie qui produit la pièce ou l'affidavit n'ait, au moins sept jours avant sa production, donné à chacune des autres parties à la procédure judiciaire un avis de son intention de le produire et ne l'ait, dans les cinq jours qui suivent la réception d'un avis à cet effet donné par l'une de ces parties, produit aux fins d'examen par cette partie.

**Not necessary to prove signature and official character**

**(8)** Where evidence is offered by affidavit under this section, it is not necessary to prove the signature or official character of the person making the affidavit if the official character of that person is set out in the body of the affidavit.

**La preuve de la signature et de la qualité officielle n'est pas nécessaire**

**(8)** Si la preuve est produite sous forme d'affidavit, en vertu du présent article, il n'est pas nécessaire de prouver la signature ou la qualité officielle de la personne souscrivant l'affidavit si la qualité officielle de la personne est énoncée dans le corps de l'affidavit.

**Examination on record with leave of court**

**(9)** Subject to section 4, any person who has or may reasonably be expected to have knowledge of the making or

**Interrogatoire sur la pièce avec autorisation du tribunal**

**(9)** Sous réserve de l'article 4, lorsqu'une personne a connaissance de l'établissement ou du contenu d'une

*Canada Evidence*
Part I
Documentary Evidence
**Section** 30

*Preuve au Canada*
Partie I
Preuve documentaire
**Article** 30

contents of any record produced or received in evidence under this section may, with leave of the court, be examined or cross-examined thereon by any party to the legal proceeding.

**Evidence inadmissible under this section**

**(10)** Nothing in this section renders admissible in evidence in any legal proceeding

  **(a)** such part of any record as is proved to be

    **(i)** a record made in the course of an investigation or inquiry,

    **(ii)** a record made in the course of obtaining or giving legal advice or in contemplation of a legal proceeding,

    **(iii)** a record in respect of the production of which any privilege exists and is claimed, or

    **(iv)** a record of or alluding to a statement made by a person who is not, or if he were living and of sound mind would not be, competent and compellable to disclose in the legal proceeding a matter disclosed in the record;

  **(b)** any record the production of which would be contrary to public policy; or

  **(c)** any transcript or recording of evidence taken in the course of another legal proceeding.

**Construction of this section**

**(11)** The provisions of this section shall be deemed to be in addition to and not in derogation of

  **(a)** any other provision of this or any other Act of Parliament respecting the admissibility in evidence of any record or the proof of any matter; or

  **(b)** any existing rule of law under which any record is admissible in evidence or any matter may be proved.

**Definitions**

**(12)** In this section,

***business*** means any business, profession, trade, calling, manufacture or undertaking of any kind carried on in Canada or elsewhere whether for profit or otherwise,

pièce produite ou admise en preuve en vertu du présent article, ou lorsqu'on peut raisonnablement s'attendre à ce qu'elle en ait connaissance, cette personne peut, avec la permission du tribunal, être interrogée ou contre-interrogée à ce sujet par toute partie à la procédure judiciaire.

**Preuve qui ne peut être admise aux termes de l'article**

**(10)** Le présent article n'a pas pour effet de rendre admissibles en preuve dans une procédure judiciaire :

  **a)** un fragment de pièce, lorsqu'il a été prouvé que le fragment est, selon le cas :

    **(i)** une pièce établie au cours d'une investigation ou d'une enquête,

    **(ii)** une pièce établie au cours d'une consultation en vue d'obtenir ou de donner des conseils juridiques ou établie en prévision d'une procédure judiciaire,

    **(iii)** une pièce relativement à la production de laquelle il existe un privilège qui est invoqué,

    **(iv)** une pièce reproduisant une déclaration ou faisant allusion à une déclaration faite par une personne qui n'est pas ou ne serait pas, si elle était vivante et saine d'esprit, habile et contraignable à divulguer dans la procédure judiciaire une chose divulguée dans la pièce;

  **b)** une pièce dont la production serait contraire à l'ordre public;

  **c)** une transcription ou un enregistrement de témoignages recueillis au cours d'une autre procédure judiciaire.

**Interprétation de l'article**

**(11)** Les dispositions du présent article sont réputées s'ajouter et non pas déroger :

  **a)** à toute autre disposition de la présente loi ou de toute autre loi fédérale concernant l'admissibilité en preuve d'une pièce ou concernant la preuve d'une chose;

  **b)** à tout principe de droit existant en vertu duquel une pièce est admissible en preuve ou une chose peut être prouvée.

**Définitions**

**(12)** Les définitions qui suivent s'appliquent au présent article.

***affaires*** Tout commerce ou métier ou toute affaire, profession, industrie ou entreprise de quelque nature que ce

*Canada Evidence*
Part I
Documentary Evidence
**Sections 30-31**

*Preuve au Canada*
Partie I
Preuve documentaire
**Articles 30-31**

including any activity or operation carried on or performed in Canada or elsewhere by any government, by any department, branch, board, commission or agency of any government, by any court or other tribunal or by any other body or authority performing a function of government; (*affaires*)

**copy** and **photographic film**, in relation to any record, includes a print, whether enlarged or not, from a photographic film of the record, and **photographic film** includes a photographic plate, microphotographic film or photostatic negative; (*copie* et *pellicule photographique*)

**court** means the court, judge, arbitrator or person before whom a legal proceeding is held or taken; (*tribunal*)

**legal proceeding** means any civil or criminal proceeding or inquiry in which evidence is or may be given, and includes an arbitration; (*procédure judiciaire*)

**record** includes the whole or any part of any book, document, paper, card, tape or other thing on or in which information is written, recorded, stored or reproduced, and, except for the purposes of subsections (3) and (4), any copy or transcript admitted in evidence under this section pursuant to subsection (3) or (4). (*pièce*)

R.S., 1985, c. C-5, s. 30; 1994, c. 44, s. 91.

**Definitions**

**31 (1)** In this section,

**corporation** means any bank, including the Bank of Canada and the Business Development Bank of Canada, any authorized foreign bank within the meaning of section 2 of the *Bank Act* and each of the following carrying on business in Canada, namely, every railway, express, telegraph and telephone company (except a street railway and tramway company), insurance company or society, trust company and loan company; (*personne morale*)

**government** means the government of Canada or of any province and includes any department, commission, board or branch of any such government; (*gouvernement*)

soit exploités ou exercés au Canada ou à l'étranger, soit en vue d'un profit, soit à d'autres fins, y compris toute activité exercée ou opération effectuée, au Canada ou à l'étranger, par un gouvernement, par un ministère, une direction, un conseil, une commission ou un organisme d'un gouvernement, par un tribunal ou par un autre organisme ou une autre autorité exerçant une fonction gouvernementale. (*business*)

**copie** et **pellicule photographique** Relativement à une pièce, est assimilée à une copie une épreuve, agrandie ou non, tirée d'une pellicule photographique représentant cette pièce, et **pellicule photographique** s'entend notamment d'une plaque photographique, d'une pellicule microphotographique et d'un cliché au photostat. (*copy* and *photographic film*)

**pièce** Sont assimilés à une pièce l'ensemble ou tout fragment d'un livre, d'un document, d'un écrit, d'une fiche, d'une carte, d'un ruban ou d'une autre chose sur ou dans lesquels des renseignements sont écrits, enregistrés, conservés ou reproduits, et, sauf pour l'application des paragraphes (3) et (4), toute copie ou transcription admise en preuve en vertu du présent article en conformité avec le paragraphe (3) ou (4). (*record*)

**procédure judiciaire** Toute procédure ou enquête, en matière civile ou pénale, dans laquelle une preuve est ou peut être faite, y compris l'arbitrage. (*legal proceeding*)

**tribunal** Le tribunal, le juge, l'arbitre ou la personne devant qui une procédure judiciaire est exercée ou intentée. (*court*)

L.R. (1985), ch. C-5, art. 30; 1994, ch. 44, art. 91.

**Définitions**

**31 (1)** Les définitions qui suivent s'appliquent au présent article.

**gouvernement** Le gouvernement du Canada ou d'une province, y compris tout ministère, commission, conseil ou service de ce gouvernement. (*government*)

**pellicule photographique** Sont assimilés à une pellicule photographique une plaque photographique, une pellicule microphotographique et un cliché au photostat. (*photographic film*)

**personne morale** Toute banque, y compris la Banque du Canada et la Banque de développement du Canada, toute banque étrangère autorisée, au sens de l'article 2 de la *Loi sur les banques*, et chacune des compagnies ou sociétés suivantes faisant des affaires au Canada, savoir :

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 27 of 65

Canada Evidence
Part I
Documentary Evidence
**Section 31**

Preuve au Canada
Partie I
Preuve documentaire
**Article 31**

***photographic film*** includes any photographic plate, microphotographic film and photostatic negative. (*pellicule photographique*)

**When print admissible in evidence**

(2) A print, whether enlarged or not, from any photographic film of

    **(a)** an entry in any book or record kept by any government or corporation and destroyed, lost or delivered to a customer after the film was taken,

    **(b)** any bill of exchange, promissory note, cheque, receipt, instrument or document held by any government or corporation and destroyed, lost or delivered to a customer after the film was taken, or

    **(c)** any record, document, plan, book or paper belonging to or deposited with any government or corporation,

is admissible in evidence in all cases in which and for all purposes for which the object photographed would have been admitted on proof that

    **(d)** while the book, record, bill of exchange, promissory note, cheque, receipt, instrument or document, plan, book or paper was in the custody or control of the government or corporation, the photographic film was taken thereof in order to keep a permanent record thereof, and

    **(e)** the object photographed was subsequently destroyed by or in the presence of one or more of the employees of the government or corporation, or was lost or was delivered to a customer.

**Evidence of compliance with conditions**

(3) Evidence of compliance with the conditions prescribed by this section may be given by any one or more of the employees of the government or corporation, having knowledge of the taking of the photographic film, of the destruction, loss or delivery to a customer, or of the making of the print, as the case may be, either orally or by affidavit sworn in any part of Canada before any notary public or commissioner for oaths.

compagnie de chemin de fer, de messagerie, de télégraphe et de téléphone (sauf une compagnie de tramway), société d'assurances ou société de secours, société de fiducie et société de prêt. (*corporation*)

**Admissibilité d'une épreuve tirée d'une pellicule photographique**

(2) Une épreuve, agrandie ou non, tirée d'une pellicule photographique :

    **a)** d'une inscription dans un livre ou registre tenu par un gouvernement ou une personne morale et détruite, perdue ou remise à un client après la prise de la pellicule;

    **b)** d'une lettre de change, d'un billet à ordre, d'un chèque, d'un récépissé, d'un instrument ou document détenu par un gouvernement ou une personne morale et détruit, perdu ou remis à un client après la prise de la pellicule;

    **c)** d'un dossier, document, plan, livre ou papier appartenant ou confié à un gouvernement ou une personne morale,

est admissible en preuve dans tous les cas et pour toutes les fins où l'objet photographié aurait été admis s'il est établi que :

    **d)** d'une part, lorsque ce livre, registre, lettre de change, billet à ordre, chèque, récépissé, instrument ou document, dossier, plan, livre ou papier était sous la garde ou l'autorité du gouvernement ou de la personne morale, la pellicule photographique en a été prise afin d'en garder une preuve permanente;

    **e)** d'autre part, l'objet photographié a été subséquemment détruit par un ou plusieurs employés du gouvernement ou de la personne morale, ou en leur présence, ou a été perdu ou remis à un client.

**Preuve de l'observation des conditions**

(3) Un ou plusieurs employés du gouvernement ou de la personne morale, ayant eu connaissance de la prise de la pellicule photographique, de cette destruction, de cette perte ou de cette remise à un client, ou de l'impression de l'épreuve, selon le cas, peuvent fournir la preuve, soit oralement, soit par affidavit souscrit dans toute partie du Canada devant un notaire public ou un commissaire aux serments, que les conditions prescrites au présent article ont été remplies.

*Canada Evidence*
Part I
Documentary Evidence
**Sections 31-31.3**

*Preuve au Canada*
Partie I
Preuve documentaire
**Articles 31-31.3**

### Proof by notarial copy

**(4)** Unless the court otherwise orders, a notarial copy of an affidavit under subsection (3) is admissible in evidence in lieu of the original affidavit.

R.S., 1985, c. C-5, s. 31; 1992, c. 1, s. 142; 1995, c. 28, s. 47; 1999, c. 28, s. 150.

### Authentication of electronic documents

**31.1** Any person seeking to admit an electronic document as evidence has the burden of proving its authenticity by evidence capable of supporting a finding that the electronic document is that which it is purported to be.

2000, c. 5, s. 56.

### Application of best evidence rule — electronic documents

**31.2 (1)** The best evidence rule in respect of an electronic document is satisfied

**(a)** on proof of the integrity of the electronic documents system by or in which the electronic document was recorded or stored; or

**(b)** if an evidentiary presumption established under section 31.4 applies.

### Printouts

**(2)** Despite subsection (1), in the absence of evidence to the contrary, an electronic document in the form of a printout satisfies the best evidence rule if the printout has been manifestly or consistently acted on, relied on or used as a record of the information recorded or stored in the printout.

2000, c. 5, s. 56.

### Presumption of integrity

**31.3** For the purposes of subsection 31.2(1), in the absence of evidence to the contrary, an electronic documents system by or in which an electronic document is recorded or stored is proven

**(a)** by evidence capable of supporting a finding that at all material times the computer system or other similar device used by the electronic documents system was operating properly or, if it was not, the fact of its not operating properly did not affect the integrity of the electronic document and there are no other reasonable grounds to doubt the integrity of the electronic documents system;

**(b)** if it is established that the electronic document was recorded or stored by a party who is adverse in interest to the party seeking to introduce it; or

### Preuve par copie notariée

**(4)** Sauf si le tribunal en ordonne autrement, une copie notariée d'un affidavit prévu au paragraphe (3) est admissible en preuve au lieu de l'affidavit original.

L.R. (1985), ch. C-5, art. 31; 1992, ch. 1, art. 142; 1995, ch. 28, art. 47; 1999, ch. 28, art. 150.

### Authentification de documents électroniques

**31.1** Il incombe à la personne qui cherche à faire admettre en preuve un document électronique d'établir son authenticité au moyen d'éléments de preuve permettant de conclure que le document est bien ce qu'il paraît être.

2000, ch. 5, art. 56.

### Règle de la meilleure preuve — documents électroniques

**31.2 (1)** Tout document électronique satisfait à la règle de la meilleure preuve dans les cas suivants :

**a)** la fiabilité du système d'archivage électronique au moyen duquel ou dans lequel le document est enregistré ou mis en mémoire est démontrée;

**b)** une présomption établie en vertu de l'article 31.4 s'applique.

### Sorties imprimées

**(2)** Malgré le paragraphe (1), sauf preuve contraire, le document électronique sous forme de sortie imprimée satisfait à la règle de la meilleure preuve si la sortie imprimée a de toute évidence ou régulièrement été utilisée comme document courant relatant l'information enregistrée ou mise en mémoire.

2000, ch. 5, art. 56.

### Présomption de fiabilité

**31.3** Pour l'application du paragraphe 31.2(1), le système d'archivage électronique au moyen duquel ou dans lequel un document électronique est enregistré ou mis en mémoire est réputé fiable, sauf preuve contraire, si, selon le cas :

**a)** la preuve permet de conclure qu'à l'époque en cause, le système informatique ou autre dispositif semblable fonctionnait bien, ou, dans le cas contraire, son mauvais fonctionnement n'a pas compromis l'intégrité des documents électroniques, et qu'il n'existe aucun autre motif raisonnable de mettre en doute la fiabilité du système d'archivage électronique;

**b)** il est établi que le document électronique présenté en preuve par une partie a été enregistré ou mis en mémoire par une partie adverse;

*Canada Evidence*
Part I
Documentary Evidence
**Sections 31.3-31.6**

*Preuve au Canada*
Partie I
Preuve documentaire
**Articles 31.3-31.6**

**(c)** if it is established that the electronic document was recorded or stored in the usual and ordinary course of business by a person who is not a party and who did not record or store it under the control of the party seeking to introduce it.

2000, c. 5, s. 56.

### Presumptions regarding secure electronic signatures

**31.4** The Governor in Council may make regulations establishing evidentiary presumptions in relation to electronic documents signed with secure electronic signatures, including regulations respecting

**(a)** the association of secure electronic signatures with persons; and

**(b)** the integrity of information contained in electronic documents signed with secure electronic signatures.

2000, c. 5, s. 56.

### Standards may be considered

**31.5** For the purpose of determining under any rule of law whether an electronic document is admissible, evidence may be presented in respect of any standard, procedure, usage or practice concerning the manner in which electronic documents are to be recorded or stored, having regard to the type of business, enterprise or endeavour that used, recorded or stored the electronic document and the nature and purpose of the electronic document.

2000, c. 5, s. 56.

### Proof by affidavit

**31.6 (1)** The matters referred to in subsection 31.2(2) and sections 31.3 and 31.5 and in regulations made under section 31.4 may be established by affidavit.

### Cross-examination

**(2)** A party may cross-examine a deponent of an affidavit referred to in subsection (1) that has been introduced in evidence

**(a)** as of right, if the deponent is an adverse party or is under the control of an adverse party; and

**(b)** with leave of the court, in the case of any other deponent.

2000, c. 5, s. 56.

**c)** il est établi que le document électronique a été enregistré ou mis en mémoire dans le cours ordinaire des affaires par une personne qui n'est pas partie à l'instance et qui ne l'a pas enregistré ni ne l'a mis en mémoire sous l'autorité de la partie qui cherche à le présenter en preuve.

2000, ch. 5, art. 56.

### Signatures électroniques sécurisées — présomptions

**31.4** Le gouverneur en conseil peut prendre des règlements établissant des présomptions relativement aux documents électroniques portant une signature électronique sécurisée, notamment des règlements visant :

**a)** l'association de signatures électroniques sécurisées à des personnes;

**b)** l'intégrité de l'information contenue dans un document électronique portant une signature électronique sécurisée.

2000, ch. 5, art. 56.

