# **EXHIBIT F**

# ALBERTA EVIDENCE ACT

## Chapter A-18

### *Table of Contents*

**1**  Definitions

**Application of Act**

**2**  Application of Act

**Competency of Witnesses**

**3**  Admission of witness with interest, etc.
**4**  Competency as witnesses
**5**  Evidence as to intercourse
**6**  Incriminating questions
**7**  Questions re adultery
**8**  Communications made during marriage or adult interdependent relationship
**9**  Quality assurance records

**Corroborative Evidence**

**10**  Evidence re breach of promise
**11**  Evidence in action by heir, etc.
**12**  Evidence in action by lunatic, etc.

**Principal and Agent**

**13**  Principal and agent

**Oaths and Affirmations**

**14**  Form, etc., of oath
**15**  Administration of oath
**16**  Scottish oath
**17**  Affirmation, etc., instead of oath
**18**  Statutory declaration

1

**19** Evidence of child
**20** Evidence of mute person

**Attendance of Witnesses**

**21** Action against witness disobeying subpoena

**Examination of Witnesses**

**22** Cross-examination
**23** Proof of contradictory statement
**24** Proof of previous conviction of witness
**25** Contradiction of witness

**Admissibility of Previous Court Proceedings**

**26** Admissibility of previous court proceedings

**Apology**

**26.1** Effect of apology on liability

**Statutes and Public Documents**

**27** Proof of letters patent
**28** Copies of statutes, etc., as evidence
**29** Proof of proclamations, etc.
**30** Order signed by Secretary of State or Provincial Secretary
**31** Published notices as evidence
**32** Judicial notice
**33** Copies of documents as evidence
**34** Privileged document
**35** Copies of entries in departmental books
**36** Birth records, etc., as evidence
**37** Certificate of weighmaster as evidence
**38** Copies of public books, etc., as evidence
**39** Conclusiveness of documents
**40** Photographic film as evidence
**41** Bank records as evidence

**Electronic Records**

**41.1** Definitions
**41.2** Application
**41.3** Authentication
**41.4** Application of the best evidence rule
**41.5** Presumption of integrity

2

**41.6**   Standards
**41.7**   Proof by affidavit
**41.8**   Cross-examination

**Signatures of Judges**

**42**   Judicial notice of signatures
**43**   Proof of signature
**44**   Proof of foreign judgments

**Notarial Documents**

**45**   Notarial documents

**Protests of Bills and Notes**

**46**   Protest as evidence
**47**   Oaths made outside Alberta
**48**   Validity of sworn statements
**49**   Informalities in affidavits
**50**   Copy of deposition as evidence

**Proof of Wills**

**51**   Probate of will, etc., as evidence
**52**   Death outside Alberta

**Copies of Instruments**

**53**   Copy of registered document as proof
**54**   Original document and copy
**55**   Proof of telegrams, etc.

**Miscellaneous**

**56**   Case before foreign court
**57**   Attestation as to validity of instrument
**58**   Comparison of disputed writing
**59**   Impounding documents
**60**   Recitals, etc., 20 years old
**61**   Proving old documents
**62**   Construction of Act
**63**   Proving death of member of Forces

HER MAJESTY, by and with the advice and consent of the Legislative Assembly of Alberta, enacts as follows:

**Definitions**

**1**   In this Act,

3

 (a) "action" includes

  (i) an issue, matter, arbitration, reference, investigation or inquiry,

  (ii) a prosecution for an offence committed against an Act of the Legislature or in force in Alberta, or against a bylaw or regulation made under the authority of any such Act, and

  (iii) any other proceeding authorized or permitted to be tried, heard, had or taken by or before a court under the law of Alberta;

 (b) "court" includes a judge, arbitrator, umpire, commissioner, judge of the Provincial Court, justice of the peace or other officer or person having by law or by the consent of parties authority to hear, receive and examine evidence;

 (c) "witness" includes a person

  (i) who in the course of an action is questioned orally under Part 5 of the *Alberta Rules of Court* or is cross-examined on an affidavit made by the person,

  (ii) who makes answer by affidavit on any interrogatories, or

  (iii) who makes an affidavit of records under Part 5 of the *Alberta Rules of Court*.

RSA 2000 cA-18 s1;2008 c32 s5;2009 c53 s16

## Application of Act

**Application of Act**

**2** This Act extends and applies to evidence offered or taken

 (a) orally,

 (b) by interrogatories,

 (c) by affidavits,

 (d) by the production of documents or things, or

 (e) otherwise,

by or before a court in an action.

RSA 1980 cA-21 s2

## Competency of Witnesses

**Admission of witness with interest, etc.**

**3(1)**  No person offered as a witness in an action shall be excluded from giving evidence by reason of any alleged incapacity from crime or interest.

**(2)**  A person offered as a witness shall be admitted to give evidence notwithstanding that the person has an interest in the matter in question or in the event of the action or that the person has been previously convicted of a crime or offence.

RSA 1980 cA-21 s3

**Competency as witnesses**

**4(1)**  The parties to an action and the persons on whose behalf the action is brought, instituted, opposed or defended are, except as otherwise provided in this Act, competent and compellable to give evidence on behalf of themselves or of any of the parties.

**(2)**  The spouses and adult interdependent partners of the parties and persons mentioned in subsection (1) are, except as otherwise provided in this Act, competent and compellable to give evidence on behalf of any of the parties.

**(3)**  Nothing in this section makes the defendant in a prosecution under an Act of the Legislature compellable to give evidence for or against himself or herself.

RSA 2000 cA-18 s4;2002 cA-4.5 s15

**Evidence as to intercourse**

**5**  Without limiting the generality of section 4, a spouse or an adult interdependent partner may in an action give evidence that he or she did or did not have sexual intercourse with the other spouse or adult interdependent partner at any time or within any period of time before or during the marriage or adult interdependent relationship.

RSA 2000 cA-18 s5;2002 cA-4.5 s15

**Incriminating questions**

**6(1)**  A witness shall not be excused from answering any question on the ground that the answer may tend to incriminate the witness or may tend to establish the witness's liability to prosecution under an Act of the Legislature.

**(2)**  A witness who testifies in any proceedings has the right not to have any incriminating evidence so given used to incriminate that witness in any other proceedings, except in a prosecution for perjury or for the giving of contradictory evidence.

RSA 1980 cA-21 s6;1985 c15 s1

**Questions re adultery**

**7(1)**  No witness in an action whether a party to it or not is liable to be asked or shall be bound to answer a question tending to show that the witness has been guilty of adultery unless the witness has already given evidence in the same action in disproof of the alleged adultery.

