# **EXHIBIT H**

2020 WL 878288
Only the Westlaw citation is currently available.
United States District Court, D. Idaho.

J.R. SIMPLOT COMPANY, Plaintiff,
v.
MCCAIN FOODS USA, INC., Defendant.
McCain Foods Limited, Plaintiff,
v.
J.R. Simplot Company, Defendant.
J.R. Simplot Company, Plaintiff,
v.
ELEA Vertriebs-und-Vermarktungsgesellschaft,
mbH; Food Physics LLC, Third-Party Defendants.

Case No. 1:16-cv-00449-DCN
|
Signed 02/20/2020

**Attorneys and Law Firms**

Brian M. Buroker, Pro Hac Vice, Gibson Dunn & Crutcher LLP, Washington, DC, Dana M. Herberholz, Christopher J. Cuneo, Jordan Lee Stott, Parsons Behle & Latimer, Boise, ID, Margaret Niver McGann, Pro Hac Vice, Parson Behle & Latimer, Salt Lake City, UT, Spencer W. Ririe, Pro Hac Vice, Gibson Dunn & Crutcher LLP, Irvine, CA, for Plaintiff.

David B. Cochran, Pro Hac Vice, John C. Evans, Pro Hac Vice, Meredith M. Wilkes, Susan M. Gerber, Pro Hac Vice, Jones Day, Cleveland, OH, Joshua R. Nightingale, Jones Day, Pittsburgh, PA, Michael G. Brady, Eberle Berlin, Boise, ID, for Defendant.

**MEMORANDUM DECISION AND ORDER**

David C. Nye, Chief U.S. District Court Judge

**I. INTRODUCTION**

**\*1** Pending before the Court is J.R. Simplot Company's ("Simplot") Motion to Amend/Correct Invalidity Contentions (Dkt. 103), Motion for Judgment on the Pleadings (Dkt. 104), and Motion for Issuance of Letters of Request to the Central Authority of France (Dkt. 122).

Additionally, Third-Party defendants Elea Vertriebs-und-Vermarktungsgesellshaft, MBH ("Elea") and Food Physics, LLC's ("Food Physics") (collectively "Third-Party Defendants") have filed a Motion to Sever and Stay. Dkt. 134.

The Court held oral argument on December 18, 2019, and took the various motions under advisement. Upon review, the Court will GRANT Simplot's Motion to Amend Invalidity Contentions, DENY Simplot's Motion for Judgment on the Pleadings, GRANT Simplot's Motion for Issuance of Letters, DENY Third-Party Defendants' Motion to Stay pending a determination on infringement,[1] and WITHHOLD RULING on Third-Party Defendants' Motion to Sever.

**II. BACKGROUND**

While the Court has outlined the underlying facts of this case in numerous prior decisions, a brief overview—of the facts and the procedural history of the case—is helpful.

This case involves both utility and design patents. The '540 utility patent[2] protects McCain's developed process of using high-energy electric field technology to pre-treat potatoes (and other fruits and vegetables) before cutting and cooking them. Although McCain did not invent this technology, it "invented" and patented *the process* embodied in the '540 patent.

The '916 design patent[3] is McCain's design patent protecting its root vegetable product known as the TWISTED POTATO. In essence, the TWISTED POTATO is just that: a twisted potato wedge similar to a large, curved French fry.

The '036 design patent[4] is Simplot's design patent protecting its spiral potato piece known as the SIDEWINDER. The SIDEWINDER is also a large spiral potato wedge or fry.

On August 16, 2018, the Court issued its *Markman* Decision. Dkt. 69. Shortly thereafter, McCain filed a motion to reconsider. Dkt. 70.

On January 11, 2019, the Court issued its Memorandum Decision and Order (Dkt. 86) granting McCain's Motion for Partial Reconsideration. In its Motion to Reconsider, McCain had petitioned the Court to revisit its Markman definition of the term "high electric field." Dkt. 70. Ultimately, the Court did redefine the term to more fully align with the purpose

of the patent rather than relying on examples—namely a preferred embodiment—that restricted the construction of the term to a specific voltage range. In light of the Court's decision, it also mooted two other motions that were pending at that time: McCain's Motion for Leave to Amend (Dkt. 71) and Simplot's Motion for Partial Summary Judgment (Dkt. 77).

On January 24, 2019, Simplot Filed a Motion for Leave to File Third-Party Complaint against Elea and Food Physics based, in part, on the Court's Decision on reconsideration. Dkt. 88. On July 1, 2019, the Court granted the Motion. Dkt. 112. As part of that Decision, the Court found that because it was already "keenly aware of the parties, facts, legal issues, and rulings applicable in this case" and because "the 'issue of indemnification is interwoven with the issue of infringement itself,'" "a separate lawsuit [was] unnecessary." *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN, 2019 WL 2745730, at *3 (D. Idaho July 1, 2019).

**\*2** Hearkening to principles of "judicial economy and the 'just, speedy, and inexpensive determination of every action and proceeding,'" the Court allowed Simplot to file its Third-Party Complaint in this case. *Id.* at *6. In doing so, the Court discussed certain logistical issues that could potentially arise due to interpleading Third-Party Defendants, but concluded that it would "not make a determination at [that] time regarding bifurcation or severance of the third-party claims." *Id.* at *5.

While Simplot's Motion for Leave to File Third-Party Complaint was pending, Simplot filed the instant Motion to Amend/Correct Infringement Contentions (Dkt. 103), and Motion for Judgment on the Pleadings (Dkt. 104).

Following the Court's July 1, 2019, order granting Simplot's Motion to file its Third-Party Complaint, Simplot also filed a Motion for Issuance of Letters of Request to the Central Authority of France. Dkt. 122.

After filing their appearances and Answer to Simplot's Third-Party Complaint, Third-Party Defendants filed a motion to Sever and Stay Simplot's Indemnity Claims. Dkt. 134.

The Court will address each motion in turn.

### III. ANALYSIS

### A. Motion to Amend Invalidity Contentions (Dkt. 103)

#### 1. Introduction

Pursuant to District of Idaho Local Patent Rule 3.7, Simplot seeks leave to amend its 35 U.S.C. § 101 invalidity contentions to include additional prior art references. [5] Simplot asserts the motion is necessary—at least in relevant part—because of the Court's revised construction of "high electric field."

Following a *Markman* hearing on the '540 patent, consistent with Simplot's proposed construction, the Court construed the term "high electric field" to mean "an electric field between 30 and 75 V/cm." Dkt. 69, at 29. Later, however, on a motion to reconsider filed by McCain, the Court revised its construction of "high electric field" and, consistent with McCain's proposed construction, defined the term "high electric field" as "an electric field strong enough to make the vegetable and/or fruit easier to cut." Dkt. 86, at 11.

In light of the Court's revised ruling, Simplot engaged in further discovery regarding prior art references and now seeks to amend its invalidity contentions to include those recent findings. McCain opposes the motion, arguing it is untimely and prejudicial.

#### 2. Legal Standard

District of Idaho Local Patent Rule 3.7 governs amendments to invalidity contentions. Rule 3.7 outlines that amendments can only be made "by order of the Court upon a timely application and showing of good cause." Dist. Idaho Loc. Patent R. 3.7.

**\*3** The rule provides four "[n]on-exhaustive examples of circumstances that may, absent undue prejudice ... support a finding of good cause" including: "(a) a claim construction by the Court different from that proposed by the party seeking amendment; [and] (b) recent discovery of material, prior art despite earlier diligent search." *Id.*

Two overarching factors govern whether to grant leave to amend invalidity contentions: (1) the moving party's diligence in seeking leave to amend; and (2) the potential prejudice, if

any, to the non-moving party. *Id.*; *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).

Furthermore, "the diligence required for a showing of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). The party seeking to amend its contentions bears the burden of establishing diligence. *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing *O2 Micro*, 467 F.3d at 1366-67).

### 3. Analysis

Here, McCain argues that Simplot was not diligent in seeking amendment and that it will be prejudiced should the Court allow these belated changes. As those are the two elements the Court must consider under Federal Circuit precedent, the Court will address each in turn.

#### a. Diligence

McCain argues Simplot was not diligent in discovering these prior art references and is only using the Court's *Markman* ruling as leverage to assert them at this late stage. In its estimation, Simplot did research back in 2017 and discovered some (but not all) of the prior art references and then stopped—determining what it found was sufficient. Then, when the *Markman* ruling didn't go Simplot's way, it went back to the drawing board in 2019, did more research, and came up with other prior art references.

Even assuming the Court viewed the circumstances from McCain's perspective, Simplot's course of action is not entirely improper. One of the specific, enumerated reasons under Rule 3.7 for amendment is "a claim construction by the Court different from that proposed by the party seeking amendment." Dist. Idaho Loc. Patent R. 3.7. Here, the Court's original claim construction aligned with Simplot's proposal. On reconsideration, the Court's construction aligned more with McCain's proposal. Clearly, this differed from Simplot's intent and proposed construction, and certain reactionary measures were necessary and understandable. [6]

McCain further contends that Simplot cannot argue the Court's *Markman* ruling materially affected its case, because Simplot had already "adopted McCain's constructions." Dkt. 107, at 3-4. McCain claims that because Simplot asserted in prior briefing that it "premised" its contentions on the claim construction McCain was proposing, there was no surprise when the Court's ruling ultimately came out that way. The Court disagrees.

*4 First, the timing does not add up. McCain served its proposed constructions (in preparation for the *Markman* hearing) approximately six weeks *after* Simplot served its initial invalidity contentions. Second, Simplot's choice to anticipate and respond to McCain's arguments does not mean that it "accepted" McCain's proposed construction; rather, it was a strategic choice to prepare itself should things not go its way. Even then, such action would not eviscerate Simplot's potential need to revise its position once the Court actually ruled on the parties' proposed constructions.

Turning from the timing of the motion to its substance, McCain argues that Simplot could have easily discovered these prior art references during their first search—had they been diligent—because each reference is publicly available. Again, the Court disagrees.

A party is not required at the outset of a case to "identify *all* relevant prior art references that *may* become relevant to all possible claim constructions. This is not the law." *Positive Techs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *3 (emphasis in original). If that were the case, "amendment of invalidity contentions would either never be necessary or would be impossible because the party proposing amendments would either always be diligent the first time or would be found to lack diligence for not having thoroughly investigated the 'obviously' relevant references in the first place." *Id.*

Here, after the Court's revised claim construction ruling, Simplot: (1) retained professional search firms; (2) discovered additional prior art based on the Court's revised construction; (3) obtained certified translations of the recently discovered prior art into English; (4) enlisted the services of an expert to analyze the prior art in light of the Court's revised construction; (5) prepared claim charts for the new prior art references; (6) retained new counsel to assist with this matter; and (7) prepared and filed its Motion.

The Court finds that Simplot was diligent in the timing and scope of its Motion to Amend.

Finally, McCain argues that Simplot has also not met its burden in order to "amend" its § 112 defenses. The parties do not discuss this at length, but the same arguments and analysis *as to timing* apply here.[7] While Simplot has made some changes,[8] there were valid reasons for doing so—namely, the Court's revised claim construction order. Similar to its finding relative to Simplot's invalidity contentions and prior art references, the Court finds that Simplot was diligent in "amending" its § 112 defenses as well.

### b. Prejudice

McCain argues that allowing the amendments at this time would be unfairly prejudicial as it has "relied on Simplot's [invalidity] contentions for over a year to prepare its case." Dkt. 107, at 14. While that may be true, discovery is ongoing and no trial date has been set in this matter. Both sides will have sufficient opportunity to complete discovery on the invalidity contentions. The Court finds McCain will not suffer any undue prejudice in this case; merely inconvenience.

### 4. Conclusion

Litigation is a complex, and ofttimes evolving, process. This is why the rules (local patent rules included) build in procedures to address those changed circumstances. Here, the local patent rules specifically allow for amendment in cases where "(a) a claim construction by the Court *different from that proposed by the party seeking amendment*" and/or there is a (b) recent discovery of material, prior art *despite earlier diligent search.*" Dist. Idaho Loc. Patent R. 3.7 (emphasis added). That is exactly what occurred in this case. Even though Simplot was diligent in 2017, the Court's revised claim construction ruling required additional discovery. Simplot was diligent in seeking amendment and the changes will not unfairly prejudice McCain.

**\*5** For these reasons, Simplot's Motion to Amend/Correct Invalidity Contentions (Dkt. 104) is GRANTED.

### B. Motion for Judgment on the Pleadings (Dkt. 104)

#### 1. Introduction

On May 23, 2019, Simplot filed its Motion for Judgment on the Pleadings. Dkt. 104. In its motion—prompted, once again, by the Court's revised claim construction order—Simplot asked the Court to rule as a matter of law that Claim 1 and Claims 4-6 of the '540 patent are ineligible, and further, that Claims 4-6 are invalid. Dkt. 104-1, at 6.

Broadly speaking, Simplot argues the '540 patent is ineligible because it contains overbroad claims directed to natural law and an abstract idea: that vegetables soften when exposed to a high electric field.

McCain opposes the Motion. That said, the same day McCain filed its Response to Simplot's motion, it also filed a Notice of Disclaimer with the United States Patent and Trademark Office ("USPTO") in which it statutorily disclaimed Claims 3-5. Dkt. 106-7. Thus, Simplot invalidity arguments relative to Claims 4 and 5 are now moot.

At issue, then, is Simplot's ineligibility argument as to claims 1 and 6 and its invalidity argument as to Claim 6.

#### 2. Legal Standard

Patent-eligible subject matter is governed by 35 U.S.C. § 101 ("§ 101"). This statute provides that "[w]hoever invents or discovers any new and useful *process*, machine, manufacture, or composition of matter, or any new and useful *improvement* thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101 (emphases added). Over the years, courts have created certain exceptions for subject matter that is not eligible for patenting: "Excluded from such patent protection are laws of nature, natural phenomena, and abstract ideas." *Diamond v. Diehr*, 450 U.S. 175, 185 (1981).

In 2012, the Supreme Court emphasized that judicial exceptions under § 101 should be applied cautiously because "too broad an interpretation of this exclusionary principle could eviscerate patent law." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71 (2012). The Court reaffirmed its view that "a new combination of steps in a process may be patentable even though all the constituents of the combination were well known and in common use before the combination was made." *Id.* at 79 (quoting *Diamond*, 450 U.S. at 188).

