**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

DYNAENERGETICS EUROPE GMBH, and )
DYNAENERGETICS US, INC., )
　 )
　　　　Plaintiffs, )
　 )
　　　　v. )
　 )
　 )
HUNTING TITAN, INC., )
　 )
　　　　Defendant. )

Civil Action No: 4:20-cv-02123

_____

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW**

## **<u>TABLE OF CONTENTS</u>**

A.  Argument or Evidence Regarding Limiting the Scope of the Accused Products to
Systems Using "H-Lok" Charges. ........................................................................ 1

    1.  Procedural History ............................................................................. 1

    2.  Argument ............................................................................................ 2

B.  Argument or Evidence That Pre-Wired Guns Are Non-Infringing Alternatives is in
Direct Contradiction of the Court's MSJ Order................................................... 3

    1.  Procedural History ............................................................................. 3

    2.  Argument ............................................................................................ 4

**EXHIBIT LIST**

| Exhibit | Description |
|---|---|
| A | Email from R. Dornberger to B. Herman et. al. discussing Hunting financial information (Filed Under Seal) |
| B | Defendant's First Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories (No. 4), dated October 31, 2022 |
| C | Dr. Williams W. Fleckenstein's Supplemental Expert Report, dated November 14, 2022 |
| D | Supplemental Expert Report of John Rodgers, Ph.D., dated December 09, 2014 |
| E | Supplemental Expert Report of Keith R. Ugone, Ph.D., dated November 14, 2022. (Filed Under Seal) |
| F | Defendant's First Supplemental Responses and Objections to Plaintiffs' Third Set of Interrogatories (No. 12), dated November 14, 2022 (Filed Under Seal) |
| G | Deposition Transcript of Adam Dyess, dated December 15, 2021 ("Dyess Tr.") (Filed Under Seal) |
| H | *Fractus SA. Inc. v. ZTE Corp.*, No. 3:18-cv-2838-K, 2019 WL 5697205 (N.D. Tex. Nov. 04, 2019) |
| I | Defendant's designated exhibits objected to based on summary judgment ruling relating to non-infringing alternatives |

DynaEnergetics submits this supplemental memorandum of law in accordance with the Court's November 29, 2022 Order (Dkt. 215). Since this Court entered its MSJ Order finding that there are no acceptable non-infringing alternatives available for the purposes of the *Panduit* lost profits analysis, Hunting has taken multiple impermissible steps attempting to artificially limit its resulting damages exposure. Therefore, in addition to the evidentiary issues set forth in DynaEnergetics' Memo of Law (Dkt. 201-1 at § V), the Court may be required to rule on the following additional evidentiary issues before or during the course of trial.

### A. Argument or Evidence Regarding Limiting the Scope of the Accused Products to Systems Using "H-Lok" Charges.

#### 1. Procedural History

In December 2021, Hunting purportedly began selling H-1 perforating guns using conventional shaped charges instead of its H-Lok charges allegedly due to supply chain issues. Ex. A, Sept. 30, 2022 Email from R. Dornberger. Incredibly, Hunting failed to inform DynaEnergetics of this change for nearly a year, making it impossible for DynaEnergetics to probe the details of the change, the basis for it, or its impact on liability or damages, if any, during fact or expert discovery. *Id.* When it finally did so, Hunting declared that this so-called "B Series" of H-1 should be excluded from the Accused Products in this action. *Id.* A month later, and after the pretrial conference, Hunting amended its response to Interrogatory No. 4 to detail the changes and to identify the personnel involved and produce documents relating to the B Series guns. Ex. B. Finally, on November 14, 2022, Hunting served its supplemental Ugone expert report on damages in which Mr. Ugone opined that 172,314 of 621,206 total infringing unit sales should not be included in the damages calculation due to this belatedly disclosed "change."

On the same day, without authorization from this Court, Hunting served a supplemental technical expert report regarding the purported non-infringement of the B-Series guns. Ex. C,

Fleckenstein Supp. Report.  According to Dr. Fleckenstein, the primary difference between the H-1W B Series and the H-1 guns is how the charges and detonation cord are retained in the charge tube. In the H-1 gun, the H-Lok charges twist into place in the tube and a plastic retention mechanism at the back of the H-Lok charge holds the cord.  In the B Series, the charges are held in by bending a strip of metal, and the cord is retained in a metal slot at the back of the charge using a metal retention clip. Dr. Fleckenstein opines that this non-substantive change provides a basis for finding non-infringement of the '161 Patent, but his positions are essentially the same as those for which Hunting unsuccessfully sought summary judgment of non-infringement. Ex. D, Rodgers Supp. Report ¶¶12-21.  Indeed, both configurations satisfy the claimed limitation of being "configured for terminating the detonation cord." *Id*. ¶¶16-21.