### Normes à considérer

**31.5** Afin de déterminer si, pour l'application de toute règle de droit, un document électronique est admissible, il peut être présenté un élément de preuve relatif à toute norme, toute procédure, tout usage ou toute pratique touchant la manière d'enregistrer ou de mettre en mémoire un document électronique, eu égard au type de commerce ou d'entreprise qui a utilisé, enregistré ou mis en mémoire le document électronique ainsi qu'à la nature et à l'objet du document.

2000, ch. 5, art. 56.

### Preuve par affidavit

**31.6 (1)** La preuve des questions visées au paragraphe 31.2(2) et aux articles 31.3 et 31.5 ainsi que dans les règlements pris en vertu de l'article 31.4 peut être faite par affidavit.

### Contre-interrogatoire

**(2)** Toute partie peut contre-interroger l'auteur d'un affidavit visé au paragraphe (1) et déposé en preuve :

**a)** de plein droit, dans le cas où l'auteur de l'affidavit est une partie adverse ou est sous l'autorité d'une telle partie;

**b)** avec l'autorisation du tribunal, dans les autres cas.

2000, ch. 5, art. 56.

**Application**

**31.7** Sections 31.1 to 31.4 do not affect any rule of law relating to the admissibility of evidence, except the rules relating to authentication and best evidence.

2000, c. 5, s. 56.

**Definitions**

**31.8** The definitions in this section apply in sections 31.1 to 31.6.

***computer system***  means a device that, or a group of interconnected or related devices one or more of which,

**(a)** contains computer programs or other data; and

**(b)** pursuant to computer programs, performs logic and control, and may perform any other function. (*système informatique*)

***data***  means representations of information or of concepts, in any form. (*données*)

***electronic document***  means data that is recorded or stored on any medium in or by a computer system or other similar device and that can be read or perceived by a person or a computer system or other similar device. It includes a display, printout or other output of that data. (*document électronique*)

***electronic documents system***  includes a computer system or other similar device by or in which data is recorded or stored and any procedures related to the recording or storage of electronic documents. (*système d'archivage électronique*)

***secure electronic signature***  means a secure electronic signature as defined in subsection 31(1) of the *Personal Information Protection and Electronic Documents Act*. (*signature électronique sécurisée*)

2000, c. 5, s. 56.

**Order signed by Secretary of State**

**32 (1)** An order signed by the Secretary of State of Canada and purporting to be written by command of the Governor General shall be admitted in evidence as the order of the Governor General.

**Application**

**31.7** Les articles 31.1 à 31.4 n'ont pas pour effet de restreindre l'application des règles de droit relatives à l'admissibilité de la preuve, à l'exception des règles de droit régissant l'authentification et la meilleure preuve.

2000, ch. 5, art. 56.

**Définitions**

**31.8** Les définitions qui suivent s'appliquent aux articles 31.1 à 31.6.

***document électronique***  Ensemble de données enregistrées ou mises en mémoire sur quelque support que ce soit par un système informatique ou un dispositif semblable et qui peuvent être lues ou perçues par une personne ou par un tel système ou dispositif. Sont également visés tout affichage et toute sortie imprimée ou autre de ces données. (*electronic document*)

***données***  Toute forme de représentation d'informations ou de notions. (*data*)

***signature électronique sécurisée***  Signature électronique sécurisée au sens du paragraphe 31(1) de la *Loi sur la protection des renseignements personnels et les documents électroniques*. (*secure electronic signature*)

***système d'archivage électronique***  Sont assimilés au système d'archivage électronique le système informatique et tout dispositif semblable qui enregistre ou met en mémoire des données ainsi que les procédés relatifs à l'enregistrement ou à la mise en mémoire de documents électroniques. (*electronic documents system*)

***système informatique***  Dispositif ou ensemble de dispositifs connectés ou reliés les uns aux autres, dont l'un ou plusieurs :

**a)** contiennent des programmes d'ordinateur ou d'autres données;

**b)** conformément à des programmes d'ordinateur, exécutent des fonctions logiques et de commande et peuvent exécuter toute autre fonction. (*computer system*)

2000, ch. 5, art. 56.

**Décret signé par le secrétaire d'État**

**32 (1)** Tout décret, signé par le secrétaire d'État du Canada, et donné comme ayant été écrit par ordre du gouverneur général, est admis en preuve comme étant le décret du gouverneur général.

*Canada Evidence*
Part I
Documentary Evidence
**Sections 32-36**

*Preuve au Canada*
Partie I
Preuve documentaire
**Articles 32-36**

### Copies published in *Canada Gazette*

**(2)** All copies of official and other notices, advertisements and documents published in the *Canada Gazette* are admissible in evidence as proof, in the absence of evidence to the contrary, of the originals and of their contents.

R.S., 1985, c. C-5, s. 32; 2000, c. 5, s. 57.

### Proof of handwriting of person certifying

**33 (1)** No proof shall be required of the handwriting or official position of any person certifying, in pursuance of this Act, to the truth of any copy of or extract from any proclamation, order, regulation, appointment, book or other document.

### Printed or written

**(2)** Any copy or extract referred to in subsection (1) may be in print or in writing, or partly in print and partly in writing.

R.S., c. E-10, s. 33.

### Attesting witness

**34 (1)** It is not necessary to prove by the attesting witness any instrument to the validity of which attestation is not requisite.

### Instrument, how proved

**(2)** Any instrument referred to in subsection (1) may be proved by admission or otherwise as if there had been no attesting witness thereto.

R.S., c. E-10, s. 34.

### Impounding of forged instrument

**35** Where any instrument that has been forged or fraudulently altered is admitted in evidence, the court or the judge or person who admits the instrument may, at the request of any person against whom it is admitted in evidence, direct that the instrument shall be impounded and be kept in the custody of an officer of the court or other proper person for such period and subject to such conditions as to the court, judge or person admitting the instrument seem meet.

R.S., c. E-10, s. 35.

### Construction

**36** This Part shall be deemed to be in addition to and not in derogation of any powers of proving documents given by any existing Act or existing at law.

R.S., c. E-10, s. 36.

### Copies publiées dans la *Gazette du Canada*

**(2)** Toutes copies d'avis, d'annonces et de documents officiels et autres, publiées dans la *Gazette du Canada*, sont admissibles en preuve et font foi, jusqu'à preuve contraire, des originaux et de leur contenu.

L.R. (1985), ch. C-5, art. 32; 2000, ch. 5, art. 57.

### Preuve de l'écriture de celui qui certifie

**33 (1)** Nulle preuve n'est requise de l'écriture non plus que de la fonction officielle de la personne qui atteste, en conformité avec la présente loi, l'authenticité d'une copie ou d'un extrait d'une proclamation, d'un décret, d'un règlement, d'une nomination, d'un livre ou d'une autre pièce.

### Imprimé ou manuscrit

**(2)** Cette pièce ou cet extrait peut être imprimé ou manuscrit, ou en partie imprimé et en partie manuscrit.

S.R., ch. E-10, art. 33.

### Témoin instrumentaire

**34 (1)** Il n'est pas nécessaire de prouver, par le témoin instrumentaire, une pièce pour la validité de laquelle l'attestation n'est pas requise.

### Preuve de la pièce

**(2)** Cette pièce peut être prouvée par admission ou autrement, tout comme si elle n'avait pas été souscrite en présence d'un témoin instrumentaire.

S.R., ch. E-10, art. 34.

### Dépôt des documents fabriqués

**35** Lorsqu'une pièce fabriquée ou frauduleusement altérée a été admise en preuve, le tribunal ou le juge, ou la personne qui l'a admise, peut, à la requête de la personne contre laquelle elle a été admise en preuve, ordonner qu'elle soit déposée au greffe et confiée à la garde d'un fonctionnaire du tribunal ou de toute autre personne, pendant la période et aux conditions que le tribunal, le juge ou la personne qui l'a admise juge convenables.

S.R., ch. E-10, art. 35.

### Interprétation

**36** La présente partie est réputée ajouter et non pas déroger aux pouvoirs, que donne toute loi existante, ou qui existent en droit, de prouver des documents.

S.R., ch. E-10, art. 36.

# Interpretation

### Definition of *official*

**36.1** In sections 37 to 38.16, **official** has the same meaning as in section 118 of the *Criminal Code*.

2001, c. 41, s. 43.

# Specified Public Interest

### Objection to disclosure of information

**37 (1)** Subject to sections 38 to 38.16, a Minister of the Crown in right of Canada or other official may object to the disclosure of information before a court, person or body with jurisdiction to compel the production of information by certifying orally or in writing to the court, person or body that the information should not be disclosed on the grounds of a specified public interest.

### Obligation of court, person or body

**(1.1)** If an objection is made under subsection (1), the court, person or body shall ensure that the information is not disclosed other than in accordance with this Act.

### Objection made to superior court

**(2)** If an objection to the disclosure of information is made before a superior court, that court may determine the objection.

### Objection not made to superior court

**(3)** If an objection to the disclosure of information is made before a court, person or body other than a superior court, the objection may be determined, on application, by

    **(a)** the Federal Court, in the case of a person or body vested with power to compel production by or under an Act of Parliament if the person or body is not a court established under a law of a province; or

    **(b)** the trial division or trial court of the superior court of the province within which the court, person or body exercises its jurisdiction, in any other case.

### Limitation period

**(4)** An application under subsection (3) shall be made within 10 days after the objection is made or within any further or lesser time that the court having jurisdiction to hear the application considers appropriate in the circumstances.

# Définition

### Définition de *fonctionnaire*

**36.1** Aux articles 37 à 38.16, **fonctionnaire** s'entend au sens de l'article 118 du *Code criminel*.

2001, ch. 41, art. 43.

# Renseignements d'intérêt public

### Opposition à divulgation

**37 (1)** Sous réserve des articles 38 à 38.16, tout ministre fédéral ou tout fonctionnaire peut s'opposer à la divulgation de renseignements auprès d'un tribunal, d'un organisme ou d'une personne ayant le pouvoir de contraindre à la production de renseignements, en attestant verbalement ou par écrit devant eux que, pour des raisons d'intérêt public déterminées, ces renseignements ne devraient pas être divulgués.

### Mesure intérimaire

**(1.1)** En cas d'opposition, le tribunal, l'organisme ou la personne veille à ce que les renseignements ne soient pas divulgués, sauf en conformité avec la présente loi.

### Opposition devant une cour supérieure

**(2)** Si l'opposition est portée devant une cour supérieure, celle-ci peut décider la question.

### Opposition devant une autre instance

**(3)** Si l'opposition est portée devant un tribunal, un organisme ou une personne qui ne constituent pas une cour supérieure, la question peut être décidée, sur demande, par :

    **a)** la Cour fédérale, dans les cas où l'organisme ou la personne investis du pouvoir de contraindre à la production de renseignements sous le régime d'une loi fédérale ne constituent pas un tribunal régi par le droit d'une province;

    **b)** la division ou le tribunal de première instance de la cour supérieure de la province dans le ressort de laquelle le tribunal, l'organisme ou la personne ont compétence, dans les autres cas.

### Délai

**(4)** Le délai dans lequel la demande visée au paragraphe (3) peut être faite est de dix jours suivant l'opposition, mais le tribunal saisi peut modifier ce délai s'il l'estime indiqué dans les circonstances.

### Disclosure order

**(4.1)** Unless the court having jurisdiction to hear the application concludes that the disclosure of the information to which the objection was made under subsection (1) would encroach upon a specified public interest, the court may authorize by order the disclosure of the information.

### Disclosure order

**(5)** If the court having jurisdiction to hear the application concludes that the disclosure of the information to which the objection was made under subsection (1) would encroach upon a specified public interest, but that the public interest in disclosure outweighs in importance the specified public interest, the court may, by order, after considering both the public interest in disclosure and the form of and conditions to disclosure that are most likely to limit any encroachment upon the specified public interest resulting from disclosure, authorize the disclosure, subject to any conditions that the court considers appropriate, of all of the information, a part or summary of the information, or a written admission of facts relating to the information.

### Prohibition order

**(6)** If the court does not authorize disclosure under subsection (4.1) or (5), the court shall, by order, prohibit disclosure of the information.

### Evidence

**(6.1)** The court may receive into evidence anything that, in the opinion of the court, is reliable and appropriate, even if it would not otherwise be admissible under Canadian law, and may base its decision on that evidence.

### When determination takes effect

**(7)** An order of the court that authorizes disclosure does not take effect until the time provided or granted to appeal the order has expired or, if the order is appealed, the time provided or granted to appeal a judgment of an appeal court that confirms the order has expired and no further appeal from a judgment that confirms the order is available.

### Introduction into evidence

**(8)** A person who wishes to introduce into evidence material the disclosure of which is authorized under subsection (5), but who may not be able to do so by reason of the rules of admissibility that apply before the court, person or body with jurisdiction to compel the production of information, may request from the court having jurisdiction under subsection (2) or (3) an order permitting the introduction into evidence of the material in a form or

### Ordonnance de divulgation

**(4.1)** Le tribunal saisi peut rendre une ordonnance autorisant la divulgation des renseignements qui ont fait l'objet d'une opposition au titre du paragraphe (1), sauf s'il conclut que leur divulgation est préjudiciable au regard des raisons d'intérêt public déterminées.

### Divulgation modifiée

**(5)** Si le tribunal saisi conclut que la divulgation des renseignements qui ont fait l'objet d'une opposition au titre du paragraphe (1) est préjudiciable au regard des raisons d'intérêt public déterminées, mais que les raisons d'intérêt public qui justifient la divulgation l'emportent sur les raisons d'intérêt public déterminées, il peut par ordonnance, compte tenu des raisons d'intérêt public qui justifient la divulgation ainsi que de la forme et des conditions de divulgation les plus susceptibles de limiter le préjudice au regard des raisons d'intérêt public déterminées, autoriser, sous réserve des conditions qu'il estime indiquées, la divulgation de tout ou partie des renseignements, d'un résumé de ceux-ci ou d'un aveu écrit des faits qui y sont liés.

### Ordonnance d'interdiction

**(6)** Dans les cas où le tribunal n'autorise pas la divulgation au titre des paragraphes (4.1) ou (5), il rend une ordonnance interdisant la divulgation.

### Preuve

**(6.1)** Le tribunal peut recevoir et admettre en preuve tout élément qu'il estime digne de foi et approprié — même si le droit canadien ne prévoit pas par ailleurs son admissibilité — et peut fonder sa décision sur cet élément.

### Prise d'effet de la décision

**(7)** L'ordonnance de divulgation prend effet après l'expiration du délai prévu ou accordé pour en appeler ou, en cas d'appel, après sa confirmation et l'épuisement des recours en appel.

### Admissibilité en preuve

**(8)** La personne qui veut faire admettre en preuve ce qui a fait l'objet d'une autorisation de divulgation prévue au paragraphe (5), mais qui ne pourrait peut-être pas le faire à cause des règles d'admissibilité applicables devant le tribunal, l'organisme ou la personne ayant le pouvoir de contraindre à la production de renseignements, peut demander au tribunal saisi au titre des paragraphes (2) ou (3) de rendre une ordonnance autorisant la production

*Canada Evidence*
Part I
Specified Public Interest
**Sections 37-37.21**

*Preuve au Canada*
Partie I
Renseignements d'intérêt public
**Articles 37-37.21**

subject to any conditions fixed by that court, as long as that form and those conditions comply with the order made under subsection (5).

**Relevant factors**

**(9)** For the purpose of subsection (8), the court having jurisdiction under subsection (2) or (3) shall consider all the factors that would be relevant for a determination of admissibility before the court, person or body.

R.S., 1985, c. C-5, s. 37; 2001, c. 41, ss. 43, 140; 2002, c. 8, s. 183; 2013, c. 9, s. 17(E).

**Appeal to court of appeal**

**37.1 (1)** An appeal lies from a determination under any of subsections 37(4.1) to (6)

**(a)** to the Federal Court of Appeal from a determination of the Federal Court; or

**(b)** to the court of appeal of a province from a determination of a trial division or trial court of a superior court of the province.

**Limitation period for appeal**

**(2)** An appeal under subsection (1) shall be brought within 10 days after the date of the determination appealed from or within any further time that the court having jurisdiction to hear the appeal considers appropriate in the circumstances.

2001, c. 41, ss. 43, 141.

**Limitation periods for appeals to Supreme Court of Canada**

**37.2** Notwithstanding any other Act of Parliament,

**(a)** an application for leave to appeal to the Supreme Court of Canada from a judgment made under subsection 37.1(1) shall be made within 10 days after the date of the judgment appealed from or within any further time that the court having jurisdiction to grant leave to appeal considers appropriate in the circumstances; and

**(b)** if leave to appeal is granted, the appeal shall be brought in the manner set out in subsection 60(1) of the *Supreme Court Act* but within the time specified by the court that grants leave.

2001, c. 41, s. 43.

**37.21** [Repealed, 2004, c. 12, s. 18]

**Facteurs pertinents**

**(9)** Pour l'application du paragraphe (8), le tribunal saisi au titre des paragraphes (2) ou (3) prend en compte tous les facteurs qui seraient pertinents pour statuer sur l'admissibilité en preuve devant le tribunal, l'organisme ou la personne.

L.R. (1985), ch. C-5, art. 37; 2001, ch. 41, art. 43 et 140; 2002, ch. 8, art. 183; 2013, ch. 9, art. 17(A).

**Appels devant les tribunaux d'appel**

**37.1 (1)** L'appel d'une décision rendue en vertu des paragraphes 37(4.1) à (6) se fait :

**a)** devant la Cour d'appel fédérale, s'agissant d'une décision de la Cour fédérale;

**b)** devant la cour d'appel d'une province, s'agissant d'une décision de la division ou du tribunal de première instance d'une cour supérieure d'une province.