**(2)**  Notwithstanding anything in this Act, subsection (1) does not apply in the case of any prosecution for an offence against the criminal law of Canada but evidence given in any such prosecution and tending to show the commission of adultery is inadmissible in evidence in any civil proceeding.

RSA 1980 cA-21 s7

**Communications made during marriage or adult interdependent relationship**

**8**  A spouse or an adult interdependent partner is not compellable to disclose any communication made to him or her by the other spouse or adult interdependent partner during the marriage or adult interdependent relationship.

RSA 2000 cA-18 s8;2002 cA-4.5 s15

**Quality assurance records**

**9(1)**  In this section,

(a)  "quality assurance activity" means a planned or systematic activity the purpose of which is to study, assess or evaluate the provision of health services with a view to the continual improvement of

(i)  the quality of health care or health services, or

(ii)  the level of skill, knowledge and competence of health service providers;

(b)  "quality assurance committee" means a committee, commission, council or other body that has as its primary purpose the carrying out of quality assurance activities and that is

(i)  appointed by

(A)  a regional health authority,

(B), (C)  repealed 2008 cH-4.3 s8,

(D)  the board of an approved hospital under the *Hospitals Act*, or

(E)  the operator of a nursing home,

6

(ii)    established by or under another enactment of Alberta, or

(iii)   designated by an order of the Minister of Health as a quality assurance committee for the purposes of this section,

but does not include a committee whose purpose, under legislation governing a profession or occupation, is to review the practice of or to deal with complaints respecting the conduct of a person practising a profession or occupation;

(c)    "quality assurance record" means a record of information in any form that is created or received by or for a quality assurance committee in the course of or for the purpose of its carrying out quality assurance activities, and includes books, documents, maps, drawings, photographs, letters, vouchers and papers and any other information that is written, photographed, recorded or stored in any manner, but does not include software or any mechanism that produces records.

**(2)**  A witness in an action, whether a party to it or not,

(a)    is not liable to be asked, and shall not be permitted to answer, any question as to any proceedings before a quality assurance committee, and

(b)    is not liable to be asked to produce and shall not be permitted to produce any quality assurance record in that person's or the committee's possession or under that person's or the committee's control.

**(3)**  Subsection (2) does not apply to original medical and hospital records pertaining to a patient.

**(4)**  Notwithstanding that a witness in an action

(a)    is or has been a member of,

(b)    has participated in the activities of,

(c)    has made a report, statement, memorandum or recommendation to, or

(d)    has provided information to,

a quality assurance committee, the witness is not, subject to subsection (2), excused from answering any question or producing

any document that the witness is otherwise bound to answer or produce.

**(5)** Neither

   (a)  the disclosure of any information or of any document or anything contained in a document, or the submission of any report, statement, memorandum or recommendation, to a quality assurance committee for the purpose of its quality assurance activities,

     nor

   (b)  the disclosure of any information, or of any document or anything contained in a document, that arises out of the quality assurance activities of a quality assurance committee,

creates any liability on the part of the person making the disclosure or submission.

RSA 2000 cA-18 s9;2008 cH-4.3 s8;2013 c10 s37

## Corroborative Evidence

### Evidence re breach of promise

**10**   The plaintiff in an action for breach of promise of marriage shall not succeed in the action unless the plaintiff's testimony is corroborated by some other material evidence in support of the promise.

RSA 1980 cA-21 s11

### Evidence in action by heir, etc.

**11**   In an action by or against the heirs, next of kin, executors, administrators or assigns of a deceased person, an opposed or interested party shall not obtain a verdict, judgment or decision on that party's own evidence in respect of any matter occurring before the death of the deceased person, unless the evidence is corroborated by other material evidence.

RSA 1980 cA-21 s12

### Evidence in action by lunatic, etc.

**12**   In an action by or against a lunatic so found or by or against an inmate of a mental health facility, or a person who from unsoundness of mind is incapable of giving evidence, an opposed or interested party shall not obtain a verdict, judgment or decision on that party's own evidence unless that party's evidence is corroborated by other material evidence.

RSA 1980 cA-21 s13

## Principal and Agent

**Principal and agent**

**13**   On the trial of an action between a principal and an agent founded on any cause of action, if the principal satisfies the judge of the existence of a duty on the part of the agent to do any act or thing, the burden of proof as to the doing of that act or thing is then placed on the agent.

RSA 1980 cA-21 s14

## Oaths and Affirmations

**Form, etc., of oath**

**14(1)**  When an oath may lawfully be administered to a person

   (a)   as a witness or as a deponent in an action,

   (b)   on appointment to an office or employment, or

   (c)   on any occasion whatever,

that person is bound by the oath administered if it has been administered in a form and with any ceremonies that the person may declare to be binding.

**(2)**  When an oath is duly administered and taken, the fact that the person to whom it was administered has at the time of taking the oath no religious belief does not for any purpose affect the validity of the oath.

RSA 1980 cA-21 s15

**Administration of oath**

**15(1)**  An oath may be administered in the form and manner following:

> The person taking the oath shall hold the Bible or New Testament, or Old Testament in the case of an adherent of the Jewish religion, in the person's uplifted hand and the officer administering the oath shall say:  "You swear that the evidence you give as touching the matters in question in this action or matter shall be the truth, the whole truth and nothing but the truth.  So help you God", to which the person being sworn shall say "I do" or give his or her assent to it in a manner satisfactory to the court or to the officer administering the oath.

**(2)**  Without in any way limiting or restricting the manner in which an oath may be administered, the oath may be taken or sworn on any one of the 4 Gospels.

RSA 1980 cA-21 s16

**Scottish oath**

**16**  If a person to whom an oath is to be administered desires to swear with uplifted hand in the form and manner in which an oath is usually administered in Scotland the person shall be permitted to do so, and the oath shall be administered to the person in that form and manner without further question.

RSA 1980 cA-21 s17

**Affirmation, etc., instead of oath**

**17(1)**  If, in an action or on an occasion when an oath is required or permitted, a person called as a witness, or required or desiring to give evidence or to make an affidavit or deposition, objects to taking an oath or is objected to as incompetent to take an oath, if the presiding judge or the person qualified to take affidavits or depositions is satisfied that the witness or deponent objects to being sworn

    (a)  from conscientious scruples,

    (b)  on the ground of the religious belief of the witness or deponent, or

    (c)  on the ground that the taking of an oath would have no binding effect on the conscience of the witness or deponent,

the witness or deponent may make an affirmation and declaration instead of taking an oath.

**(2)**  The affirmation and declaration of that person is of the same force and effect as if that person had taken an oath in the usual form.