The *Mayo* Court also introduced the now-familiar two-step test for evaluating subject matter eligibility, which was further refined two years later in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347, 2355 (2014).

The first step of the *Mayo/Alice* test is to determine whether the claims are "*directed to*" a natural law or phenomenon or abstract idea, because "not every claim that involves a natural law is directed to a natural law." *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 915 F.3d 743, 750 (Fed. Cir. 2019) (emphasis added). Thus, one "cannot simply ask whether the claims *involve* a patent-ineligible concept, because essentially every routinely patent-eligible claim involving physical products and actions *involves* a law of nature and/or natural phenomenon—after all, they take place in the physical world." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). This first step is a "meaningful one" because "a substantial class of claims are *not* directed to a patent-ineligible concept." *Id.*

 **\*6** If, and only if, the claims are directed to ineligible subject matter will the Court move on to step 2 of the test. Under this second prong of the *Mayo/Alice* test, even claims directed to a natural law or abstract idea are nonetheless patent eligible where the "patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 573 U.S. at 218. A key aspect in step two of the analysis is determining whether the patent claims the natural law or abstract idea or claims *an application of* the natural law or abstract idea. *Id.* at 217 ("Applications of such concepts to a new and useful end, we have said, remain eligible for patent protection.").

Eligibility "is an issue of law" that can and should be resolved on the pleadings. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). "Like other legal questions based on underlying facts, th[e] question [of eligibility] may be, and frequently has been, resolved on a rule 12(b)(6) or (c) motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law." *SAP America, Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018).

A motion for judgment on the pleadings is governed by "the same standard" that applies to a motion to dismiss: The complaint "must set forth factual allegations sufficient to raise a right to relief above the speculative level"; the court does not accept the truth of any "legal conclusions" in the complaint; and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Brakke v. Idaho Dep't of Corr.*, No. 1:11-CV-00455-MB, 2013 WL 3776385, at *2 (D. Idaho July 17, 2013) (quotation marks omitted).

In this case, McCain attached the '540 Patent as Exhibit A to the Complaint. A "court may consider documents attached to a complaint" in assessing a "motion for judgment on the pleadings." *Wallis v. Centennial Ins. Co.*, 927 F. Supp. 2d 909, 915 (E.D. Cal. 2013). *See also Eastman v. Apple Inc.*, No. 18-CV-05929-JST, 2018 WL 5982440, at *5 (N.D. Cal. Nov. 14, 2018) (when the complaint alleges patent infringement, the patent is "incorporated by reference into the" complaint and should be considered).

### 3. Analysis
The Court will address each of Simplot's arguments in support of judgment on the pleadings in turn, but first must analyze McCain's timing argument as it is a matter of procedure and affects whether the Court should even consider Simplot's motion in the first place.

#### a. Timing
McCain objects to Simplot's motion outright arguing that Simplot is barred from asserting any ineligibility arguments under § 101 because it failed to timely disclose such in its original § 101 contentions.

District of Idaho Local Patent Rule 3.3 provides, in pertinent part, that "each party opposing a claim of patent infringement, shall serve on all parties its 'Invalidity Contentions' which *shall contain* the following information: ... (d) *Any grounds of invalidity based on 35 U.S.C. § 101* ... for any of the asserted claims." Dist. Idaho Loc. Patent R. 3.3 (emphases added).

McCain asserts that under Local Patent Rule 3.3(d), Simplot was required to disclose no later than December 19, 2017 —42 days after receiving McCain's "Disclosure of Asserted Claims and Infringement Contentions"—any contentions that the '540 Patent is invalid for ineligible subject matter under § 101, and that Simplot's failure to do so is, in itself, reason to deny Simplot's Motion and to preclude Simplot from asserting ineligibility under § 101 as a defense in this case.

2020 WL 878288

**\*7** Critically, however, Local Rule 3.3 is directed towards validity *not* eligibility. This is not a distinction without a difference as the concepts are separate and unique in patent law. It is also important to note that Simplot specifically "reserve[d] the right to supplement or modify the positions" in the "[c]ontentions, including, without limitation, the ... grounds of invalidity ... after the Court has construed the asserted claims." Dkt. 106-2 at 3. The present Motion is based on the Court's final claim construction and Simplot did not know what that construction would be until after it had already served its original contentions. In short, Simplot did not need to disclose its eligibility contentions at the outset of the case, nor could it have fully exhausted its opportunity to do so until after the Court's claim construction ruling.

Additionally, any issue Simplot may raise in a Rule 12(b)(6) motion also "may be raised ... by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). To deny Simplot the right to assert a threshold legal argument under Rule 12(c) that the Rules explicitly permit it to bring under Rule 12(b)(6), without notice, would actually conflict with the Rules. *See Mobile Telecomms. Techs., LLC v. United Parcel Serv., Inc.*, 173 F. Supp. 3d 1324, 1336 (N.D. Ga. 2016) (granting Rule 12(c) ineligibility motion in spite of failure to include ineligibility in invalidity contentions because "the Court could have reached the issue presented by [the] motion before discovery even began"), *aff'd*, 708 F. App'x 684 (Fed. Cir. 2018).

The local patent rules require that the parties disclose "invalidity" contentions, but do not specifically mention "ineligibility" contentions. Even if the Court were to conflate the two—which it does not—Simplot reserved the right to supplement its position. Dkt. 106-2, at 3. In other words, even were the Court to find that Simplot should have pleaded its ineligibility claims earlier, the Court's revised claim construction ruling is sufficient good cause to allow amendment now—at an arguably "late" date.

Finally, while McCain does not specifically raise timing with respect to Simplot's 35 U.S.C. § 112 ("§ 112") invalidity arguments, the Court's analysis applies to those defenses as well. [9]

As will be explained in greater detail below, Simplot's § 112 ¶ 5 defenses are premised on the idea that Claims 4-6 of the '540 patent are improper multiple-dependent claims. While it is true that Simplot could have moved for invalidity based on this theory at the outset of the case, the fact that they "waited"

until now is of little consequence. Again, not to split a hair too finely, but the local patent rules outline a party must disclose § 112 ¶ 2 and § 112 ¶ 1 contentions at the outset, but not necessarily § 112 ¶ 5 contentions. Furthermore, the Court's claim construction and McCain's disclaimer of Claims 3-5 are both intervening events that materially changed the landscape of this case.

In short, the Court does not view Simplot's § 101 or § 112 arguments in support of judgement on the pleadings as untimely or improper. The Court thus turns to the merits of the motion.

### b. Ineligibility

Simplot argues that Claim 1 of the '540 patent is ineligible because it is directed to a natural law and an abstract idea. Claim 1 of the '540 patent reads as follows:

> A process for treating vegetables and fruit before cooking in order to reduce their resistance to cutting, characterized by the application of a high electric field directly to the vegetables and/or fruit under conditions such that the resulting increase in the temperature of the vegetables and/or fruit is almost zero or at least sufficiently low as to not amount to a preheating step.

**\*8** Dkt. 104-2, at 4:38-44.

Turning to the first step of the *Mayo/Alice* analysis, the Court must determine if Claim 1 is directed to a natural law and/or abstract idea. Simplot argues that it is a natural law that vegetables and fruit soften (i.e., become easier to cut) when exposed to an electric field and that the '540 Patent, as construed by the Court—specifically, that "high electric field" will be construed as **an electric field strong enough to make the vegetable and/or fruit easier to cut**"—is directed to *any* electric field that makes vegetables and/or fruit easier to cut. In other words, in Simplot's view, because there is no specified voltage range or electric field outlined in the '540 patent, Claim 1 is broad and impermissibly directed at the natural law itself.

Citing cases, Simplot contends that even if McCain had been the first to discover the natural softening response of vegetables and fruit to an electric field, even a "[g]roundbreaking, innovative, or even brilliant discovery" of some preexisting natural law "does not by itself satisfy the § 101 inquiry." *Roche Molecular Sys., Inc. v. Cepheid*, 905 F.3d 1363, 1371 (Fed. Cir. 2018) (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 591 (2013)) (internal quotation marks omitted).

In response, McCain relies on the Court's prior holding that "[a]s a utility patent, the '540 patent claims and protects the *process as a whole*," *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN, 2019 WL 177929, at *5 (D. Idaho Jan. 11, 2019) (emphasis added), and argues the Court should find that while there are natural law implications in Claim 1, it patented and protected the *process*, and therefore § 101 confirms eligibility.

The Court returns to the text of the eligibility statute. Section 101 provides that "[w]hoever invents or discovers any new and useful *process*, machine, manufacture, or composition of matter, or any new and useful *improvement* thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101 (emphasis added). While it is true that § 101 prohibits patents based on "laws of nature, natural phenomena, and abstract ideas," "a claim drawn to subject matter otherwise statutory does not become nonstatutory simply because it uses a mathematical formula ... [or] because it contains a law of nature...." *Diamond v. Diehr*, 450 U.S. 175, 185, 187 (1981).

The United States Supreme Court's analysis in *Diamond* is applicable here. While it is true that McCain's "process admittedly employs a well-known [natural phenomena], [ ] they do not seek to pre-empt the use of that [phenomena]. Rather, they seek only to foreclose from others the use of that [phenomena] *in conjunction with all of the other steps in their claimed process.*" *Id.* (emphasis added). *See also,* *Rapid Litigation v. CellzDirect, Inc.*, 827 F.3d 1042, 1049 (Fed. Cir. 2016) (holding that "the natural ability of the subject matter to *undergo* the process does not make the claim 'directed to' that natural ability"). This reasoning cuts against a finding that the '540 patent is impermissibly directed at a natural law.

**\*9** Simplot takes the argument a step further and claims that not only is Claim 1 directed at a natural law, but the idea that fruits and vegetables soften when exposed to an electric field (and that this softening can be done before cutting and cooking) is completely abstract. Simply put, Simplot's position is that because softening vegetables before cutting and cooking is a vague idea, there must be some "inventive concept" in the '540 patent for it to survive. *Alice,* 573 U.S. at 217; *Mayo,* 566 U.S. at 78.

Although the Court finds Claim 1 is not directed at a natural law, Simplot also suggests there is nothing innovative in the '540 patent, as everyone knows how to heat and cut vegetables, and even if McCain was the first to think of the abstract idea of employing that natural law to vegetables and fruit before cutting and cooking, a "newly discovered ... abstract idea" is still abstract. *Genetic Techs. Ltd. v. Merial LLC,* 818 F.3d 1369, 1376 (Fed. Cir. 2016). McCain disagrees, emphasizing that "the natural ability of the subject matter to undergo the process does not make the claim 'directed to' that natural ability." *Rapid Litigation,* 827 F.3d at 1049. Under the circumstances, the Court must agree with McCain.

Here, the inventors recognized that applying an electric field to vegetables and fruit would soften them, but that is not where they stopped, nor is it what they patented. They claimed an application of that knowledge to create a new and improved process of pre-treating vegetables and fruits before cutting and cooking them, using an electric field strong enough to make them easier to cut, but not strong enough to preheat them. The natural ability of vegetables and fruits to soften when they undergo the pulse electrified technology ("PEF") process does not make the claims "directed to" that natural ability. The processes claimed in the '540 Patent, including any and all of the claim limitations, are not "directed to" a law of nature. *Id.* at 1048; *see also* *Diamond,* 450 U.S. at 187; *Thales Visionix Inc. v. United States,* 850 F.3d 1343, 1349 (Fed. Cir. 2017) (holding invention was not "directed to" an abstract idea when it used physics principles and mathematical equations in a new method for determining the position and orientation of an object on a moving platform).

Furthermore, the '540 patent solved several problems in the prior art (an innovative discovery): "The process is found to be insensitive to tuber volume, whatever the size of the tuber, with the absence of any noticeable elevation of the tuber temperature; as such no cooking ring is formed that would lead to loss of material as occurs in the case of heat

processing." Dkt. 104-2, at 2:51-54; *see also id.* at 3:59-4:19 (describing advantages of the claimed process). [10]

Additionally, while something of "extrinsic" evidence, the validity of the '540 Patent was recently considered a second time by the USPTO when Simplot sought *inter partes* review of the patent. While there are assuredly nuances to proceedings in front of the USPTO as opposed to federal court, the Court notes that the Board—upon receipt of Simplot's arguments regarding prior art—denied further review of the '540 patent. This action *seems to suggest* [11] that the claimed process of pretreating vegetables and fruit with a high electric field under the specified claimed parameters *before* cutting and cooking is innovative.

 **\*10** Upon review, the Court finds that the '540 patent is *not* directed at a patent-ineligible concept such as a natural law, phenomenon, or abstract idea. Even assuming arguendo that the Court were to find the '540 patent was narrowly focused on the "natural" idea that fruits or vegetables soften when exposed to electric fields, the second prong of the *Mayo/Alice* is, nonetheless, met as the '540 patent covers the entire process —not just that singular phenomenon. For all of these reasons, the Court finds that Claim 1 of the '540 patent is eligible for patenting and will not grant judgment on the pleadings for ineligibility.

   c. Invalidity

Simplot contends that Claim 6 is not only ineligible, but invalid as well. Claim 6 protects a process as follows:

> A process as claimed in any one of claims 1 to 5, characterized in that the process is applied to processing of potatoes prior to cutting the potatoes into strips for the purpose of producing French fries.

Dkt. 104-2, at 4:58-62. Similar to the Court's above finding regarding eligibility, Claim 6 is eligible for patenting. The Court next turns to Simplot's invalidity arguments.

Section 112 of the patent and trademark statutes requires that:

> A claim in multiple dependent form shall contain a reference, in the alternative only, to more than one claim previously set forth and then specify a further limitation of the subject matter claimed. **A multiple dependent claim shall not serve as a basis for any other multiple dependent claim.**

35 U.S.C. § 112 ¶ 5 (emphasis added). Prior to McCain's Notice of Disclaimer, this was an issue with claims 3-6 as all were multiple-dependent claims—each relied on multiple prior independent claims. Now however, Claim 6 is the only Claim that remains at issue. Interestingly, whether Claim 6 remains valid in this case presents a unique question for the Court.

It is well settled that "a statutory disclaimer under 35 U.S.C. § 253 has the effect of canceling the claims from the patent and the patent is viewed *as though the disclaimed claims had never existed in the patent.*" *Guinn v. Kopf*, 96 F.3d 1419, 1422 (Fed. Cir. 1996) (emphasis added). Thus, for all intents and purposes, Claim 6 now only references Claim 1 and Claim 2—both of which are single-dependent claims.