## 2.  Argument

Rather than assert that the use of conventional charges designs around the claims of the '161 Patent, Hunting claims that because DynaEnergetics referenced the H-Lok charge by name in its infringement analysis related to the H-1 product, any H-1 product that does not use an H-Lok charge is not an "accused product."  Ex. A, Sept. 30, 2022 Email from R. Dornberger.  This is absurd on its face.  The accused product is H-1. How could DynaEnergetics have referenced a conventional charge in detailing its infringement contentions when the use of the conventional charges with H-1 was withheld by Hunting from discovery for over nine months?

Hunting has tried this tactic once before, having previously moved to strike all H-1W units from the scope of Accused Products, claiming DynaEnergetics' infringement contentions should have been amended to specifically name H-1W.  This motion was denied by the Court as moot. Dkt. 196 at 10.  There, as here, the applicable standard is notice.  Dkt. 155-21, *Eon Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-379 LED-JDL, 2012 WL 12911056, at *3 (E.D. Tex. Aug. 23, 2012); *see also* Dkt. 152 at 6-9.  DynaEnergetics' Infringement Contentions

define the Accused Products as "Hunting H-1™ Perforating Gun System accused of infringement in Plaintiff's Amended Complaint, and <u>any other products or systems made or sold by Defendant that are comparable in structure or function to the H-1™ Perforating Gun System.</u>" Dkt. 137-3 at 2 (emphasis added). Hunting has long been on notice that the H-1 System—including legacy H-1, H-1W, and now the H-1W B Series—is asserted to infringe the '161 Patent and has had more than enough information to "connect the dots" of DynaEnergetics' infringement allegations, particularly where there are no material differences in the theories of infringement with respect to these variations of the H-1 System.  Ex. D, Rodgers Supp. Report ¶¶12-16.

More importantly, Hunting deprived DynaEnergetics of any opportunity to address the H-1W B-Series during discovery, expert discovery, or in its contentions by failing to disclose its existence until just days before pretrial disclosures were due (and then, only informally via e-mail between counsel) and after the Court Ordered that no pretrial motions will be allowed.  Dkt. 196 at 114.  Likely for this reason Hunting omits any assertion of lack of diligence by DynaEnergetics or prejudice to Hunting, both of which are required for such units to be omitted from consideration here.  *See* Dkt. 152 at 13-15.  Notably, when coupled with its incorrect assertions that DynaEnergetics has not sufficiently pled and preserved its claim of induced infringement (and needs such a claim to establish infringement), Hunting implausibly believes that this multi-year, expedited proceeding should only adjudicate the infringement of **_85_** of the 621,206 H-1 units that Hunting has sold since January 2020.  Ex. E, Ugone Supp. Report ¶ 2.

### B.    Argument or Evidence That Pre-Wired Guns Are Non-Infringing Alternatives is in Direct Contradiction of the Court's MSJ Order.

#### 1.    Procedural History

Discovery closed in this action on January 28, 2022.  Dkt. 123.  DynaEnergetics subsequently moved for summary judgment of no non-infringing alternatives ("NIAs"), which was

3

granted on September 30, 2022. Dkt. 196 at 53. On October 7, 2022, Hunting submitted its Memo of Law, making clear its intention to re-litigate this issue (as DynaEnergetics predicted (*see* Dkt. 201-1 at Section V.B.3)) in contradiction of the MSJ Order. *See* Dkt. 201-2 at 8-13.

On November 14, 2022 —nearly two months after the Court granted DynaEnergetics' MSJ on this point—Hunting amended its response to the NIA contention interrogatory which formed the basis for DynaEnergetics' MSJ. The response added six pages of facts and argument it *admits* are from the "Original Discovery Period." Ex. F at 5-10. It then provides an additional page and a half of facts purportedly taken from the post-discovery period, but which discuss the supposed increasing presence of pre-wired, pre-loaded guns in the market. *See id.* at 10-12. It also served the Supplemental Ugone Report, which relied on these belated NIA theories and contradicts the MSJ Order. *See* Ex. E at Sections III.A and III.B.