**Délai d'appel**

**(2)** Le délai dans lequel l'appel prévu au paragraphe (1) peut être interjeté est de dix jours suivant la date de la décision frappée d'appel, mais le tribunal d'appel peut le proroger s'il l'estime indiqué dans les circonstances.

2001, ch. 41, art. 43 et 141.

**Délai de demande d'autorisation d'en appeler à la Cour suprême du Canada**

**37.2** Nonobstant toute autre loi fédérale :

**a)** le délai de demande d'autorisation d'en appeler à la Cour suprême du Canada du jugement rendu au titre du paragraphe 37.1(1) est de dix jours suivant ce jugement, mais le tribunal compétent pour autoriser l'appel peut proroger ce délai s'il l'estime indiqué dans les circonstances;

**b)** dans le cas où l'autorisation est accordée, l'appel est interjeté conformément au paragraphe 60(1) de la *Loi sur la Cour suprême*, mais le délai qui s'applique est celui que fixe le tribunal ayant autorisé l'appel.

2001, ch. 41, art. 43.

**37.21** [Abrogé, 2004, ch. 12, art. 18]

**Protection of right to a fair trial**

**37.3 (1)** A judge presiding at a criminal trial or other criminal proceeding may make any order that he or she considers appropriate in the circumstances to protect the right of the accused to a fair trial, as long as that order complies with the terms of any order made under any of subsections 37(4.1) to (6) in relation to that trial or proceeding or any judgment made on appeal of an order made under any of those subsections.

**Protection du droit à un procès équitable**

**37.3 (1)** Le juge qui préside un procès criminel ou une autre instance criminelle peut rendre l'ordonnance qu'il estime indiquée dans les circonstances en vue de protéger le droit de l'accusé à un procès équitable, pourvu que telle ordonnance soit conforme à une ordonnance rendue au titre de l'un des paragraphes 37(4.1) à (6) relativement à ce procès ou à cette instance ou à la décision en appel portant sur une ordonnance rendue au titre de l'un ou l'autre de ces paragraphes.

**Potential orders**

**(2)** The orders that may be made under subsection (1) include, but are not limited to, the following orders:

**(a)** an order dismissing specified counts of the indictment or information, or permitting the indictment or information to proceed only in respect of a lesser or included offence;

**(b)** an order effecting a stay of the proceedings; and

**(c)** an order finding against any party on any issue relating to information the disclosure of which is prohibited.

2001, c. 41, s. 43; 2015, c. 3, s. 14(F).

**Ordonnances éventuelles**

**(2)** L'ordonnance rendue au titre du paragraphe (1) peut notamment :

**a)** annuler un chef d'accusation d'un acte d'accusation ou d'une dénonciation, ou autoriser l'instruction d'un chef d'accusation ou d'une dénonciation pour une infraction moins grave ou une infraction incluse;

**b)** ordonner l'arrêt des procédures;

**c)** être rendue à l'encontre de toute partie sur toute question liée aux renseignements dont la divulgation est interdite.

2001, ch. 41, art. 43; 2015, ch. 3, art. 14(F).

# International Relations and National Defence and National Security

# Relations internationales et défense et sécurité nationales

**Definitions**

**38** The following definitions apply in this section and in sections 38.01 to 38.15.

*judge* means the Chief Justice of the Federal Court or a judge of that Court designated by the Chief Justice to conduct hearings under section 38.04. (*juge*)

*participant* means a person who, in connection with a proceeding, is required to disclose, or expects to disclose or cause the disclosure of, information. (*participant*)

*potentially injurious information* means information of a type that, if it were disclosed to the public, could injure international relations or national defence or national security. (*renseignements potentiellement préjudiciables*)

*proceeding* means a proceeding before a court, person or body with jurisdiction to compel the production of information. (*instance*)

*prosecutor* means an agent of the Attorney General of Canada or of the Attorney General of a province, the

**Définitions**

**38** Les définitions qui suivent s'appliquent au présent article et aux articles 38.01 à 38.15.

*instance* Procédure devant un tribunal, un organisme ou une personne ayant le pouvoir de contraindre la production de renseignements. (*proceeding*)

*juge* Le juge en chef de la Cour fédérale ou le juge de ce tribunal désigné par le juge en chef pour statuer sur les questions dont est saisi le tribunal en application de l'article 38.04. (*judge*)

*participant* Personne qui, dans le cadre d'une instance, est tenue de divulguer ou prévoit de divulguer ou de faire divulguer des renseignements. (*participant*)

*poursuivant* Représentant du procureur général du Canada ou du procureur général d'une province, particulier qui agit à titre de poursuivant dans le cadre d'une instance ou le directeur des poursuites militaires, au sens de la *Loi sur la défense nationale*. (*prosecutor*)

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 36 of 65

Canada Evidence
Part I
International Relations and National Defence and National Security
**Sections 38-38.01**

Preuve au Canada
Partie I
Relations internationales et défense et sécurité nationales
**Articles 38-38.01**

Director of Military Prosecutions under the *National Defence Act* or an individual who acts as a prosecutor in a proceeding. (*poursuivant*)

**sensitive information**  means information relating to international relations or national defence or national security that is in the possession of the Government of Canada, whether originating from inside or outside Canada, and is of a type that the Government of Canada is taking measures to safeguard. (*renseignements sensibles*)

R.S., 1985, c. C-5, s. 38; 2001, c. 41, ss. 43, 141; 2013, c. 9, s. 18(F).

### Notice to Attorney General of Canada

**38.01 (1)** Every participant who, in connection with a proceeding, is required to disclose, or expects to disclose or cause the disclosure of, information that the participant believes is sensitive information or potentially injurious information shall, as soon as possible, notify the Attorney General of Canada in writing of the possibility of the disclosure, and of the nature, date and place of the proceeding.

### During a proceeding

**(2)** Every participant who believes that sensitive information or potentially injurious information is about to be disclosed, whether by the participant or another person, in the course of a proceeding shall raise the matter with the person presiding at the proceeding and notify the Attorney General of Canada in writing of the matter as soon as possible, whether or not notice has been given under subsection (1). In such circumstances, the person presiding at the proceeding shall ensure that the information is not disclosed other than in accordance with this Act.

### Notice of disclosure from official

**(3)** An official, other than a participant, who believes that sensitive information or potentially injurious information may be disclosed in connection with a proceeding may notify the Attorney General of Canada in writing of the possibility of the disclosure, and of the nature, date and place of the proceeding.

### During a proceeding

**(4)** An official, other than a participant, who believes that sensitive information or potentially injurious information is about to be disclosed in the course of a proceeding may raise the matter with the person presiding at the proceeding. If the official raises the matter, he or she shall notify the Attorney General of Canada in writing of

**renseignements potentiellement préjudiciables**  Les renseignements qui, s'ils sont divulgués, sont susceptibles de porter préjudice aux relations internationales ou à la défense ou à la sécurité nationales. (*potentially injurious information*)

**renseignements sensibles**  Les renseignements, en provenance du Canada ou de l'étranger, qui concernent les relations internationales ou la défense ou la sécurité nationales, qui se trouvent en la possession du gouvernement du Canada et qui sont du type des renseignements à l'égard desquels celui-ci prend des mesures de protection. (*sensitive information*)

L.R. (1985), ch. C-5, art. 38; 2001, ch. 41, art. 43 et 141; 2013, ch. 9, art. 18(F).

### Avis au procureur général du Canada

**38.01 (1)** Tout participant qui, dans le cadre d'une instance, est tenu de divulguer ou prévoit de divulguer ou de faire divulguer des renseignements dont il croit qu'il s'agit de renseignements sensibles ou de renseignements potentiellement préjudiciables est tenu d'aviser par écrit, dès que possible, le procureur général du Canada de la possibilité de divulgation et de préciser dans l'avis la nature, la date et le lieu de l'instance.

### Au cours d'une instance

**(2)** Tout participant qui croit que des renseignements sensibles ou des renseignements potentiellement préjudiciables sont sur le point d'être divulgués par lui ou par une autre personne au cours d'une instance est tenu de soulever la question devant la personne qui préside l'instance et d'aviser par écrit le procureur général du Canada de la question dès que possible, que ces renseignements aient fait ou non l'objet de l'avis prévu au paragraphe (1). Le cas échéant, la personne qui préside l'instance veille à ce que les renseignements ne soient pas divulgués, sauf en conformité avec la présente loi.

### Avis par un fonctionnaire

**(3)** Le fonctionnaire — à l'exclusion d'un participant — qui croit que peuvent être divulgués dans le cadre d'une instance des renseignements sensibles ou des renseignements potentiellement préjudiciables peut aviser par écrit le procureur général du Canada de la possibilité de divulgation; le cas échéant, l'avis précise la nature, la date et le lieu de l'instance.

### Au cours d'une instance

**(4)** Le fonctionnaire — à l'exclusion d'un participant — qui croit que des renseignements sensibles ou des renseignements potentiellement préjudiciables sont sur le point d'être divulgués au cours d'une instance peut soulever la question devant la personne qui préside l'instance; le cas échéant, il est tenu d'aviser par écrit le procureur

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Section 38.01**

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Article 38.01**

the matter as soon as possible, whether or not notice has been given under subsection (3), and the person presiding at the proceeding shall ensure that the information is not disclosed other than in accordance with this Act.

### Military proceedings

**(5)** In the case of a proceeding under Part III of the *National Defence Act*, notice under any of subsections (1) to (4) shall be given to both the Attorney General of Canada and the Minister of National Defence.

### Exception

**(6)** This section does not apply when

(a) the information is disclosed by a person to their solicitor in connection with a proceeding, if the information is relevant to that proceeding;

(b) the information is disclosed to enable the Attorney General of Canada, the Minister of National Defence, a judge or a court hearing an appeal from, or a review of, an order of the judge to discharge their responsibilities under section 38, this section and sections 38.02 to 38.13, 38.15 and 38.16;

(c) disclosure of the information is authorized by the government institution in which or for which the information was produced or, if the information was not produced in or for a government institution, the government institution in which it was first received; or

(d) the information is disclosed to an entity and, where applicable, for a purpose listed in the schedule.

### Exception

**(7)** Subsections (1) and (2) do not apply to a participant if a government institution referred to in paragraph (6)(c) advises the participant that it is not necessary, in order to prevent disclosure of the information referred to in that paragraph, to give notice to the Attorney General of Canada under subsection (1) or to raise the matter with the person presiding under subsection (2).

### Schedule

**(8)** The Governor in Council may, by order, add to or delete from the schedule a reference to any entity or purpose, or amend such a reference.

2001, c. 41, s. 43.

### Instances militaires

**(5)** Dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, les avis prévus à l'un des paragraphes (1) à (4) sont donnés à la fois au procureur général du Canada et au ministre de la Défense nationale.

### Exception

**(6)** Le présent article ne s'applique pas :

a) à la communication de renseignements par une personne à son avocat dans le cadre d'une instance, si ceux-ci concernent l'instance;

b) aux renseignements communiqués dans le cadre de l'exercice des attributions du procureur général du Canada, du ministre de la Défense nationale, du juge ou d'un tribunal d'appel ou d'examen au titre de l'article 38, du présent article, des articles 38.02 à 38.13 ou des articles 38.15 ou 38.16;

c) aux renseignements dont la divulgation est autorisée par l'institution fédérale qui les a produits ou pour laquelle ils ont été produits ou, dans le cas où ils n'ont pas été produits par ou pour une institution fédérale, par la première institution fédérale à les avoir reçus;

d) aux renseignements divulgués auprès de toute entité mentionnée à l'annexe et, le cas échéant, à une application figurant en regard d'une telle entité.

### Exception

**(7)** Les paragraphes (1) et (2) ne s'appliquent pas au participant si une institution gouvernementale visée à l'alinéa (6)c) l'informe qu'il n'est pas nécessaire, afin d'éviter la divulgation des renseignements visés à cet alinéa, de donner un avis au procureur général du Canada au titre du paragraphe (1) ou de soulever la question devant la personne présidant une instance au titre du paragraphe (2).

### Annexe

**(8)** Le gouverneur en conseil peut, par décret, ajouter, modifier ou supprimer la mention, à l'annexe, d'une entité ou d'une application figurant en regard d'une telle entité.

2001, ch. 41, art. 43.

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Sections 38.02-38.03**

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Articles 38.02-38.03**

**Disclosure prohibited**

**38.02 (1)** Subject to subsection 38.01(6), no person shall disclose in connection with a proceeding

**(a)** information about which notice is given under any of subsections 38.01(1) to (4);

**(b)** the fact that notice is given to the Attorney General of Canada under any of subsections 38.01(1) to (4), or to the Attorney General of Canada and the Minister of National Defence under subsection 38.01(5);

**(c)** the fact that an application is made to the Federal Court under section 38.04 or that an appeal or review of an order made under any of subsections 38.06(1) to (3) in connection with the application is instituted; or

**(d)** the fact that an agreement is entered into under section 38.031 or subsection 38.04(6).

**Entities**

**(1.1)** When an entity listed in the schedule, for any purpose listed there in relation to that entity, makes a decision or order that would result in the disclosure of sensitive information or potentially injurious information, the entity shall not disclose the information or cause it to be disclosed until notice of intention to disclose the information has been given to the Attorney General of Canada and a period of 10 days has elapsed after notice was given.

**Exceptions**

**(2)** Disclosure of the information or the facts referred to in subsection (1) is not prohibited if

**(a)** the Attorney General of Canada authorizes the disclosure in writing under section 38.03 or by agreement under section 38.031 or subsection 38.04(6); or

**(b)** a judge authorizes the disclosure under subsection 38.06(1) or (2) or a court hearing an appeal from, or a review of, the order of the judge authorizes the disclosure, and either the time provided to appeal the order or judgment has expired or no further appeal is available.

2001, c. 41, ss. 43, 141.

**Authorization by Attorney General of Canada**

**38.03 (1)** The Attorney General of Canada may, at any time and subject to any conditions that he or she considers appropriate, authorize the disclosure of all or part of

**Interdiction de divulgation**

**38.02 (1)** Sous réserve du paragraphe 38.01(6), nul ne peut divulguer, dans le cadre d'une instance :

**a)** les renseignements qui font l'objet d'un avis donné au titre de l'un des paragraphes 38.01(1) à (4);

**b)** le fait qu'un avis est donné au procureur général du Canada au titre de l'un des paragraphes 38.01(1) à (4), ou à ce dernier et au ministre de la Défense nationale au titre du paragraphe 38.01(5);

**c)** le fait qu'une demande a été présentée à la Cour fédérale au titre de l'article 38.04, qu'il a été interjeté appel d'une ordonnance rendue au titre de l'un des paragraphes 38.06(1) à (3) relativement à une telle demande ou qu'une telle ordonnance a été renvoyée pour examen;

**d)** le fait qu'un accord a été conclu au titre de l'article 38.031 ou du paragraphe 38.04(6).

**Entités**

**(1.1)** Dans le cas où une entité mentionnée à l'annexe rend, dans le cadre d'une application qui y est mentionnée en regard de celle-ci, une décision ou une ordonnance qui entraînerait la divulgation de renseignements sensibles ou de renseignements potentiellement préjudiciables, elle ne peut les divulguer ou les faire divulguer avant que le procureur général du Canada ait été avisé de ce fait et qu'il se soit écoulé un délai de dix jours postérieur à l'avis.

**Exceptions**

**(2)** La divulgation des renseignements ou des faits visés au paragraphe (1) n'est pas interdite :

**a)** si le procureur général du Canada l'autorise par écrit au titre de l'article 38.03 ou par un accord conclu en application de l'article 38.031 ou du paragraphe 38.04(6);

**b)** si le juge l'autorise au titre de l'un des paragraphes 38.06(1) ou (2) et que le délai prévu ou accordé pour en appeler a expiré ou, en cas d'appel ou de renvoi pour examen, sa décision est confirmée et les recours en appel sont épuisés.

2001, ch. 41, art. 43 et 141.

**Autorisation de divulgation par le procureur général du Canada**

**38.03 (1)** Le procureur général du Canada peut, à tout moment, autoriser la divulgation de tout ou partie des

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Sections 38.03-38.04**

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Articles 38.03-38.04**

the information and facts the disclosure of which is prohibited under subsection 38.02(1).

### Military proceedings

**(2)** In the case of a proceeding under Part III of the *National Defence Act*, the Attorney General of Canada may authorize disclosure only with the agreement of the Minister of National Defence.

### Notice

**(3)** The Attorney General of Canada shall, within 10 days after the day on which he or she first receives a notice about information under any of subsections 38.01(1) to (4), notify in writing every person who provided notice under section 38.01 about that information of his or her decision with respect to disclosure of the information.

2001, c. 41, s. 43.

### Disclosure agreement

**38.031 (1)** The Attorney General of Canada and a person who has given notice under subsection 38.01(1) or (2) and is not required to disclose information but wishes, in connection with a proceeding, to disclose any facts referred to in paragraphs 38.02(1)(b) to (d) or information about which he or she gave the notice, or to cause that disclosure, may, before the person applies to the Federal Court under paragraph 38.04(2)(c), enter into an agreement that permits the disclosure of part of the facts or information or disclosure of the facts or information subject to conditions.

### No application to Federal Court

**(2)** If an agreement is entered into under subsection (1), the person may not apply to the Federal Court under paragraph 38.04(2)(c) with respect to the information about which he or she gave notice to the Attorney General of Canada under subsection 38.01(1) or (2).

2001, c. 41, ss. 43, 141.

### Application to Federal Court — Attorney General of Canada

**38.04 (1)** The Attorney General of Canada may, at any time and in any circumstances, apply to the Federal Court for an order with respect to the disclosure of information about which notice was given under any of subsections 38.01(1) to (4).