**(3)**  When the evidence is in the form of an affidavit or written deposition, the person before whom it is taken shall certify that the deponent satisfied the person that the deponent was a person entitled to affirm.

RSA 1980 cA-21 s18

**Statutory declaration**

**18**  Any person authorized by law to administer oaths or to take affidavits in any matter may receive the solemn declaration of any person making it before the authorized person, in the following form, in attestation of the execution of any writing, deed or instrument or of the truth of any fact or of any account rendered in writing:

    I, _____, solemnly declare that *(state the fact or facts declared to),* and I make this solemn declaration

conscientiously believing it to be true and knowing that it is of the same force and effect as if made under oath.

Declared before me at _____ this __ day of ____ , 20

_____ .

RSA 1980 cA-21 s19

**Evidence of child**

**19(1)** In a legal proceeding where a child of tender years is offered as a witness and the child does not, in the opinion of the judge, justice or other presiding officer, understand the nature of an oath, the evidence of the child may be received though not given on oath if, in the opinion of the judge, justice or other presiding officer, the child is possessed of sufficient intelligence to justify the reception of the evidence and understands the duty of speaking the truth.

**(2)** No case shall be decided on the evidence unless the evidence is corroborated by other material evidence.

RSA 1980 cA-21 s20

**Evidence of mute person**

**20** A witness who is unable to speak may give evidence in any manner by which the witness can make it intelligible.

RSA 1980 cA-21 s21

## Attendance of Witnesses

**Action against witness disobeying subpoena**

**21** When a witness who has been

(a)   served in due time with

(i)   a subpoena issued out of any court in Alberta, or

(ii)   a notice authorized instead of a subpoena, and

(b)   paid the witness's proper fees, expenses and allowances,

defaults in obeying the subpoena or notice without any lawful and reasonable impediment, the witness, in addition to any penalty the witness may incur for a contempt of court, is liable to an action, on the part of the person by whom or on whose behalf the witness has been subpoenaed or summoned, for any damage that that person sustains or is put to by reason of the default.

RSA 2000 cA-18 s21;2009 c53 s16

### Examination of Witnesses

**Cross-examination**

**22(1)**  A witness may be cross-examined with regard to previous statements made by the witness in writing, or reduced to writing, and relative to the matter in question, without the writing being shown to the witness.

**(2)**  If it is intended to contradict the witness by the writing,  the witness's attention shall, before the contradictory proof is given, be called to those parts of the writing that are to be used for the purpose of contradicting the witness.

**(3)**  The judge or other person presiding may, at any time during the trial or proceeding, require the production of the writing for  the judge's or the other presiding person's inspection, and may on production make any use of the writing for the purposes of the trial or proceedings that the judge or other presiding person thinks fit.
RSA 1980 cA-21 s23

**Proof of contradictory statement**

**23(1)**  If a witness on cross-examination with regard to a former statement made by the witness about the matter in question and inconsistent with the witness's present testimony does not distinctly admit that the witness made the statement, proof may, subject to subsection (2), be given that the witness did in fact make that statement.

**(2)**  Before that proof is given, those circumstances of the alleged statement that are sufficient to designate the particular occasion shall be mentioned to the witness, and the witness shall be asked whether the witness did make the statement.
RSA 1980 cA-21 s24

**Proof of previous conviction of witness**

**24(1)**  A witness may be asked whether the witness has been convicted of a crime and, on being so asked, if the witness either denies the fact or refuses to answer, the conviction may be proved.

**(2)**  A certificate

    (a)   that specifies the substance and effect only, omitting the formal part, of the charge and the conviction, and

    (b)   that purports to be signed by the officer having the custody of the records of the court in which the offender was convicted, or by the deputy of the officer,

is, on proof of the identity of the witness as the convicted person, sufficient evidence of the conviction without proof of the signature or official character of the person appearing to have signed the certificate.

**(3)**  A fee of not more than $1 may be demanded or taken for the certificate.

RSA 1980 cA-21 s25

**Contradiction of witness**

**25(1)**  A party producing a witness shall not be allowed to impeach the witness's credit by general evidence of bad character but the party may contradict the witness by other evidence.

**(2)**  If the witness in the opinion of the judge or other person presiding proves adverse, the party producing the witness may with the permission of the judge or other person presiding prove that the witness made at some other time a statement inconsistent with the witness's present testimony.

**(3)**  Before the proof referred to in subsection (2) is given, those circumstances of the inconsistent statement that are sufficient to designate the particular occasion shall be mentioned to the witness and the witness shall be asked whether the witness did make the statement.

RSA 2000 cA-18 s25;2014 c13 s14

## Admissibility of Previous Court Proceedings

**Admissibility of previous court proceedings**

**26(1)**  In this section,

   (a)   "conviction" means a conviction

      (i)   that is not subject to appeal or further appeal, or

      (ii)   in respect of which no appeal is taken;

   (b)   "finding of guilt" means the plea of guilty by an accused to an offence or the finding that an accused is guilty of an offence made before or by a court that makes an order directing that the accused be discharged for the offence either absolutely or on the conditions prescribed in a probation order, when

      (i)   the order directing the discharge is not subject to further appeal, or

      (ii)   no appeal is taken in respect of the order directing the discharge,

13

and "found guilty" has a corresponding meaning.

**(2)** When

    (a)  a person has been convicted of or is found guilty of an offence anywhere in Canada, and

    (b)  the commission of that offence is relevant to an issue in an action,

then, whether or not that person is a party to the action, proof of the conviction or the finding of guilt, as the case may be, is admissible in evidence for the purpose of proving that the person committed the offence.

**(3)** A certificate containing the substance and effect only, omitting the formal part, of the charge and of the conviction or finding of guilt, as the case may be, purporting to be signed by

    (a)  the officer having the custody of the records of the court in which the offender was convicted or found guilty, or

    (b)  the deputy of the officer,

is, on proof of the identity of a person as the offender, sufficient evidence of the conviction of that person or the finding of guilt against that person, without proof of the signature or official character of the person appearing to have signed the certificate.

**(4)** When proof of the conviction or finding of guilt of a person is tendered in evidence pursuant to subsection (2) in an action for defamation, the conviction of that person or the finding of guilt against that person is conclusive proof that the person committed the offence.

**(5)** When proof of a conviction or a finding of guilt is admitted in evidence under this section, the contents of the information, complaint or indictment relating to the offence of which the person was convicted or found guilty is admissible in evidence.

**(6)** Subject to subsection (4), the weight to be given the conviction or finding of guilt shall be determined by the judge or jury, as the case may be.