That said, even in a circumstance where certain claims are disclaimed, the remaining claim still "includes all limitations of" the disclaimed claims from which it depends. *Kloster Speedsteel AB v. Crucible Inc.*, 793 F.2d 1565, 1570 (Fed. Cir. 1986). In other words, to make sense of any remaining claim that includes disclaimed claims, the remaining claim—while not officially rewritten—must ofttimes "read" as though the disclaimed limitations are part of that claim. Said differently, if a certain claim added a single limitation to a prior claim, but then the former was disclaimed, the latter would seem hollow and difficult to understand without, at a minimum, "reading into" it the language, specifications, limitations, or instructions of the prior claims it referenced. [12]

Relying on *Kloster* and this idea that the remaining claim "includes all limitations of" the disclaimed claims, Simplot argues that Claim 6 is invalid because it still has a form and scope forbidden by Paragraph 5 since it "contains"

2020 WL 878288

the impermissible structure of Claims 4 and 5 which were multiple-dependent claims. 🚩 793 F.2d at 1570.

**\*11** McCain disagrees. Relying on *United Cannabis Corp. v. Pure Hemp Collective Inc.*, and *Kopf* and the concept that a disclaimer "has the effect of canceling the claims from the patent and the patent is viewed as though the disclaimed claims had never existed in the patent" McCain postures that this "end[s] the argument as to Claim [6]" because the other claims no longer exist and Claim 6 is now solely dependent on Claims 1 and 2 which are both valid single dependent claims. No. 18-CV-1922-WJM-NYW, 2019 WL 1651846, at \*7 (D. Colo. Apr. 17, 2019).

The problem with each parties' reliance on these limited cases is that neither case is exactly on point. Critically, neither case directly addresses the issue presented in this case: stacked multiple-dependent claims. And while there are some inferences or guiding principles that can be drawn from both cases, the application of each to the Court's decision today is limited at best.

In *Kloster*, it is unclear why the disclaiming party disclaimed 2 claims (it appears it was not for § 112 ¶ 5 reasons). Second, while the Court there "read" into the remaining claim the disclaimed claim language it did so because the disclaimed claim contained a crucial definition. In other words, the Court read in the language of the disclaimed claim to ensure clarity, not to prove invalidity as Simplot seeks here. Said differently, "reading in" the disclaimed language is not a statutory function by any means, but an interpretative function employed by the Court so as to understand a concept when part of that concept had been written out. Also, it bears mentioning that *Kloster* has since been overruled—albeit on grounds not pertinent to this discussion.

In *United Cannabis*, while the parties did disclaim certain claims under § 112 ¶ 5, the central issue in that case concerned the application of public notice requirements when claims had been disclaimed or deemed invalid—i.e. circumstances not analogous to those before the Court today. Additionally, *United Cannabis* is an unpublished opinion from Colorado and is not binding on this Court. In sum, while aiding the Court in its decision today, neither case is precisely on-point or overly helpful.

Simplot also argues that because Claim 6 claims "a process as claimed in any one of the claims 1 to 5," and Claim 3-5 are now gone, the "to 5" language is incorrect, must be corrected

or stricken (but can't be without statutory action) and therefore is in error. Citing *Trustees of the University of Pennsylvania v. Eli Lilly & Co.*, No. 15-6133, 2016 WL 3059538, at \*1 (E.D. Pa. May 31, 2016), Simplot argues that the Court cannot "correct" this drafting mistake and that McCain needs to apply to the USPTO to remedy this error. This case, too, has limited application, because (1) it is an unpublished, out of circuit district court decision, and, more importantly, because (2) the party there never disclaimed any claims, hoping rather that the Court would "correct" the multiple-dependent claims under § 112 itself. That is not the situation here today. McCain corrected the errors under § 112 by disclaiming Claims 3-5; the only remaining "error" then is the inapplicable reference to claims "[3] to 5" in Claim 6. Simplot, however, has not presented any evidence that references to prior or disclaimed claims must be officially stricken. [13]

**\*12** Upon review, the Court finds that Claim 6 is not invalid. In this case, there is no need to "read in" the limitations of the disclaimed claims or "trace[ ] through [the '540 patent's] now cancelled original claims" to understand Claim 6. *See FWP IP ApS v. Biogen MA, Inc.*, 749 F. App'x 969, 978 (Fed. Cir. 2018). Claims 3 through 5 have been disclaimed and therefore it is as if they "never existed in the patent." 📄 *Kopf*, 96 F.3d at 1422.

Therefore, *broadly speaking*, the '540 patent protects the process of using PEF technology on fruits and vegetables to reduce their resistance to cutting (Claim 1), by using titanium electrodes in a water tank (Claim 2), and this process can be used on potatoes (Claim 6) prior to cutting them into French fries. Any suggested voltage range (Claim 3) or conductivity requirements (Claims 4 and 5) are irrelevant. The Court need not read anything into Claim 6 to understand what it is claiming.

Even after disclaimer, Claim 6 "must be viewed as though it had originally been an independent claim," 🚩 *Kloster*, 793 F.2d at 1576, and "each claim of a patent ... shall be presumed valid independently of the validity of other claims." 35 U.S.C. § 282.

For all of these reasons, the Court finds that Claim 6 does not violate 35 U.S.C. § 112 ¶ 5 and is valid.

*4. Conclusion*

While the '540 patent includes components that, in isolation, could be considered natural law, the inventors of the '540 did not patent any singular function (softening for example) but rather a process, or series of steps, that ultimately brings about a desired result. Thus, the Court finds that the '540 patent is not "directed at a natural law." Furthermore, even though the Court does not need to reach step 2, it likewise finds that the '540 patent is directed to a new, innovative concept, namely:

> A process for treating vegetables and fruit **before cooking and cutting to make cutting easier**, characterized by the application of **an electric field strong enough to make the vegetable and/or fruit easier to cut** [applied] directly to the vegetables and/or fruit under conditions such that the resulting increase in the temperature of the vegetables and/or fruit is almost zero or at least sufficiently low as to not amount to a preheating step.

Dkt. 104-2, at 4:38-44 (Court's construction added in bold).

Ultimately, the Court finds that Claim 1 is eligible for patenting. Claim 6 is likewise eligible for patenting and, furthermore, does not violate 35 U.S.C. § 112 ¶ 5. Simplot's Motion for Judgment on the Pleadings is, therefore, DENIED.

### C. Motion for Issuance of Letters of Request (Dkt. 122)

*1. Introduction*

Following the Court's order allowing Simplot to file its Third-Party Complaint against Third-Party Defendants Elea and Food Physics (Dkt. 112), Simplot moved for issuance of letters of request—sometimes referred to as "letters rogatory"—to obtain discovery from five French non-parties under the Hague Convention.

Simplot seeks discovery from three French citizens: Jean-François Cousin (now retired from McCain), and Jean-Pierre Pain and Adeline Goullieux (both of whom are named as co-inventors of the '540 patent); and two French universities: University of Technology of Compiègne, and Polytechnic University of Hauts-de-France. Simplot asserts that each party holds critical information relative to this case.

Simplot's discovery requests relate to ownership of the '540 patent (relevant to, *e.g.*, standing) as well as to the invention itself, prior art, written description, and enablement issues (relevant to, *e.g.*, validity). McCain opposes the motion.

*2. Legal Standard*

**\*13** The Hague Convention affords U.S. litigants an opportunity to seek international judicial assistance to take discovery in foreign jurisdictions. 23 U.S.C. 2555, T.I.A.S. No. 7444, art. 1. *See also,* 🔖 *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa,* 482 U.S. 522, 546 (1987). Under the Hague Convention, a party can ask a U.S. Court to issue a letter of request that the Court will then transmit to a foreign judicial authority, through a diplomatic or counselor agent, or by a private commissioner appointed by the foreign state, to elicit discovery of foreign third parties. This Court is authorized to issue letters of request and to transmit letters of request directly to the Central Authority for France under Rule 28 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2).

The United States Supreme Court has identified a five-factor comity analysis for courts to consider when determining whether to grant a request for issuance of a letter rogatory. *Viasat, Inc. v. Space Sys./loral, Inc.*, No. 12-CV-0260-H (WVG), 2013 WL 12061801, at *4 (S.D. Cal. Jan. 14, 2013). "A court should determine both whether the discovery sought falls within the scope of discovery authorized by the Federal Rules, as well as whether considerations of comity warrant the requested discovery." *Id.* (citation omitted). As identified by the Supreme Court, the comity factors are:

(1) The importance to the ... litigation of the documents or other information requested;

(2) The degree of specificity of the request;

(3) Whether the information originated in the United States;

(4) The availability of alternative means of securing the information;

(5) The extent to which noncompliance with the request would undermine important interests of the United States,

or compliance with the request would undermine important interests of the state where the information is located.

*Societe Nationale Industrielle Aerospatiale*, 482 U.S. 522, at n. 28.

*3. Analysis*

McCain asserts that Simplot's request should be denied for at least three reasons: 1) the requests are cumulative of what Simplot already has—or can obtain through less intrusive and costly means; 2) the requests are a fishing expedition based on speculation; and 3) the requests are untimely. The Court will briefly address these arguments in turn while keeping in mind the comity factors outlined above.

a. Cumulative nature of requests

McCain argues that the information Simplot seeks via its letters of rogatory is cumulative of information it (Simplot) already has, or can otherwise easily obtain. Specifically, McCain explains that it has turned over documents and discovery responsive to similar requests from Simplot and that it will make Fabrice Desailly—the only named inventor that still works for McCain—available for deposition in the United States. In addition, now that Elea and Food Physics are parties to this case, McCain argues that Simplot could more efficiently seek the discovery it desires in its letters directly from them.

Simplot acknowledges it has (or yet will) receive certain information from McCain, Elea, Food Physics, and others, but argues it has the prerogative to request discovery from anyone it believes might have information relative to the case. In Simplot's estimation, it is McCain's argument—not its own —that rests on speculation. [14]

**\*14** This is a close call. The Court is a proponent of Rule 1 [15] and does not wish to see time and money wasted. Additionally, the time, expense, and potential inconvenience is magnified because these requests are to foreign nationals outside the jurisdiction of this Court. That said, it is difficult to say whether the information these individuals could potentially provide has been (or can be) produced via alternate means.

The five French individuals and entities are the inventors of the '540 patent and likely the best source of knowledge—

and/or the only sources of knowledge—on certain issues. The Court has reviewed the respective letters and while they are somewhat lengthy, each appears to be fairly narrowly tailored to the issues at hand. These observations support factors one, two, and four (importance of the requested information, specificity of the requests, availability of other means) and tend to weigh in Simplot's favor.

b. Speculative nature of requests

Next, McCain argues that Simplot doesn't really know if any of these individuals can provide anything of substance and that this is the first time Simplot has raised any argument about whether the named inventors are the true inventors or if they assigned the '540 patent to someone other than McCain. McCain points to the fact that recording an assignment with the USPTO—as McCain did in 2003— creates a presumption that the assignment is valid. *SIRF Technology v. ITC*, 601 F.3d 1319, 1328 (Fed. Cir. 2010). Moreover, the named inventors on an issued patent—like inventors Cousin, Desailly, Goullieux, and Pain on the '540 patent—are presumed to be correct. *Bard Peripheral Vascular v. W.L. Gore & Assocs.*, 670 F.3d 1171, 1179 (Fed. Cir. 2012).

Simplot does not disagree with these *presumptions*, but notes that both are rebuttable and argues that it should be allowed to conduct the discovery necessary to rebut them.

Again, this is a close call. The Court does not support dilatory or vague discovery and, as other Courts have noted, the mere hope that there might be favorable evidence cannot justify intrusive and broad third-party discovery of foreign citizens and institutions. *See, e.g.,* *United States v. El–Mezain*, 664 F.3d 467, 518 (5th Cir. 2011) (district court did not abuse its discretion in refusing to issue letters rogatory because the hope that the discovery would reveal favorable evidence was speculative and the request was thus a "fishing expedition"). That said, "speculation" type arguments are, ironically, speculative themselves as it is difficult to know whether a request is futile or based on speculation until the request has been fulfilled. Here, Simplot has explained that it has questions concerning the '540 patent's inventors, ownership, and whether there has been any assignment of rights. [16] This idea weighs in favor of the first comity factor (importance of the requested information).

### c. Timing of requests

**\*15** Finally, McCain argues that Simplot has not been diligent in exploring these issues and that the resulting delay issuing the letters rogatory could cause is unreasonable.

At the outset, the Court, again, must address the idea of timing that McCain consistently brings up—in virtually every motion—against Simplot. Motion after Motion, McCain asserts that Simplot has been untimely for one reason or another and that such delay is unjustifiable. First, the Court is well aware of the timing of this case. Second (and relatedly), most of the delays in this case were rarely, if ever, Simplot's doing. Because of the Court's heavy docket, it has often taken a long time to reach a decision on certain issues. Furthermore, there have been numerous times in this case that discovery was stayed. For all of these reasons, there have been numerous delays, but to say that as a result of these delays, Simplot has not been diligent, is not accurate.

It seems fairly clear why Simplot is delving deeper into these issues at this point in the case: namely the Court's revised claim construction ruling and the Court's recent ruling allowing Simplot the opportunity to file a third-party complaint in this case.

These reasons do not suggest any impermissible delay on Simplot behalf.

### 4. Conclusion

The Court does not wish to burden non-parties—particularly foreign non-parties—but the Court must also provide the parties before it with a fair and reasonable opportunity to prosecute and/or defend their case.

Because the information sought appears to have relevance to some of Simplot's defenses, the Court will GRANT the motion and issue the Letters of Request.

### 5. Motion to Sever and Stay (Dkt. 134)

#### 1. Introduction

On January 24, 2019, Simplot Filed a Motion for Leave to File Third-Party Complaint against Elea and Food Physics based—in part—on the Court's Decision on reconsideration. Dkt. 88. On July 1, 2019, the Court granted the Motion. Dkt. 112. As part of that Decision, the Court found that because it is already "keenly aware of the parties, facts, legal issues, and rulings applicable in this case" and because "the "issue of indemnification is interwoven with the issue of infringement itself," "a separate lawsuit [was] unnecessary." *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN, 2019 WL 2745730, at \*3 (D. Idaho July 1, 2019). Relying on principles of "judicial economy and the 'just, speedy, and inexpensive determination of every action and proceeding,' " the Court granted Simplot leave to file its Third-Party Complaint in this case. *Id.* at \*6. In doing so, the Court discussed certain logistical issues that may arise, and concluded that it would "not make a determination at [that] time regarding bifurcation or severance of the third-party claims." *Id.* at \*5.