### 2. Argument

Hunting claims its belated interrogatory response and accompanying Ugone Supplement was simply complying with its "duties to supplement its discovery responses." Dkt. 214, Nov. 23, 2022 Ltr. to J. Lake from C. Baker. To the contrary, ***Hunting attempted to change its response to this contention interrogatory because those contentions failed***. Most of the new information included in Hunting's supplemental response to the NIA interrogatory is identified as coming from the "Original Discovery Period." *See* Ex. F. To the extent Mr. Ugone points to "Recent Developments in the Preloaded Market Segment," these trends towards the sale of preloaded guns were discussed extensively by Hunting during the discovery period. *See, e.g.,* Ex. G, Dyess Tr. at 99:13-25 (identifying numerous preloaded, pre-wired guns that Mr. Dyess was aware of at his December 2021 deposition). The Supplemental Ugone Report itself notes that at the close of fact discovery preloaded gun sales already reflected 55% to 65% of sales of perforating guns, and over the last year they have only increased in share by about 10%. Hunting's attempt to describe this

as a "change" is a transparent attempt to circumvent the Court's MSJ Order on NIAs.

Hunting has confirmed its intention to continue to assert that pre-wired guns are non-infringing alternatives in direct contradiction of the Court's MSJ Order. *See* Dkt. 201-2 at 8-13. It intends to use these new Ugone opinions and facts to assert that DynaEnergetics cannot show "it would have sold its products to Hunting Titan's H-1 customers instead of another perforating gun manufacturer." *Id.* at 9. Its rationale—that "Plaintiffs cannot shift their burden onto Hunting Titan by requiring them to disprove the second *Panduit* factor" (*id.*)—was expressly rejected by the Court at summary judgment. Dkt. 196 at 51. If Hunting had intended to rely on pre-wired, pre-loaded guns as NIAs, it undoubtedly had the information to do so within the discovery period. It chose not to, and it lost this issue at summary judgment. Hunting's claim that this omission is harmless (Dkt. 201-2 at 10) is meritless. *See* Ex. H, *Fractus*, 2019 WL 5697205 at *3 ("Introduction of a new contention that there was an acceptable non-infringing alternative, at this late stage of the litigation, is not harmless.").

Because the Court has decided as a matter of law there are no NIAs—and because Hunting "failed to identify and provide information about the alleged alternative in response to an interrogatory seeking that information" any reference to these other products by Hunting should be excluded. *See* Dkt. 196 at 52 (citation omitted). This includes:

- Hunting's identified exhibits (*see* Ex. I) and related testimony that can only be offered for the purpose of establishing the availability of these products as non-infringing alternatives;

- rejection of Hunting's proposed jury instruction regarding the existence of NIAs despite that the Court has already ruled that "[t]here are no non-infringing substitutes for purposes of the *Panduit* lost profits analysis." Dkt. 196 at 53; *see* Dkt. 201-10 at 47, Hunting's Proposed Instruction 25;

- the contentions newly identified in Hunting's Supplemental Response to Interrogatory No. 12 dated November 14, 2022; and

- the opinions offered in Sections III.A and III.B of Mr. Ugone's Supplemental Report.

Dated: December 9, 2022

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Barry J. Herman*
Barry J. Herman (*pro hac vice*)
Admitted to the Maryland State Bar
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

*Attorney-in-Charge for Plaintiffs DynaEnergetics*
*Europe GmbH and DynaEnergetics US, Inc.*

OF COUNSEL:

WOMBLE BOND DICKINSON (US) LLP
Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 874494
John G. Perry *(pro hac vice)*
Georgia Bar No. 141609
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Telephone: (404) 962-7538
Email: Christine.Dupriest@wbd-us.com

WOMBLE BOND DICKINSON (US) LLP
Julie C. Giardina (*pro hac vice*)
Admitted to the Maryland State Bar
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5800
Email: Julie.Giardina@wbd-us.com

6

MOYLES IP, LLC
Lisa J. Moyles (*pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice*)
New York Bar No. 4450953
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

RUSTY HARDIN & ASSOCIATES, LLP
Megan C. Moore
Federal Bar No. 963966
Texas Bar No. 24054322
Terry D. Kernell
Texas Bar No. 11339020
5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: mmoore@rustyhardin.com

*Attorneys for Plaintiffs DynaEnergetics Europe
GmbH and DynaEnergetics US, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/Megan C. Moore*