### Application to Federal Court — general

**(2)** If, with respect to information about which notice was given under any of subsections 38.01(1) to (4), the Attorney General of Canada does not provide notice of a decision in accordance with subsection 38.03(3) or, other

renseignements ou des faits dont la divulgation est interdite par le paragraphe 38.02(1) et assortir son autorisation des conditions qu'il estime indiquées.

### Instances militaires

**(2)** Dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, le procureur général du Canada ne peut autoriser la divulgation qu'avec l'assentiment du ministre de la Défense nationale.

### Notification

**(3)** Dans les dix jours suivant la réception du premier avis donné au titre de l'un des paragraphes 38.01(1) à (4) relativement à des renseignements donnés, le procureur général du Canada notifie par écrit sa décision relative à la divulgation de ces renseignements à toutes les personnes qui ont donné un tel avis.

2001, ch. 41, art. 43.

### Accord de divulgation

**38.031 (1)** Le procureur général du Canada et la personne ayant donné l'avis prévu aux paragraphes 38.01(1) ou (2) qui n'a pas l'obligation de divulguer des renseignements dans le cadre d'une instance, mais veut divulguer ou faire divulguer les renseignements qui ont fait l'objet de l'avis ou les faits visés aux alinéas 38.02(1)b) à d), peuvent, avant que cette personne présente une demande à la Cour fédérale au titre de l'alinéa 38.04(2)c), conclure un accord prévoyant la divulgation d'une partie des renseignements ou des faits ou leur divulgation assortie de conditions.

### Exclusion de la demande à la Cour fédérale

**(2)** Si un accord est conclu, la personne ne peut présenter de demande à la Cour fédérale au titre de l'alinéa 38.04(2)c) relativement aux renseignements ayant fait l'objet de l'avis qu'elle a donné au procureur général du Canada au titre des paragraphes 38.01(1) ou (2).

2001, ch. 41, art. 43 et 141.

### Demande à la Cour fédérale : procureur général du Canada

**38.04 (1)** Le procureur général du Canada peut, à tout moment et en toutes circonstances, demander à la Cour fédérale de rendre une ordonnance portant sur la divulgation de renseignements à l'égard desquels il a reçu un avis au titre de l'un des paragraphes 38.01(1) à (4).

### Demande à la Cour fédérale : dispositions générales

**(2)** Si, en ce qui concerne des renseignements à l'égard desquels il a reçu un avis au titre de l'un des paragraphes 38.01(1) à (4), le procureur général du Canada n'a pas notifié sa décision à l'auteur de l'avis en conformité avec le

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 40 of 65

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Section 38.04**

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Article 38.04**

than by an agreement under section 38.031, does not authorize the disclosure of the information or authorizes the disclosure of only part of the information or authorizes the disclosure subject to any conditions,

**(a)** the Attorney General of Canada shall apply to the Federal Court for an order with respect to disclosure of the information if a person who gave notice under subsection 38.01(1) or (2) is a witness;

**(b)** a person, other than a witness, who is required to disclose information in connection with a proceeding shall apply to the Federal Court for an order with respect to disclosure of the information; and

**(c)** a person who is not required to disclose information in connection with a proceeding but who wishes to disclose it or to cause its disclosure may apply to the Federal Court for an order with respect to disclosure of the information.

**Notice to Attorney General of Canada**

**(3)** A person who applies to the Federal Court under paragraph (2)(b) or (c) shall provide notice of the application to the Attorney General of Canada.

**Court records**

**(4)** Subject to paragraph (5)(a.1), an application under this section is confidential. During the period when an application is confidential, the Chief Administrator of the Courts Administration Service may, subject to section 38.12, take any measure that he or she considers appropriate to protect the confidentiality of the application and the information to which it relates.

**Procedure**

**(5)** As soon as the Federal Court is seized of an application under this section, the judge

**(a)** shall hear the representations of the Attorney General of Canada and, in the case of a proceeding under Part III of the *National Defence Act*, the Minister of National Defence, with respect to making the application public;

**(a.1)** shall, if he or she decides that the application should be made public, make an order to that effect;

**(a.2)** shall hear the representations of the Attorney General of Canada and, in the case of a proceeding under Part III of the *National Defence Act*, the Minister of National Defence, concerning the identity of all

paragraphe 38.03(3) ou, sauf un accord conclu au titre de l'article 38.031, n'en a pas autorisé la divulgation des renseignements ou n'en a autorisé la divulgation que d'une partie ou a assorti de conditions son autorisation de divulgation :

**a)** il est tenu de demander à la Cour fédérale de rendre une ordonnance concernant la divulgation des renseignements si la personne qui l'a avisé au titre des paragraphes 38.01(1) ou (2) est un témoin;

**b)** la personne — à l'exclusion d'un témoin — qui a l'obligation de divulguer des renseignements dans le cadre d'une instance est tenue de demander à la Cour fédérale de rendre une ordonnance concernant la divulgation des renseignements;

**c)** la personne qui n'a pas l'obligation de divulguer des renseignements dans le cadre d'une instance, mais qui veut en divulguer ou en faire divulguer, peut demander à la Cour fédérale de rendre une ordonnance concernant la divulgation des renseignements.

**Notification du procureur général**

**(3)** La personne qui présente une demande à la Cour fédérale au titre des alinéas (2)b) ou c) en notifie le procureur général du Canada.

**Dossier du tribunal**

**(4)** Sous réserve de l'alinéa (5)a.1), toute demande présentée en application du présent article est confidentielle. Pendant la période durant laquelle la demande est confidentielle, l'administrateur en chef du Service administratif des tribunaux judiciaires peut, sous réserve de l'article 38.12, prendre les mesures qu'il estime indiquées en vue d'assurer la confidentialité de la demande et des renseignements sur lesquels elle porte.

**Procédure**

**(5)** Dès que la Cour fédérale est saisie d'une demande présentée au titre du présent article, le juge :

**a)** entend les observations du procureur général du Canada — et du ministre de la Défense nationale dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale* — sur l'opportunité de rendre publique la demande;

**a.1)** s'il estime que la demande devrait être rendue publique, ordonne qu'elle le soit;

**a.2)** entend les observations du procureur général du Canada — et du ministre de la Défense nationale dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale* — sur

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Section** 38.04

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Article** 38.04

parties or witnesses whose interests may be affected by either the prohibition of disclosure or the conditions to which disclosure is subject, and concerning the persons who should be given notice of any hearing of the matter;

**(b)** shall decide whether it is necessary to hold any hearing of the matter;

**(c)** if he or she decides that a hearing should be held, shall

    **(i)** determine who should be given notice of the hearing,

    **(ii)** order the Attorney General of Canada to notify those persons, and

    **(iii)** determine the content and form of the notice; and

**(d)** if he or she considers it appropriate in the circumstances, may give any person the opportunity to make representations.

### Disclosure agreement

**(6)** After the Federal Court is seized of an application made under paragraph (2)(c) or, in the case of an appeal from, or a review of, an order of the judge made under any of subsections 38.06(1) to (3) in connection with that application, before the appeal or review is disposed of,

    **(a)** the Attorney General of Canada and the person who made the application may enter into an agreement that permits the disclosure of part of the facts referred to in paragraphs 38.02(1)(b) to (d) or part of the information or disclosure of the facts or information subject to conditions; and

    **(b)** if an agreement is entered into, the Court's consideration of the application or any hearing, review or appeal shall be terminated.

### Termination of Court consideration, hearing, review or appeal

**(7)** Subject to subsection (6), after the Federal Court is seized of an application made under this section or, in the case of an appeal from, or a review of, an order of the judge made under any of subsections 38.06(1) to (3), before the appeal or review is disposed of, if the Attorney General of Canada authorizes the disclosure of all or part of the information or withdraws conditions to which the

l'identité des parties ou des témoins dont les intérêts sont touchés par l'interdiction de divulgation ou les conditions dont l'autorisation de divulgation est assortie et sur les personnes qui devraient être avisées de la tenue d'une audience;

**b)** décide s'il est nécessaire de tenir une audience;

**c)** s'il estime qu'une audience est nécessaire :

    **(i)** spécifie les personnes qui devraient en être avisées,

    **(ii)** ordonne au procureur général du Canada de les aviser,

    **(iii)** détermine le contenu et les modalités de l'avis;

**d)** s'il l'estime indiqué en l'espèce, peut donner à quiconque la possibilité de présenter des observations.

### Accord de divulgation

**(6)** Après la saisine de la Cour fédérale d'une demande présentée au titre de l'alinéa (2)c) ou l'institution d'un appel ou le renvoi pour examen d'une ordonnance du juge rendue en vertu de l'un des paragraphes 38.06(1) à (3) relativement à cette demande, et avant qu'il soit disposé de l'appel ou de l'examen :

    **a)** le procureur général du Canada peut conclure avec l'auteur de la demande un accord prévoyant la divulgation d'une partie des renseignements ou des faits visés aux alinéas 38.02(1)b) à d) ou leur divulgation assortie de conditions;

    **b)** si un accord est conclu, le tribunal n'est plus saisi de la demande et il est mis fin à l'audience, à l'appel ou à l'examen.

### Fin de l'examen judiciaire

**(7)** Sous réserve du paragraphe (6), si le procureur général du Canada autorise la divulgation de tout ou partie des renseignements ou supprime les conditions dont la divulgation est assortie après la saisine de la Cour fédérale aux termes du présent article et, en cas d'appel ou d'examen d'une ordonnance du juge rendue en vertu de l'un des paragraphes 38.06(1) à (3), avant qu'il en soit disposé, le tribunal n'est plus saisi de la demande et il est mis fin à l'audience, à l'appel ou à l'examen à l'égard de

Case 4:20-cv-02123   Document 81-5   Filed on 10/25/21 in TXSD   Page 42 of 65

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Sections 38.04-38.06**

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Articles 38.04-38.06**

disclosure is subject, the Court's consideration of the application or any hearing, appeal or review shall be terminated in relation to that information, to the extent of the authorization or the withdrawal.

2001, c. 41, ss. 43, 141; 2013, c. 9, s. 19.

### Report relating to proceedings

**38.05** If he or she receives notice of a hearing under paragraph 38.04(5)(c), a person presiding or designated to preside at the proceeding to which the information relates or, if no person is designated, the person who has the authority to designate a person to preside may, within 10 days after the day on which he or she receives the notice, provide the judge with a report concerning any matter relating to the proceeding that the person considers may be of assistance to the judge.

2001, c. 41, s. 43.

### Disclosure order

**38.06 (1)** Unless the judge concludes that the disclosure of the information or facts referred to in subsection 38.02(1) would be injurious to international relations or national defence or national security, the judge may, by order, authorize the disclosure of the information or facts.

### Disclosure — conditions

**(2)** If the judge concludes that the disclosure of the information or facts would be injurious to international relations or national defence or national security but that the public interest in disclosure outweighs in importance the public interest in non-disclosure, the judge may by order, after considering both the public interest in disclosure and the form of and conditions to disclosure that are most likely to limit any injury to international relations or national defence or national security resulting from disclosure, authorize the disclosure, subject to any conditions that the judge considers appropriate, of all or part of the information or facts, a summary of the information or a written admission of facts relating to the information.

### Order confirming prohibition

**(3)** If the judge does not authorize disclosure under subsection (1) or (2), the judge shall, by order, confirm the prohibition of disclosure.

### When determination takes effect

**(3.01)** An order of the judge that authorizes disclosure does not take effect until the time provided or granted to appeal the order has expired or, if the order is appealed, the time provided or granted to appeal a judgment of an appeal court that confirms the order has expired and no

tels des renseignements dont la divulgation est autorisée ou n'est plus assortie de conditions.

2001, ch. 41, art. 43 et 141; 2013, ch. 9, art. 19.

### Rapport sur l'instance

**38.05** Si la personne qui préside ou est désignée pour présider l'instance à laquelle est liée l'affaire ou, à défaut de désignation, la personne qui est habilitée à effectuer la désignation reçoit l'avis visé à l'alinéa 38.04(5)c), elle peut, dans les dix jours, fournir au juge un rapport sur toute question relative à l'instance qu'elle estime utile à celui-ci.

2001, ch. 41, art. 43.

### Ordonnance de divulgation

**38.06 (1)** Le juge peut rendre une ordonnance autorisant la divulgation des renseignements ou des faits visés au paragraphe 38.02(1), sauf s'il conclut qu'elle porterait préjudice aux relations internationales ou à la défense ou à la sécurité nationales.

### Divulgation avec conditions

**(2)** Si le juge conclut que la divulgation des renseignements ou des faits porterait préjudice aux relations internationales ou à la défense ou à la sécurité nationales, mais que les raisons d'intérêt public qui justifient la divulgation l'emportent sur les raisons d'intérêt public qui justifient la non-divulgation, il peut par ordonnance, compte tenu des raisons d'intérêt public qui justifient la divulgation ainsi que de la forme et des conditions de divulgation les plus susceptibles de limiter le préjudice porté aux relations internationales ou à la défense ou à la sécurité nationales, autoriser, sous réserve des conditions qu'il estime indiquées, la divulgation de tout ou partie des renseignements ou des faits, d'un résumé des renseignements ou d'un aveu écrit des faits qui y sont liés.

### Confirmation de l'interdiction

**(3)** Dans le cas où le juge n'autorise pas la divulgation au titre des paragraphes (1) ou (2), il rend une ordonnance confirmant l'interdiction de divulgation.

### Prise d'effet de la décision

**(3.01)** L'ordonnance de divulgation prend effet après l'expiration du délai prévu ou accordé pour en appeler ou, en cas d'appel, après sa confirmation et l'épuisement des recours en appel.

further appeal from a judgment that confirms the order is available.

### Evidence

**(3.1)** The judge may receive into evidence anything that, in the opinion of the judge, is reliable and appropriate, even if it would not otherwise be admissible under Canadian law, and may base his or her decision on that evidence.

### Introduction into evidence

**(4)** A person who wishes to introduce into evidence material the disclosure of which is authorized under subsection (2) but who may not be able to do so in a proceeding by reason of the rules of admissibility that apply in the proceeding may request from a judge an order permitting the introduction into evidence of the material in a form or subject to any conditions fixed by that judge, as long as that form and those conditions comply with the order made under subsection (2).

### Relevant factors

**(5)** For the purpose of subsection (4), the judge shall consider all the factors that would be relevant for a determination of admissibility in the proceeding.

2001, c. 41, s. 43; 2013, c. 9, s. 20.

### Notice of order

**38.07** The judge may order the Attorney General of Canada to give notice of an order made under any of subsections 38.06(1) to (3) to any person who, in the opinion of the judge, should be notified.

2001, c. 41, s. 43.

### Automatic review

**38.08** If the judge determines that a party to the proceeding whose interests are adversely affected by an order made under any of subsections 38.06(1) to (3) was not given the opportunity to make representations under paragraph 38.04(5)(d), the judge shall refer the order to the Federal Court of Appeal for review.

2001, c. 41, s. 43.

### Appeal to Federal Court of Appeal

**38.09 (1)** An order made under any of subsections 38.06(1) to (3) may be appealed to the Federal Court of Appeal.

### Limitation period for appeal

**(2)** An appeal shall be brought within 10 days after the day on which the order is made or within any further

### Preuve

**(3.1)** Le juge peut recevoir et admettre en preuve tout élément qu'il estime digne de foi et approprié — même si le droit canadien ne prévoit pas par ailleurs son admissibilité — et peut fonder sa décision sur cet élément.

### Admissibilité en preuve

**(4)** La personne qui veut faire admettre en preuve ce qui a fait l'objet d'une autorisation de divulgation prévue au paragraphe (2), mais qui ne pourra peut-être pas le faire à cause des règles d'admissibilité applicables à l'instance, peut demander à un juge de rendre une ordonnance autorisant la production en preuve du fait, des renseignements, du résumé ou de l'aveu dans la forme ou aux conditions que celui-ci détermine, dans la mesure où telle forme ou telles conditions sont conformes à l'ordonnance rendue au titre du paragraphe (2).

### Facteurs pertinents

**(5)** Pour l'application du paragraphe (4), le juge prend en compte tous les facteurs qui seraient pertinents pour statuer sur l'admissibilité en preuve au cours de l'instance.

2001, ch. 41, art. 43; 2013, ch. 9, art. 20.

### Avis de la décision

**38.07** Le juge peut ordonner au procureur général du Canada d'aviser de l'ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) toute personne qui, de l'avis du juge, devrait être avisée.

2001, ch. 41, art. 43.

### Examen automatique

**38.08** Si le juge conclut qu'une partie à l'instance dont les intérêts sont lésés par une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) n'a pas eu la possibilité de présenter ses observations au titre de l'alinéa 38.04(5)d), il renvoie l'ordonnance à la Cour d'appel fédérale pour examen.

2001, ch. 41, art. 43.

### Appel à la Cour d'appel fédérale

**38.09 (1)** Il peut être interjeté appel d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) devant la Cour d'appel fédérale.

### Délai

**(2)** Le délai dans lequel l'appel peut être interjeté est de dix jours suivant la date de l'ordonnance frappée d'appel,

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Sections 38.09-38.11**

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Articles 38.09-38.11**

time that the Court considers appropriate in the circumstances.

2001, c. 41, s. 43.

### Limitation periods for appeals to Supreme Court of Canada

**38.1** Notwithstanding any other Act of Parliament,

**(a)** an application for leave to appeal to the Supreme Court of Canada from a judgment made on appeal shall be made within 10 days after the day on which the judgment appealed from is made or within any further time that the Supreme Court of Canada considers appropriate in the circumstances; and

**(b)** if leave to appeal is granted, the appeal shall be brought in the manner set out in subsection 60(1) of the *Supreme Court Act* but within the time specified by the Supreme Court of Canada.

2001, c. 41, s. 43.

### Special rules — hearing in private

**38.11 (1)** The judge conducting a hearing under subsection 38.04(5) or the court hearing an appeal or review of an order made under any of subsections 38.06(1) to (3) may make an order that the hearing be held, or the appeal or review be heard, in private.