RSA 1980 cA-21 s27

## Apology

**Effect of apology on liability**
**26.1(1)** In this section, "apology" means an expression of sympathy or regret, a statement that one is sorry or any other words

or actions indicating contrition or commiseration, whether or not
the words or actions admit or imply an admission of fault in
connection with the matter to which the words or actions relate.

**(2)**  An apology made by or on behalf of a person in connection
with any matter

   (a)   does not constitute an express or implied admission of fault
         or liability by the person in connection with that matter,

   (b)   does not constitute a confirmation or acknowledgment of a
         claim in relation to that matter for the purposes of the
         *Limitations Act*,

   (c)   does not, notwithstanding any wording to the contrary in
         any contract of insurance and notwithstanding any other
         enactment, void, impair or otherwise affect any insurance
         coverage that is available, or that would, but for the
         apology, be available, to the person in connection with that
         matter, and

   (d)   shall not be taken into account in any determination of fault
         or liability in connection with that matter.

**(3)**  Notwithstanding any other enactment, evidence of an apology
made by or on behalf of a person in connection with any matter is
not admissible in any court as evidence of the fault or liability of
the person in connection with that matter.

**(4)**  This section does not apply to the prosecution of an offence.

2008 c11 s2;2009 c48 s1

## Statutes and Public Documents

### Proof of letters patent

**27(1)**  Letters patent under the Great Seal of the United Kingdom
of Great Britain and Northern Ireland or of any other of Her
Majesty's realms and territories may be proved by the production
of an exemplification of the letters patent or of the enrolment
thereof, under the Great Seal under which the letters patent issued.

**(2)**  The exemplification of the letters patent has the like effect for
all purposes against the Crown as well as against all other persons
as the letters patent exemplified by it have.

RSA 1980 cA-21 s28

### Copies of statutes, etc., as evidence

**28**  Copies of statutes, official gazettes, ordinances, regulations,
proclamations, journals, orders, appointments to office, notices of
them and other public documents purporting to be printed by or

15

under the authority of the Parliament of Great Britain and Northern
Ireland or of the Imperial Government or by or under the authority
of the government or of any legislative body within any of Her
Majesty's realms and territories shall be admitted in evidence to
prove the contents of them.

RSA 1980 cA-21 s29

**Proof of proclamations, etc.**

**29(1)**  In the absence of evidence to the contrary, proof of a
proclamation, order, regulation or appointment to office may be
given by the production

(a)  of a copy of the Canada Gazette or of the official gazette for
any province or territory of Canada purporting to contain a
notice of the proclamation, order, regulation or appointment,

(b)  of a copy of the proclamation, order, regulation or
appointment purporting to be printed by the Queen's Printer
or by the Government Printer for the province or territory,
or

(c)  of a copy of or extract from the proclamation, order,
regulation or appointment and purporting to be certified to
be a true copy by a Minister or head of a department or by
the Clerk of the Executive Council or a person designated
by the Clerk or by the head of a department of the
Government of Canada or of a provincial or territorial
government or by the head's deputy or acting deputy.

**(2)**  This section refers to a proclamation, order, regulation or
appointment to office made or issued

(a)  by the Governor General or the Governor General in
Council, or other chief executive officer or administrator of
the Government of Canada,

(b)  by or under the authority of a Minister or head of a
department of the Government of Canada or of any
provincial or territorial government in Canada, or

(c)  by a Lieutenant Governor or Lieutenant Governor in
Council or other chief executive officer or administrator of
Alberta or of any other province or territory in Canada.

RSA 1980 cA-21 s30;1984 c55 s3;1987 c29 s1

**Order signed by Secretary of State or Provincial Secretary**

**30(1)**  An order in writing purporting to be signed by the Secretary
of State of Canada and to be written by command of the Governor

General shall be received in evidence as the order of the Governor General.

**(2)** An order in writing purporting to be signed by the Provincial Secretary and to be written by command of the Lieutenant Governor shall be received in evidence as the order of the Lieutenant Governor.

RSA 1980 cA-21 s31

**Published notices as evidence**

**31** Copies of proclamations and of official and other documents, notices and advertisements printed in the Canada Gazette or in The Alberta Gazette or in the official gazette of any province or territory in Canada are proof, in the absence of evidence to the contrary, of the originals and of their contents.

RSA 1980 cA-21 s32

**Judicial notice**

**32** Notwithstanding anything in this Act, every Act or regulation of Alberta or of Canada and every proclamation and every order made or issued by the Governor General or the Governor General in Council or by the Lieutenant Governor or the Lieutenant Governor in Council, and every publication of them in the Canada Gazette or The Alberta Gazette, shall be judicially noticed.

RSA 1980 cA-21 s33

**Copies of documents as evidence**

**33** When the original record could be received in evidence, a copy

    (a) of an official or public document in Alberta purporting to be certified under the hand of the proper officer or the person in whose custody the official or public document is placed, or

    (b) of a document, bylaw, rule, regulation or proceeding, or of an entry in a register or other book of a corporation, carrying on business in Alberta and created by a charter or Act of the Legislature or a charter or ordinance of the North-West Territories, purporting to be certified under the seal of the corporation and the hand of its presiding officer or secretary,

is receivable in evidence without proof of the seal of the corporation or of the signature or official character of the person or persons appearing to have signed it and without further proof.

RSA 1980 cA-21 s34

**Privileged document**

**34(1)** When a document is in the official possession, custody or power of a member of the Executive Council, or of the head of a department of the public service of Alberta, but a deputy head or other officer has the document in the deputy head's or other officer's personal possession and is called as a witness, the deputy head or other officer, acting by the direction and on behalf of the member of the Executive Council or head of a department, is entitled to object to the production of the document on the ground that it is privileged.

**(2)** The objection may be taken by that deputy head or other officer in the same manner and has the same effect as if the member of the Executive Council or head of a department were personally present and made the objection.

**(3)** A subpoena shall not issue out of a court requiring

    (a)    the attendance of an employee, or

    (b)    the production of a document of a Department in the official custody or possession of an employee,

without an order of the court.

**(4)** An employee shall not disclose or be compelled to disclose information obtained by the employee in the employee's official capacity if a member of the Executive Council certifies that in the member's opinion

    (a)    it is not in the public interest to disclose that information, or

    (b)    the information cannot be disclosed without prejudice to the interests of persons not concerned in the litigation.

**(5)** The information certified under subsection (4) is privileged.

**(6)** In this section, "employee" means a person employed in the public service of Alberta, whether the employee's employment is permanent or temporary or on a full-time or part-time basis.