During an informal telephonic discovery dispute conference on September 5, 2019, the Court and counsel discussed the posture of this case, including Third-Party Defendants' (then forthcoming) Answer, as well as discovery stays and bifurcation. On October 7, 2019, Third-Party Defendants filed their Answer to Simplot's Third-Party Complaint. Dkt. 128.

On November 1, 2019, Third-Party Defendants filed a motion to Sever and Stay Simplot's Indemnity Claims. Dkt. 134. Approximately three days before the Third-Party Defendants filed their motion, however, Simplot had apparently served four discovery requests on them. Responses to these requests were due November 29, 2019.

**\*16** Because the briefing schedule on the Motion to Sever and Stay would not have been complete until after their responses to Simplot's discovery request were due—and desiring a ruling on the merits of their motion—Third-Party Defendants filed a Motion for Protective Order on November 8, 2019. Dkt. 136. The Court subsequently granted the Motion for Protective Order (Dkt. 144) finding, in part, that "a protective order at the current juncture will ensure the Court and counsel have time to address the merits of the underlying Motion to Sever and Stay and limit confusion and duplicative work." *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN, 2019 WL 6315522, at \*2 (D. Idaho Nov. 25, 2019).

The Motion is now ripe for adjudication. Simplot opposes the Motion. McCain does not.

For context, some factual background is also helpful. While there are glaring inconsistencies and critical disputes as to who said what and when (regarding indemnity), the gist

of Simplot's claim for indemnity is fairly straightforward. During the initial phases of this litigation—and co-pending litigation in Canada—Simplot sought indemnity from Third-Party Defendants. Third-Party Defendants claim that Simplot represented it *would not* be seeking indemnification from them. Furthermore, Third-Party Defendants assert that Simplot has either waived its indemnity claims or that Simplot's own behavior during this litigation has materially affected its ability to recover under the contract terms.

In short, the fight between Simplot and Third-Party Defendants is a contract dispute.

### 2. Legal Standard

Federal Rule of Civil Procedure 14(a)(4) provides that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." The Advisory Committee notes further explain that "after the third-party defendant is brought in, the court has discretion to ... sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result." Fed. R. Civ. P. 14(a)(4) (committee notes to 1963 amendments). Similarly, Federal Rule of Civil Procedure 21 gives the Court authority to sever any claim against a party.

In determining whether to sever a third-party claim, the Court's authority is broad. *Monje v. Spin Master Inc.*, No. CV-09-1713-PHX-GMS, 2013 WL 6498073, at *4 (D. Ariz. Dec. 11, 2013) (citing *Williams v. Felker*, No. 2:05-cv-00501-MCE-EFB, 2006 WL 495994, at *1 (E.D. Cal. March 1, 2006) (stating that under Rule 21, "courts have broad discretion regarding severance")).

Courts may sever third-party claims where failing to do so would significantly delay resolution of the underlying claims and create a risk of jury confusion (*Behroozi v. New Albertson's, Inc.*, 2:11-CV-00579-JCM, 2014 WL 5469033, at *2 (D. Nev. Oct. 24, 2014)), or would cause prejudice (*U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2013 WL 6671774, *3 (N.D. Cal. Dec. 18, 2013)).

### 3. Analysis

Third-Party Defendants allege that severance is proper for two primary reasons. First, Third-Party Defendants assert that Simplot's claims against McCain are separate and distinct from the claims it brings against them and that the two should not be tried in tandem. Second, Third-Party Defendants argue that requiring them to litigate the indemnity claims while litigating the infringement claims would be severely

prejudicial. In light of their request that the Court sever the claim brought against them by Simplot, Third-Party Defendants also request that the Court stay all discovery on the indemnity claims until the infringement claims between Simplot and McCain are sorted out.

**\*17** Broadly speaking though, Third-Party Defendants argue that severing and staying the indemnity claims will promote judicial economy. The Court will address each of Third-Party Defendants' arguments in turn.

#### a. Separate and distinct claims

Third-Party Defendants begin by explaining that this case involves four separate causes of action, only one of which is the subject of the indemnification claim: Simplot and McCain have dueling claims of design patent infringement relating to twisted potato products, McCain has its infringement claim relative to the '540 patent, and now Simplot has its indemnity claim.

Critically, the '540 patent is a process patent. Its claims are directed to a method of treating food, not a device. McCain's allegations of infringement of Claims 1 and 6 of the '540 patent concern the *manner* in which Simplot uses the machines sold by Elea and Food Physics. The issue of infringement depends on whether Simplot practices each step of these claims. According to Third-party Defendants, the infringement claims have "nothing to do with Simplot's indemnity claims against the Third-Party Defendants." Dkt. 134-1, at 12.

In contrast, Simplot's indemnity claim is based on its contract with Third-Party Defendants, and concerns who should pay a judgment in the event Simplot is found liable and/or who should pay the costs of Simplot's ongoing defense. Whether Elea or Food Physics are contractually obligated to indemnify or defend Simplot for any alleged infringement is a separate question from, and has no bearing on, whether Simplot has infringed the '540 patent.

Here, the Court must digress. In response to this argument—and frankly all arguments raised by Third-Party Defendants—Simplot claims that the Court has already ruled on these issues in its decision granting Simplot's request to interplead Third-Party Defendants. While it is true that the Court *briefly* addressed certain concerns (and opined on ways to alleviate those concerns) it also specifically held that it "[would] not make a determination *at [that] time* regarding bifurcation or severance of the third-party claims...." *J.R. Simplot Co. v.*

*McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN, 2019 WL 2745730, at *5 (D. Idaho July 1, 2019) (emphasis added). Furthermore, the Court's comment in its prior decision that "there is no expressed, or known, prejudice to Elea or Food Physics" was in regard to their being joined in the present case as opposed to a separate lawsuit; *not* that there wouldn't be any prejudice or concerns *when Third-Party Defendants actually became part of the suit.* Simply put, the Court had no way of knowing Third-Party Defendants' concerns at that time because they had not yet appeared in the case. Moreover, even assuming arguendo that the Court had made a firm determination on severance and staying the case—which it did not—the Court's prior order was interlocutory. Changed circumstances, more evidence, and further considerations may alter the Court's prior holdings. Now that Third-Party Defendants have appeared in this case, the Court is better able to evaluate the best way to proceed.

Returning to the substance of Third-Party Defendants first argument, Simplot does not dispute that there are four separate causes of action in this case and that some do not involve Third-Party Defendants. That said, Simplot argues that on the claim that does involve Third-Party Defendants, their involvement is not peripheral, but integral.

**\*18** Under Simplot's purchase agreement with Third-Party Defendants, Elea promised to:

- "pay all royalties and license fees and at its sole expense ... provide for Simplot the right to use" the PEF systems;

- "defend, save harmless, and indemnify Simplot against all losses, damages, liabilities, costs, and expenses (including but not limited to reasonable attorney's fees);"

- "otherwise dispose of any suit brought against Simplot ... based on a claim that the [PEF systems], and the operation or use thereof in accordance with the methods specified by [Elea] constitutes an infringement" of any patent.

Dkt. 145-4, at 8. Simplot argues that their indemnity claims are inextricably intertwined with the infringement claims and that due to their related nature, it makes sense to litigate the claims together. Again, Simplot points to the Court's prior decision and findings that there are ways to deal with any potential confusion shy of separate discovery and separate trials.

Third-Party Defendants do not disagree that there is *some* overlap in the claims, but argue that Simplot's position ignores the fact that they deny they are obligated to indemnify or defend Simplot in the first place.

Ultimately, while there are multiple claims at issue in this case, Third-Party Defendants involvement is integral to the issues of infringement of the '540 patent. This conclusion cuts against staying and severing the indemnity claims.

    b. <u>Prejudice</u>
Next, Third-Party Defendants assert that litigating these claims together would severely prejudice them for three reasons. The Court will briefly address these arguments.

        i. The "Catch-22"

First, Third-Party Defendants explain that, in the event the Court were to require that these claims be presented simultaneously to a jury, it would force them into an impossible "Catch-22" situation.

As Third-Party Defendants explain, one of their potential defenses to Simplot's indemnity claims is that Simplot acted intentionally or willfully despite knowledge of the '540 patent and its scope. Were Third-Party Defendants to argue that Simplot's infringement was made with full knowledge of the '540 patent and its potential infringement, the jury might agree with McCain's position that Simplot infringed the '540 patent and award associated damages. Then, full circle, Third-Party Defendants could potentially be on the hook for the damages they helped McCain recover.

In other words, Third-Party Defendants claim they will be forced to choose between defending Simplot from McCain and defending themselves from Simplot.

To this argument, Simplot simply asserts that "Third-Party Defendants are not required to take that position. Instead, they could honor their obligations to defend Simplot and assert (as they promised to Simplot) that Simplot does not infringe the '540 Patent, willfully or otherwise." Dkt. 145, at 14.

Third-Party Defendants also raise concerns about the prior production of certain documents and how they may have otherwise objected to the production of those documents under a common-interest privilege but for the fact that they were not parties to this litigation at the time. This is a valid concern. Simplot and Third-Party Defendants are aligned in

some respects and at odds in other respects and when certain privileges may or may not apply and whether documents can be turned over to McCain are difficult questions that likely will need to be dealt with. This consideration weighs in favor of severance.

### ii. Discovery and trial timing

**\*19** In its Motion for Leave to File Third-Party Complaint, Simplot represented that the indemnity issues would be fairly simply and require minimal discovery. Third-Party defendants strongly oppose this representation, claiming instead that these issues are extremely complex and will require substantial discovery. For example, Third-Party Defendants claim that Idaho law and German law are implicated and that it intends to raise numerous defenses—including failure to act reasonably and failure to mitigate—all of which will require more than the "simple discovery" suggested by Simplot. Furthermore, Third-Party Defendants claim that were the Court to grant it the discovery time it needs, this would unduly prejudice McCain because it would have to wait longer to take its infringement claims to trial.

Third-Party Defendants also assert that Simplot impermissibly delayed in bringing them into the case. Furthermore, Third-Party Defendants claim that Simplot failed to bring a motion for judgment on the pleadings in a timely manner. As the Court noted above, the constant barrage of timing arguments levied against Simplot are tough to swallow. Simplot was (presumably) anticipating the Court's claim construction would align with its proposed construction. And it originally did. However, when that changed, Simplot had to re-group and determine how it wanted to proceed. Simplot filed its motion to bring Third-Party Defendants into this case less than two weeks after the Court issued its decision revising its claim construction rulings.[17] The Court finds Third-Party Defendants' timing argument meritless.

Returning to the timing of discovery and trial, however, the Court notes—as it often has in this case—that it is standard procedure to wait until all dispositive motions have been filed and ruled on *before* setting a trial date. To be sure, in the abstract, any delay could affect the trial date, but when one is not currently set, it is hard to say there is any specific prejudice.

In fact, Simplot contests that Third-Party Defendants' Motion to Sever and Stay is premature. Simplot basis this argument on the Court's prior orders (Dkts. 112 and 40) wherein the Court found it was "unlikely that [the Court] would hold completely separate trials in these matters, however, it might structure the trial in phases to ensure clarity, eliminate confusion, and avoid unnecessary time, expense, and duplication of work." *J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN, 2019 WL 2745730, at \*5 (D. Idaho July 1, 2019). *See also J.R. Simplot Co. v. McCain Foods USA, Inc.*, No. 1:16-CV-00449-DCN, 2017 WL 5192223, at \*3 (D. Idaho Nov. 9, 2017) (determining that after the "completion of discovery, the Court would entertain a Motion to Sever for trial if circumstances arise which would warrant such action").

In the Court's view, the issues of discovery timing and trial timing do not weigh heavily towards either outcome.

### iii. Jury Confusion

Finally, Third-Party Defendants claim that any mention of their indemnity agreement with Simplot would be confusing and prejudicial to the jury. It is their position that, in accordance with standard trial procedure, the jury should *not* be told that Simplot has an indemnity agreement that might cover some, or all, of any damages award.

Simplot rejects this concern asserting that the Court can properly instruct a jury and that any concern that the jury would inappropriately conflate the issues (or lean more towards a finding of infringement and award damages on the same) is pure speculation. The Court agrees that this issue could be dealt with at trial and does not weigh one way or the other in determining severance.

### c. Stay

**\*20** In the second part of their motion, Third-Party defendants asks the Court to stay all discovery related to the indemnity claims until a ruling on the merits of infringement has been made. Third-Party Defendants claim a stay will not prejudice Simplot, could prejudice them (as outlined above in that they would be in an awkward position of wanting to support Simplot in certain aspects of this case, but needing to distance themselves in other respects) and promote judicial economy.

Simplot strongly disagrees with this characterization, arguing that Third-Party Defendants cannot "watch this dispute from the sidelines" (Dkt. 145, at 6) and must fully engage now. In particular, Simplot asserts that Third-Party Defendants' inaction further enables the ongoing breach of their contractual duty to defend Simplot.

Simplot also firmly rejects the notion that a stay is necessary. In fact, Simplot argues that staying the case would cause it undue prejudice as it would essentially excuse Third-Party Defendants from their duty to defend Simplot, deprive Simplot of certain discovery necessary to its defense of McCain's infringement claims, and waste resources. The Court is not as concerned with discovery in light of the fact that Third-Party Defendants (whether litigating their claim simultaneously or not) will be required to fully and fairly comply with discovery. Simplot's other two prejudicial fears do concern the Court and weigh against severance. [18]

More important, however, is Simplot's final concern about Third-Party Defendants' Affirmative Defenses. Simplot claims that staying its third-party indemnity claims until a final judgment on McCain's infringement claim has been reached will preclude Third-Party Defendants from asserting their affirmative defenses on behalf of Simplot in a second trial.

Third-Party Defendants allege that "Simplot has not infringed any valid and enforceable claim of the '540 Patent" (First Affirmative Defense), "[t]he claims of the '540 Patent are invalid" (Second Affirmative Defense), and McCain's infringement claims against Simplot are barred "by the doctrines of license, implied license, acquiescence, waiver and/or estoppel" (Third Affirmative Defense). Dkt. 128, at 12.