### Special rules — hearing in National Capital Region

**(1.1)** A hearing under subsection 38.04(5) or an appeal or review of an order made under any of subsections 38.06(1) to (3) shall, at the request of either the Attorney General of Canada or, in the case of a proceeding under Part III of the *National Defence Act*, the Minister of National Defence, be held or heard, as the case may be, in the National Capital Region, as described in the schedule to the *National Capital Act*.

### *Ex parte* representations

**(2)** The judge conducting a hearing under subsection 38.04(5) or the court hearing an appeal or review of an order made under any of subsections 38.06(1) to (3) may give any person who makes representations under paragraph 38.04(5)(d), and shall give the Attorney General of Canada and, in the case of a proceeding under Part III of the *National Defence Act*, the Minister of National Defence, the opportunity to make representations *ex parte*.

mais la Cour d'appel fédérale peut le proroger si elle l'estime indiqué en l'espèce.

2001, ch. 41, art. 43.

### Délai de demande d'autorisation d'en appeler à la Cour suprême du Canada

**38.1** Malgré toute autre loi fédérale :

**a)** le délai de demande d'autorisation d'en appeler à la Cour suprême du Canada est de dix jours suivant le jugement frappé d'appel, mais ce tribunal peut proroger le délai s'il l'estime indiqué en l'espèce;

**b)** dans les cas où l'autorisation est accordée, l'appel est interjeté conformément au paragraphe 60(1) de la *Loi sur la Cour suprême*, mais le délai qui s'applique est celui qu'a fixé la Cour suprême du Canada.

2001, ch. 41, art. 43.

### Règles spéciales : audience à huis clos

**38.11 (1)** Le juge saisi d'une affaire au titre du paragraphe 38.04(5) ou le tribunal saisi de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) peut ordonner que l'audience, l'appel ou l'examen soit tenu à huis clos.

### Règles spéciales : audience dans la région de la capitale nationale

**(1.1)** À la demande soit du procureur général du Canada, soit du ministre de la Défense nationale dans le cas des instances engagées sous le régime de la partie III de la *Loi sur la défense nationale*, l'audience prévue au paragraphe 38.04(5) et l'audition de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) ont lieu dans la région de la capitale nationale définie à l'annexe de la *Loi sur la capitale nationale*.

### Présentation d'arguments en l'absence d'autres parties

**(2)** Le juge saisi d'une affaire au titre du paragraphe 38.04(5) ou le tribunal saisi de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) donne au procureur général du Canada — et au ministre de la Défense nationale dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale* — la possibilité de présenter ses observations en l'absence d'autres parties. Il peut en faire de même pour les personnes qu'il entend en application de l'alinéa 38.04(5)d).

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Sections 38.11-38.13**

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Articles 38.11-38.13**

### *Ex parte* representations — public hearing

**(3)** If a hearing under subsection 38.04(5) is held, or an appeal or review of an order made under any of subsections 38.06(1) to (3) is heard, in public, any *ex parte* representations made in that hearing, appeal or review shall be made in private.

2001, c. 41, s. 43; 2013, c. 9, s. 21.

### Protective order

**38.12 (1)** The judge conducting a hearing under subsection 38.04(5) or the court hearing an appeal or review of an order made under any of subsections 38.06(1) to (3) may make any order that the judge or the court considers appropriate in the circumstances to protect the confidentiality of any information to which the hearing, appeal or review relates.

### Court records

**(2)** The court records relating to a hearing that is held, or an appeal or review that is heard, in private or to any *ex parte* representations are confidential. The judge or the court may order that the court records, or any part of them, relating to a private or public hearing, appeal or review be sealed and kept in a location to which the public has no access.

2001, c. 41, s. 43; 2013, c. 9, s. 22.

### Certificate of Attorney General of Canada

**38.13 (1)** The Attorney General of Canada may personally issue a certificate that prohibits the disclosure of information in connection with a proceeding for the purpose of protecting information obtained in confidence from, or in relation to, a foreign entity as defined in subsection 2(1) of the *Security of Information Act* or for the purpose of protecting national defence or national security. The certificate may only be issued after an order or decision that would result in the disclosure of the information to be subject to the certificate has been made under this or any other Act of Parliament.

### Military proceedings

**(2)** In the case of a proceeding under Part III of the *National Defence Act*, the Attorney General of Canada may issue the certificate only with the agreement, given personally, of the Minister of National Defence.

### Service of certificate

**(3)** The Attorney General of Canada shall cause a copy of the certificate to be served on

### Observations en l'absence d'autres parties : audience publique

**(3)** Sont faites à huis clos les observations présentées en l'absence d'autres parties lors d'une audience, tenue en public, prévue au paragraphe 38.04(5) ou lors de l'audition, tenue en public, de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3).

2001, ch. 41, art. 43; 2013, ch. 9, art. 21.

### Ordonnance de confidentialité

**38.12 (1)** Le juge saisi d'une affaire au titre du paragraphe 38.04(5) ou le tribunal saisi de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) peut rendre toute ordonnance qu'il estime indiquée en l'espèce en vue de protéger la confidentialité de tout renseignement sur lequel porte l'audience, l'appel ou l'examen.

### Dossier

**(2)** Le dossier ayant trait à l'audience, à l'appel ou à l'examen tenu à huis clos ainsi que celui se rapportant aux observations présentées en l'absence d'autres parties sont confidentiels. Le juge ou le tribunal saisi peut ordonner que tout dossier ou partie d'un dossier ayant trait à une audience, un appel ou un examen tenus à huis clos ou en public soit placé sous scellé et gardé dans un lieu interdit au public.

2001, ch. 41, art. 43; 2013, ch. 9, art. 22.

### Certificat du procureur général du Canada

**38.13 (1)** Le procureur général du Canada peut délivrer personnellement un certificat interdisant la divulgation de renseignements dans le cadre d'une instance dans le but de protéger soit des renseignements obtenus à titre confidentiel d'une entité étrangère — au sens du paragraphe 2(1) de la *Loi sur la protection de l'information* — ou qui concernent une telle entité, soit la défense ou la sécurité nationales. La délivrance ne peut être effectuée qu'après la prise, au titre de la présente loi ou de toute autre loi fédérale, d'une ordonnance ou d'une décision qui entraînerait la divulgation des renseignements devant faire l'objet du certificat.

### Instances militaires

**(2)** Dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, le procureur général du Canada ne peut délivrer de certificat qu'avec l'assentiment du ministre de la Défense nationale donné personnellement par celui-ci.

### Signification

**(3)** Le procureur général du Canada fait signifier une copie du certificat :

**(a)** the person presiding or designated to preside at the proceeding to which the information relates or, if no person is designated, the person who has the authority to designate a person to preside;

**(b)** every party to the proceeding;

**(c)** every person who gives notice under section 38.01 in connection with the proceeding;

**(d)** every person who, in connection with the proceeding, may disclose, is required to disclose or may cause the disclosure of the information about which the Attorney General of Canada has received notice under section 38.01;

**(e)** every party to a hearing under subsection 38.04(5) or to an appeal of an order made under any of subsections 38.06(1) to (3) in relation to the information;

**(f)** the judge who conducts a hearing under subsection 38.04(5) and any court that hears an appeal from, or review of, an order made under any of subsections 38.06(1) to (3) in relation to the information; and

**(g)** any other person who, in the opinion of the Attorney General of Canada, should be served.

**Filing of certificate**

**(4)** The Attorney General of Canada shall cause a copy of the certificate to be filed

**(a)** with the person responsible for the records of the proceeding to which the information relates; and

**(b)** in the Registry of the Federal Court and the registry of any court that hears an appeal from, or review of, an order made under any of subsections 38.06(1) to (3).

**Effect of certificate**

**(5)** If the Attorney General of Canada issues a certificate, then, notwithstanding any other provision of this Act, disclosure of the information shall be prohibited in accordance with the terms of the certificate.

**Statutory Instruments Act does not apply**

**(6)** The *Statutory Instruments Act* does not apply to a certificate issued under subsection (1).

**a)** à la personne qui préside ou est désignée pour présider l'instance à laquelle sont liés les renseignements ou, à défaut de désignation, à la personne qui est habilitée à effectuer la désignation;

**b)** à toute partie à l'instance;

**c)** à toute personne qui donne l'avis prévu à l'article 38.01 dans le cadre de l'instance;

**d)** à toute personne qui, dans le cadre de l'instance, a l'obligation de divulguer ou pourrait divulguer ou faire divulguer les renseignements à l'égard desquels le procureur général du Canada a été avisé en application de l'article 38.01;

**e)** à toute partie aux procédures engagées en application du paragraphe 38.04(5) ou à l'appel d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) en ce qui concerne les renseignements;

**f)** au juge qui tient une audience en application du paragraphe 38.04(5) et à tout tribunal saisi de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) en ce qui concerne les renseignements;

**g)** à toute autre personne à laquelle, de l'avis du procureur général du Canada, une copie du certificat devrait être signifiée.

**Dépôt du certificat**

**(4)** Le procureur général du Canada fait déposer une copie du certificat :

**a)** auprès de la personne responsable des dossiers relatifs à l'instance;

**b)** au greffe de la Cour fédérale et à celui de tout tribunal saisi de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3).

**Effet du certificat**

**(5)** Une fois délivré, le certificat a pour effet, malgré toute autre disposition de la présente loi, d'interdire, selon ses termes, la divulgation des renseignements.

**Exclusion**

**(6)** La *Loi sur les textes réglementaires* ne s'applique pas aux certificats délivrés au titre du paragraphe (1).

### Publication

**(7)** The Attorney General of Canada shall, without delay after a certificate is issued, cause the certificate to be published in the *Canada Gazette*.

### Restriction

**(8)** The certificate and any matters arising out of it are not subject to review or to be restrained, prohibited, removed, set aside or otherwise dealt with, except in accordance with section 38.131.

### Expiry

**(9)** The certificate expires 10 years after the day on which it is issued and may be reissued.

2001, c. 41, s. 43; 2013, c. 9, s. 23.

### Application for review of certificate

**38.131 (1)** A party to the proceeding referred to in section 38.13 may apply to the Federal Court of Appeal for an order varying or cancelling a certificate issued under that section on the grounds referred to in subsection (8) or (9), as the case may be.

### Notice to Attorney General of Canada

**(2)** The applicant shall give notice of the application to the Attorney General of Canada.

### Military proceedings

**(3)** In the case of proceedings under Part III of the *National Defence Act*, notice under subsection (2) shall be given to both the Attorney General of Canada and the Minister of National Defence.

### Single judge

**(4)** Notwithstanding section 16 of the *Federal Court Act*, for the purposes of the application, the Federal Court of Appeal consists of a single judge of that Court.

### Admissible information

**(5)** In considering the application, the judge may receive into evidence anything that, in the opinion of the judge, is reliable and appropriate, even if it would not otherwise be admissible under Canadian law, and may base a determination made under any of subsections (8) to (10) on that evidence.

### Special rules and protective order

**(6)** Sections 38.11 and 38.12 apply, with any necessary modifications, to an application made under subsection (1).

### Publication

**(7)** Dès que le certificat est délivré, le procureur général du Canada le fait publier dans la *Gazette du Canada*.

### Restriction

**(8)** Le certificat ou toute question qui en découle n'est susceptible de révision, de restriction, d'interdiction, d'annulation, de rejet ou de toute autre forme d'intervention que sous le régime de l'article 38.131.

### Durée de validité

**(9)** Le certificat expire dix ans après la date de sa délivrance et peut être délivré de nouveau.

2001, ch. 41, art. 43; 2013, ch. 9, art. 23.

### Demande de révision du certificat

**38.131 (1)** Toute partie à l'instance visée à l'article 38.13 peut demander à la Cour d'appel fédérale de rendre une ordonnance modifiant ou annulant un certificat délivré au titre de cet article pour les motifs mentionnés aux paragraphes (8) ou (9), selon le cas.

### Notification du procureur général du Canada

**(2)** Le demandeur en avise le procureur général du Canada.

### Instance militaire

**(3)** Dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, l'avis prévu au paragraphe (2) est donné à la fois au procureur général du Canada et au ministre de la Défense nationale.

### Juge seul

**(4)** Par dérogation à l'article 16 de la *Loi sur la Cour fédérale*, la Cour d'appel fédérale est constituée d'un seul juge de ce tribunal pour l'étude de la demande.

### Renseignements pertinents

**(5)** Pour l'étude de la demande, le juge peut recevoir et admettre en preuve tout élément qu'il estime digne de foi et approprié — même si le droit canadien ne prévoit pas par ailleurs son admissibilité — et peut se fonder sur cet élément pour rendre sa décision au titre de l'un des paragraphes (8) à (10).

### Règles spéciales et ordonnance de confidentialité

**(6)** Les articles 38.11 et 38.12 s'appliquent, avec les adaptations nécessaires, à la demande présentée au titre du paragraphe (1).

*Canada Evidence*
Part I
International Relations and National Defence and National Security
**Sections 38.131-38.14**

*Preuve au Canada*
Partie I
Relations internationales et défense et sécurité nationales
**Articles 38.131-38.14**

### Expedited consideration

**(7)** The judge shall consider the application as soon as reasonably possible, but not later than 10 days after the application is made under subsection (1).

### Varying the certificate

**(8)** If the judge determines that some of the information subject to the certificate does not relate either to information obtained in confidence from, or in relation to, a foreign entity as defined in subsection 2(1) of the *Security of Information Act*, or to national defence or national security, the judge shall make an order varying the certificate accordingly.

### Cancelling the certificate

**(9)** If the judge determines that none of the information subject to the certificate relates to information obtained in confidence from, or in relation to, a foreign entity as defined in subsection 2(1) of the *Security of Information Act*, or to national defence or national security, the judge shall make an order cancelling the certificate.

### Confirming the certificate

**(10)** If the judge determines that all of the information subject to the certificate relates to information obtained in confidence from, or in relation to, a foreign entity as defined in subsection 2(1) of the *Security of Information Act*, or to national defence or national security, the judge shall make an order confirming the certificate.

### Determination is final

**(11)** Notwithstanding any other Act of Parliament, a determination of a judge under any of subsections (8) to (10) is final and is not subject to review or appeal by any court.

### Publication

**(12)** If a certificate is varied or cancelled under this section, the Attorney General of Canada shall, as soon as possible after the decision of the judge and in a manner that mentions the original publication of the certificate, cause to be published in the *Canada Gazette*

**a)** the certificate as varied under subsection (8); or

**b)** a notice of the cancellation of the certificate under subsection (9).

2001, c. 41, s. 43; 2004, c. 12, s. 19(E).

### Protection of right to a fair trial

**38.14 (1)** The person presiding at a criminal proceeding may make any order that he or she considers appropriate in the circumstances to protect the right of the accused to

### Traitement expéditif

**(7)** Le juge étudie la demande le plus tôt possible, mais au plus tard dans les dix jours suivant la présentation de la demande au titre du paragraphe (1).

### Modification du certificat

**(8)** Si le juge estime qu'une partie des renseignements visés par le certificat n'e porte pas sur des renseignements obtenus à titre confidentiel d'une entité étrangère — au sens du paragraphe 2(1) de la *Loi sur la protection de l'information* — ou qui concernent une telle entité ni sur la défense ou la sécurité nationales, il modifie celui-ci en conséquence par ordonnance.

### Révocation du certificat

**(9)** Si le juge estime qu'aucun renseignement visé par le certificat ne porte sur des renseignements obtenus à titre confidentiel d'une entité étrangère — au sens du paragraphe 2(1) de la *Loi sur la protection de l'information* — ou qui concernent une telle entité, ni sur la défense ou la sécurité nationales, il révoque celui-ci par ordonnance.

### Confirmation du certificat

**(10)** Si le juge estime que tous les renseignements visés par le certificat portent sur des renseignements obtenus à titre confidentiel d'une entité étrangère — au sens du paragraphe 2(1) de la *Loi sur la protection de l'information* — ou qui concernent une telle entité, ou sur la défense ou la sécurité nationales, il confirme celui-ci par ordonnance.

### Caractère définitif de la décision

**(11)** La décision du juge rendue au titre de l'un des paragraphes (8) à (10) est définitive et, par dérogation à toute autre loi fédérale, non susceptible d'appel ni de révision judiciaire.

### Publication

**(12)** Dès que possible après la décision du juge, le procureur général du Canada fait publier dans la *Gazette du Canada*, avec mention du certificat publié antérieurement :

**a)** le certificat modifié au titre du paragraphe (8);

**b)** un avis de la révocation d'un certificat au titre du paragraphe (9).

2001, ch. 41, art. 43; 2004, ch. 12, art. 19(A).

### Protection du droit à un procès équitable

**38.14 (1)** La personne qui préside une instance criminelle peut rendre l'ordonnance qu'elle estime indiquée en l'espèce en vue de protéger le droit de l'accusé à un

a fair trial, as long as that order complies with the terms of any order made under any of subsections 38.06(1) to (3) in relation to that proceeding, any judgment made on appeal from, or review of, the order, or any certificate issued under section 38.13.

**Potential orders**

**(2)** The orders that may be made under subsection (1) include, but are not limited to, the following orders:

**(a)** an order dismissing specified counts of the indictment or information, or permitting the indictment or information to proceed only in respect of a lesser or included offence;

**(b)** an order effecting a stay of the proceedings; and

**(c)** an order finding against any party on any issue relating to information the disclosure of which is prohibited.

2001, c. 41, s. 43.

**Fiat**

**38.15 (1)** If sensitive information or potentially injurious information may be disclosed in connection with a prosecution that is not instituted by the Attorney General of Canada or on his or her behalf, the Attorney General of Canada may issue a fiat and serve the fiat on the prosecutor.