RSA 1980 cA-21 s35;1983 cL-10.1 s57

**Copies of entries in departmental books**

**35(1)** A copy of an entry in any book of account kept in any department, commission, board, or other branch of the Government of Canada or of Alberta is admissible in evidence as proof, in the absence of evidence to the contrary, of the entry, and of the matters, transactions and accounts recorded in it, if it is proved by the oath or affidavit of an officer of the branch concerned that

(a)   the book was, at the time of the making of the entry, one of the ordinary books kept in the branch,

(b)   the entry was apparently, and as the deponent believes, made in the usual and ordinary course of business of the branch, and

(c)   the copy is a true copy of the entry.

**(2)**  When by an Act or regulation under the Act provision is made for the issue by a department, commission, board, or other branch of the Government of Canada or of Alberta of a licence required for the doing or having of any act or thing, or provision is made for the issue of any other document, the affidavit of an official of the branch concerned stating that

(a)   the official has charge of the appropriate records,

(b)   the official has made a careful examination and search of those records, and

(c)   in any given case

(i)   a licence or other document has been issued,

(ii)   the official has been unable to find that a licence or other document has been issued, or

(iii)   though a licence or other document has been issued, it has since been suspended or cancelled,

is admissible in evidence as proof, in the absence of evidence to the contrary, that the licence or other document has or has not been issued, or has been suspended or cancelled, as the case may be.

**(3)**  When evidence is offered by affidavit pursuant to this section, it is not necessary to prove the official character of the person making the affidavit if that information is set out in the body of the affidavit.

RSA 1980 cA-21 s36

**Birth records, etc., as evidence**

**36**   A copy of the record of a birth, marriage or death in the possession of a department of the government of a province or territory purporting to be certified as a true copy of the original by the officer who has custody of the original record, is admissible in evidence as proof of the original record and of its possession by the department.

RSA 1980 cA-21 s37

**Certificate of weighmaster as evidence**

**37**   A certificate or extract from a record used by a weighmaster or grain inspecting officer under the *Canada Grain Act* (Canada), if signed and sealed as provided by that Act, is proof, in the absence of evidence to the contrary, of the facts stated in the certificate or extract without proof of the seal or of the signature or official character of the person appearing to have signed it.

RSA 1980 cA-21 s38

**Copies of public books, etc., as evidence**

**38(1)**   When a book or other document is of so public a nature as to be admissible in evidence on its mere production from the proper custody, a copy of the book or other document or an extract from it is admissible in evidence if it is proved

    (a)   that the copy or extract is an examined copy or examined extract, or

    (b)   that the copy or extract purports to be signed and certified as a true copy or true extract by the officer to whose custody the original book or document has been entrusted.

**(2)**   The officer to whose custody the original book or document has been entrusted shall on payment of a sum not exceeding $0.20 for each folio of 100 words furnish a certified copy of the book or document or certified extract from it to a person applying for it at a reasonable time.

RSA 1980 cA-21 s39

**Conclusiveness of documents**

**39**   If an Act or regulation provides that a document is evidence of a fact without anything in the context to indicate that the document is conclusive evidence, then the document is admissible in evidence in any action, and the fact is deemed to be established in the absence of any evidence to the contrary.

RSA 1980 cA-21 s40

**Photographic film as evidence**

**40(1)**   In this section,

    (a)   "person" includes

        (i)   the Government of Canada and of any province or territory of Canada and any department, commission, board or branch of any of those governments,

        (ii)   a corporation, and

   (iii)   the heirs, executors, administrators or other legal
           representatives of a person;

   (b)   "photographic film" includes a photographic plate,
         microphotographic film and photostatic negative, and
         "photograph" has a corresponding meaning.

**(2)**  When a bill of exchange, promissory note, cheque, receipt,
instrument, agreement, document, plan or a record or book or entry
in it kept or held by a person

   (a)   is photographed in the course of an established practice of
         that person for photographing objects of the same or a
         similar class in order to keep a permanent record of it, and

   (b)   is destroyed by or in the presence of the person or of one or
         more of the person's employees or is delivered to another
         person in the ordinary course of business or is lost,

a print from the photographic film is admissible in evidence in all
cases and for all purposes for which the object photographed would
have been admissible.

**(3)**  When a bill of exchange, promissory note, cheque, receipt,
instrument, agreement or other executed or signed document was
so destroyed before the expiration of 6 years

   (a)   from the date when in the ordinary course of business either
         the object or the matter to which it related ceased to be
         treated as current by the person having custody or control of
         the object, or

   (b)   from the date of receipt, by the person having custody or
         control of the object, of notice in writing of any claim in
         respect of the object or matter prior to the destruction of the
         object,

whichever is the later date, the court may refuse to admit in
evidence under this section a print from a photographic film of the
object.

**(4)**  Subsection (3) does not apply in any case where a
photographic print is tendered by

   (a)   a government;

   (b)   the Bank of Canada;

   (c)   a municipal corporation;

(d)   a Metis settlement;

(e)   a board of a school division under the *Education Act*;

(f)   The Board of the Northland School Division No. 61 under the *Northland School Division Act*;

(g)   a regional health authority under the *Regional Health Authorities Act*.

**(5)**  Proof of compliance with the conditions prescribed by this section may be given either orally or by affidavit sworn before a notary public by any person having knowledge of the facts and, unless the court otherwise orders, a notarial copy of that affidavit is admissible in evidence instead of the original affidavit.

**(6)**  When pursuant to the *Land Titles Act* a certificate of title is removed from the register, and is replaced by 2 photostatic negatives, the 2 negatives, notwithstanding that the certificate of title has not been destroyed, are admissible in evidence in all cases and for all purposes for which the certificate of title would have been admissible.

RSA 2000 cA-18 s40;2012 cE-0.3 s262

**Bank records as evidence**

**41(1)**  In this section,

(a)   "bank" means a bank to which the *Bank Act* (Canada) applies, and includes a branch, agency or office of the bank;

(b)   "court" means the court, judge or arbitrator under the *Arbitration Act* or person before whom a legal proceeding is held or taken for the purposes of which proceeding it is required to inspect or take copies of entries in the books or records of a bank;

(c)   "legal proceeding" means a civil proceeding or inquiry in which evidence is or may be given, and includes an arbitration.

**(2)**  Subject to this section, a copy of an entry in a book or record kept in a bank shall in all legal proceedings be received in evidence as proof, in the absence of evidence to the contrary, of the entry and of the matters, transactions and accounts therein.

**(3)**  A copy of an entry in the book or record shall not be received in evidence under this section unless it is first proved

(a)   that the book or record was at the time of the making of the entry one of the ordinary books or records of the bank,

    (b)   that the entry was made in the usual and ordinary course of business,

    (c)   that the book or record is in the custody or control of the bank, and

    (d)   that the copy is a true copy thereof.