Third-Party Defendants cannot litigate these defenses *on behalf of Simplot* if they do not participate in this case *with Simplot. See, e.g.,* SpeedTrack, Inc. v. Office Depot, Inc., No. C 07-3602 PJH, 2014 WL 1813292, at *5 (N.D. Cal. May 6, 2014), *aff'd,* 791 F.3d 1317 (Fed. Cir. 2015) (holding principles of res judicata barred infringement claims against defendants because defendants' supplier and indemnitor obtained final judgment of noninfringement); *see also* Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment").

In Simplot's estimation, if a jury determines, for example, that Simplot infringed the '540 Patent, Third-Party Defendants cannot then come in (in the second phase of trial or even a second trial and litigate its affirmative defenses. This is a very real concern.)

*4. Conclusion*
This is a difficult decision. Either way, some party is likely going to face some prejudice and time and expense it was not anticipating.

The Court has weighed the competing interest here and finds that severance may be necessary. It is true that juries rarely know about indemnity agreements and presenting that here *could* cause confusion or prejudice. Additionally, Third-Party Defendants do find themselves in the odd predicament of wanting Simplot to succeed against McCain (and will likely provide testimony and evidence in support of non-infringement), *but* in the event McCain prevails, will likely have to call into question some of the same behavior by Simplot that they previously supported. But again, that could easily be remedied by holding the trial in phases. Additionally, the Court is concerned with the idea that Third-Party Defendants may be precluded from asserting certain defenses if the trial is held in phases, but needs more briefing on this matter. Ultimately, the issue of severance is best left for later in the case. [19]

**\*21** While there is the potential for prejudice later on during trial, the Court finds there will not be undue prejudice [20] in moving forward with discovery at the present time. [21] The dispositive motion deadline on the infringement action is August 7, 2020. Taking into account briefing, oral argument, a written decision, and the Court's calendar, it is unlikely that a trial in this matter would take place until spring-summer of 2021. Third-Party Defendants will have ample time to complete any discovery they need without interfering with the timing of the infringement claims. Relatedly, waiting until after the first trial *finishes* to begin discovery would unnecessarily extend the overall length of this case when the claims, parties, and issues are presently known. In short, the Court will defer ruling on Third-Party Defendants Motion to Sever and will DENY Third-Party Defendants Motion to Stay.

**IV. ORDER**

1. Simplot's Motion to Amend/Correct Invalidity Contentions (Dkt. 103) is GRANTED.

2. Simplot's Motion for Judgment on the Pleadings (Dkt. 104) is DENIED.

3. Simplot's Motion for Issuance of Letters of Request to the Central Authority of France (Dkt. 122) is GRANTED. The Court will issue the Letters concurrently herewith.

4. Third-Party Defendants' Motion to Sever and Stay (Dkt. 134) is DENIED as it relates to staying discovery until a decision is reached on infringement. The Court WITHHOLDS RULING on the issue of severance until closer to trial.

5. The Court is aware of the upcoming settlement conference in this matter. To minimize pre-settlement expenses and distractions, discovery on Third-Party Defendants' claims and defenses will begin on April 1, 2020.[22] Third-Party Defendants' responses to previously served discovery requests shall be due 21 days after that (i.e. on or before April 22, 2020).

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

GREETINGS:

| 1. | Sender | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
| 2. | Central Authority of the Requested State | Ministere de la Justice Direction des Affaires Civiles et du Sceau Bureau de l'Entraide Judiciaire Internationale 13, Place |

| | | Vendôme 75042 PARIS Cedex 01 marie-caroline.celeyron@justice.gouv.fr |
| 3. | Person to whom the executed request is to be returned | This Court, representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; and such other person(s) that you deem proper. |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | October 31, 2019 |

**\*22** In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial

Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
| | b. To the competent Authority of (Article 3, a) | France |
| | c. Names of the case and any identifying number | *J.R. Simplot Co. v. McCain Foods USA, Inc.*, Case No. 1:16-cv-00449-DCN, United States District Court for the District of Idaho, which was consolidated with *McCain Foods Ltd. v. J.R. Simplot Co.*, Case No. 1:17-cv-00350-DCN, United States District Court for the District of Idaho |

| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | |
| | a. Plaintiffs | J.R. Simplot Company ("Simplot") is the plaintiff in the lead case, Case No. 1:16-cv-00449-DCN, and McCain Foods Limited is the plaintiff in the consolidated case, Case No. 1:17-cv-00350-DCN |
| | Representatives | Simplot is represented by: Brian M. Buroker GIBSON, DUNN & CRUTCHER LLP 1050 Connecticut Avenue, N.W. Washington, DC 20036-5306 Telephone: (202) 955-8541 BBuroker@gibsondunn.com Spencer W. Ririe GIBSON, DUNN & CRUTCHER LLP 3161 Michelson Drive Irvine, CA 92612-4412 Telephone: (949) 451-3985 Facsimile: (949) 475-4689 SRirie@gibsondunn.com Dana M. Herberholz, ISB No. 7440 Christopher Cuneo, ISB No. 8557 Margaret N. McGann Jordan L. Stott, ISB No. 9820 PARSONS BEHLE & LATIMER 800 W. Main Street, Suite 1300 Boise, ID 83702 Telephone: (208) 562-4900 Facsimile: (208) 562-4901 dherberholz@parsonsbehle.com ccuneo@parsonsbehle.com mmcgann@parsonsbehle.com jstott@parsonsbehle.com McCain Foods Limited is represented by: Michael G. Brady EBERLE BERLIN 1111 W Jefferson Street Suite 530 |

Boise, ID 83701
Telephone: (208) 344-8835
Facsimile: 208-8542
mbrady@eberle.com

Meredith M. Wilkes
John C. Evans
David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: 216-586-3939
Facsimile: 216-579-0212
mwilkes@jonesday.com
jcevans@jonesday.com
dcochran@jonesday.com

Joshua R. Nightingale
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412-394-7950
Facsimile: 412-394-7959
jrnightingale@jonesday.com

John A. Marlott
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 269-4236
Facsimile: (312) 782-8585
jamarlott@jonesday.com

| b. Defendants | McCain Foods USA, Inc. is the defendant in the lead case, Case No. 1:16-cv-00449-DCN, and Simplot is the defendant in the consolidated case, Case No. 1:17-cv-00350-DCN |
|---|---|
| Representatives | McCain Foods USA, Inc. is represented by:

Michael G. Brady
EBERLE BERLIN
1111 W Jefferson Street Suite 530
Boise, ID 83701
Telephone: (208) 344-8835 |

Facsimile: 208-8542
mbrady@eberle.com

Meredith M. Wilkes
John C. Evans
David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: 216-586-3939
Facsimile: 216-579-0212
mwilkes@jonesday.com
jcevans@jonesday.com
dcochran@jonesday.com

Joshua R. Nightingale
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412-394-7950
Facsimile: 412-394-7959
jrnightingale@jonesday.com

John A. Marlott
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 269-4236
Facsimile: (312) 782-8585
jamarlott@jonesday.com

Simplot is represented by:

Brian M. Buroker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8541
BBuroker@gibsondunn.com

Spencer W. Ririe
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3985

Facsimile: (949) 475-4689
SRirie@gibsondunn.com

Dana M. Herberholz, ISB No. 7440
Christopher Cuneo, ISB No. 8557
Margaret N. McGann
Jordan L. Stott, ISB No. 9820
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID 83702
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
dherberholz@parsonsbehle.com
ccuneo@parsonsbehle.com
mmcgann@parsonsbehle.com
jstott@parsonsbehle.com

| c. Other parties | ELEA Vertriebs-und-Vermarktungsgesellschaft, mbH ("Elea") is a third-party defendant against claims by Simplot for breach of contract.

Food Physics LLC ("Food Physics") is a third-party defendant against claims by Simplot for breach of contract. |
|---|---|
| Representatives | Elea has not yet answered and is currently represented by:

Michael E. Anderson
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036-5304
Phone: 202-861-1575
Fax: 202-861-1783
Email: meanderson@bakerlaw.com

Food Physics LLC has not yet answered and is currently represented by:

Bradley J. Dixon
GIVENS PURSLEY LLP
601 W. Bannock Street
PO Box 2720
Boise, ID 83701 |

| | | Phone: 208-388-1261
Fax: 208-388-1300
Email: bradleydixon@givenspursley.com |
|---|---|---|
| 7. | a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, e) | Civil actions alleging patent infringement under the patent laws of the United States. |
| | b. Summary of complaint | Discovery sought in this Letter of Request is Relevant in consolidated Case No. 1:17-cv-00350-DCN. In McCain Food Limited's complaint against Simplot, McCain Food Limited alleges that Simplot infringes U.S. Patent Nos. 6,821,540 ("tbe '540 patent") and D720,916 ("the '916 patent"). |
| | c. Summary of defense and counterclaim | In defense against McCain Food Limited's claims of patent infringement of the '540 patent, Simplot asserts, inter alia, that it does not infringe any of claims of the '540 patent and that the '540 patent is invalid. In defense against McCain Food Limited's claims of patent infringement of the '916 patent, Simplot asserts, inter alia, that the '916 patent is invalid.

As an alleged inventor of the '540 patent, Jean-Francois Cousin has knowledge relevant to Simplot's defenses, for example to Simplot's claim that the '540 patent is invalid under U.S. patent law.  In addition, Jean-Francois Cousin has knowledge relevant to McCain Foods Limited's assertion that it owns all rights to the '540 patent under U.S. law. |
| | d. Other necessary information or documents | Jean-Francois Cousin's current address is:

78 rue Jaquemars Gielee 59800 Lille, France. |
| 8. | a. Evidence to be obtained or other judicial act to be performed (Article 3d), | In order to present its defenses that the '540 patent is invalid as a result of prior art, and further that McCain Foods Limited cannot assert the '540 patent, Simplot seeks certain documents from Jean-Francois Cousin. Attached as Exhibit A1 is a request of production of |

| | | |
|---|---|---|
| | | certain documents that Simplot believes are likely to be in the possession, custody, or control of Jean-Francois Cousin.<br><br>To further clarify the evidence sought, attached as Exhibit A2 is an outline of the topics and issues about which counsel for Simplot intends to inquire of Jean-Francois Cousin. |
| | b. Purpose of the evidence or judicial act sought | With respect to the '540 patent, Jean-Francois Cousin has documents establishing that the processes recited in the claims of the '540 patent were publicly used, sold, and/or described before the priority date of the '540 patent. Jean-Francois Cousin also has evidence that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>This evidence is directly relevant to Simplot's claims that the '540 patent is invalid for failure to meet the requirements of patentability under United States patent law and that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>Simplot has no recourse to seek this information other than to enlist the aid of this Authority through the Hague Convention. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Jean-Francois Cousin<br>78 rue Jaquemars Giélée 59800 Lille, France |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | *See* Exhibit A2 |
| 11. | Documents or other property to be inspected (Article 3, g) | *See* Exhibit A1 |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that the testimony be taken under oath. |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that Jean-Francois Cousin be directed to produce the documents identified in attached Exhibit A1.<br><br>We respectfully request that the court direct the witness to appear on or before October 31, 2019.<br><br>We respectfully request that the witness be directed to answer such questions as Simplot or its counsel desire, relating to matters outlined in attached Exhibit A2.<br><br>We respectfully request that the examination be permitted to be conducted in accordance with the Federal Rules of Evidence, and the United States Federal Rules of Civil Procedure.<br><br>We respectfully request that the testimony be recorded.<br><br>We respectfully request that the testimony be taken in English language if the examined person(s) agree, and that, if need be, simultaneous translation be provided.<br><br>Costs incurred for complying with the Federal Rules of Evidence (court reporter, video recorder, simultaneous translation) shall be at Simplot's expense. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court; the representatives of the parties as indicated above, the witness from whom evidence is requested as indicated above, and such other person(s) that you deem proper. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |

| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Simplot believes that Jean-Francois Cousin does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |
|---|---|---|
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Simplot will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |

**\*23** So ORDERED.

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

GREETINGS:

| 1. | Sender | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
|---|---|---|
| 2. | Central Authority of the Requested State | Ministère de la Justice Direction des Affaires Civiles et du Sceau Bureau de l'Entraide Judiciaire Internationale 13, Place |
| | | Vendôme 75042 PARIS Cedex 01 marie-caroline.celeyron@justice.gouv.fr |
| 3. | Person to whom the executed request is to be returned | This Court, representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; and such other person(s) that you deem proper. |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | October 31, 2019 |