**Effect of fiat**

**(2)** When a fiat is served on a prosecutor, the fiat establishes the exclusive authority of the Attorney General of Canada with respect to the conduct of the prosecution described in the fiat or any related process.

**Fiat filed in court**

**(3)** If a prosecution described in the fiat or any related process is conducted by or on behalf of the Attorney General of Canada, the fiat or a copy of the fiat shall be filed with the court in which the prosecution or process is conducted.

**Fiat constitutes conclusive proof**

**(4)** The fiat or a copy of the fiat

**(a)** is conclusive proof that the prosecution described in the fiat or any related process may be conducted by or on behalf of the Attorney General of Canada; and

**(b)** is admissible in evidence without proof of the signature or official character of the Attorney General of Canada.

procès équitable, pourvu que telle ordonnance soit conforme à une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) relativement à cette instance, a une décision en appel ou découlant de l'examen ou au certificat délivré au titre de l'article 38.13.

**Ordonnances éventuelles**

**(2)** L'ordonnance rendue au titre du paragraphe (1) peut notamment :

**a)** annuler un chef d'accusation d'un acte d'accusation ou d'une dénonciation, ou autoriser l'instruction d'un chef d'accusation ou d'une dénonciation pour une infraction moins grave ou une infraction incluse;

**b)** ordonner l'arrêt des procédures;

**c)** être rendue à l'encontre de toute partie sur toute question liée aux renseignements dont la divulgation est interdite.

2001, ch. 41, art. 43.

**Fiat du procureur général du Canada**

**38.15 (1)** Dans le cas où des renseignements sensibles ou des renseignements potentiellement préjudiciables peuvent être divulgués dans le cadre d'une poursuite qui n'est pas engagée par le procureur général du Canada ou pour son compte, il peut délivrer un fiat et le faire signifier au poursuivant.

**Effet du fiat**

**(2)** Le fiat établit la compétence exclusive du procureur général du Canada à l'égard de la poursuite qui y est mentionnée et des procédures qui y sont liées.

**Dépôt auprès du juge ou du tribunal**

**(3)** L'original ou un double du fiat est déposé devant le tribunal saisi de la poursuite — ou d'une autre procédure liée à celle-ci — engagée par le procureur général du Canada ou pour son compte.

**Preuve**

**(4)** Le fiat ou le double de celui-ci :

**a)** est une preuve concluante que le procureur général du Canada ou son délégué a compétence pour mener la poursuite qui y est mentionnée ou les procédures qui y sont liées;

**b)** est admissible en preuve sans qu'il soit nécessaire de prouver la signature ou la qualité officielle du procureur général du Canada.

**Military proceedings**

**(5)** This section does not apply to a proceeding under Part III of the *National Defence Act*.

2001, c. 41, s. 43.

**Regulations**

**38.16** The Governor in Council may make any regulations that the Governor in Council considers necessary to carry into effect the purposes and provisions of sections 38 to 38.15, including regulations respecting the notices, certificates and the fiat.

2001, c. 41, s. 43.

**Annual report**

**38.17** Each year the Attorney General of Canada shall prepare and cause to be laid before each House of Parliament a report for the previous year on the operation of sections 38.13 and 38.15 that includes the number of certificates and fiats issued under sections 38.13 and 38.15, respectively.

2013, c. 9, s. 24.

# Confidences of the Queen's Privy Council for Canada

**Objection relating to a confidence of the Queen's Privy Council**

**39 (1)** Where a minister of the Crown or the Clerk of the Privy Council objects to the disclosure of information before a court, person or body with jurisdiction to compel the production of information by certifying in writing that the information constitutes a confidence of the Queen's Privy Council for Canada, disclosure of the information shall be refused without examination or hearing of the information by the court, person or body.

**Definition**

**(2)** For the purpose of subsection (1), *a confidence of the Queen's Privy Council for Canada* includes, without restricting the generality thereof, information contained in

**(a)** a memorandum the purpose of which is to present proposals or recommendations to Council;

**(b)** a discussion paper the purpose of which is to present background explanations, analyses of problems or policy options to Council for consideration by Council in making decisions;

**Instances militaires**

**(5)** Le présent article ne s'applique pas aux instances engagées sous le régime de la partie III de la *Loi sur la défense nationale*.

2001, ch. 41, art. 43.

**Règlements**

**38.16** Le gouverneur en conseil peut, par règlement, prendre les mesures qu'il estime nécessaires à l'application des articles 38 à 38.15, notamment régir les avis, certificats et fiat.

2001, ch. 41, art. 43.

**Rapport annuel**

**38.17** Chaque année, le procureur général du Canada établit et fait déposer devant chaque chambre du Parlement un rapport portant sur l'application des articles 38.13 et 38.15 au cours de l'année précédente qui contient notamment le nombre de certificats et de fiats délivrés au titre de ces articles.

2013, ch. 9, art. 24.

# Renseignements confidentiels du Conseil privé de la Reine pour le Canada

**Opposition relative à un renseignement confidentiel du Conseil privé de la Reine pour le Canada**

**39 (1)** Le tribunal, l'organisme ou la personne qui ont le pouvoir de contraindre à la production de renseignements sont, dans les cas où un ministre ou le greffier du Conseil privé s'opposent à la divulgation d'un renseignement, tenus d'en refuser la divulgation, sans l'examiner ni tenir d'audition à son sujet, si le ministre ou le greffier attestent par écrit que le renseignement constitue un renseignement confidentiel du Conseil privé de la Reine pour le Canada.

**Définition**

**(2)** Pour l'application du paragraphe (1), un *renseignement confidentiel du Conseil privé de la Reine pour le Canada* s'entend notamment d'un renseignement contenu dans :

**a)** une note destinée à soumettre des propositions ou recommandations au Conseil;

**b)** un document de travail destiné à présenter des problèmes, des analyses ou des options politiques à l'examen du Conseil;

Canada Evidence
Part I
Confidences of the Queen's Privy Council for Canada
**Sections 39-39.1**

Preuve au Canada
Partie I
Renseignements confidentiels du Conseil privé de la Reine pour le Canada
**Articles 39-39.1**

**(c)** an agendum of Council or a record recording deliberations or decisions of Council;

**(d)** a record used for or reflecting communications or discussions between ministers of the Crown on matters relating to the making of government decisions or the formulation of government policy;

**(e)** a record the purpose of which is to brief Ministers of the Crown in relation to matters that are brought before, or are proposed to be brought before, Council or that are the subject of communications or discussions referred to in paragraph (d); and

**(f)** draft legislation.

### Definition of *Council*

**(3)** For the purposes of subsection (2), ***Council*** means the Queen's Privy Council for Canada, committees of the Queen's Privy Council for Canada, Cabinet and committees of Cabinet.

### Exception

**(4)** Subsection (1) does not apply in respect of

**(a)** a confidence of the Queen's Privy Council for Canada that has been in existence for more than twenty years; or

**(b)** a discussion paper described in paragraph (2)(b)

**(i)** if the decisions to which the discussion paper relates have been made public, or

**(ii)** where the decisions have not been made public, if four years have passed since the decisions were made.

R.S., 1985, c. C-5, s. 39; 1992, c.1, s. 144(F).

# Journalistic Sources

### Definitions

**39.1 (1)** The following definitions apply in this section.

***document*** has the same meaning as in section 487.011 of the *Criminal Code*. (*document*)

***journalist*** means a person whose main occupation is to contribute directly, either regularly or occasionally, for consideration, to the collection, writing or production of information for dissemination by the media, or anyone who assists such a person. (*journaliste*)

***journalistic source*** means a source that confidentially transmits information to a journalist on the journalist's

**c)** un ordre du jour du Conseil ou un procès-verbal de ses délibérations ou décisions;

**d)** un document employé en vue ou faisant état de communications ou de discussions entre ministres sur des questions liées à la prise des décisions du gouvernement ou à la formulation de sa politique;

**e)** un document d'information à l'usage des ministres sur des questions portées ou qu'il est prévu de porter devant le Conseil, ou sur des questions qui font l'objet des communications ou discussions visées à l'alinéa d);

**f)** un avant-projet de loi ou projet de règlement.

### Définition de *Conseil*

**(3)** Pour l'application du paragraphe (2), ***Conseil*** s'entend du Conseil privé de la Reine pour le Canada, du Cabinet et de leurs comités respectifs.

### Exception

**(4)** Le paragraphe (1) ne s'applique pas :

**a)** à un renseignement confidentiel du Conseil privé de la Reine pour le Canada dont l'existence remonte à plus de vingt ans;

**b)** à un document de travail visé à l'alinéa (2)b), dans les cas où les décisions auxquelles il se rapporte ont été rendues publiques ou, à défaut de publicité, ont été rendues quatre ans auparavant.

L.R. (1985), ch. C-5, art. 39; 1992, ch. 1, art. 144(F).

# Sources journalistiques

### Définitions

**39.1 (1)** Les définitions qui suivent s'appliquent au présent article.

***document*** S'entend au sens de l'article 487.011 du *Code criminel*. (*document*)

***journaliste*** Personne dont l'occupation principale consiste à contribuer directement et moyennant rétribution, soit régulièrement ou occasionnellement, à la collecte, la rédaction ou la production d'informations en vue de leur diffusion par les médias, ou tout collaborateur de cette personne. (*journalist*)

undertaking not to divulge the identity of the source, whose anonymity is essential to the relationship between the journalist and the source. (*source journalistique*)

### Objection

**(2)** Subject to subsection (7), a journalist may object to the disclosure of information or a document before a court, person or body with the authority to compel the disclosure of information on the grounds that the information or document identifies or is likely to identify a journalistic source.

### Former journalist

**(3)** For the purposes of subsections (2) and (7), ***journalist*** includes an individual who was a journalist when information that identifies or is likely to identify the journalistic source was transmitted to that individual.

### Power of court, person or body

**(4)** The court, person or body may raise the application of subsection (2) on their own initiative.

### Objection of court, person or body

**(5)** When an objection or the application of subsection (2) is raised, the court, person or body shall ensure that the information or document is not disclosed other than in accordance with this section.

### Observations

**(6)** Before determining the question, the court, person or body must give the parties and interested persons a reasonable opportunity to present observations.

### Authorization

**(7)** The court, person or body may authorize the disclosure of information or a document only if they consider that

   **(a)** the information or document cannot be produced in evidence by any other reasonable means; and

   **(b)** the public interest in the administration of justice outweighs the public interest in preserving the confidentiality of the journalistic source, having regard to, among other things,

     **(i)** the importance of the information or document to a central issue in the proceeding,

***source journalistique*** Source qui transmet confidentiellement de l'information à un journaliste avec son engagement, en contrepartie, de ne pas divulguer l'identité de la source, dont l'anonymat est essentiel aux rapports entre le journaliste et la source. (*journalistic source*)

### Opposition

**(2)** Sous réserve du paragraphe (7), un journaliste peut s'opposer à divulguer un renseignement ou un document auprès d'un tribunal, d'un organisme ou d'une personne ayant le pouvoir de contraindre à la production de renseignements pour le motif que le renseignement ou le document identifie ou est susceptible d'identifier une source journalistique.

### Ancien journaliste

**(3)** Pour l'application des paragraphes (2) et (7), ***journaliste*** comprend la personne qui était journaliste au moment où un renseignement identifiant ou susceptible d'identifier la source journalistique lui a été transmis.

### Pouvoir du tribunal, de l'organisme ou de la personne

**(4)** Le tribunal, l'organisme ou la personne peut soulever l'application du paragraphe (2) de sa propre initiative.

### Mesure intérimaire

**(5)** Lorsqu'une opposition ou l'application du paragraphe (2) est soulevée, le tribunal, l'organisme ou la personne veille à ce que le renseignement ou le document ne soit pas divulgué, sauf en conformité avec le présent article.

### Observations

**(6)** Avant de décider la question, le tribunal, l'organisme ou la personne donne aux parties et aux personnes intéressées une occasion raisonnable de présenter des observations.

### Autorisation

**(7)** Le tribunal, l'organisme ou la personne ne peut autoriser la divulgation du renseignement ou du document que s'il estime que les conditions suivantes sont réunies :

   **a)** le renseignement ou le document ne peut être mis en preuve par un autre moyen raisonnable;

   **b)** l'intérêt public dans l'administration de la justice l'emporte sur l'intérêt public à préserver la confidentialité de la source journalistique, compte tenu notamment :

     **(i)** de l'importance du renseignement ou du document à l'égard d'une question essentielle dans le cadre de l'instance,

**(ii)** freedom of the press, and

**(iii)** the impact of disclosure on the journalistic source and the journalist.

### Conditions

**(8)** An authorization under subsection (7) may contain any conditions that the court, person or body considers appropriate to protect the identity of the journalistic source.

### Burden of proof

**(9)** A person who requests the disclosure has the burden of proving that the conditions set out in subsection (7) are fulfilled.

### Appeal

**(10)** An appeal lies from a determination under subsection (7)

**(a)** to the Federal Court of Appeal from a determination of the Federal Court;

**(b)** to the court of appeal of a province from a determination of a superior court of the province;

**(c)** to the Federal Court from a determination of a court, person or body vested with power to compel production by or under an Act of Parliament if the court, person or body is not established under a law of a province; or

**(d)** to the trial division or trial court of the superior court of the province within which the court, person or body exercises its jurisdiction, in any other case.

### Limitation period for appeal

**(11)** An appeal under subsection (10) shall be brought within 10 days after the date of the determination appealed from or within any further time that the court having jurisdiction to hear the appeal considers appropriate in the circumstances.

### Hearing in summary way

**(12)** An appeal under subsection (10) shall be heard and determined without delay and in a summary way.

2017, c. 22, s. 2.

**(ii)** de la liberté de la presse,

**(iii)** des conséquences de la divulgation sur la source journalistique et le journaliste.

### Conditions

**(8)** La décision rendue en vertu du paragraphe (7) peut être assortie des conditions que le tribunal, l'organisme ou la personne estime indiquées afin de protéger l'identité de la source journalistique.

### Fardeau

**(9)** Il incombe à la personne qui demande la divulgation de démontrer que les conditions énoncées au paragraphe (7) sont remplies.

### Appel

**(10)** L'appel d'une décision rendue en vertu du paragraphe (7) se fait :

**a)** devant la Cour d'appel fédérale, s'agissant d'une décision de la Cour fédérale;

**b)** devant la cour d'appel d'une province, s'agissant d'une décision d'une cour supérieure de la province;

**c)** devant la Cour fédérale, s'agissant d'une décision d'un tribunal, d'un organisme ou d'une personne investi du pouvoir de contraindre à la production de renseignements sous le régime d'une loi fédérale qui ne constitue pas un tribunal, un organisme ou un personne régi par le droit d'une province;

**d)** devant la division ou le tribunal de première instance de la cour supérieure de la province dans le ressort de laquelle le tribunal, l'organisme ou la personne a compétence, dans les autres cas.

### Délai d'appel

**(11)** Le délai dans lequel l'appel prévu au paragraphe (10) peut être interjeté est de dix jours suivant la date de la décision frappée d'appel, mais le tribunal d'appel peut le proroger s'il l'estime indiqué dans les circonstances.

### Procédure sommaire

**(12)** L'appel interjeté en vertu du paragraphe (10) est entendu et tranché sans délai et selon une procédure sommaire.

2017, ch. 22, art. 2.

*Canada Evidence*
Part I
Provincial Laws of Evidence
**Sections 40-42**

*Preuve au Canada*
Partie I
Lois provinciales concernant la preuve
**Articles 40-42**

# Provincial Laws of Evidence

### How applicable

**40** In all proceedings over which Parliament has legislative authority, the laws of evidence in force in the province in which those proceedings are taken, including the laws of proof of service of any warrant, summons, subpoena or other document, subject to this Act and other Acts of Parliament, apply to those proceedings.

R.S., c. E-10, s. 37.

# Statutory Declarations

### Solemn declaration

**41** Any judge, notary public, justice of the peace, provincial court judge, recorder, mayor or commissioner authorized to take affidavits to be used either in the provincial or federal courts, or any other functionary authorized by law to administer an oath in any matter, may receive the solemn declaration of any person voluntarily making the declaration before him, in the following form, in attestation of the execution of any writing, deed or instrument, or of the truth of any fact, or of any account rendered in writing:

I, ................ , solemnly declare that (*state the fact or facts declared to*), and I make this solemn declaration conscientiously believing it to be true, and knowing that it is of the same force and effect as if made under oath.

Declared before me ................ at ................ this ................ day of ................ 19........

R.S., 1985, c. C-5, s. 41; R.S., 1985, c. 27 (1st Supp.), s. 203.

# Insurance Proofs

### Affidavits, etc.

**42** Any affidavit, solemn affirmation or declaration required by any insurance company authorized by law to do business in Canada, in regard to any loss of or injury to person, property or life insured or assured therein, may be taken before any commissioner or other person authorized to take affidavits, before any justice of the peace or before any notary public for any province, and the commissioner, person, justice of the peace or notary public is required to take the affidavit, solemn affirmation or declaration.

R.S., c. E-10, s. 39.

# Lois provinciales concernant la preuve

### Mode d'application

**40** Dans toutes les procédures qui relèvent de l'autorité législative du Parlement du Canada, les lois sur la preuve qui sont en vigueur dans la province où ces procédures sont exercées, y compris les lois relatives à la preuve de la signification d'un mandat, d'une sommation, d'une assignation ou d'une autre pièce s'appliquent à ces procédures, sauf la présente loi et les autres lois fédérales.

S.R., ch. E-10, art. 37.