**(4)**  Evidence to prove the matters required by subsection (3) to be proved may be given by the manager or accountant of the bank and may be given orally or by affidavit sworn before a commissioner for taking affidavits or other competent authority of the like nature.

**(5)**  A bank or officer of a bank is not compellable in a legal proceeding to which the bank is not a party

    (a)   to produce a book or record, the contents of which can be proved under this section, or

    (b)   to appear as a witness to prove the matters, transactions and accounts recorded in it,

unless so ordered by an order of the court made for special cause.

**(6)**  On the application of a party to a legal proceeding, the court may order that that party be at liberty to inspect and take copies of entries in the books or records of a bank for the purposes of the legal proceeding.

**(7)**  The person whose account is to be inspected shall be notified of the application at least 2 clear days before the hearing of it.

**(8)**  If it is shown to the satisfaction of the court that the person whose account is to be inspected cannot be notified personally, the court may order the notice to be given by addressing it to the bank.

**(9)**  The costs of an application to a court under this section and the costs of anything done or to be done under an order of the court made under this section are in the discretion of the court.

**(10)**  The court may order the costs or a part of the costs to be paid to any party by the bank when the costs have been occasioned by default or delay on the part of the bank.

**(11)**  An order against a bank made under subsection (10) may be enforced as if the bank were a party to the proceeding.

**(12)**  Holidays shall be excluded from the computation of time under this section.

RSA 1980 cA-21 s42

## Electronic Records

**Definitions**

**41.1**   In this section and sections 41.2 to 41.8,

(a)   "electronic record" means information that

(i)   is recorded or stored on any medium in or by a computer system or other similar device, and

(ii)   can be read or perceived by a person or a computer system or other similar device,

and includes a display, printout or other output of that information, other than a printout referred to in section 41.4(3);

(b)   "electronic records system" includes the computer system or other similar device by or in which information is recorded or stored, and any procedures related to the recording and storage of electronic records.

2001 cE-5.5 s33

**Application**

**41.2(1)**   Sections 41.3 to 41.8 do not modify any common law or statutory rule relating to the admissibility of records, except the rules relating to authentication and best evidence.

**(2)**   A court may have regard to evidence adduced under sections 41.3 to 41.8 in applying any common law or statutory rule relating to the admissibility of records.

2001 cE-5.5 s33

**Authentication**

**41.3**   A person seeking to introduce an electronic record as evidence has the burden of proving its authenticity by evidence capable of supporting a finding that the electronic record is what the person claims it to be.

2001 cE-5.5 s33

**Application of the best evidence rule**

**41.4(1)**   Subject to subsection (3), where the best evidence rule is applicable in respect of an electronic record, it is satisfied on proof of the integrity of the electronic records system.

**(2)**   The integrity of an electronic record may be proved by evidence of the integrity of the electronic records system by or in which the information was recorded or stored, or by evidence that reliable encryption techniques were used to support the integrity of the electronic record.

**(3)** An electronic record in the form of a printout that has been manifestly or consistently acted on, relied on or used as the record of the information recorded or stored on the printout is the record for the purposes of the best evidence rule.

2001 cE-5.5 s33

**Presumption of integrity**

**41.5** For the purposes of section 41.4(1), in the absence of evidence to the contrary, the integrity of the electronic records system in which an electronic record is recorded or stored is proved

(a) by evidence that supports a finding that at all material times the computer system or other similar device was operating properly or, if it was not, the fact of its not operating properly did not affect the integrity of the electronic record, and there are no other reasonable grounds to doubt the integrity of the electronic records system,

(b) if it is established that the electronic record was recorded or stored by a party to the proceedings who is adverse in interest to the party seeking to introduce it, or

(c) if it is established that the electronic record was recorded or stored in the usual and ordinary course of business by a person who is not a party to the proceedings and who did not record or store it under the control of the party seeking to introduce it.

2001 cE-5.5 s33

**Standards**

**41.6** For the purpose of determining under any rule of law whether an electronic record is admissible, evidence may be presented in respect of any standard, procedure, usage or practice on how electronic records are to be recorded or stored, having regard to the type of business or endeavour that used, recorded or stored the electronic record and the nature and purpose of the electronic record.

2001 cE-5.5 s33

**Proof by affidavit**

**41.7** The matters referred to in sections 41.4(3), 41.5 and 41.6 may be established by an affidavit given to the best of the deponent's knowledge or belief.

2001 cE-5.5 s33

**Cross-examination**

**41.8(1)** A deponent of an affidavit referred to in section 41.7 that has been introduced in evidence may be cross-examined as of right by a party to the proceedings who is adverse in interest to the party

25

who introduced the affidavit or caused the affidavit to be
introduced.

**(2)** Any party to the proceedings may, with the permission of the
court, cross-examine a person referred to in section 41.5(c).

2001 cE-5.5 s33;2014 c13 s14

### Signatures of Judges

**Judicial notice of signatures**

**42(1)** All courts, judges, justices, masters, clerks of court,
commissioners and other officers acting judicially shall take
judicial notice of the signature of any judge of a court of Canada or
of Alberta or of any other province or territory in Canada when the
signature is appended or attached to a decree, order, certificate,
affidavit or judicial or official document.

**(2)** For the purposes of this section, the members of the Canadian
Transport Commission are deemed judges.

RSA 1980 cA-21 s43

**Proof of signature**

**43(1)** No proof is required of the handwriting or official position
of any person certifying to the truth of a copy of or extract from a
proclamation, order, regulation or appointment.

**(2)** Any copy or extract referred to in subsection (1) may be in
print or in writing or partly in print and partly in writing.

RSA 1980 cA-21 s44

**Proof of foreign judgments**

**44** A judgment, decree or other judicial proceeding recovered,
made, had or taken

    (a)  in the Supreme Court of Judicature in England,

    (b)  in a Court of Record in England or Ireland,

    (c)  in any of the Superior Courts of Law, Equity or Bankruptcy
        in Scotland,

    (d)  in a Court of Record in Canada or in a British Colony or
        Possession, or

    (e)  in a Court of Record of the United States of America or of
        any State of the United States of America,

may be proved by an exemplification of it under the seal of the
Court without any proof of the authenticity of the seal or other
proof whatever, in the same manner as a judgment, decree or other

judicial proceeding of the Court of Queen's Bench may be proved
by an exemplification of it.

RSA 1980 cA-21 s45

## Notarial Documents

#### Notarial documents

**45(1)**  A copy of a notarial act or instrument in writing

    (a)   made in Quebec before a notary,

    (b)   filed, enrolled or enregistered by the notary, and

    (c)   certified by a notary or prothonotary to be a true copy of the
original that is certified to be in the possession of that notary
or prothonotary,

is receivable in evidence in the place of the original.