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
|---|---|---|
| | b. To the competent Authority of (Article 3, a) | France |
| | c. Names of the case and any identifying number | *J.R. Simplot Co. v. McCain Foods USA, Inc.*, Case No. 1:16-cv-00449-DCN, United States District Court for the District of Idaho, which was consolidated with<br><br>*McCain Foods Ltd. V. J.R. Simplot Co.*, Case No. 1:17-cv-00350-DCN, United States District Court for the District of Idaho |

| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) |
|---|---|
| a. Plaintiffs | J.R. Simplot Company ("Simplot") is the plaintiff in the lead case, Case No. 1:16-cv-00449-DCN, and McCain Foods Limited is the plaintiff in the consolidated case, Case No. 1:17-cv-00350-DCN |
| Representatives | Simplot is represented by:<br><br>Brian M. Buroker<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8541<br>BBuroker@gibsondunn.com<br><br>Spencer W. Ririe<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: (949) 451-3985<br>Facsimile: (949) 475-4689<br>SRirie@gibsondunn.com<br><br>Dana M. Herberholz, ISB No. 7440<br>Christopher Cuneo, ISB No. 8557<br>Margaret N. McGann<br>Jordan L. Stott, ISB No. 9820<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, ID 83702<br>Telephone: (208) 562-4900<br>Facsimile: (208) 562-4901<br>dherberholz@parsonsbehle.com<br>ccuneo@parsonsbehle.com<br>mmcgann@parsonsbehle.com<br>jstott@parsonsbehle.com<br><br>McCain Foods Limited is represented by:<br><br>Michael G. Brady<br>EBERLE BERLIN<br>1111 W Jefferson Street Suite 530 |
| | Boise, ID 83701<br>Telephone: (208) 344-8835<br>Facsimile: 208-8542<br>mbrady@eberle.com<br><br>Meredith M. Wilkes<br>John C. Evans<br>David B. Cochran<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: 216-586-3939<br>Facsimile: 216-579-0212<br>mwilkes@jonesday.com<br>jcevans@jonesday.com<br>dcochran@jonesday.com<br><br>Joshua R. Nightingale<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Telephone: 412-394-7950<br>Facsimile: 412-394-7959<br>jrnightingale@jonesday.com<br><br>John A. Marlott<br>JONES DAY<br>77 W. Wacker Drive, Suite 3500<br>Chicago, IL 60601-1692<br>Telephone: (312) 269-4236<br>Facsimile: (312) 782-8585<br>jamarlott@jonesday.com |
| b. Defendants | McCain Foods USA, Inc. is the defendant in the lead case, Case No. 1:16-cv-00449-DCN, and Simplot is the defendant in the consolidated case, Case No. 1:17-cv-00350-DCN |
| Representatives | McCain Foods USA, Inc. is represented by:<br><br>Michael G. Brady<br>EBERLE BERLIN<br>1111 W Jefferson Street Suite 530<br>Boise, ID 83701<br>Telephone: (208) 344-8835 |
| | Facsimile: 208-8542<br>mbrady@eberle.com<br><br>Meredith M. Wilkes<br>John C. Evans<br>David B. Cochran<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: 216-586-3939<br>Facsimile: 216-579-0212<br>mwilkes@jonesday.com<br>jcevans@jonesday.com<br>dcochran@jonesday.com<br><br>Joshua R. Nightingale<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Telephone: 412-394-7950<br>Facsimile: 412-394-7959<br>jrnightingale@jonesday.com<br><br>John A. Marlott<br>JONES DAY<br>77 W. Wacker Drive, Suite 3500<br>Chicago, IL 60601-1692<br>Telephone: (312) 269-4236<br>Facsimile: (312) 782-8585<br>jamarlott@jonesday.com<br><br>Simplot is represented by:<br><br>Brian M. Buroker<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8541<br>BBuroker@gibsondunn.com<br><br>Spencer W. Ririe<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: (949) 451-3985 |
| | Facsimile: (949) 475-4689<br>SRirie@gibsondunn.com<br><br>Dana M. Herberholz, ISB No. 7440<br>Christopher Cuneo, ISB No. 8557<br>Margaret N. McGann<br>Jordan L. Stott, ISB No. 9820<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, ID 83702<br>Telephone: (208) 562-4900<br>Facsimile: (208) 562-4901<br>dherberholz@parsonsbehle.com<br>ccuneo@parsonsbehle.com<br>mmcgann@parsonsbehle.com<br>jstott@parsonsbehle.com |
| c. Other parties | ELEA Vertriebs-und-Vermarktungsgesellschaft, mbH ("Elea") is a third-party defendant against claims by Simplot for breach of contract.<br><br>Food Physics LLC ("Food Physics") is a third-party defendant against claims by Simplot for breach of contract. |
| Representatives | Elea has not yet answered and is currently represented by:<br><br>Michael E. Anderson<br>BAKER & HOSTETLER LLP<br>1050 Connecticut Avenue, N.W.<br>Suite 1100<br>Washington, D.C. 20036-5304<br>Phone: 202-861-1575<br>Fax: 202-861-1783<br>Email: meanderson@bakerlaw.com<br><br>Food Physics LLC has not yet answered and is currently represented by:<br><br>Bradley J. Dixon<br>GIVENS PURSLEY LLP<br>601 W. Bannock Street<br>PO Box 2720<br>Boise, ID 83701 |

|  |  | Phone: 208-388-1201<br>Fax: 208-388-1300<br>Email: bradleydixon@givenspursley.com |
|---|---|---|
| 7. | a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | Civil actions alleging patent infringement under the patent laws of the United States. |
|  | b. Summary of complaint | Discovery sought in this Letter of Request is Relevant in consolidated Case No. 1:17-cv-00359-DCN. In McCain Food Limited's complaint against Simplot, McCain Food Limited alleges that Simplot infringes U.S. Patent Nos. 6,821,540 ("the '540 patent") and D720,916 ("the '916 patent"). |
|  | c. Summary of defense and counterclaim | In defense against McCain Food Limited's claims of patent infringement of the '540 patent, Simplot asserts, inter alia, that it does not infringe any of claims of the '540 patent and that the '540 patent is invalid. In defense against McCain Food Limited's claims of patent infringement of the '916 patent, Simplot asserts, inter alia, that the '916 patent is invalid.<br><br>As an alleged inventor of the '540 patent, Jean-Pierre Pain has knowledge relevant to Simplot's defenses, for example to Simplot's claim that the '540 patent is invalid under U.S. patent law. In addition, Jean-Pierre Pain has knowledge relevant to McCain Foods Limited's assertion that it owns all rights to the '540 patent under U.S. law. |
|  | d. Other necessary information or documents | Jean-Pierre Pain's current address is:<br><br>12 rue Clair Soleil 34170 Castelnau le Lez, France. |
| 8. | a. Evidence to be obtained or other judicial act to be performed (Article 3d), | In order to present its defenses that the '540 patent is invalid as a result of prior art, and further that McCain Foods Limited cannot assert the '540 patent, Simplot seeks certain documents from Jean-Pierre Pain. Attached as Exhibit B1 is a request of production of |

|  |  | certain documents that Simplot believes are likely to be in the possession, custody, or control of Jean-Pierre Pain.<br><br>To further clarify the evidence sought, attached as Exhibit B2 is an outline of the topics and issues about which counsel for Simplot intends to inquire of Jean-Pierre Pain. |
|---|---|---|
|  | b. Purpose of the evidence or judicial act sought | With respect to the '540 patent, Jean-Pierre Pain has documents establishing that the proceses recited in the claims of the '540 patent were publicly used, sold, and/or described before the priority date of the '540 patent. Jean-Pierre Pain also has evidence that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>This evidence is directly relevant to Simplot's claims that the '540 patent is invalid for failure to meet the requirements of patentability under United States patent law and that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>Simplot has no recourse to seek this information other than to enlist the aid of this Authority through the Hague Convention. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Jean-Pierre Pain<br>12 rue Clair Soleil 34170 Castelnau le Lez, France |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | See Exhibit B2 |
| 11. | Documents or other property to be inspected (Article 3, g) | See Exhibit B1 |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that the testimony be taken under oath. |

| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that Jean-Pierre Pain be directed to produce the documents identified in attached Exhibit B1.<br><br>We respectfully request that the court direct the witness to appear on or before October 31, 2019.<br><br>We respectfully request that the witness be directed to answer such questions as Simplot or its counsel desire, relating to matters outlined in attached Exhibit B2.<br><br>We respectfully request that the examination be permitted to be conducted in accordance with the Federal Rules of Evidence, and the United States Federal Rules of Civil Procedure.<br><br>We respectfully request that the testimony be recorded.<br><br>We respectfully request that the testimony be taken in English language if the examined person(s) agree, and that, if need be, simultaneous translation be provided.<br><br>Costs incurred for complying with the Federal Rules of Evidence (court reporter, video recorder, simultaneous translation) shall be at Simplot's expense |
|---|---|---|
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court, the representatives of the parties as indicated above, the witness from whom evidence is requested as indicated above, and such other person(s) that you deem proper. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |

| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Simplot believes that Jean-Pierre Pain does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |
|---|---|---|
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Simplot will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |

**\*24** So ORDERED.

**LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

GREETINGS:

| 1. | Sender | The Honorable David C. Nye, Chief District Judge<br>United States District Court for the District of Idaho<br>James A. McClure Federal Building<br>550 W. Fort Street<br>Boise ID 83724<br>USA |
|---|---|---|
| 2. | Central Authority of the Requested State | Ministere de la Justice<br>Direction des Affaires Civiles et du Sceau Bureau de l'Entraide Judiciaire Internationale 13, Place |

| | | |
|---|---|---|
| | | Vendôme<br>75042 PARIS Cedex 01<br>marie-caroline.celeyron@justice.gouv.fr |
| 3. | Person to whom the executed request is to be returned | This Court, representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; and such other person(s) that you deem proper. |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | October 31, 2019 |

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| | | |
|---|---|---|
| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
| | b. To the competent Authority of (Article 3, a) | France |
| | c. Names of the case and any identifying number | *J.R. Simplot Co. v. McCain Foods USA, Inc.*, Case No. 1:16-cv-00449-DCN, United States District Court for the District of Idaho, which was consolidated with *McCain Foods Ltd. v. J.R. Simplot Co.*, Case No. 1:17-cv-00350-DCN, United States District Court for the District of Idaho |

| | | |
|---|---|---|
| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | |
| | a. Plaintiffs | J.R. Simplot Company ("Simplot") is the plaintiff in the lead case, Case No. 1:16-cv-00449-DCN, and McCain Foods Limited is the plaintiff in the consolidated case, Case No. 1:17-cv-00350-DCN |
| | Representatives | Simplot is represented by:<br><br>Brian M. Buroker<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8541<br>BBuroker@gibsondunn.com<br><br>Spencer W. Ririe<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: (949) 451-3983<br>Facsimile: (949) 475-4689<br>SRirie@gibsondunn.com<br><br>Dana M. Herberholz, ISB No. 7440<br>Christopher Cuneo, ISB No. 8557<br>Margaret N. McGann<br>Jordan L. Stott, ISB No. 9820<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, ID 83702<br>Telephone: (208) 562-4900<br>Facsimile: (208) 562-4901<br>dherberholz@parsonsbehle.com<br>ccuneo@parsonsbehle.com<br>mmcgann@parsonsbehle.com<br>jstott@parsonsbehle.com<br><br>McCain Foods Limited is represented by:<br><br>Michael G. Brady<br>EBERLE BERLIN<br>1111 W Jefferson Street Suite 530 |

| | | |
|---|---|---|
| | | Boise, ID 83701<br>Telephone: (208) 344-8835<br>Facsimile: 208-8542<br>mbrady@eberle.com<br><br>Meredith M. Wilkes<br>John C. Evans<br>David B. Cochran<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: 216-586-3939<br>Facsimile: 216-579-0212<br>mwilkes@jonesday.com<br>jcevans@jonesday.com<br>dcochran@jonesday.com<br><br>Joshua R. Nightingale<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Telephone: 412-394-7950<br>Facsimile: 412-394-7959<br>jrnightingale@jonesday.com<br><br>John A. Marlott<br>JONES DAY<br>77 W. Wacker Drive, Suite 3500<br>Chicago, IL 60601-1692<br>Telephone: (312) 269-4236<br>Facsimile: (312) 782-8585<br>jamarlott@jonesday.com |
| | b. Defendants | McCain Foods USA, Inc. is the defendant in the lead case, Case No. 1:16-cv-00449-DCN, and Simplot is the defendant in the consolidated case, Case No. 1:17-cv-00350-DCN. |
| | Representatives | McCain Foods USA, Inc. is represented by:<br><br>Michael G. Brady<br>EBERLE BERLIN<br>1111 W Jefferson Street Suite 530<br>Boise, ID 83701<br>Telephone: (208) 344-8835 |

| | | |
|---|---|---|
| | | Facsimile: 208-8542<br>mbrady@eberle.com<br><br>Meredith M. Wilkes<br>John C. Evans<br>David B. Cochran<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: 216-586-3939<br>Facsimile: 216-579-0212<br>mwilkes@jonesday.com<br>jcevans@jonesday.com<br>dcochran@jonesday.com<br><br>Joshua R. Nightingale<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Telephone: 412-394-7950<br>Facsimile: 412-394-7959<br>jrnightingale@jonesday.com<br><br>John A. Marlott<br>JONES DAY<br>77 W. Wacker Drive, Suite 3500<br>Chicago, IL 60601-1692<br>Telephone: (312) 269-4236<br>Facsimile: (312) 782-8585<br>jamarlott@jonesday.com<br><br>Simplot is represented by:<br><br>Brian M. Buroker<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8541<br>BBuroker@gibsondunn.com<br><br>Spencer W. Ririe<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: (949) 451-3983 |

J.R. Simplot Company v. McCain Foods USA, Inc., Slip Copy (2020)
Case 4:20-cv-02123  Document 81-8  Filed on 10/25/21 in TXSD  Page 24 of 31

2020 WL 878288

| | | |
|---|---|---|
| | Facsimile: (949) 475-4689<br>SRitrie@gibsondunn.com<br><br>Dana M. Herberholz, ISB No. 7440<br>Christopher Cuneo, ISB No. 8557<br>Margaret N. McGann<br>Jordan L. Stott, ISB No. 9820<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, ID 83702<br>Telephone: (208) 562-4900<br>Facsimile: (208) 562-4901<br>dherberholz@parsonsbehle.com<br>ccuneo@parsonsbehle.com<br>mmcgann@parsonsbehle.com<br>jstott@parsonsbehle.com | |
| c. Other parties | ELEA Vertriebs-und-Vermarktungsgesellschaft, mbH ("Elea") is a third-party defendant against claims by Simplot for breach of contract.<br><br>Food Physics LLC ("Food Physics") is a third-party defendant against claims by Simplot for breach of contract. | |
| Representatives | Elea has not yet answered and is currently represented by:<br><br>Michael E. Anderson<br>BAKER & HOSTETLER LLP<br>1050 Connecticut Avenue, N.W.<br>Suite 1100<br>Washington, D.C. 20036-5304<br>Phone: 202-861-1575<br>Fax: 202-861-1783<br>Email: meanderson@bakerlaw.com<br><br>Food Physics LLC has not yet answered and is currently represented by:<br><br>Bradley J. Dixon<br>GIVENS PURSLEY LLP<br>601 W. Bannock Street<br>PO Box 2720<br>Boise, ID 83701 | |