# Déclarations solennelles

### Déclaration solennelle

**41** Tout juge, notaire public, juge de paix, juge de la cour provinciale, recorder, maire ou commissaire autorisé à recevoir les affidavits destinés à servir dans les tribunaux provinciaux ou fédéraux, ou autre fonctionnaire autorisé par la loi à faire prêter serment en quelque matière que ce soit, peut recevoir la déclaration solennelle de quiconque la fait volontairement devant lui, selon la formule qui suit, pour attester soit l'exécution d'un écrit, d'un acte ou d'une pièce, soit la vérité d'un fait, soit l'exactitude d'un compte rendu par écrit :

Je, ................ , déclare solennellement que (*exposer le ou les faits déclarés*), et je fais cette déclaration solennelle, la croyant consciencieusement vraie et sachant qu'elle a la même force et le même effet que si elle était faite sous serment.

Déclaré devant moi à ................ , ce ................ jour de ................ 19 ........

L.R. (1985), ch. C-5, art. 41; L.R. (1985), ch. 27 (1er suppl.), art. 203.

# Preuves des assurances

### Affidavits, etc.

**42** Tout affidavit, affirmation solennelle ou déclaration, qu'exige une compagnie d'assurance autorisée par la loi à faire des opérations au Canada, relativement à quelque perte ou avarie d'un bien, ou décès ou blessure d'une personne, faisant l'objet d'une assurance consentie par cette compagnie, peut se faire devant tout commissaire ou autre personne autorisée à recevoir les affidavits, ou devant tout juge de paix ou notaire public pour une province; ces fonctionnaires sont requis de recevoir ces affidavits, affirmations solennelles ou déclarations.

S.R., ch. E-10, art. 39.

# Part II

## Application

### Foreign courts

**43** This Part applies to the taking of evidence relating to proceedings in courts out of Canada.

R.S., c. E-10, s. 40.

## Interpretation

### Definitions

**44** In this Part,

***cause*** includes a proceeding against a criminal; (*cause*)

***court*** means any superior court in any province; (*tribunal*)

***judge*** means any judge of any superior court in any province; (*juge*)

***oath*** includes a solemn affirmation in cases in which, by the law of Canada, or of a province, as the case may be, a solemn affirmation is allowed instead of an oath. (*serment*)

R.S., c. E-10, s. 41; 1984, c. 40, s. 27.

### Construction

**45** This Part shall not be so construed as to interfere with the right of legislation of the legislature of any province requisite or desirable for the carrying out of the objects hereof.

R.S., c. E-10, s. 42.

## Procedure

### Order for examination of witness in Canada

**46 (1)** If, on an application for that purpose, it is made to appear to any court or judge that any court or tribunal outside Canada, before which any civil, commercial or criminal matter is pending, is desirous of obtaining the testimony in relation to that matter of a party or witness within the jurisdiction of the first mentioned court, of the court to which the judge belongs or of the judge, the court or judge may, in its or their discretion, order the examination on oath on interrogatories, or otherwise, before any person or persons named in the order, of that party or witness accordingly, and by the same or any

# Partie II

## Application

### Tribunaux étrangers

**43** La présente partie s'applique à la preuve à recueillir se rapportant aux procédures devant les tribunaux étrangers.

S.R., ch. E-10, art. 40.

## Définitions et interprétation

### Définitions

**44** Les définitions qui suivent s'appliquent à la présente partie.

***cause*** Est assimilée à une cause une procédure intentée contre un criminel. (*cause*)

***juge*** Juge d'une cour supérieure dans une province. (*judge*)

***serment*** Est assimilée à un serment une affirmation solennelle dans les cas où par le droit fédéral ou provincial, selon le cas, une affirmation solennelle est permise pour tenir lieu d'un serment. (*oath*)

***tribunal*** Toute cour supérieure dans une province. (*court*)

S.R., ch. E-10, art. 41; 1984, ch. 40, art. 27.

### Interprétation

**45** La présente partie n'a pas pour effet de porter atteinte au droit de législation de la législature d'une province, nécessaire ou désirable pour en exécuter les objets.

S.R., ch. E-10, art. 42.

## Procédure

### Ordre d'interroger un témoin au Canada

**46 (1)** Lorsque, sur requête à cette fin, il est prouvé à un tribunal ou à un juge qu'un tribunal étranger compétent, devant lequel est pendante une affaire civile, commerciale ou pénale, désire avoir, dans cette affaire, le témoignage de quelque partie ou témoin qui est dans le ressort du tribunal en premier lieu mentionné, ou du tribunal auquel appartient le juge, ou de ce juge, ce tribunal ou ce juge peut, à discrétion, ordonner en conséquence que la partie ou le témoin soit interrogé sous serment, par questions écrites ou autrement, devant la ou les personnes dénommées à l'ordonnance, et peut assigner, par la même

subsequent order may command the attendance of that party or witness for the purpose of being examined, and for the production of any writings or other documents mentioned in the order and of any other writings or documents relating to the matter in question that are in the possession or power of that party or witness.

### Video links, etc.

**(2)** For greater certainty, testimony for the purposes of subsection (1) may be given by means of technology that permits the virtual presence of the party or witness before the court or tribunal outside Canada or that permits that court or tribunal, and the parties, to hear and examine the party or witness.

R.S., 1985, c. C-5, s. 46; 1999, c. 18, s. 89.

### Enforcement of the order

**47** On the service on the party or witness of an order referred to in section 46, and of an appointment of a time and place for the examination of the party or witness signed by the person named in the order for taking the examination, or, if more than one person is named, by one of the persons named, and on payment or tender of the like conduct money as is properly payable on attendance at a trial, the order may be enforced in like manner as an order made by the court or judge in a cause pending in that court or before that judge.

R.S., c. E-10, s. 44.

### Expenses and conduct money

**48** Every person whose attendance is required in the manner described in section 47 is entitled to the like conduct money and payment for expenses and loss of time as on attendance at a trial.

R.S., c. E-10, s. 45.

### Administering oath

**49** On any examination of parties or witnesses, under the authority of any order made in pursuance of this Part, the oath shall be administered by the person authorized to take the examination, or, if more than one person is authorized, by one of those persons.

R.S., c. E-10, s. 46.

### Right of refusal to answer or produce document

**50 (1)** Any person examined under any order made under this Part has the like right to refuse to answer questions tending to criminate himself, or other questions, as a party or witness, as the case may be, would have in any

ordonnance ou par une ordonnance subséquente, cette partie ou ce témoin à comparaître pour témoigner, et lui enjoindre de produire tous écrits ou documents mentionnés dans l'ordonnance, et tous autres écrits ou documents relatifs à l'affaire dont il s'agit et qui sont en la possession ou sous le contrôle de la partie ou du témoin.

### Témoin virtuel

**(2)** Il est entendu que le témoignage de la personne fait au moyen d'un instrument qui retransmet, devant tout tribunal étranger compétent, sur le vif, son image et sa voix — ou celle-ci seulement — et qui permet de l'interroger est admissible au titre du paragraphe (1).

L.R. (1985), ch. C-5, art. 46; 1999, ch. 18, art. 89.

### Exécution de l'ordonnance

**47** Après notification à la partie ou au témoin de l'ordonnance mentionnée à l'article 46, ainsi que de l'avis de fixation d'un jour et d'un lieu pour son audition, signé par la personne commise par cette ordonnance pour entendre son témoignage, ou, si plus d'une personne est commise, alors signé par l'une d'elles, et après le paiement ou l'offre de frais de déplacement égaux à ceux qui peuvent être ordinairement payés dans le cas de comparution pendant une instruction, cette ordonnance peut être exécutée de la manière dont s'exécuterait une ordonnance rendue par ce tribunal ou par ce juge dans une affaire relevant de ce tribunal ou de ce juge.

S.R., ch. E-10, art. 44.

### Frais des témoins

**48** Quiconque est cité en témoignage aux termes de l'article 47 a droit, pour ses dépenses, perte de temps et frais de déplacement, à l'indemnité qui est accordée dans le cas de comparution au cours d'un procès.

S.R., ch. E-10, art. 45.

### Prêter serment

**49** Lors de l'interrogatoire des parties ou des témoins sur l'autorité d'une ordonnance rendue en application de la présente partie, le serment est administré par la personne qui est autorisée à recueillir les témoignages, ou, s'il y a plusieurs personnes ainsi autorisées, par l'une d'elles.

S.R., ch. E-10, art. 46.

### Le témoin a droit de refuser de répondre ou de produire une pièce

**50 (1)** Toute personne interrogée sous l'autorité d'une ordonnance rendue en vertu de la présente partie a le même droit de refuser de répondre aux questions qui tendraient à l'incriminer, ou à toutes autres questions, qu'aurait une partie ou un témoin, selon le cas, dans une

cause pending in the court by which, or by a judge whereof, the order is made.

### Laws about witnesses to apply — video links etc.

**(1.1)** Despite subsection (1), when a party or witness gives evidence under subsection 46(2), the evidence shall be given as though they were physically before the court or tribunal outside Canada, for the purposes of the laws relating to evidence and procedure but only to the extent that giving the evidence would not disclose information otherwise protected by the Canadian law of non-disclosure of information or privilege.

### Contempt of court in Canada

**(1.2)** When a party or witness gives evidence under subsection 46(2), the Canadian law relating to contempt of court applies with respect to a refusal by the party or witness to answer a question or to produce a writing or document referred to in subsection 46(1), as ordered under that subsection by the court or judge.

### Nature of right

**(2)** No person shall be compelled to produce, under any order referred to in subsection (1), any writing or other document that he could not be compelled to produce at a trial of such a cause.

R.S., 1985, c. C-5, s. 50; 1999, c. 18, s. 90.

### Rules of court

**51 (1)** The court may frame rules and orders in relation to procedure and to the evidence to be produced in support of the application for an order for examination of parties and witnesses under this Part, and generally for carrying this Part into effect.

### Letters rogatory

**(2)** In the absence of any order in relation to the evidence to be produced in support of the application referred to in subsection (1), letters rogatory from a court or tribunal outside Canada in which the civil, commercial or criminal matter is pending, are deemed and taken to be sufficient evidence in support of the application.

R.S., 1985, c. C-5, s. 51; 1999, c. 18, s. 91.

# Part III

# Application

### Application of this Part

**52** This Part extends to the following classes of persons:

cause pendante devant le tribunal par lequel, ou par un juge duquel, cette ordonnance a été rendue.

### Droit étranger et renseignements protégés

**(1.1)** Malgré le paragraphe (1), la personne qui dépose conformément au paragraphe 46(2) le fait, pour l'application du droit de la preuve et de la procédure, comme si elle se trouvait dans le ressort étranger en question, mais seulement dans la mesure où son témoignage ne révèle pas de renseignements protégés par le droit canadien relatif à la non-divulgation de renseignements ou à l'existence de privilèges.

### Outrage au tribunal

**(1.2)** Le droit canadien en matière d'outrage au tribunal s'applique à la personne qui, déposant conformément au paragraphe 46(2), refuse de répondre à une question ou de produire les écrits ou documents visés par l'ordonnance du tribunal ou du juge canadien.

### Nature de ce droit

**(2)** Nul n'est obligé de produire, en conformité avec cette ordonnance, un écrit ou autre document qu'il ne pourrait être contraint de produire à l'instruction d'une pareille cause.

L.R. (1985), ch. C-5, art. 50; 1999, ch. 18, art. 90.

### Règles de pratique

**51 (1)** Le tribunal peut établir des règles et ordonnances concernant la procédure à suivre et la preuve à produire à l'appui d'une requête demandant que soit rendue une ordonnance pour faire interroger des parties et des témoins sous le régime de la présente partie, et, de façon générale, l'application de la présente partie.

### Lettres rogatoires

**(2)** En l'absence de toute ordonnance au sujet de la preuve à produire à l'appui de la requête visée au paragraphe (1), les lettres rogatoires d'un tribunal étranger, devant lequel une affaire civile, commerciale ou pénale est pendante, sont réputées et considérées comme une preuve suffisante à l'appui de la requête.

L.R. (1985), ch. C-5, art. 51; 1999, ch. 18, art. 91.

# Partie III

# Application

### Application

**52** La présente partie s'applique aux catégories suivantes de personnes :

**(a)** officers of any of Her Majesty's diplomatic or consular services while performing their functions in any foreign country, including ambassadors, envoys, ministers, charges d'affaires, counsellors, secretaries, attaches, consuls general, consuls, vice-consuls, proconsuls, consular agents, acting consuls general, acting consuls, acting vice-consuls and acting consular agents;

**(b)** officers of the Canadian diplomatic, consular and representative services while performing their functions in any foreign country or in any part of the Commonwealth and Dependent Territories other than Canada, including, in addition to the diplomatic and consular officers mentioned in paragraph (a), high commissioners, permanent delegates, acting high commissioners, acting permanent delegates, counsellors and secretaries;

**(c)** Canadian Government Trade Commissioners and Assistant Canadian Government Trade Commissioners while performing their functions in any foreign country or in any part of the Commonwealth and Dependent Territories other than Canada;

**(d)** honorary consular officers of Canada while performing their functions in any foreign country or in any part of the Commonwealth and Dependent Territories other than Canada;

**(e)** judicial officials in a foreign country in respect of oaths, affidavits, solemn affirmations, declarations or similar documents that the official is authorized to administer, take or receive; and

**(f)** persons locally engaged and designated by the Deputy Minister of Foreign Affairs or any other person authorized by that Deputy Minister while performing their functions in any foreign country or in any part of the Commonwealth and Dependent Territories other than Canada.

R.S., 1985, c. C-5, s. 52; 1994, c. 44, s. 92; 1997, c. 18, s. 118.

# Oaths and Solemn Affirmations

### Oaths taken abroad

**53** Oaths, affidavits, solemn affirmations or declarations administered, taken or received outside Canada by any person mentioned in section 52 are as valid and effectual and are of the like force and effect to all intents and purposes as if they had been administered, taken or received in Canada by a person authorized to administer, take or

**a)** les fonctionnaires de l'un des services diplomatiques ou consulaires de Sa Majesté, lorsqu'ils exercent leurs fonctions dans tout pays étranger, y compris les ambassadeurs, envoyés, ministres, chargés d'affaires, conseillers, secrétaires, attachés, consuls généraux, consuls, vice-consuls, proconsuls, agents consulaires, consuls généraux suppléants, consuls suppléants, vice-consuls suppléants et agents consulaires suppléants;

**b)** les fonctionnaires des services diplomatiques, consulaires et représentatifs du Canada lorsqu'ils exercent leurs fonctions dans tout pays étranger ou dans toute partie du Commonwealth et territoires sous dépendance autre que le Canada, y compris, outre les fonctionnaires diplomatiques et consulaires mentionnés à l'alinéa a), les hauts commissaires, délégués permanents, hauts commissaires suppléants, délégués permanents suppléants, conseillers et secrétaires;

**c)** les délégués commerciaux du gouvernement canadien et les délégués commerciaux adjoints du gouvernement canadien lorsqu'ils exercent leurs fonctions dans un pays étranger ou dans toute partie du Commonwealth et territoires sous dépendance autre que le Canada;

**d)** les fonctionnaires consulaires honoraires lorsqu'ils exercent leurs fonctions dans tout pays étranger ou dans toute partie du Commonwealth et territoires sous dépendance autre que le Canada;

**e)** les fonctionnaires judiciaires d'un État étranger autorisés, à des fins internes, à recevoir les serments, les affidavits, les affirmations solennelles, les déclarations ou autres documents semblables;

**f)** les employés engagés sur place et désignés par le sous-ministre des Affaires étrangères ou toute autre personne autorisée par lui à procéder à une telle désignation lorsqu'ils exercent leurs fonctions dans tout pays étranger ou dans toute partie du Commonwealth et des territoires sous sa dépendance autre que le Canada.

L.R. (1985), ch. C-5, art. 52; 1994, ch. 44, art. 92; 1997, ch. 18, art. 118.

# Serments et affirmations solennelles

### Serments déférés à l'étranger

**53** Les serments, affidavits, affirmations solennelles ou déclarations déférés, recueillis ou reçus à l'étranger par toute personne mentionnée à l'article 52 sont aussi valides et efficaces et possèdent la même vigueur et le même effet, à toutes fins, que s'ils avaient été déférés, recueillis ou reçus au Canada par une personne autorisée à

*Canada Evidence*
Part III
Oaths and Solemn Affirmations
**Sections 53-54**

*Preuve au Canada*
Partie III
Serments et affirmations solennelles
**Articles 53-54**

receive oaths, affidavits, solemn affirmations or declarations therein that are valid and effectual under this Act.

R.S., c. E-10, s. 50.

## Documentary Evidence

### Documents to be admitted in evidence

**54 (1)** Any document that purports to have affixed, impressed or subscribed on it or to it the signature of any person authorized by any of paragraphs 52(a) to (d) to administer, take or receive oaths, affidavits, solemn affirmations or declarations, together with their seal or with the seal or stamp of their office, or the office to which the person is attached, in testimony of any oath, affidavit, solemn affirmation or declaration being administered, taken or received by the person, shall be admitted in evidence, without proof of the seal or stamp or of the person's signature or official character.

### Status of statements

**(2)** An affidavit, solemn affirmation, declaration or other similar statement taken or received in a foreign country by an official referred to in paragraph 52(e) shall be admitted in evidence without proof of the signature or official character of the official appearing to have signed the affidavit, solemn affirmation, declaration or other statement.

R.S., 1985, c. C-5, s. 54; 1994, c. 44, s. 93.

y déférer, recueillir ou recevoir les serments, affidavits, affirmations solennelles ou déclarations qui sont valides ou efficaces en vertu de la présente loi.

S.R., ch. E-10, art. 50.

## Preuve documentaire

### Les documents doivent être admis en preuve

**54 (1)** Tout document donné comme portant la signature, y apposée, empreinte ou souscrite, de toute personne autorisée par un des alinéas 52a) à d) à recevoir des serments, affidavits, affirmations solennelles ou déclarations, ainsi que son sceau ou le sceau ou le timbre de son bureau ou du bureau auquel elle est attachée, pour établir qu'un serment, un affidavit, une affirmation solennelle ou une déclaration a été reçu par elle, est admis en preuve sans prouver le sceau, le timbre ou sa signature ou son caractère officiel.