**(2)**  The certified copy so received has the same force and effect as
the original would have if produced and proved.

**(3)**  Proof by the certified copy may be rebutted or set aside by
proof

    (a)   that there is no original of the copy,

    (b)   that the copy is not a true copy of the original in some
material particular, or

    (c)   that the original is not an instrument of such a nature as may
by the law of Quebec

        (i)   be made before a notary, or

        (ii)   be filed, enrolled or enregistered by a notary.

RSA 1980 cA-21 s46

## Protests of Bills and Notes

#### Protest as evidence

**46(1)**  A protest of a bill of exchange or promissory note
purporting to be under the hand of a notary public wherever made
shall be received in evidence as proof, in the absence of evidence to
the contrary, of the allegations and facts stated in the protest.

**(2)**  A note, memorandum or certificate purporting to be made by a
notary public in Canada, in the notary public's own handwriting, or
to be signed by the notary public at the foot of or embodied in a
protest, or in a regular register of official acts purporting to be kept

by the notary public is proof, in the absence of evidence to the contrary, of the fact of notice of non-acceptance or non-payment of a bill of exchange or promissory note having been sent or delivered at the time and in the manner stated in the note, memorandum or certificate.

RSA 1980 cA-21 s47

### Oaths made outside Alberta

**47(1)** An oath, affidavit, affirmation or declaration administered, taken, sworn, affirmed or made outside Alberta before

    (a)  a judge,

    (b)  a magistrate,

    (c)  an officer of a court of justice,

    (d)  a commissioner for taking affidavits or other competent authority of a similar nature,

    (e)  a notary public,

    (f)  the head of a city, town, village, township or other municipality,

    (g)  an officer of any of Her Majesty's diplomatic or consular services, including an ambassador, envoy, minister, charge d'affairs, counsellor, secretary, attache, consul-general, consul, vice-consul, pro-consul, consular agent, acting consul-general, acting consul, acting vice-consul and acting consular agent,

    (h)  an officer of the Canadian diplomatic, consular or representative services, including, in addition to the diplomatic and consular officers mentioned in clause (g), a high commissioner, permanent delegate, acting high commissioner, acting permanent delegate, counsellor and secretary, or

    (i)  a Canadian Government Trade Commissioner or an Assistant Canadian Government Trade Commissioner,

exercising his or her functions or having jurisdiction or authority as such in the place in which it is administered, taken, sworn, affirmed or made, is as valid and effectual to all intents and purposes as if it had been administered, taken, sworn, affirmed or made within Alberta before a commissioner for oaths under the *Notaries and Commissioners Act* within Alberta.

**(2)** An oath, affidavit, affirmation or declaration administered, taken, sworn, affirmed or made outside Alberta

(a)   before a notary public for Alberta, or

(b)   before a commissioner for oaths referred to in section 16(3) of the *Notaries and Commissioners Act*

is as valid and effectual to all intents and purposes as if it had been administered, taken, sworn, affirmed or made in Alberta before a commissioner for oaths in and for Alberta.

**(3)** A document that purports to be signed by a person mentioned in subsection (1) or (2) in testimony of an oath, affidavit, affirmation or declaration having been administered, taken, sworn, affirmed or made before the person, on which the person's office is shown below the person's signature, and

(a)   in the case of a notary public, that purports to have impressed on it or attached to it the notary public's official seal,

(b)   in the case of a person mentioned in subsection (1)(f), that purports to have impressed on it or attached to it the seal of the municipality, or

(c)   in the case of a person mentioned in subsection (1)(g), (h) or (i), that purports to have impressed on it or attached to it the person's seal or the seal or stamp of the person's office or of the office to which the person is attached,

is admissible in evidence without proof of the person's signature or of the person's office or official character or of the seal or stamp and without proof that the person was exercising the person's functions or had jurisdiction or authority in the place in which the oath, affidavit, affirmation or declaration was administered, taken, sworn, affirmed or made.

RSA 2000 cA-18 s47;2013 cN-5.5 s29

**Validity of sworn statements**

**48(1)** An oath, affidavit, affirmation or declaration administered, taken, sworn, affirmed or made in or outside Alberta before a person who holds a commission as an officer in the Canadian Forces and is on full-time service, whether in or outside Canada, is as valid and effectual to all intents and purposes as if it had been administered, taken, sworn, affirmed or made in Alberta before a commissioner for oaths in and for Alberta.

**(2)** A document that purports to be signed by a person mentioned in subsection (1) in testimony of an oath, affidavit, affirmation or declaration having been administered, taken, sworn, affirmed or made before the person and on which the person's rank and unit are shown below the person's signature is admissible in evidence without proof of the person's signature or of the person's rank or unit or that the person is on full-time service.

RSA 2000 cA-18 s48;2013 cN-5.5 s29

**Informalities in affidavits**

**49** An informality in the heading or other formal requisites of an oath, affidavit, declaration or affirmation made or taken before a commissioner for oaths under this Act, the *Notaries and Commissioners Act* or another law in force in Alberta is not an objection to the reception in evidence of the oath, affidavit, declaration or affirmation if the court before which it is tendered thinks it proper to receive it.

RSA 2000 cA-18 s49;2013 cN-5.5 s29

**Copy of deposition as evidence**

**50** When a party or witness is questioned or a deposition of a party or witness has been taken before a judge or other officer or person appointed to take it, copies of the questioning or deposition certified under the hand of the judge, officer or other person taking it shall, without proof of the signature, be received and read in evidence, saving all just exceptions.

RSA 2000 cA-18 s50;2009 c53 s16

## Proof of Wills

**Probate of will, etc., as evidence**

**51** In order to establish a devise or other testamentary disposition of or affecting real estate, probate of the will or letters of administration with the will annexed containing the devise or disposition, or a copy of it under the seal of the court granting it, or under the seal of the Court of Queen's Bench or the Supreme Court of the Northwest Territories if the probate or letters of administration were granted by that court shall be received in evidence as proof, in the absence of evidence to the contrary, of the will and of its validity and contents.

RSA 2000 cA-18 s51;RSA 2000 c16(Supp) s40

**Death outside Alberta**

**52(1)** When a person dies in any of Her Majesty's realms and territories outside Alberta after having made a will sufficient to pass real estate in Alberta purporting to devise, charge or affect real estate in Alberta, the party desiring to establish its disposition, after giving one month's notice to the opposing party to the proceeding of the party's intention to do so, may produce and file

(a)  the probate of the will,

(b)  letters of administration with the will annexed, or

(c)  a certified copy of the probate or letters of administration under the seal of the court that granted it, and a certificate of the judge, registrar or clerk of the court that the original will is filed and remains in the court and purports to have been executed before 2 witnesses,

and the probate or letters of administration or certified copy with the certificate shall, unless the court otherwise orders, be received in evidence as proof, in the absence of evidence to the contrary, of the will and of its validity and contents.