| | | |
|---|---|---|
| | Phone: 208-388-1261<br>Fax: 208-388-1300<br>Email: bradleydixon@givenspursley.com | |
| 7. | a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, c) | Civil actions alleging patent infringement under the patent laws of the United States |
| | b. Summary of complaint | Discovery sought in this Letter of Request is Relevant in consolidated Case No. 1:17-cv-00350-DCN: In McCain Food Limited's complaint against Simplot, McCain Food Limited alleges that Simplot infringes U.S. Patent Nos. 6,821,540 ("the '540 patent") and D720,916 ("the '916 patent"). |
| | c. Summary of defense and counterclaim | In defense against McCain Food Limited's claims of patent infringement of the '540 patent, Simplot asserts, inter alia, that it does not infringe any of claims of the '540 patent and that the '540 patent is invalid. In defense against McCain Food Limited's claims of patent infringement of the '916 patent, Simplot asserts, inter alia, that the '916 patent is invalid.<br><br>As an alleged inventor of the '540 patent, Adeline Goullieux has knowledge relevant to Simplot's defenses, for example to Simplot's claim that the '540 patent is invalid under U.S. patent law. In addition, Adeline Goullieux has knowledge relevant to McCain Foods Limited's assertion that it owns all rights to the '540 patent under U.S. law. |
| | d. Other necessary information or documents | Adeline Goullieux's current address is:<br><br>12 rue des Etangs 60490 Mareuil la Motte, France |
| 8. | a. Evidence to be obtained or other judicial act to be performed (Article 3d), | In order to present its defenses that the '540 patent is invalid as a result of prior art, and further that McCain Foods Limited cannot assert the '540 patent, Simplot seeks certain documents from Adeline Goullieux. Attached as Exhibit C1 is a request of production of |

| | | |
|---|---|---|
| | | certain documents that Simplot believes are likely to be in the possession, custody, or control of Adeline Goullieux.<br><br>To further clarify the evidence sought, attached as Exhibit C2 is an outline of the topics and issues about which counsel for Simplot intends to inquire of Adeline Goullieux. |
| | b. Purpose of the evidence or judicial act sought | With respect to the '540 patent, Adeline Goullieux has documents establishing that the processes recited in the claims of the '540 patent were publicly used, sold, and/or described before the priority date of the '540 patent. Adeline Goullieux also has evidence that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>This evidence is directly relevant to Simplot's claims that the '540 patent is invalid for failure to meet the requirements of patentability under United States patent law and that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>Simplot has no recourse to seek this information other than to enlist the aid of this Authority through the Hague Convention. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Adeline Goullieux<br>78 rue Jaquemars Gielee 59800 Lille, France |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | See Exhibit C2 |
| 11. | Documents or other property to be inspected (Article 3, g) | See Exhibit C1 |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that the testimony be taken under oath. |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that Adeline Goullieux be directed to produce the documents identified in attached Exhibit C1.<br><br>We respectfully request that the court direct the witness to appear on or before October 31, 2019.<br><br>We respectfully request that the witness be directed to answer such questions as Simplot or its counsel desire, relating to matters outlined in attached Exhibit C2.<br><br>We respectfully request that the examination be permitted to be conducted in accordance with the Federal Rules of Evidence, and the United States Federal Rules of Civil Procedure.<br><br>We respectfully request that the testimony be recorded.<br><br>We respectfully request that the testimony be taken in English language if the examined person(s) agree, and that, if need be, simultaneous translation be provided.<br><br>Costs incurred for complying with the Federal Rules of Evidence (court reporter, video recorder, simultaneous translation) shall be at Simplot's expense. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court, the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above; and such other person(s) that you deem proper. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |

| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Simplot believes that Adeline Goullieux does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |
|---|---|---|
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Simplot will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |

**\*25** So ORDERED.

### LETTER OF REQUEST: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

GREETINGS:

| 1. | Sender | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
|---|---|---|
| 2. | Central Authority of the Requested State | Ministère de la Justice Direction des Affaires Civiles et du Sceau Bureau de l'Entraide Judiciaire Internationale 13, Place |
| | | Vendôme 75042 PARIS Cedex 01 marie-caroline.celeyron@justice.gouv.fr |
| 3. | Person to whom the executed request is to be returned | This Court, representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; and such other person(s) that you deem proper. |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | October 31, 2019 |

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
|---|---|---|
| | b. To the competent Authority of (Article 3, a) | France |
| | c. Names of the case and any identifying number | *J.R. Simplot Co. v. McCain Foods USA, Inc.*, Case No. 1:16-cv-00449-DCN, United States District Court for the District of Idaho |
| | | *McCain Foods Ltd. v. J.R. Simplot Co.*, Case No. 1:17-cv-00350-DCN, United States District Court for the District of Idaho |

| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | |
|---|---|---|
| | a. Plaintiffs | J.R. Simplot Company ("Simplot") is the plaintiff in the lead case, Case No. 1:16-cv-00449-DCN, and McCain Foods Limited is the plaintiff in the consolidated case, Case No. 1:17-cv-00350-DCN |
| | Representatives | Simplot is represented by: |
| | | Brian M. Buroker GIBSON, DUNN & CRUTCHER LLP 1050 Connecticut Avenue, N.W. Washington, DC 20036-5306 Telephone: (202) 955-8541 BBuroker@gibsondunn.com |
| | | Spencer W. Ririe GIBSON, DUNN & CRUTCHER LLP 3161 Michelson Drive Irvine, CA 92612-4412 Telephone: (949) 451-3985 Facsimile: (949) 475-4689 SRirie@gibsondunn.com |
| | | Dana M. Herberholz, ISB No. 7440 Christopher Cuneo, ISB No. 8557 Margaret N. McGann Jordan L. Stott, ISB No. 9820 PARSONS BEHLE & LATIMER 800 W. Main Street, Suite 1300 Boise, ID 83702 Telephone: (208) 562-4900 Facsimile: (208) 562-4901 dherberholz@parsonsbehle.com ccuneo@parsonsbehle.com mmcgann@parsonsbehle.com jstott@parsonsbehle.com |
| | | McCain Foods Limited is represented by: |
| | | Michael G. Brady EBERLE BERLIN 1111 W Jefferson Street Suite 530 |
| | | Boise, ID 83701 Telephone: (208) 344-8835 Facsimile: 208-8542 mbrady@eberle.com |
| | | Meredith M. Wilkes John C. Evans David B. Cochran JONES DAY 901 Lakeside Avenue Cleveland, OH 44114 Telephone: 216-586-3939 Facsimile: 216-579-0212 mwilkes@jonesday.com jcevans@jonesday.com dcochran@jonesday.com |
| | | Joshua R. Nightingale JONES DAY 500 Grant Street, Suite 4500 Pittsburgh, PA 15219 Telephone: 412-394-7950 Facsimile: 412-394-7959 jrnightingale@jonesday.com |
| | | John A. Marlott JONES DAY 77 W. Wacker Drive, Suite 3500 Chicago, IL 60601-1692 Telephone: (312) 269-4236 Facsimile: (312) 782-8585 jamarlott@jonesday.com |
| | b. Defendants | McCain Foods USA, Inc. is the defendant in the lead case, Case No. 1:16-cv-00449-DCN, and Simplot is the defendant in the consolidated case, Case No. 1:17-cv-00350-DCN |
| | Representatives | McCain Foods USA, Inc. is represented by: |
| | | Michael G. Brady EBERLE BERLIN 1111 W Jefferson Street Suite 530 Boise, ID 83701 Telephone: (208) 344-8835 |

Facsimile: 208-8542
nbrady@eberle.com

Meredith M. Wilkes
John C. Evans
David B. Cochran
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone: 216-586-3939
Facsimile: 216-579-0212
mwilkes@jonesday.com
jcevans@jonesday.com
dcochran@jonesday.com

Joshua R. Nightingale
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone: 412-394-7950
Facsimile: 412-394-7959
jrnightingale@jonesday.com

John A. Marlott
JONES DAY
77 W. Wacker Drive, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 269-4236
Facsimile: (312) 782-8585
jamarlott@jonesday.com

Simplot is represented by:

Brian M. Buroker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8541
BBuroker@gibsondunn.com

Spencer W. Ririe
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3985

---

Facsimile: (949) 475-4689
SRirie@gibsondunn.com

Dana M. Herberholz, ISB No. 7440
Christopher Cuneo, ISB No. 8557
Margaret N. McGann
Jordan L. Stott, ISB No. 9820
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID 83702
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
dherberholz@parsonsbehle.com
ccuneo@parsonsbehle.com
mmcgann@parsonsbehle.com
jstott@parsonsbehle.com

| | |
|---|---|
| c. Other parties | ELEA Vertriebs-und-Vermarktungsgesellschaft, mbH ("Elea") is a third-party defendant against claims by Simplot for breach of contract.<br><br>Food Physics LLC ("Food Physics") is a third-party defendant against claims by Simplot for breach of contract. |
| Representatives | Elea has not yet answered and is currently represented by:<br><br>Michael E. Anderson<br>BAKER & HOSTETLER LLP<br>1050 Connecticut Avenue, N.W.<br>Suite 1100<br>Washington, D.C. 20036-5304<br>Phone: 202-861-1575<br>Fax: 202-861-1783<br>Email: meanderson@bakerlaw.com<br><br>Food Physics LLC has not yet answered and is currently represented by:<br><br>Bradley J. Dixon<br>GIVENS PURSLEY LLP<br>601 W. Bannock Street<br>PO Box 2720<br>Boise, ID 83701 |

| | | |
|---|---|---|
| | | Phone: 208-388-1261<br>Fax: 208-388-1300<br>Email: bradleydixon@givenspursley.com |
| 7. | a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, e) | Civil actions alleging patent infringement under the patent laws of the United States. |
| | b. Summary of complaint | Discovery sought in this Letter of Request is Relevant in consolidated Case No. 1:17-cv-00350-DCN. In McCain Food Limited's complaint against Simplot, McCain Food Limited alleges that Simplot infringes U.S. Patent Nos. 6,821,540 ("the '540 patent") and D720,916 ("the '916 patent"). |
| | c. Summary of defense and counterclaim | In defense against McCain Food Limited's claims of patent infringement of the '540 patent, Simplot asserts, inter alia, that it does not infringe any of claims of the '540 patent and that the '540 patent is invalid. In defense against McCain Food Limited's claims of patent infringement of the '916 patent, Simplot asserts, inter alia, that the '916 patent is invalid<br><br>As the previous employer of two individuals named as inventors of the '540 patent, the University of Technology of Compiègne has information relevant to Simplot's defenses, for example to Simplot's claim that the '540 patent is invalid under U.S. patent law. In addition, the University of Technology of Compiègne has knowledge relevant to McCain Foods Limited's assertion that it owns all rights to the '540 patent under U.S. law. |
| | d. Other necessary information or documents | The University of Technology of Compiègne's current address is:<br><br>Rue du Docteur Schweitzer CS 60319,<br>60203 Compiègne Cedex France |
| 8. | a. Evidence to be obtained or other judicial act to be performed (Article 3d); | In order to present its defenses that the '540 patent is invalid as a result of prior art, and further that McCain Foods Limited cannot assert the '540 patent, Simplot seeks certain documents from the University of Technology of Compiègne. Attached as Exhibit D1 is a request of production of certain documents that Simplot believes are likely to be in the possession, custody, or control of the University of Technology of Compiègne.<br><br>To further clarify the evidence sought, attached as Exhibit D2 is an outline of the topics and issues about which counsel for Simplot intends to inquire of the University of Technology of Compiègne. |
| | b. Purpose of the evidence or judicial act sought | With respect to the '540 patent, the University of Technology of Compiègne has documents establishing that the processes recited in the claims of the '540 patent were publicly used, sold, and/or described before the priority date of the '540 patent. The University of Technology of Compiègne also has evidence that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>This evidence is directly relevant to Simplot's claims that the '540 patent is invalid for failure to meet the requirements of patentability under United States patent law and that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>Simplot has no recourse to seek this information other than to enlist the aid of this Authority through the Hague Convention. |
| 9. | Identity and address of any person to be examined (Article 3, e) | University of Technology of Compiègne<br>Rue du Docteur Schweitzer CS 60319;<br>60203 Compiègne Cedex France |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | See Exhibit D2. |

| 11. | Documents or other property to be inspected (Article 3, g) | *See* Exhibit D1 |
|---|---|---|
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request that the testimony be taken under oath. |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that the University of Technology of Compiegne be directed to produce the documents identified in attached Exhibit D1. We respectfully request that the court direct the witness to appear on or before October 31, 2019. We respectfully request that the witness be directed to answer such questions as Simplot or its counsel desire, relating to matters outlined in attached Exhibit D2. We respectfully request that the examination be permitted to be conducted in accordance with the Federal Rules of Evidence, and the United States Federal Rules of Civil Procedure. We respectfully request that the testimony be recorded. We respectfully request that the testimony be taken in English language if the examined person(s) agree, and that, if need be, simultaneous translation be provided. Costs incurred for complying with the Federal Rules of Evidence (court reporter, video recorder, simultaneous translation) shall be at Simplot's expense. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court, the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above, and such other person(s) that you deem proper. |

| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |
|---|---|---|
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Simplot believes that the University of Technology of Compiegne does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Simplot will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |

**\*26** So ORDERED.

| 1. | Sender | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
|---|---|---|
| 2. | Central Authority of the Requested State | Ministère de la Justice Direction des Affaires Civiles et du Sceau Bureau de l'Entraide Judiciaire Internationale 13, Place |
| | | Vendôme 75042 PARIS Cedex 01 marie-caroline.celeyron@justice.gouv.fr |
| 3. | Person to whom the executed request is to be returned | This Court; representatives of the parties as indicated below; the witnesses from whom evidence is requested as indicated below; and such other person(s) that you deem proper. |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | October 31, 2019 |

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention") and Federal Rule of Civil Procedure 28(b) and 28 U.S.C.A. 1781(b), the undersigned authority respectfully has the honor to submit the following request:

| 5. | a. Requesting Judicial Authority (Article 3, a) | The Honorable David C. Nye, Chief District Judge United States District Court for the District of Idaho James A. McClure Federal Building 550 W. Fort Street Boise ID 83724 USA |
|---|---|---|
| | b. To the competent Authority of (Article 3, a) | France |
| | c. Names of the case and any identifying number | *J.R. Simplot Co. v. McCain Foods USA, Inc.,* Case No. 1:16-cv-00449-DCN, United States District Court for the District of Idaho. *McCain Foods Ltd. v. J.R. Simplot Co.,* Case No. 1:17-cv-00350-DCN, United States District Court for the District of Idaho |

**LETTER OF REQUEST: REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF
18 MARCH 1970 ON THE TAKING OF EVIDENCE
ABROAD IN CIVIL OR COMMERCIAL MATTERS**