### Présomption quant au contenu

**(2)** L'affidavit, l'affirmation solennelle ou toute autre déclaration semblable reçu à l'étranger et censément signé par le fonctionnaire visé à l'alinéa 52e) est admis en preuve sans qu'il soit nécessaire de prouver la signature ou la qualité du fonctionnaire.

L.R. (1985), ch. C-5, art. 54; 1994, ch. 44, art. 93.

## SCHEDULE

(Paragraph 38.01(6)(d) and subsection 38.01(8))

# Designated Entities

**1** A judge of the Federal Court, for the purposes of section 21 of the *Canadian Security Intelligence Service Act*

**2** A judge of the Federal Court, for the purposes of sections 6 and 7 of the *Charities Registration (Security Information) Act*, except where the hearing is open to the public

**3** A judge of the Federal Court, the Federal Court of Appeal or the Immigration Division or Immigration Appeal Division of the Immigration and Refugee Board, for the purposes of sections 77 to 87.1 of the *Immigration and Refugee Protection Act*

**4** A judge of the Federal Court, for the purposes of section 16 of the *Secure Air Travel Act*

**5 to 8**  [Repealed, 2001, c. 41, s. 124]

**9** A board of inquiry convened under section 45 of the *National Defence Act*

**10** A service tribunal or a military judge for the purposes of Part III of the *National Defence Act*

**11** The Federal Public Sector Labour Relations and Employment Board referred to in subsection 4(1) of the *Federal Public Sector Labour Relations and Employment Board Act*, for the purposes of a grievance process under the *Federal Public Sector Labour Relations Act* with respect to an employee of the Canadian Security Intelligence Service, with the exception of any information provided to the Board by the employee

**12** The Information Commissioner, for the purposes of the *Access to Information Act*

**13** The Privacy Commissioner, for the purposes of the *Privacy Act*

**14** The Privacy Commissioner, for the purposes of the *Personal Information Protection and Electronic Documents Act*

**15** A judge of the Federal Court, for the purposes of section 41 of the *Access to Information Act*

**16** A judge of the Federal Court, for the purpose of sections 41 to 43 of the *Privacy Act*

**17** A judge of the Federal Court, for the purpose of sections 14 to 17 of the *Personal Information Protection and Electronic Documents Act*

**18** The National Security and Intelligence Review Agency, for the purposes of sections 16 to 19 of the *National Security and Intelligence Review Agency Act*, with the exception of any information provided to the Agency by the complainant or an individual who has been denied a security clearance

## ANNEXE

(alinéa 38.01(6)d) et paragraphe 38.01(8))

# Entités désignées

**1** Un juge de la Cour fédérale, pour l'application de l'article 21 de la *Loi sur le Service canadien du renseignement de sécurité*

**2** Un juge de la Cour fédérale, pour l'application des articles 6 et 7 de la *Loi sur l'enregistrement des organismes de bienfaisance (renseignements de sécurité)*, sauf dans le cas où l'audition est ouverte au public

**3** Un juge de la Cour fédérale, la Cour d'appel fédérale ou la Section de l'immigration ou la Section d'appel de l'immigration de la Commission de l'immigration et du statut de réfugié pour l'application des articles 77 à 87.1 de la *Loi sur l'immigration et la protection des réfugiés*

**4** Un juge de la Cour fédérale, pour l'application de l'article 16 de la *Loi sur la sûreté des déplacements aériens*

**5 à 8**  [Abrogés, 2001, ch. 41, art. 124]

**9** Une commission d'enquête mise sur pied au titre de l'article 45 de la *Loi sur la défense nationale*

**10** Un tribunal militaire ou un juge militaire, pour l'application de la partie III de la *Loi sur la défense nationale*

**11** La Commission des relations de travail et de l'emploi dans le secteur public fédéral visée par le paragraphe 4(1) de la *Loi sur la Commission des relations de travail et de l'emploi dans le secteur public fédéral*, à l'égard d'un grief concernant un employé du Service canadien du renseignement de sécurité se déroulant dans le cadre de la *Loi sur les relations de travail dans le secteur public fédéral*, à l'exception des renseignements communiqués à la Commission par l'employé

**12** Le Commissaire à l'information, pour l'application de la *Loi sur l'accès à l'information*

**13** Le Commissaire à la protection de la vie privée, pour l'application de la *Loi sur la protection des renseignements personnels*

**14** Le commissaire, pour l'application de la *Loi sur la protection des renseignements personnels et les documents électroniques*

**15** Un juge de la Cour fédérale, pour l'application de l'article 41 de la *Loi sur l'accès à l'information*

**16** Un juge de la Cour fédérale, pour l'application des articles 41 à 43 de la *Loi sur la protection des renseignements personnels*

**17** Un juge de la Cour fédérale, pour l'application des articles 14 à 17 de la *Loi sur la protection des renseignements personnels et les documents électroniques*

**18** L'Office de surveillance des activités en matière de sécurité nationale et de renseignement, pour l'application des articles 16 à 19 de la *Loi sur l'Office de surveillance des activités en matière de sécurité nationale et de renseignement*, à l'exception des renseignements communiqués à l'Office par le plaignant ou par un individu à qui une habilitation de sécurité a été refusée

**19**  The Public Sector Integrity Commissioner, for the purposes of sections 26 to 35 of the *Public Servants Disclosure Protection Act*

**20**  [Repealed, 2019, c. 13, s. 61]

**21**  A judge of the Federal Court, for the purposes of sections 4 and 6 of the *Prevention of Terrorist Travel Act*

**22**  The Civilian Review and Complaints Commission for the Royal Canadian Mounted Police, for the purposes of the *Royal Canadian Mounted Police Act*, but only in relation to information that is under the control, or in the possession, of the Royal Canadian Mounted Police or the Central Authority, as the case may be.

2001, c. 41, ss. 44, 124; 2003, c. 22, s. 105; SOR/2004-19; 2005, c. 46, s. 56; 2006, c. 9, s. 222; SOR/2006-80, 335; 2008, c. 3, s. 11; SOR/2012-220; 2013, c. 18, ss. 45, 85, c. 40, s. 448; 2015, c. 20, s. 13, c. 36, s. 43; 2017, c. 9, s. 41; 2019, c. 13, s. 20; 2019, c. 13, s. 61; 2019, c. 18, s. 60.

**19**  Le commissaire à l'intégrité du secteur public, pour l'application des articles 26 à 35 de la *Loi sur la protection des fonctionnaires divulgateurs d'actes répréhensibles*

**20**  [Abrogé, 2019, ch. 13, art. 61]

**21**  Un juge de la Cour fédérale, pour l'application des articles 4 et 6 de la *Loi sur la prévention des voyages de terroristes*

**22**  La Commission civile d'examen et de traitement des plaintes relatives à la Gendarmerie royale du Canada, pour l'application de la *Loi sur la Gendarmerie royale du Canada*, mais seulement pour les renseignements qui relèvent de la Gendarmerie royale du Canada ou de l'autorité centrale, selon le cas, ou qui sont en sa possession.

2001, ch. 41, art. 44 et 124; 2003, ch. 22, art. 105; DORS/2004-19; 2005, ch. 46, art. 56; 2006, ch. 9, art. 222; DORS/2006-80, 335; 2008, ch. 3, art. 11; DORS/2012-220; 2013, ch. 18, art. 45 et 85, ch. 40, art. 448; 2015, ch. 20, art. 13, ch. 36, art. 43; 2017, ch. 9, art. 41; 2019, ch. 13, art. 20; 2019, ch. 13, art. 61; 2019, ch. 18, art. 60.

# RELATED PROVISIONS

— 2005, c. 32, s. 27.1

**Review**

**27.1 (1)** Five years after this section comes into force, a committee of the Senate, of the House of Commons or of both Houses of Parliament that is designated or established for the purpose shall undertake a comprehensive review of this Act and its operation.

**Report**

**(2)** The committee shall submit a report on the review to Parliament, including a statement of any changes that it recommends, within six months after it undertakes the review or within any further time authorized by the Senate, the House of Commons or both Houses of Parliament, as the case may be.

— 2014, c. 25, s. 45.1

**Review**

**45.1 (1)** Within five years after this section comes into force, a comprehensive review of the provisions and operation of this Act shall be undertaken by such committee of the House of Commons as may be designated or established by the House for that purpose.

**Report**

**(2)** The committee referred to in subsection (1) shall, within a year after a review is undertaken pursuant to that subsection or within such further time as the House may authorize, submit a report on the review to the Speaker of the House, including a statement of any changes the committee recommends.

# DISPOSITIONS CONNEXES

— 2005, ch. 32, art. 27.1

**Examen**

**27.1 (1)** Cinq ans après l'entrée en vigueur du présent article, un comité, soit du Sénat, soit de la Chambre des communes, soit mixte, désigné ou constitué à cette fin, doit entreprendre un examen approfondi de la présente loi ainsi que de l'application de ses dispositions.

**Rapport**

**(2)** Dans les six mois suivant le début de son examen ou dans le délai supérieur que le Parlement ou la chambre en question, selon le cas, lui accorde, le comité remet au Parlement son rapport, qui fait état notamment des modifications qu'il recommande.

— 2014, ch. 25, art. 45.1

**Examen**

**45.1 (1)** Dans les cinq ans suivant l'entrée en vigueur du présent article, un examen complet des dispositions et de l'application de la présente loi doit être fait par le comité de la Chambre des communes que celle-ci désigne ou constitue à cette fin.

**Rapport**

**(2)** Dans l'année qui suit le début de son examen ou dans le délai supérieur que la Chambre lui accorde, le comité visé au paragraphe (1) remet son rapport, accompagné des modifications qu'il recommande, au président de la Chambre.

# AMENDMENTS NOT IN FORCE

— 2019, c. 15, s. 48

2001, c. 41, s. 43.

**48** Subsection 38.01(5) of the *Canada Evidence Act* is replaced by the following:

**Military proceedings**

**(5)** In the case of a proceeding under Part III of the *National Defence Act*, other than a *summary hearing* as defined in subsection 2(1) of that Act, notice under any of subsections (1) to (4) shall be given to both the Attorney General of Canada and the Minister of National Defence.

— 2019, c. 15, s. 49

2001, c. 41, s. 43.

**49** Subsection 38.03(2) of the Act is replaced by the following:

**Military proceedings**

**(2)** In the case of a proceeding under Part III of the *National Defence Act*, other than a *summary hearing* as defined in subsection 2(1) of that Act, the Attorney General of Canada may authorize disclosure only with the agreement of the Minister of National Defence.

— 2019, c. 15, s. 50

2013, c. 9, s. 19(3).

**50 (1)** Paragraph 38.04(5)(a) of the Act is replaced by the following:

**(a)** shall hear the representations of the Attorney General of Canada and, in the case of a proceeding under Part III of the *National Defence Act*, other than a *summary hearing* as defined in subsection 2(1) of that Act, the Minister of National Defence, with respect to making the application public;

2013, c. 9, s. 19(3).

**(2)** Paragraph 38.04(5)(a.2) of the Act is replaced by the following:

**(a.2)** shall hear the representations of the Attorney General of Canada and, in the case of a proceeding under Part III of the *National Defence Act*, other than a *summary hearing* as defined in subsection 2(1) of that Act, the Minister of National Defence, concerning the identity of all parties or witnesses whose interests may be affected by either the prohibition of disclosure

# MODIFICATIONS NON EN VIGUEUR

— 2019, ch. 15, art. 48

2001, ch. 41, art. 43.

**48** Le paragraphe 38.01(5) de la *Loi sur la preuve au Canada* est remplacé par ce qui suit :

**Instances militaires**

**(5)** Dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, autre qu'une *audience sommaire* au sens du paragraphe 2(1) de cette loi, les avis prévus à l'un des paragraphes (1) à (4) sont donnés à la fois au procureur général du Canada et au ministre de la Défense nationale.

— 2019, ch. 15, art. 49

2001, ch. 41, art. 43.

**49** Le paragraphe 38.03(2) de la même loi est remplacé par ce qui suit :

**Instances militaires**

**(2)** Dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, autre qu'une *audience sommaire* au sens du paragraphe 2(1) de cette loi, le procureur général du Canada ne peut autoriser la divulgation qu'avec l'assentiment du ministre de la Défense nationale.

— 2019, ch. 15, art. 50

2013, ch. 9, par. 19(3).

**50 (1)** L'alinéa 38.04(5)a) de la même loi est remplacé par ce qui suit :

**a)** entend les observations du procureur général du Canada — et du ministre de la Défense nationale dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, autre qu'une *audience sommaire* au sens du paragraphe 2(1) de cette loi — sur l'opportunité de rendre publique la demande;

2013, ch. 9, par. 19(3).

**(2)** L'alinéa 38.04(5)a.2) de la même loi est remplacé par ce qui suit :

**a.2)** entend les observations du procureur général du Canada — et du ministre de la Défense nationale dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, autre qu'une *audience sommaire* au sens du paragraphe 2(1) de cette loi — sur l'identité des parties ou des témoins dont les intérêts sont touchés par l'interdiction de

or the conditions to which disclosure is subject, and concerning the persons who should be given notice of any hearing of the matter;

— 2019, c. 15, s. 51

2001, c. 41, s. 43; 2013, c. 9, s. 21(1).

**51** Subsections 38.11(1.1) and (2) of the Act are replaced by the following:

**Special rules — hearing in National Capital Region**

**(1.1)** A hearing under subsection 38.04(5) or an appeal or review of an order made under any of subsections 38.06(1) to (3) shall, at the request of either the Attorney General of Canada or, in the case of a proceeding under Part III of the *National Defence Act*, other than a *summary hearing* as defined in subsection 2(1) of that Act, the Minister of National Defence, be held or heard, as the case may be, in the National Capital Region, as described in the schedule to the *National Capital Act*.

**Ex parte representations**

**(2)** The judge conducting a hearing under subsection 38.04(5) or the court hearing an appeal or review of an order made under any of subsections 38.06(1) to (3) may give any person who makes representations under paragraph 38.04(5)(d), and shall give the Attorney General of Canada and, in the case of a proceeding under Part III of the *National Defence Act*, other than a *summary hearing* as defined in subsection 2(1) of that Act, the Minister of National Defence, the opportunity to make representations *ex parte*.

— 2019, c. 15, s. 52

2001, c. 41, s. 43.

**52** Subsection 38.13(2) of the Act is replaced by the following:

**Military proceedings**

**(2)** In the case of a proceeding under Part III of the *National Defence Act*, other than a *summary hearing* as defined in subsection 2(1) of that Act, the Attorney General of Canada may issue the certificate only with the agreement, given personally, of the Minister of National Defence.

— 2019, c. 15, s. 53

2001, c. 41, s. 43.

**53** Subsection 38.131(3) of the Act is replaced by the following:

divulgation ou les conditions dont l'autorisation de divulgation est assortie et sur les personnes qui devraient être avisées de la tenue d'une audience;

— 2019, ch. 15, art. 51

2001, ch. 41, art. 43; 2013, ch. 9, par. 21(1).

**51** Les paragraphes 38.11(1.1) et (2) de la même loi sont remplacés par ce qui suit :

**Règles spéciales : audience dans la région de la capitale nationale**

**(1.1)** À la demande soit du procureur général du Canada, soit du ministre de la Défense nationale dans le cas des instances engagées sous le régime de la partie III de la *Loi sur la défense nationale*, autre qu'une *audience sommaire* au sens du paragraphe 2(1) de cette loi, l'audience prévue au paragraphe 38.04(5) et l'audition de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) ont lieu dans la région de la capitale nationale définie à l'annexe de la *Loi sur la capitale nationale*.

**Présentation d'arguments en l'absence d'autres parties**

**(2)** Le juge saisi d'une affaire au titre du paragraphe 38.04(5) ou le tribunal saisi de l'appel ou de l'examen d'une ordonnance rendue en application de l'un des paragraphes 38.06(1) à (3) donne au procureur général du Canada — et au ministre de la Défense nationale dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, autre qu'une *audience sommaire* au sens du paragraphe 2(1) de cette loi — la possibilité de présenter ses observations en l'absence d'autres parties. Il peut en faire de même pour les personnes qu'il entend en application de l'alinéa 38.04(5)d).

— 2019, ch. 15, art. 52

2001, ch. 41, art. 43.

**52** Le paragraphe 38.13(2) de la même loi est remplacé par ce qui suit :

**Instances militaires**

**(2)** Dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, autre qu'une *audience sommaire* au sens du paragraphe 2(1) de cette loi, le procureur général du Canada ne peut délivrer de certificat qu'avec l'assentiment du ministre de la Défense nationale donné personnellement par celui-ci.

— 2019, ch. 15, art. 53

2001, ch. 41, art. 43.

**53** Le paragraphe 38.131(3) de la même loi est remplacé par ce qui suit :

**Military proceedings**

**(3)** In the case of proceedings under Part III of the *National Defence Act*, other than a *summary hearing* as defined in subsection 2(1) of that Act, notice under subsection (2) shall be given to both the Attorney General of Canada and the Minister of National Defence.

— 2019, c. 15, s. 54

2001, c. 41, s. 44.

**54** **Item 10 of the schedule to the Act is replaced by the following:**

**10** A court martial or a military judge for the purposes of Part III of the *National Defence Act*

**Instance militaire**

**(3)** Dans le cas d'une instance engagée sous le régime de la partie III de la *Loi sur la défense nationale*, autre qu'une *audience sommaire* au sens du paragraphe 2(1) de cette loi, l'avis prévu au paragraphe (2) est donné à la fois au procureur général du Canada et au ministre de la Défense nationale.

— 2019, ch. 15, art. 54

2001, ch. 41, art. 44.

**54** **L'article 10 de l'annexe de la même loi est remplacé par ce qui suit :**

**10** Une cour martiale ou un juge militaire, pour l'application de la partie III de la *Loi sur la défense nationale*