**(2)**  The production of the certificate mentioned in subsection (1) is proof, in the absence of evidence to the contrary, of the facts stated in the certificate and of the authority of the judge, registrar or clerk without proof of the person's appointment, authority or signature.

RSA 1980 cA-21 s53

## Copies of Instruments

### Copy of registered document as proof

**53(1)**  A copy of a document certified to be a true copy under the hand and seal of office of the Registrar or Deputy Registrar under the *Land Titles Act*, in whose office the document is deposited, filed, kept or registered, is proof, in the absence of evidence to the contrary, of the original except in the cases provided for in section 54.

**(2)**  An abstract of title or a general certificate under seal furnished by a registrar in Alberta is proof, in the absence of evidence to the contrary, of its contents.

RSA 1980 cA-21 s54

### Original document and copy

**54(1)**  When a public officer produces an original document on a subpoena or on a notice, the document shall not be deposited in the court unless otherwise ordered.

**(2)**  When an order is made that the original be deposited in court, the order shall be delivered to the public officer and the original document shall be retained in court and filed.

**(3)**  If the document is not deposited and if the document or a copy of it is needed for subsequent reference or use, a copy of it or of so much of it as is considered necessary, certified under the hand of the officer producing the document, shall be filed as an exhibit in the place of the original document.

31

**(4)**  The officer producing the document is entitled to receive, in addition to the officer's ordinary fees, the fees for a certified copy which shall be paid to the officer before it is delivered or filed.

RSA 1980 cA-21 s55

**Proof of telegrams, etc.**

**55(1)**  A party intending to prove the original of a telegram, letter, shipping bill, bill of lading, delivery order, receipt, account or other written instrument used in business or other transactions

    (a)  may give notice to the opposing party at least 10 days before the trial or other proceeding in which the proof is intended to be adduced that the party intends to give in evidence as proof of the contents a writing purporting to be a copy of the document, and

    (b)  in the notice shall name some convenient time and place for the inspection of it.

**(2)**  The copy may then be inspected by the opposing party and without further proof is sufficient evidence to prove the contents of the original document and shall be accepted and taken instead of the original unless the party receiving the notice within 4 days after the time mentioned for the inspection gives notice that the party intends to dispute the correctness or genuineness of the copy at the trial or proceeding, and to require proof of the original.

**(3)**  The costs attending any production or proof of the original documents are in the discretion of the court.

RSA 1980 cA-21 s56

**Miscellaneous**

**Case before foreign court**

**56(1)**  When, on application to the Court of Queen's Bench, it is made to appear that a court or tribunal of competent jurisdiction in a foreign country has by commission, order or other process authorized the obtaining of the testimony, in or in relation to any action, suit, proceeding or inquiry pending in or before the foreign court or tribunal of a witness out of its jurisdiction and within the jurisdiction of the Court of Queen's Bench, the Court may order the questioning of the witness before the person appointed and in the manner and form directed by the commission, order or other process.

**(2)**  The Court by that order or by a subsequent order,

    (a)  may command

32

(i)   the attendance of a person named in the order for the purpose of being questioned, or

(ii)   the production of any writing, document or thing mentioned in the order,

and

(b)   may give all directions with regard to the time and place of the questioning and all other matters connected with it that seem proper.

**(3)**  The order may be enforced and any disobedience to it punished in like manner as the case of an order made by the Court of Queen's Bench in an action pending in the Court.

**(4)**  A person whose attendance is so ordered is entitled to the same allowances and payment for expenses and loss of time as on attendance at a trial in the Court of Queen's Bench.

**(5)**  A person questioned under the commission, order or other process

(a)   may object to answer and may refuse to answer any questions that the person would be entitled to object to or refuse to answer in an action pending in the Court of Queen's Bench, and

(b)   shall not be compelled to produce at the questioning any writing, document or thing that the person could not be compelled to produce at the trial of such an action.

**(6)**  When the commission, order or other process or the instruction of the court accompanying it directs that the person to be questioned affirm or be sworn, the person appointed to question him or her has the authority to administer the oath to him or her or take his or her affirmation.

RSA 2000 cA-18 s56;2009 c53 s16

**Attestation as to validity of instrument**

**57**   If an attestation to an instrument is not requisite to the validity of the instrument, it is not necessary that the instrument be proved by the attesting witness.

RSA 1980 cA-21 s58

**Comparison of disputed writing**

**58**   A witness shall be permitted to make comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine, and those writings and the evidence of witnesses

respecting them may be submitted to the court or jury as evidence
of the genuineness or otherwise of the writing in dispute.

RSA 1980 cA-21 s59

**Impounding documents**

**59**   When a document is received in evidence, the court admitting
it may direct that it be impounded and kept in custody for any
period and subject to any conditions that seem proper or until the
further order of the court, as the case may be.

RSA 1980 cA-21 s60

**Recitals, etc., 20 years old**

**60**   On the completion of any contract for sale of land, recitals,
statements of facts and matters and descriptions of parties,
contained in deeds, instruments, Acts or statutory declarations that
are 20 years old at the date of the contract for sale of land, shall be
taken to be sufficient proof of the truth of the recitals, statements
and descriptions subject to any stipulations to the contrary in the
contract, and except so far as they are proved to be inaccurate.

RSA 1980 cA-21 s61

**Proving old documents**

**61**   In any action there shall, in the case of a document proved or
purporting to be not less than 20 years old, be made any
presumption that immediately before April 30, 1969 would have
been made in the case of a document of like character proved or
purporting to be not less than 30 years old.

RSA 1980 cA-21 s62

**Construction of Act**

**62**   The provisions of this Act shall not be taken to exclude any
method of proving documents or facts in any other way in which
they may by law be proved.

RSA 1980 cA-21 s63

**Proving death of member of Forces**

**63**   The production of a certificate in writing

(a)   stating that the person named in the certificate was a
member of any of Her Majesty's Forces,

(b)   stating that the person has been officially reported as dead or
presumed to be dead, and

(c)   purporting to be signed by an authority authorized in that
behalf under the *National Defence Act* (Canada) or under
regulations made under that Act,

is sufficient proof of the death of that person and of all the facts
stated in the certificate for any purpose to which the authority of

the Legislature extends, and also of the office, authority and
signature of the person giving or making the certificate without any
proof of the person's appointment, authority or signature.

RSA 1980 cA-21 s64