GREETINGS:

| 6. | Names and addresses of the parties and their representative (including representatives in the requested State) (Article 3, b) | |
|---|---|---|
| a. Plaintiffs | J.R. Simplot Company ("Simplot") is the plaintiff in the lead case, Case No. 1:16-cv-00449-DCN, and McCain Foods Limited is the plaintiff in the consolidated case, Case No. 1:17-cv-00350-DCN | |
| Representatives | Simplot is represented by:<br><br>Brian M. Buroker<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8541<br>BBuroker@gibsondunn.com<br><br>Spencer W. Ririe<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: (949) 451-3985<br>Facsimile: (949) 475-4689<br>SRirie@gibsondunn.com<br><br>Dana M. Herberholz, ISB No. 7440<br>Christopher Cuneo, ISB No. 8557<br>Margaret N. McGann<br>Jordan L. Stott, ISB No. 9820<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, ID 83702<br>Telephone: (208) 562-4900<br>Facsimile: (208) 562-4901<br>dherberholz@parsonsbehle.com<br>ccuneo@parsonsbehle.com<br>mmcgann@parsonsbehle.com<br>jstott@parsonsbehle.com<br><br>McCain Foods Limited is represented by:<br><br>Michael G. Brady<br>EBERLE BERLIN<br>1111 W Jefferson Street Suite 530 | |
| | Boise, ID 83701<br>Telephone: (208) 344-8835<br>Facsimile: 208-8542<br>mbrady@eberle.com<br><br>Meredith M. Wilkes<br>John C. Evans<br>David B. Cochran<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: 216-586-3939<br>Facsimile: 216-579-0212<br>mwilkes@jonesday.com<br>jcevans@jonesday.com<br>dcochran@jonesday.com<br><br>Joshua R. Nightingale<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Telephone: 412-394-7950<br>Facsimile: 412-394-7959<br>jrnightingale@jonesday.com<br><br>John A. Marlott<br>JONES DAY<br>77 W. Wacker Drive, Suite 3500<br>Chicago, IL 60601-1692<br>Telephone: (312) 269-4236<br>Facsimile: (312) 782-8585<br>jamarlott@jonesday.com | |
| b. Defendants | McCain Foods USA, Inc. is the defendant in the lead case, Case No. 1:16-cv-00449-DCN, and Simplot is the defendant in the consolidated case, Case No. 1:17-cv-00350-DCN | |
| Representatives | McCain Foods USA, Inc. is represented by:<br><br>Michael G. Brady<br>EBERLE BERLIN<br>1111 W Jefferson Street Suite 530<br>Boise, ID 83701<br>Telephone: (208) 344-8835 | |

(continued)

| | Facsimile: 208-8542<br>mbrady@eberle.com<br><br>Meredith M. Wilkes<br>John C. Evans<br>David B. Cochran<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>Telephone: 216-586-3939<br>Facsimile: 216-579-0212<br>mwilkes@jonesday.com<br>jcevans@jonesday.com<br>dcochran@jonesday.com<br><br>Joshua R. Nightingale<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Telephone: 412-394-7950<br>Facsimile: 412-394-7959<br>jrnightingale@jonesday.com<br><br>John A. Marlott<br>JONES DAY<br>77 W. Wacker Drive, Suite 3500<br>Chicago, IL 60601-1692<br>Telephone: (312) 269-4236<br>Facsimile: (312) 782-8585<br>jamarlott@jonesday.com<br><br>Simplot is represented by:<br><br>Brian M. Buroker<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: (202) 955-8541<br>BBuroker@gibsondunn.com<br><br>Spencer W. Ririe<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: (949) 451-3985 | |
|---|---|---|
| | Facsimile: (949) 475-4689<br>SRirie@gibsondunn.com<br><br>Dana M. Herberholz, ISB No. 7440<br>Christopher Cuneo, ISB No. 8557<br>Margaret N. McGann<br>Jordan L. Stott, ISB No. 9820<br>PARSONS BEHLE & LATIMER<br>800 W. Main Street, Suite 1300<br>Boise, ID 83702<br>Telephone: (208) 562-4900<br>Facsimile: (208) 562-4901<br>dherberholz@parsonsbehle.com<br>ccuneo@parsonsbehle.com<br>mmcgann@parsonsbehle.com<br>jstott@parsonsbehle.com | |
| c. Other parties | ELEA Vertriebs-und-Vermarktungsgesellschaft, mbH ("Elea") is a third-party defendant against claims by Simplot for breach of contract.<br><br>Food Physics LLC ("Food Physics") is a third-party defendant against claims by Simplot for breach of contract. | |
| Representatives | Elea has not yet answered and is currently represented by:<br><br>Michael E. Anderson<br>BAKER & HOSTETLER LLP<br>1050 Connecticut Avenue, N.W.<br>Suite 1100<br>Washington, D.C. 20036-5304<br>Phone: 202-861-1575<br>Fax: 202-861-1783<br>Email: meanderson@bakerlaw.com<br><br>Food Physics LLC has not yet answered and is currently represented by:<br><br>Bradley J Dixon<br>GIVENS PURSLEY LLP<br>601 W. Bannock Street<br>PO Box 2720<br>Boise, ID 83701 | |

| | | Phone: 208-388-1261<br>Fax: 208-388-1300<br>Email: bradleydixon@givenspursley.com |
|---|---|---|
| 7. | a. Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, e) | Civil actions alleging patent infringement under the patent laws of the United States. |
| | b. Summary of complaint | Discovery sought in this Letter of Request is Relevant in consolidated Case No. 1:17-cv-00350-DCN. In McCain Food Limited's complaint against Simplot, McCain Food Limited alleges that Simplot infringes U.S. Patent Nos. 6,821,540 ("the '540 patent") and D720,916 ("the '916 patent"). |
| | c. Summary of defense and counterclaim | In defense against McCain Food Limited's claims of patent infringement of the '540 patent, Simplot asserts, inter alia, that it does not infringe any of claims of the '540 patent and that the '540 patent is invalid. In defense against McCain Food Limited's claim of patent infringement of the '916 patent, Simplot asserts, inter alia, that the '916 patent is invalid.<br><br>As a previous employer of Jean-Pierre Pain, who is named as inventor of the '540 patent, Polytechnic University of Hauts-de-France has information relevant to Simplot's defenses, for example to Simplot's claim that the '540 patent is invalid under U.S. patent law. In addition, Polytechnic University of Hauts-de-France has knowledge relevant to McCain Foods Limited's assertion that it owns all rights to the '540 patent under U.S. law. |
| | d. Other necessary information or documents | Polytechnic University of Hauts-de-France's current address is:<br><br>Voirie Communale Université Val Mont Houy, 59300 Famars, France |
| 8. | a. Evidence to be obtained or other judicial act to be performed (Article 3d) | In order to present its defenses that the '540 patent is invalid as a result of prior art, and farther that McCain Foods Limited cannot assert the '540 patent, Simplot seeks certain documents from the Polytechnic University of Hauts-de-France. Attached as Exhibit E1 is a request of production of certain documents that Simplot believes are likely to be in the possession, custody, or control of the Polytechnic University of Hauts-de-France.<br><br>To further clarify the evidence sought, attached as Exhibit E2 is an outline of the topics and issues about which counsel for Simplot intends to inquire of Polytechnic University of Hauts-de-France. |
| | b. Purpose of the evidence or judicial act sought | With respect to the '540 patent, Polytechnic University of Hauts-de-France has documents establishing that the processes recited in the claims of the '540 patent were publicly used, sold, and/or described before the priority date of the '540 patent. Polytechnic University of Hauts-de-France also has evidence that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>This evidence is directly relevant to Simplot's claims that the '540 patent is invalid for failure to meet the requirements of patentability under United States patent law and that McCain Foods Limited does not have sufficient rights to assert that '540 patent.<br><br>Simplot has no recourse to seek this information other than to enlist the aid of this Authority through the Hague Convention. |
| 9. | Identity and address of any person to be examined (Article 3, e) | Polytechnic University of Hauts-de-France<br>Voirie Communale Université Val Mont Houy, 59300 Famars, France |
| 10. | Questions to be put to the persons to be examined or statement of the subject matter about which they are to be examined (Article 3, f) | See Exhibit E2 |
| 11. | Documents or other property to be inspected (Article 3, g) | See Exhibit E1 |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, h) | We respectfully request the testimony be taken under oath. |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Article 3, i) and 9) | This Court respectfully requests that Polytechnic University of Hauts-de-France be directed to produce the documents identified in attached Exhibit E1.<br><br>We respectfully request that the court direct the witness to appear on or before October 31, 2019.<br><br>We respectfully request that the witness be directed to answer such questions as Simplot or its counsel desire, relating to matters outlined in attached Exhibit E2.<br><br>We respectfully request that the examination be permitted to be conducted in accordance with the Federal Rules of Evidence, and the United States Federal Rules of Civil Procedure.<br><br>We respectfully request that the testimony be recorded.<br><br>We respectfully request that the testimony be taken in English language if the examined person(s) agree, and that, if need be, simultaneous translation be provided.<br><br>Costs incurred for complying with the Federal Rules of Evidence (court reporter, video recorder, simultaneous translation) shall be at Simplot's expense. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | This Court respectfully requests that you notify this Court, the representatives of the parties as indicated above; the witness from whom evidence is requested as indicated above; and such other person(s) that you deem proper. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8) | No judicial personnel of the requesting authority will attend or participate. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, b) | Simplot believes that Polytechnic University of Hauts-de-France does not benefit from any privilege, and does not endorse the assertion of any such privilege or duty. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | Simplot will bear the reimbursable costs associated with this request in accordance with the provisions of the Hague Convention. |

**\*27** So ORDERED.

**All Citations**

Slip Copy, 2020 WL 878288

## Footnotes

1    However, as will be explained in Section IV, the Court will extend the current protective order for a short time.

2    United States Patent No. 6,821,540.

3    United States Patent No. D720,916.

4    United States Patent No. D640,036.

5    As noted, in conjunction with the filing of its Motion for Leave to Amend, Simplot also filed a Motion for Judgment on the Pleadings alleging the '540 patent is ineligible under 35 U.S.C. § 101 and invalid under 35 U.S.C. § 112. McCain claims these additional § 112 defenses fall under the purview of District of Idaho Local Patent Rule 3.3 and 3.7 and that Simplot doesn't even mention these "amendments" in its Motion to Amend. In McCain's estimation, Simplot's failure to diligently move to amend these contentions—or even address them in its motion—means they have waived any opportunity to do so. Simplot counters that the contentions that form the basis of its motion for judgment on the pleadings are not "amendments" that need to be made, but a development of defenses already asserted. Additionally, Simplot claims these defenses need not be pleaded under Local Patent Rule 3.7's invalidity contentions standard because they are not invalidity contentions, but ineligibility contentions. The Court will more fully address these issues in Section III(B)(3) (a) below, but notes their interrelatedness here.

6    McCain also points to the timing of the motion—specifically that Simplot filed it in May, four months after the Court's reconsideration decision in January—as a lack of diligence. However, Simplot has explained the extensive process it went through after receiving the Court's decision. Upon review, the Court finds that the four-month delay was reasonable under the circumstances.

7    Again, the Court will more fully address the substance of these contentions in the Motion for Judgment on the Pleadings section of this Decision.

8    Importantly, Simplot did not add any new defenses but modified already existing § 112 theories—again—in light of the Court's revised construction of "high electric field."

9    McCain believes that due to their statutory disclaimer, Simplot's § 112 contentions are moot. Because the Court finds that they are not moot, it must address the timing in which Simplot raised these defenses.

10   The Court notes that the '540 Patent was examined and issued by the USPTO over the prior art. The claimed invention was determined to be new, useful and not obvious, and the patent is presumptively valid. 35 U.S.C. § 282.

11   Again, the standards before the USPTO are different than the standards here, and the Court is not relying in any meaningful way on the USPTO's determination, but, nonetheless, finds the USPTO's actions noteworthy.

12   This idea, however, cannot be read in obscurity as it would, to some degree, eviscerate the concept of a disclaimer all together. In other words, if each time a party disclaimed a claim the USPTO (or a Court) rewrote or reread the language from the disclaimed claims into the remaining claim, it would be as if nothing actually changed.

13   Interestingly, in *Kloster*, the Court did not "strike" reference to "Claim 2" (the disclaimed claim) even though it was referenced in Claim 4 (the remaining claim) or find that its inclusion somehow invalidated Claim 4, but simply left it as written and moved forward. Similarly, the Court in *United Cannabis* did not mandate that the remaining claim be rewritten to include any disclaimed language, nor did it determine the remaining claim had to be modified to remove any references to disclaimed claims.

14   For example, Simplot asserts that McCain's opinion that it is "unlikely that the five French third-parties could provide Simplot with any non-cumulative information" is speculative at best and illustrates exactly why it needs discovery from these individuals and entities.

15   Federal Rule of Civil Procedure 1 charges the "court and the parties" with the duty of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

16   Specifically, Simplot notes that certain inventors it seeks information from were associated with French Universities at the time the work surrounding the '540 patent was completed and that often in these

circumstances, the employee's employment agreement contains provisions assigning their rights over to their employer.

17 In like manner, Simplot brought its motion for Judgment on the Pleadings (Dkt. 104) on May 23, 2019, approximately 4 months after the Court's revised claim construction ruling. Considering Simplot had to engage in some discovery and planning following the Court's ruling, the delay was not unreasonable.

18 I.e. that Third-Party Defendants are shirking their duty to defend *now* and that waiting could waste resources.

19 Not to put too fine a point on it, but statistically speaking, most civil cases do not make it to trial so there is little reason spending inordinate amounts of time discussing trial logistics until it becomes necessary. Even then, the second phase only becomes an issue if Simplot is not the prevailing party in the first phase.

20 The Court's concern here is the idea that Third-Party Defendants will find themselves in a catch-22 during discovery. That said, the Court is also persuaded by the idea that Third-Party Defendants should be defending Simplot *now*. The Court wishes to make explicitly and abundantly clear that it is not determining the scope of the contract between Simplot and Third-Party Defendants nor the outcome of the indemnification question. However, depending on how this case ultimately ends (and regardless of whether a determination on indemnification is reached), Third-Party Defendants can always assert that they should not have been required to defend Simplot during the pendency of this litigation and seek costs and fees.

21 Again, it appears there may be some complicated conversations between Simplot and Third-Party Defendants in the near future—and the idea that the time and expense of any discovery may ultimately be unnecessary is somewhat prejudicial—but such is the nature of litigation.

22 Said differently, the Court is extending the Protective Order it previously entered (*see* Dkt. 144) as to the third-party claims until April 1, 2020.

---

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.